James E. Torgerson (Bar No. 8509120)
jim.torgerson@stoel.com
Sarah Langberg (Bar No. 1505075)
sarah.langberg@stoel.com
STOEL RIVES LLP
510 L Street, Suite 500
Anchorage, AK 99501
Telephone: 907.277.1900
Facsimile: 907.277.1920

Attorneys for Defendant and Counterclaimant
Alaska Native Tribal Health Consortium

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOUTHCENTRAL FOUNDATION,<br><br>    Plaintiff and Counter-Defendant,<br><br>v.<br><br>ALASKA NATIVE TRIBAL HEALTH CONSORTIUM,<br><br>    Defendant and Counterclaimant. | Case No.: 3:17-cv-00018-TMB<br><br>DECLARATION OF NACOLE HESLEP |

I, NACOLE HESLEP, declare as follows:

1. My name is Nacole Heslep. I am over the age of 18 and make this declaration based on my personal knowledge, information available to me in my professional capacity, and on the statements and information referenced in the documents cited herein. I am competent to give this testimony, all of which is true and correct to the best of my knowledge, information, and belief.

2. I am an attorney and have been practicing in Alaska since 1996. I have been employed as counsel by the Alaska Native Tribal Health Consortium ("ANTHC" or

DECLARATION OF NACOLE HESLEP
*Southcentral Foundation v ANTHC*, 3:17-cv-00018-TMB
Page 1 of 13

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900  Fax 907.277.1920

"Consortium") since 2004 and have served as its General Counsel since 2006. In that capacity, I have attended many meetings of the Board of Director and its committees. I have reviewed ANTHC's governing documents, as well as many of its policies, procedures, and key agreements. I am familiar with the Board of Directors' practices.

3. ANTHC has historically provided a wide range of information to Alaska Tribal Health System (ATHS) participants, including the Regional Health Entities listed in Section 325 of Public Law 101-512 and other cosigners of the Alaska Tribal Health Compact. In September 2016, ANTHC summarized this longstanding practice in its Disclosure of Records and Information Policy, No. 01-1007, partially in response to questions from Directors Gottlieb and Sylvester over what information could be shared with Regional Health Entities. The policy was last updated in April 2017. *See* Dkt. 42-7.

4. Under the Disclosure Policy, "[c]onfidential, proprietary and other sensitive information may [ ] be provided in appropriate cases if adequate safeguards are in place to protect the integrity, confidentiality and use of the information, such as a data-use agreement, a confidentiality or non-disclosure agreement, or a common interest or joint defense agreement." *Id.*

5. The Consortium has entered into a number of these types of agreements in the past with other tribal entities. For example, ANTHC has entered into temporary management and other agreements to support individual tribal entities that lacked the necessary personnel or expertise to address significant issues. Those agreements typically address how ANTHC will appropriately use and safeguard sensitive, confidential and, sometimes privileged, information. This enables ANTHC to engage in candid discussions with tribal partners about improving patient safety, medical quality assurance, compliance, accreditation and legal issues without the

DECLARATION OF NACOLE HESLEP
*Southcentral Foundation v ANTHC*, 3:17-cv-00018-TMB
Page 2 of 13

tribal partners being concerned that their efforts to improve their programs and organizational performance may be used to their detriment later.

6. More than ten years ago, the Consortium and Southcentral Foundation (SCF) formalized a common interest/joint defense agreement. Together with other agreements, shared policies and arrangements, the agreement allowed for broader information sharing and candor in the context of their responsibilities to co-manage the Alaska Native Medical Center. Although that has worked well from ANTHC's perspective, the Consortium and SCF have not extended that agreement or entered a similar agreement related to other ANTHC programs or governance issues.

7. On December 2, 2014, Director Sylvester requested written responses to questions about executive compensation and the Executive Committee. The questions were included in a memorandum she distributed at the Board meeting that month. Although largely duplicative of the discussion at the Board meeting, the Board of Directors approved a written response as an attachment to the December 2014 minutes.

8. In letters dated February 23, 2015 and March 11, 2015, Directors Gottlieb and Sylvester requested a significant amount of information related to decisions the Board of Directors and the Executive Committee made in December of 2014. Although their correspondence indicated that they were requesting the information in their official capacity as ANTHC Directors, they copied SCF's Chairman of the Board and SCF's General Counsel on the correspondence. I asked for clarification regarding this and noted that the Consortium could provide much more information to its own Directors than to a third party. In response, they said they were acting as ANTHC Directors and said they were being represented by their own counsel. Because they retained as outside counsel lawyers who were primarily litigators,

DECLARATION OF NACOLE HESLEP
*Southcentral Foundation v ANTHC*, 3:17-cv-00018-TMB
Page 3 of 13

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900  Fax 907.277.1920

because of the nature of the information they requested and the fact that their letters read much like a discovery request, and the inclusion of their own legal interpretation, I surmised that the information was likely being requested in anticipation of litigation.

