William D. Temko, CA Bar #98858
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-1560
(213) 683-9266
william.temko@mto.com

Louisiana W. Cutler #9106028
Shane K. Kanady #1411096
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557
cutler.louisiana@dorsey.com
kanady.shane@dorsey.com

Attorneys for Plaintiff Southcentral Foundation

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Southcentral Foundation,<br><br>                  Plaintiff,<br><br>vs.<br><br>Alaska Native Tribal Health Consortium,<br><br>                  Defendant. | Case No. 3:17cv-00018-TMB<br><br>**PLAINTIFF SOUTHCENTRAL FOUNDATION'S REPLY IN SUPPORT OF MOTION TO COMPEL** |

## I. INTRODUCTION

Southcentral Foundation ("SCF") seeks the production of relevant, non-privileged documents that have been improperly withheld by Defendant Alaska Native Tribal Health Consortium ("ANTHC"). As ANTHC correctly noted: "[A] motion to compel should explain what is being sought, why the information is discoverable, and why the scope of the request is justified."[1] SCF's Motion to Compel did just that: it specifically

---

[1] Opp., Dkt. 114 at 11.

identified and explained the documents sought, described why the information is discoverable and not privileged, and explained why the scope of the request is justified. In response, ANTHC makes conclusory statements and provides no persuasive analysis as to why ANTHC's withholding of documents is "correct" and SCF is "wrong." ANTHC fails to make any showing that the requested documents are privileged or properly designated as Attorneys' Eyes Only ("AEO").[2]  The documents are plainly relevant given that the lack of transparency of ANTHC's management and its failure to provide Directors with information critical to meaningful participation in Board decisions are central to this litigation. Further, SCF respectfully requests that the Court issue an order granting SCF's motion to compel in advance of oral argument on the dispositive motions.

## II.    ANTHC FAILS TO SHOW THAT THE WITHHELD AND REDACTED DOCUMENTS ARE PRIVILEGED.

SCF identified four categories of documents that have been improperly withheld under the guise of the attorney-client privilege, each with a footnote identifying the documents by the identification number provided on ANTHC's privilege logs: (1) withheld documents and communications related to third party compensation studies and reports; (2) redacted emails in which no attorney is involved; (3) withheld emails that were merely forwarded to attorneys at a later date than the original correspondence; and (4) withheld emails and email attachments not involving the provision of legal advice.[3] Courts in the Ninth Circuit consider eight factors when determining whether the attorney-client privilege applies:

> (1) When legal advice of any kind is sought (2) from a professional legal adviser in his or her capacity as such, (3) the communications relating to that purpose, (4)

---

[2] "'The party opposing discovery then has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections,' *Bryant v. Ochoa*, 2009 U.S. Dist. LEXIS 42339, at * 1 (S.D. Cal. May 14, 2009), and is 'required to carry a heavy burden of showing' why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)." *Duenez v. City of Manteca*, 2013 U.S. Dist. LEXIS 24954, at *6 (E.D. Cal., Feb. 22, 2013).

[3] Motion to Compel, Dkt. 91 at 5-6, n.18-21.

made in confidence (5) by the client, (6) are, at the client's instance, permanently protected (7) from disclosure by the client or by the legal adviser (8) unless the protection be waived.[4]

ANTHC, the party asserting privilege over documents, bears the burden of establishing the eight factors, and "even if established, the privilege is strictly construed"[5] so as to avoid "imped[ing] full and free discovery of the truth."[6]

In its opposition, ANTHC did not even attempt to meet its burden. Instead, ANTHC baldly asserts that its privilege determinations are correct, without explanation, and addresses only those documents pertaining to one category: the third party executive compensation studies and reports.[7] By ignoring the three other categories of documents that SCF requests, ANTHC undeniably failed to meet its burden of proving the documents are privileged. These documents should be immediately produced to SCF.[8]

In regard to the third party consultant studies and reports, SCF specifically named the documents provided in discovery and those withheld, and explained in detail why the documents are relevant and should be produced.[9] The documents relate to three different executive compensation consultant firms (Milliman Inc. ("Milliman"), Sullivan Cotter