9. On March 16, 2015, I provided to Director's Gottlieb and Sylvester a written overview of their duties of loyalty and confidentiality as ANTHC Directors, and a brief response to their questions about the sufficiency of notice and the legality of recent changes to governing documents and policy decisions. I also scheduled a meeting with them and their counsel on March 19, 2015. Director Sylvester attended with counsel and I provided copies of much of the requested information, generally related to earlier drafts of changes to governing documents and policies that were considered at the December 2014 meetings. I also made copies of the President's former and current employment agreement available for inspection, along with information about all amounts that the Consortium paid to him during the prior year. Both Director Sylvester and her counsel took notes during the discussion. I was in the process of preparing materials related to the Executive Committee decisions for the Executive Committee's report at the next scheduled Board meeting and told Director Sylvester and counsel that these materials would be available to Directors Gottlieb and Sylvester along with the rest of the Board at the meeting on March 25, 2015. However, at Director Sylvester's request, the Board postponed the discussion to a special meeting on April 7, 2015. Even though Director Sylvester's request resulted in a delay in accessing these materials, she and Director Gottlieb complained about the delay in a letter dated March 25, 2015.

10. At the April 7, 2015 meeting, the Board of Directors had an extended executive session lasting over two hours to review more than 250 pages of materials related to the Executive Committee decisions. These materials included a draft meeting report; an outline of

DECLARATION OF NACOLE HESLEP
*Southcentral Foundation v ANTHC*, 3:17-cv-00018-TMB
Page 4 of 13
Case 3:17-cv-00018-TMB Document 106 Filed 10/17/17 Page 4 of 13

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main 907.277.1900  Fax 907.277.1920*

the issues covered in its December 15, 2014 work session; the notice and draft minutes for the December 16, 2014 meeting; materials reviewed by the Executive Committee, including a timeline showing the evolution of ANTHC's approach to compensation, communications between staff and the compensation consultants, a report from the President highlighting strategic challenges, turnover in key executive and managerial positions, organizational performance, the organizational charts, the respective roles and responsibilities of the Chair, President, Chief Executive Officer and Administrator, executive compensation surveys, information about compensation policies, philosophy and relative market positioning; employment agreements, position descriptions, and external reasonableness determinations for the top two positions; and annual payment totals for the President from 2010 through March 17, 2015, as well as an itemized list of payments made in CY2014 and the first quarter of CY2015. The Board of Directors also received a summary and reviewed a copy of the legal advice that had been communicated on March 16, 2015 to Directors Gottlieb and Sylvester.

11. Following the executive session, the Board voted on April 7, 2015, to ratify all of the decisions the Executive Committee made in December 2014. *See* Dkt. 67-2.

12. As requested by Director Sylvester at the April 7, 2015 meeting, the Bylaw and Policy Committee considered at its May 5, 2015 meeting a potential change regarding the Executive Committee meeting notice requirements. However, the Bylaw and Policy Committee did not recommend that particular proposal to the Board of Directors. On April 21, 2015, Directors Gottlieb and Sylvester complained that ANTHC had produced "nothing" in response to their extensive document requests. In a letter to counsel for Directors Gottlieb and Sylvester dated June 2, 2015, ANTHC recounted for them the wide array of materials included in the estimated 400 pages of materials it had already provided the Directors both individually and

DECLARATION OF NACOLE HESLEP
*Southcentral Foundation v ANTHC*, 3:17-cv-00018-TMB
Page 5 of 13
Case 3:17-cv-00018-TMB   Document 106   Filed 10/17/17   Page 5 of 13

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main 907.277.1900   Fax 907.277.1920*

during Board meetings. The letter invited the Directors to specifically identify what additional materials they believed they needed. They did not respond.

13. On October 27, 2015, the Bylaw and Policy Committee again reviewed the changes Directors Gottlieb and Sylvester proposed regarding the Executive Committee meeting notice requirements. As requested by Directors Gottlieb and Sylvester, I presented the proposal to the Bylaw and Policy Committee in the same way I generally present proposed changes for governing documents: I provided a general summary of the impact of the proposed change, highlighted some specific provisions that implicated policy decisions for the Board of Directors, and answered questions from the committee members. Director Sylvester attended the meeting during the presentation, participated in the discussion and advocated for her proposed changes. The Committee voted against recommending the proposed changes to the Board of Directors. The Committee also declined to forward the proposed changes to the Board of Directors.