---

[4] *United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002).
[5] *Visa U.S.A., Inc. v. First Data Corp.*, 2004 U.S. Dist. LEXIS 17117, at *12 (N.D. Cal., Aug. 23, 2004) (citing *Martin*, 278 F.3d at 999-1000)).
[6] *Weil v. Investment/Indicators, Research & Management*, 647 F.2d 18, 24 (9th Cir. 1981).
[7] Opp., Dkt. 114 at 17-19.
[8] ANTHC mentions that some of the requested emails are "communications between in-house counsel and outside counsel," citing one email and its attachments sought by SCF: an email from Heslep to various attorneys at Stoel Rives dated June 5, 2017, with three attachments dated 2014 (REV0000003797, REV0000003797.0001, REV0000003797.0002, and REV0000003797.0003). Opp., Dkt. 114 at 12. Even if ANTHC can demonstrate that the cover email created in 2017 may be privileged, ANTHC's response fails to give any explanation for why the 2014 documents attached to the email are privileged even though SCF fully explained why an email forwarded to outside counsel three years after its original creation is not subject to privilege. Motion to Compel, Dkt. 91 at Section III(A)(2). Moreover, the document descriptions on ANTHC's privilege log indicate that the documents relate to Teuber's salary, position and compensation. In its Motion to Compel, and in this Reply, SCF explains why such documents are directly relevant to this litigation and therefore, subject to discovery. *See* Section III *infra*.
[9] Motion to Compel, Dkt. 91 at Section III(A)(2).

and Associates, Inc. ("Sullivan Cotter"), and Integrated Healthcare Strategies ("IHS"))
that ANTHC hired to justify raising Andy Teuber's salary. ANTHC inexplicably
produced some email communications and reports related to these compensation studies
while withholding others. As detailed in SCF's Motion to Compel, nothing in the
produced reports indicates that the third party consultant reports were "intended to be
relied upon by counsel to render legal advice,"[10] a requirement for the documents to be
privileged.[11]

   In support of its contention that it properly withheld documents related to the third
party consultants, ANTHC relies on several cases that set forth general principles of the
attorney-client privilege and fully support SCF's position. In *U.S. v. Judson*,[12] the Ninth
Circuit upheld the determination that a net worth statement created by an accountant and
sought through a subpoena duces tecum was entitled to attorney-client privilege because
"[t]he statement was prepared at the attorney's request, in the course of an attorney-client
relationship, for the purpose of advising and defending his clients."[13] Here, the
compensation reports were not prepared at Ms. Heslep's request for the purpose of
providing legal advice to ANTHC. Further, ANTHC's selected quote from *U.S. v.
Richey*,[14] that "[t]he attorney client privilege may extend to communications with third
parties who have been engaged to assist the attorney in providing legal advice," is
immediately followed by: "If the advice sought is not legal advice, but, for example,
accounting advice from an accountant, then the privilege does not exist." ANTHC fails
to show that legal advice was sought from the third party consultants and, in fact, the
produced documents reveal that the consultants' services were only business-related.[15]

---

[10] *MediaTek*, 2013 U.S. Dist. LEXIS 147032 at *16; *see* Exhibit 15 (ANTHC_004187-208).
[11] *Adams v. Teck Cominco Alaska, Inc.*, 232 F.R.D. 341, 344-45 (D. Alaska, Nov. 3, 2005).
[12] 322 F.2d 460, 462 (9th Cir. 1963).
[13] *Id*.
[14] 632 F.3d 559, 566 (9th Cir. 2011).
[15] The other cases relied on by ANTHC further underscore SCF's argument. *See Todd v. STARR
Surgical Co.*, 2015 WL 13388227, at *5 (C.D. Cal., Aug. 21, 2015) ("The vital element to the
assertion of the privilege in the case of an attorney's agent. . .is that 'the communication be
made in confidence for the purpose of obtaining *legal* advice *from the lawyer*.") (emphasis in
original); *U.S. v. Rowe*, 96 F.3d 1294, 1296-97 (9th Cir. 1996) (finding privilege existed for