14. Although Director Sylvester asserts that she was excluded from this meeting, she appears to have confused the discussion of the proposed changes to the governing documents with a proposed change to the Compensation, Benefits and Reimbursement Policy, that was considered by the Bylaw and Policy Committee earlier on the same day. Director Sylvester had been excused for an executive session discussion of that issue due to a personal conflict of interest: The proposed change related to tax withholdings for payments to individual directors who had elected to contribute some or all of their payment to their employer or a charity. Although several directors had an individual interest in the issue, only Director Sylvester was in attendance at this particular Bylaw and Policy Committee meeting. She returned to the meeting at the conclusion of the executive session and attended the remainder of the meeting, including the discussion of her proposal, described in paragraph 13, *supra*.

DECLARATION OF NACOLE HESLEP
*Southcentral Foundation v ANTHC*, 3:17-cv-00018-TMB
Page 6 of 13
Case 3:17-cv-00018-TMB   Document 106   Filed 10/17/17   Page 6 of 13

15. SCF continued its efforts to obtain legally privileged information that had already been provided verbally and/or in writing to the Board of Directors. In a letter dated December 1, 2015, Directors Gottlieb and Sylvester demanded a final written opinion and threatened "to pursue all appropriate action" if the privileged materials were not available by January 4, 2016.

16. Because ANTHC had a longstanding practice of sharing legal advice with the Board almost exclusively in executive session, and because the next regular meeting of the Board of Directors was scheduled more than two months after the date Directors Gottlieb and Sylvester requested the information be made available, ANTHC offered to make the materials available outside of executive session on the January 2016 timeline, upon execution of a confidentiality agreement. The Directors were asked to inform me if they wanted to share the information with their counsel, the entity that selected them, or others, so that we could discuss how that could be accomplished. I had already prepared a similar confidentiality agreement for their counsel to execute. Previously counsel for Directors Gottlieb and Sylvester had suggested using a confidentiality agreement as a solution to concerns about security of the information, inadvertent waiver of privilege, etc. (and had even offered to draft the agreement). Accordingly, I anticipated that they might propose modifications or a different version for review. However, Directors Gottlieb and Sylvester neither signed the agreement, nor proposed changes, nor offered their own version.

17. Directors Gottlieb and Sylvester could have reviewed the materials, without signing an agreement, either in executive session at the next meeting (or sooner by requesting a special meeting as they had done earlier in the year) or by arranging a time to review a copy onsite (as they had done for other materials earlier that year). Again, they declined to do so. The

DECLARATION OF NACOLE HESLEP
*Southcentral Foundation v ANTHC*, 3:17-cv-00018-TMB
Page 7 of 13

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900   Fax 907.277.1920

opinions were not subsequently distributed to the Board of Directors or the Executive Committee during a meeting.

18. At its April 5, 2016 meeting, ANTHC presented a draft resolution to the Board of Directors focused on the concerns Directors Gottlieb and Sylvester had shared about the authority of the Executive Committee to make final decisions. While all committee decisions (and decisions of the full Board) are subject to subsequent modification or rescission under Roberts Rules of Order, which the ANTHC Bylaws had adopted, the process sometimes requires advance notice. The draft resolution proposed modifications to these requirements that would have allowed Directors to seek modification or rescission at the next meeting without complying with those notice requirements, effectively removing a potential procedural obstacle to requesting an immediate review of an Executive Committee decision. Although ANTHC understood from discussions with SCF's President and CEO, Katherine Gottlieb, that this change would suffice to address its concerns about Executive Committee's authority, the proposal was withdrawn when Director Sylvester objected during the Board meeting. In June 2016, the Board of Directors amended the Code of Conduct, in another attempt to address SCF's concerns about accessing information. Again, based on prior conversations with President and CEO Gottlieb, ANTHC had the impression that this change would adequately address several of SCF's concerns. However, SCF indicated during discussions in July 2016 that this change made things worse rather than better from SCF's perspective and demanded that the earlier versions of SCF's proposals be presented to the Board of Directors for a vote. On August 23, 2016, the Bylaws and Policy Committee considered a version of the proposal that presented SCF's requested changes. The Bylaw and Policy Committee forwarded the proposed changes to the Board of Directors

DECLARATION OF NACOLE HESLEP
*Southcentral Foundation v ANTHC*, 3:17-cv-00018-TMB
Page 8 of 13

without a recommendation. This version was distributed to the Board of Directors with the materials for their September 28-29, 2016 meeting.

19. In anticipation that the Board of Directors might reject the very same proposals that it had already declined to adopt on a number of recent occasions, ANTHC prepared some additional "compromise" proposals that were intended to address the concerns SCF expressed in a way that the Board of Directors might be more likely to approve. The Board of Directors reviewed these compromise proposals at the September 2016 meeting alongside the SCF proposals. The Board of Directors approved a variation of the compromise proposals.