REPLY IN SUPPORT OF MOTION TO
COMPEL
Page 4 of 14

*Southcentral Foundation. v. ANTHC*
Case No. 3:17-cv-00018-TMB

Case 3:17-cv-00018-TMB   Document 117   Filed 10/31/17   Page 4 of 14

ANTHC attempts to dispose of SCF's directly on-point case law regarding third party compensation consultant studies and reports by stating that these cases do not represent "the law in this Circuit."[16] The two cases cited by SCF, *Heartland Surgical Hospital, LLC v. Midwest Div., Inc.*[17] and *Wychocki v. Franciscan Sisters*,[18] address the exact issue before the Court: whether the services provided by third party compensation consultant firms were performed for the purpose of rendering legal advice, thereby making documents related to those services privileged.[19] ANTHC apparently acknowledges that this circuit has yet to address this exact issue, because the only case ANTHC located involving a third party compensation report, *Levy v. Young Adult Inst., Inc.*, is also out of circuit.[20] Given the absence of pertinent authority within the Ninth Circuit, it is appropriate for the Court to consider how other federal courts have dealt with this precise issue. Moreover, *Levy* supports SCF's position that the documents in question here should be produced.[21] The Court should also consider the persuasive

---

"conversations undertaken in the course of fact-finding" that was conducted by legal associates within a law firm "pertain[ing] to legal advice.").

[16] Opp., Dkt. 114 at 17.

[17] 2007 U.S. Dist. LEXIS 53213 (D. Kan., July 20, 2007).

[18] 2011 U.S. Dist. LEXIS 63223 (N.D. Ill., June 15, 2011).

[19] Based on an incorrect reading of the case law and/or SCF's motion, ANTHC asserts that SCF uses these two cases to show that "communications with a third party are never privileged if that third party was not hired by legal counsel to provide express legal advice." Opp., Dkt. 114 at 17. But as SCF points out in its opening brief, the *Heartland* case involved a third party firm retained by the plaintiff's legal counsel, and the court still found that the compensation studies performed by the third party firm were not privileged because they were not executed for the purpose of rendering legal advice. *Heartland*, 2007 U.S. Dist. LEXIS 53213 at *18-19.

[20] Opp., Dkt. 114 at 18, n.48 (citing *Levy v. Young Adult Inst., Inc.*, 2015 WL 10846137 (S.D.N.Y., Dec. 22, 2015)).

[21] In *Levy*, the court conducted an *in camera* review of various emails and documents that the defendants asserted were covered by the attorney client privilege. The court ruled that several documents were privileged because they "consist[ed] entirely of legal advice" or were made "for the purposes of obtaining legal advice," including the document referenced by ANTHC. *Id.* at *3-4. ANTHC has never shown that the compensation-related documents that SCF seeks in this case consist of legal advice. Additionally, the court in *Levy* ruled that "[n]o legal advice [wa]s given or received" in another email concerning a compensation study and so the court ruled that it had to be produced. *Id.* The court also declared that the same document that had to be produced was relevant because it "discuss[ed] historical compensation reports." *Id.* In short, *Levy* supports SCF's position. Moreover, ANTHC's failure to propose *in camera* review suggests that the documents are not what ANTHC purports them to be. *See also Keith v.*

analyses conducted by the federal district courts in *Heartland* and *Wychocki* regarding a directly analogous issue.

The other cases cited by ANTHC within the Ninth Circuit are consistent with the holdings of *Heartland* and *Wychocki* and SCF's analysis. Relying on a 1994 decision from the Central District of California, ANTHC argues that the third party consultant reports are privileged if they were prepared "to assist the attorneys in evaluating compliance with relevant laws and regulations."[22] The documents produced by ANTHC related to these reports show that the services provided by Milliman, Sullivan Cotter, and IHS were in no way used to assist Ms. Heslep in "evaluating compliance with relevant laws and regulations." ████████████████████████████████████ are not related to laws and regulations or the provision of legal services. In fact, the three produced Sullivan Cotter reports ███████████████████████████████████████ ███████████████████████████████████████████████████ ████████████████████████████████.[23] Thus, on their face, the reports were not intended to be used to evaluate "relevant laws and regulations."