20. The Board of Directors also adopted a Disclosure Policy to help clarify which information and materials could be provided directly to Regional Health Entities and other Co-Signers, as well as others. It included provisions that were intended to clarify that, since ANTHC could directly provide these materials to tribal partners, Directors could provide them as well. Feedback from SCF suggests that it interpreted this as a limitation rather than an explicit authorization in response to the assertion of Directors Gottlieb and Sylvester that they believed they had been instructed they could not provide any information at all to SCF. The Disclosure Policy also clarified that staff could respond to reasonable requests for information that Directors needed to perform their responsibilities. The feedback from SCF indicated that it similarly considered this to be a new restriction rather than an effort to expedite responses to routine requests for information. (The Board of Directors revised the Disclosure Policy in April 2017 to eliminate these two features.)

21. The expectations that SCF currently articulates regarding ready access to all information of the Consortium is unprecedented in my experience between two independent organizations that do not have a parent/subsidiary type of relationship or some kind of

DECLARATION OF NACOLE HESLEP
*Southcentral Foundation v ANTHC*, 3:17-cv-00018-TMB
Page 9 of 13
Case 3:17-cv-00018-TMB   Document 106   Filed 10/17/17   Page 9 of 13

arrangement where one organization is effectively managing the other. In some cases, SCF's expectations are difficult to reconcile with applicable laws. For example, all tribal Co-Signers of the Alaska Tribal Health Compact, including ANTHC and SCF, are subject to portions of the Federal Privacy Act with respect to personnel and other records. Among other things, that means the records cannot be shared unless certain requirements in 5 U.S.C. § 552a(b) are met. Although SCF is presumably familiar with these requirements (and presumably knows the information will eventually be available via publicly available 990 forms), it inaccurately suggests that ANTHC's compliance represents an inappropriate effort to "hide" information from third parties, including SCF.

22. SCF identified several provisions in the governing documents as erecting informational barriers for the personal benefit ANTHC's President. However, far from being recent additions, they have been in the Consortium's governing documents since very early in the Consortium's history. The Board's current Code of Conduct evolved from a code of conduct section of the Bylaws that was in place since at least December 1, 2000. Article XIV, Section A of the December 2000 Bylaws provides that "A director has a duty of undivided loyalty to ANTHC." The December 2000 Bylaws also provide, in subsection E of Article XIV, that "Each director should be familiar with the issue of importance to the appointing authority he or she represents . . . and should inform the Board of Directors of such issues and concerns. However, directors shall also have the duty to maintain the secrets and confidences in accordance with the confidentiality policy adopted by the Board of Directors." ANTHC's governing documents have included substantially similar provisions since at least 2000 to the present time. In 2012, the Board of Directors expanded, clarified and moved a significant portion of Article XIV to a
STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900  Fax 907.277.1920

DECLARATION OF NACOLE HESLEP
*Southcentral Foundation v ANTHC*, 3:17-cv-00018-TMB
Page 10 of 13
Case 3:17-cv-00018-TMB   Document 106   Filed 10/17/17   Page 10 of 13

separate Code of Conduct and amended Article XIV to require compliance with the Code of Conduct.

23. I declare under penalty of perjury that the foregoing it true and correct to the best of my knowledge.

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main 907.277.1900 Fax 907.277.1920*

DECLARATION OF NACOLE HESLEP
*Southcentral Foundation v ANTHC*, 3:17-cv-00018-TMB
Page 11 of 13
Case 3:17-cv-00018-TMB Document 106 Filed 10/17/17 Page 11 of 13

EXECUTED: October 16, 2017

By: *[signature]*
NACOLE HESLEP

General Counsel
Alaska Native Tribal Health Consortium

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900   Fax 907.277.1920

DECLARATION OF NACOLE HESLEP
*Southcentral Foundation v ANTHC*, 3:17-cv-00018-TMB
Page 12 of 13
Case 3:17-cv-00018-TMB   Document 106   Filed 10/17/17   Page 12 of 13

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2017, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in this Case No. 3:17-cv-00018-TMB who are registered CM/ECF users, and who are listed below, will be served by the CM/ECF system.

Louisiana W. Cutler
Shane K. Kanady
Dorsey & Whitney, LLC
1031 W 4th Ave., Ste. 600
Anchorage, AK 99501
cutler.louisiana@dorsey.com
kanady.shane@dorsey.com

William D. Temko
Munger, Tolles & Olson LLP
355 S Grand Ave., Ste. 3500
Los Angeles, CA 90071
William.Temko@mto.com

/s/ James E. Torgerson
James E. Torgerson

94429281.4 0009312-00008

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main 907.277.1900   Fax 907.277.1920*

DECLARATION OF NACOLE HESLEP
*Southcentral Foundation v ANTHC*, 3:17-cv-00018-TMB
Page 13 of 13