The same is true for the produced reports from Milliman and IHS: not one of them states that it was prepared to be used by ANTHC in "evaluating compliance with relevant laws and regulations." Instead, each produced report ███████████████████████████ ████████████████████████ unrelated to legal determinations. In short, the reports ████████████████████████████, not legal advice or other assistance with legal queries, and therefore, all of them need to be produced. This fact is further underscored

---

*Clatskanie People's Utility Dist.*, 2014 WL 2803452 (D. Or., June 18, 2014) (another case cited by ANTHC in which the court conducted an *in camera* review of documents to determine if they were covered by the attorney client privilege).

[22] Opp., Dkt. 114 at 18 (quoting *Olen Props. Corp. v. Sheldahl, Inc.*, 1994 WL 212135, at *1 (C.D. Cal., April 12, 1994)). In the one-page order in *Olen*, the court found that environmental audits were privileged because the auditor submitted a declaration stating that he prepared the audits "to gather information for [the] attorneys to assist the attorneys in evaluating compliance with relevant laws and regulations." Even though ANTHC heavily relies on the second half of this quote to support its privilege determinations, ANTHC has never offered a declaration from any of the compensation firms affirming under oath that the reports were prepared in conjunction with helping Ms. Heslep provide legal advice.

[23] Motion to Compel, Dkt. 91 at Exhibits 16-18 (████████████████████).

REPLY IN SUPPORT OF MOTION TO COMPEL

*Southcentral Foundation. v. ANTHC*
Case No. 3:17-cv-00018-TMB

by ANTHC's inability to explain why some of the documents were produced as relevant and discoverable while others were not. The documents are not privileged and must be produced.

### III. ALL DOCUMENTS SOUGHT BY SCF ARE RELEVANT AND ANTHC CONFLATES "RELEVANCE" WITH "DISPUTED ISSUES OF MATERIAL FACT."

ANTHC makes no attempt to justify its withholding of the requested documents. Instead, ANTHC misdirects the Court's attention to the pending motions for summary judgment and the fact that "both parties asserted that there are no genuine issues of material fact precluding entry of summary judgment."[24] The fact that there are no disputed issues of material fact that would preclude the granting of summary judgment does not mean that there are no additional undisputed facts that would assist the Court in deciding the pending motions. Moreover, contrary to ANTHC's position, SCF must only show that the requested documents are relevant and discoverable.[25]

The third-party consultant documents are directly relevant to SCF's claims that ANTHC violated federal law by restricting the flow of information within the Board and making significant decisions without all Directors' meaningful participation. ANTHC's own argument underscores the relevance of the requested documents. ANTHC emphasizes that the parties agreed to a "limited, informal discovery" process,[26] and specifically quotes the parties' agreement that ANTHC will voluntarily produce compensation-related documents.[27] In fact, that is exactly the agreement that SCF is asking the Court to enforce: requiring ANTHC to produce relevant, responsive materials

---

[24] Opp., Dkt. 114 at 8.
[25] *See, e.g., Chavez v. Cty. of Kern*, 2013 WL 3456980, at * 2 (E.D. Cal., July 9, 2013) (party moving to compel production bears burden of showing the documents are "discoverable within the meaning of Rule 26"); *Apple Inc. v. Samsung Elecs. Co.*, 2013 WL 3246094, at *21 n.84 (N.D. Cal., June 26, 2013) ("[T]he party moving to compel has the burden of showing relevance.").
[26] Opp., Dkt. 114 at 12.
[27] Opp., Dkt. 114 at 4; Motion to Compel, Dkt. 91 at Exhibit 1 (July 13-18, 2017 email exchange between James Torgerson, counsel for ANTHC and William Temko, counsel for SCF).

that include third-party consultants' compensation reports and related communications.

The documents relating to Board and executive compensation are plainly relevant to demonstrating the types of information withheld from Directors and restricted from being shared with the Directors' designating entities that are necessary for them to fully participate in ANTHC Board decisions, as was Congress' intent under Section 325. Therefore, it is likely that once produced, these documents will be helpful to the Court in resolving the issues at summary judgment because they go to the heart of the issues at stake, and may further demonstrate facts that are both material and undisputed. Moreover, the fact that SCF moved for summary judgment does not give ANTHC license to violate its discovery obligations and keep relevant documents from SCF or the Court.[28]

## IV.  AEO DOCUMENTS ARE IMPROPERLY DESIGNATED.

The parties appear to agree that the appropriate standard for designating items as for "Attorneys' Eyes Only" ("AEO") is whether the documents contain "competitively sensitive information."[29]  ANTHC, however, believes that simply declaring that the parties are competitors is sufficient to justify the designation of documents as AEO.  This conclusory statement is insufficient proof that the designation is proper.

SCF identified six different categories of documents designated as AEO that do not contain competitively sensitive information.[30]  Again, ANTHC does not address them

---

[28] ANTHC repeatedly refers to the volume of its production, particularly in relation to the volume of SCF's production, in an apparent attempt to suggest that the volume of documents produced has any bearing on whether the requested documents should be produced.  It goes without saying that the volume of either parties' production is irrelevant to the issue before the Court.  Moreover, the fact that ANTHC has not brought its own motion to compel speaks volumes about whether SCF's production was in fact insufficient.

[29] Motion to Compel at 13-14; Opp. at 19-20; *see, e.g., Wanke Cascade Distrib. v. Forbo Flooring, Inc.*, 2014 U.S. Dist. LEXIS 51187, * 24 (D. Or., Apr. 11, 2014) (permitting AEO designation where there was a risk of inadvertent disclosure of "competitively sensitive information"); *DeFreitas v. Tillinghast*, 2013 U.S. Dist. LEXIS 7429, at *4 (W.D. Wash. Jan. 17, 2013) (granting request for AEO designation for sensitive business information about finances, strategy, confidential agreements, and competitive market research when given to a direct competitor).

[30] Motion to Compel, Dkt. 91 at 14.

Case 3:17-cv-00018-TMB   Document 117   Filed 10/31/17   Page 8 of 14

all and supports its position with conclusory statements lacking any detail or analysis as to how disclosure of the information would be detrimental to or otherwise prejudice or disadvantage ANTHC's business. ANTHC then relies on case law regarding protective orders that do not involve AEO designations, to support ANTHC's AEO designations.[31] In doing so, ANTHC directly supports SCF's argument that the documents do not require AEO designations because they will be adequately protected by the parties' existing Protective Order.

In its opening brief, SCF specifically identified documents it believed were improperly designated as AEO and provided two examples of documents that were labeled AEO that clearly did not contain competitively sensitive information: ████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████ Both examples show that ANTHC improperly over-designated documents as AEO. ██████████████████ is particularly telling given that the redacted information that was allegedly "competitively sensitive" justifying an AEO designation related to ███████████████████████████████ ██████████████████████████████. ANTHC presented no argument whatsoever that █████████████████████████████████ █████████████████████████████.

ANTHC's discussion of ██████████████████████████ as an example of a document properly designated as AEO is similarly unpersuasive. ANTHC claims that it is entitled to designate the agreement as AEO because ██████████████ ████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████"[32] This unconvincing claim shows ANTHC's misunderstanding of AEO designations. First,

---

[31] Opp., Dkt. 114 at 22, n.55.
[32] Opp., Dkt. 114 at 21.

 are indisputably not "competitively sensitive." Second, without the AEO designation, ██████████████ would not be publicly available; it would still be considered "Confidential" and restricted to use within this litigation, just as ████████████████████ ████████████████ have been similarly restricted because ANTHC designated them "Confidential" under the protective order. Third, SCF—as the only recipient of the Confidential documents in this case—has not demonstrated any interest in ████████ ████████████████. And fourth, ANTHC's suggestion that ████████████ ██████████████████████████████████ ████████████████████████████████████ ████████ is implausible. There is simply no harm to ANTHC in re-designating the AEO documents as "Confidential."[33]

Finally, just as ANTHC's denial of the Directors' access to important information hinders their full and meaningful participation in Board decision-making, denying the ability of SCF's counsel to share documents and information with its client prejudices SCF's ability to fairly and fully litigate this case. It matters not whether depositions or a trial will take place. It matters greatly that SCF is currently prevented from discussing documents it has used in its briefing to date with SCF client representatives, merely because ANTHC has produced them with the AEO label.

## V. SCF'S MOTION IS TIMELY.

---

[33] ANTHC misconstrues the standard under which the Court assesses whether an AEO designation is justified by arguing that there is a "burden shift[ing]" that occurs with respect to any harm on the producing party. Opp., Dkt. 114 at 22. In reality, the case cited by ANTHC to support its argument, *Standard Process, Inc. v. Total Health Discount, Inc.*, 559 F.Supp.2d 932 (E.D. Wis. 2008), clearly sets forth the "balancing test" that the court applies "to determine whether the need of the party seeking disclosure outweighs the adverse effect such disclosure would have on the policies underlying the [claimed] privilege." *Id*. at 943-44. Rather than a matter of meeting a burden and having that burden shift to the other party, the standard is a weighing of the parties' respective interests. Once again, ANTHC has failed to provide an explanation of how it would be harmed by the AEO documents being re-designated as "Confidential."

REPLY IN SUPPORT OF MOTION TO COMPEL

*Southcentral Foundation. v. ANTHC*

Case No. 3:17-cv-00018-TMB

The decision to consider and rule upon a motion to compel after the deadline in a discovery plan is within the broad discretion of this Court.[34]  The Joint Scheduling and Planning Conference Report (the "26(f) Report") submitted to the Court on March 15, 2017 outlined various discovery deadlines and procedures according to what the parties believed at the time would be most appropriate.  The deadline for discovery and discovery-related motion practice was July 17, 2017.[35]  On that deadline, ANTHC produced some of the documents and the two privilege logs at issue in this motion to compel.[36]  ANTHC did not produce the rest of the AEO documents until after the deadline, on July 19, 2017.  It is obvious why it was impossible for SCF to file a motion to compel related to these documents on July 17, 2017.

After several weeks of diligently reviewing and assessing ANTHC's produced documents and privilege logs, it became apparent to SCF that ANTHC's production was deficient.  It is entirely reasonable that it took SCF until August 14, 2017 to prepare a thorough account of the documents and an explanation of why SCF believed certain documents required production.  It was not until August 17, 2017, that SCF even learned that it needed to move to compel when ANTHC's counsel informed SCF's counsel, without providing reasons specific to each document, that ANTHC would not produce the withheld documents without an order from the court.[37]

---

[34] *See Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1026-27 (9th Cir. 2006).

[35] The parties originally agreed to a July 8, 2017 deadline and subsequently moved the deadline to July 17, 2017.

[36] *See* Motion to Compel, Dkt. 91 at Section II(C)-(D).

[37] Declaration of Louisiana Cutler, counsel for SCF, in Support of Motion to Compel, Dkt. 93-27 at ¶ 3.  ANTHC does not deny this.  Instead, despite any rule requiring it, ANTHC appears to believe that SCF's counsel should have engaged in further discussion with ANTHC's counsel.  Opp. at 9.  After being told that nothing short of motion practice would resolve the dispute, such discussions would not have been fruitful.  Further, ANTHC relies on *Allianz Ins. Co. v. Surface Specialties, Inc.*, 2005 WL 44534 (D. Kan., Jan. 7, 2005), for the proposition that SCF's efforts to resolve the present issue was not "exhaustive" enough. Opp., Dkt. 114 at 16.  However, contrary to ANTHC's claim, it was not the court in *Allianz Ins. Co.* but defendant's counsel who characterized defendant's meet and confer efforts as "exhaustive." *Id.*  The court pointed instead to statements of defense counsel "detail[ing] the parties' efforts to resolve the discovery dispute prior to this motion to compel," and held that "Defendant has thus shown sufficient justification" for its delay in filing the motion to compel.  *Allianz*, 2005 WL 44534, at *3-4.  Here, SCF's counsel provided the court with a letter to ANTHC's counsel explaining

Between August 17, 2017, and the date the Motion to Compel was filed, the parties were engaged in extensive dispositive motion practice. While SCF was aware that the parties anticipated resolving issues on summary judgment, it was unaware that ANTHC would also file two motions to dismiss. The dispositive motion practice required substantial time and attention, causing a reasonable delay in filing the motion to compel. Moreover, as recently as October 17, 2017, ANTHC produced additional relevant documents and an updated version of a previous document.[38] Given that ANTHC was still producing documents half way through October, it is reasonable for SCF to file a motion related to production at this time.

Turning to the seven factors set forth in *Days Inn Worldwide, Inc. v. Sonia Invs.*,[39] all factors weigh in favor of finding that SCF's motion is timely. ANTHC's claim ignores the fact that ANTHC did not produce most of the documents until the July 17, 2017 deadline for discovery and discovery motions, and that the time between the deadline and the filing of the motion to compel was entirely consumed by dispositive motion practice. Here, there is no disruption of the Court's schedule, no prejudice to ANTHC because it knows what is in the unproduced documents, and no burden on ANTHC in producing the documents because SCF specifically identified the documents by number and all other relevant information provided by ANTHC on its privilege log. Further, ANTHC has not demonstrated that it would be prejudiced by re-designating the AEO documents "Confidential." Based on the foregoing, SCF's agreement to proposed deadlines for discovery months in advance should not prevent SCF from seeking the present relief from the Court.

---

in detail the basis for its motion to compel, explained the parties' efforts to resolve the discovery dispute prior to filing the motion to compel, and stated that SCF only filed its motion when ANTHC made clear that it would not produce the documents without court order. Under *Allianz*, this is sufficient justification for SCF's delay in filing the present motion.

[38] *See* Declaration of James Torgerson, counsel for ANTHC, at ¶ 6.d.
[39] 237 F.R.D. 395, 398 (N.D. Tex. 2006).

REPLY IN SUPPORT OF MOTION TO COMPEL

*Southcentral Foundation. v. ANTHC*

## VI. CONCLUSION

ANTHC fails to justify the withholding of the documents sought by SCF.  SCF respectfully requests that the Court order ANTHC to produce all relevant, non-privileged materials and to designate all "Attorneys Eyes Only" documents as "Confidential" within five (5) calendar days after entry of the Order on this Motion.  SCF also respectfully requests that the Court issue such an order before oral argument on the dispositive motions.


DATED:  October 31, 2017

MUNGER, TOLLES & OLSON LLP
Attorneys for Plaintiff Southcentral
Foundation


By: _____/s/_____
William D. Temko, CA Bar #98858
william.temko@mto.com
Munger, Tolles & Olson LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA  90071-1560
(213) 683-9266

DORSEY & WHITNEY LLP
Attorneys for Plaintiff Southcentral
Foundation


By: _____/s/_____
        Louisiana W. Cutler, ABA #9106028
        cutler.louisiana@dorsey.com
        Shane K. Kanady, ABA #1411096
        kanady.shane@dorsey.com
        Dorsey & Whitney LLP
        1031 West Fourth Avenue, Suite 600
        Anchorage, AK 99501-5907
        (907) 276-4557


**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of
October, 2017, a true and correct copy of
the foregoing was served on:

James Torgerson      jim.torgerson@stoel.com
Sarah Langberg       sarah.langberg@stoel.com

by electronic means through the ECF
system or if not confirmed by ECF, by
first class mail.

/s/ Louisiana W. Cutler
Louisiana W. Cutler, ABA #9106028
Dorsey & Whitney, LLP

REPLY IN SUPPORT OF MOTION TO          *Southcentral Foundation. v. ANTHC*
COMPEL
Page 14 of 14                                               Case No. 3:17-cv-00018-TMB
4813-2970-7347\1

Case 3:17-cv-00018-TMB   Document 117   Filed 10/31/17   Page 14 of 14