William D. Temko, CA Bar #98858
Nicholas D. Fram, CA Bar #288293
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-1560
(213) 683-9266
william.temko@mto.com
nicholas.fram@mto.com

Louisiana W. Cutler #9106028
Shane Kanady #1411096
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557
cutler.louisiana@dorsey.com
kanady.shane@dorsey.com

Attorneys for Plaintiff Southcentral Foundation

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Southcentral Foundation,<br><br>Plaintiff,<br><br>vs.<br><br>Alaska Native Tribal Health Consortium,<br><br>Defendant. | Case No. 3:17cv-00018-TMB |

**OPPOSITION TO ANTHC'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL FACTUAL MATERIAL**

Plaintiff Southcentral Foundation ("SCF") hereby opposes Defendant Alaska Native Tribal Health Consortium's ("ANTHC") motion for leave to file supplemental factual material.[1]

ANTHC makes no legal argument as to why Nacole Heslep's declaration meets the criteria under Civil Local Rule 7.1(i)(2), except to argue that Ms. Heslep's declaration "corrects the record and shows that the allegations in Jaylene Peterson-Nyren's declaration are disputed."[2] But rather than offering a different version of events, Ms. Heslep *confirms* the critical facts in Ms. Peterson-Nyren's declaration:

- that Evelyn Beeter, Chair of the Leadership Planning Committee ("LPC"), excluded SCF's alternate designated Director, Ms. Peterson-Nyren from the executive session of the July 20, 2018 LPC meeting;
- that SCF's primary designated Director, Katherine Gottlieb, attempted to call into the executive session of the July 20, 2018 LPC meeting but was barred from doing so by Ms. Beeter (a fact made even more egregious by ANTHC's admission that it already had a conference line open so that certain non-Board members could participate);
- that ANTHC did not provide SCF's designated Directors any information concerning ANTHC President Andy Teuber's proposed contract in advance of the July 25, 2018 meeting of the ANTHC Board of Directors; and
- that Ms. Peterson-Nyren once again was excluded from the August 21, 2018 LPC meeting, but President Teuber (whose performance was the subject of the meeting) was not.

---

[1] Dkt. Nos. 146 and 147.

[2] Dkt. No. 146 at 2.

Ms. Heslep does not dispute that both the LPC meeting and the Special Board Meeting were called on short notice, nor does she dispute that Ms. Beeter changed her rationale for excluding Ms. Peterson-Nyren in Ms. Beeter's July 24, 2018 letter. Although ANTHC's moving papers contain many excuses for ANTHC's conduct, they do not offer a version of events that refutes the notion that ANTHC continues to exclude SCF from obtaining critical information, and continues to restrict SCF's designated Directors from meaningfully participating in ANTHC's executive compensation process.[3] These are two of the primary violations of Section 325 that SCF describes in its moving papers.

Moreover, most of ANTHC's supplemental brief is inappropriate under Civil Local Rule 7.1(i)(2) and should not be considered by the Court because it either argues the merits of ANTHC's position[4] or reads as an opposition to SCF's recent motion for leave to file supplemental material. To the extent ANTHC's brief is an opposition to SCF's recent motion, as ANTHC effectively concedes,[5] such opposition is untimely because the Court already granted SCF's motion.[6] Nevertheless, ANTHC's arguments opposing leave to file Ms. Peterson-Nyren's declaration fail on their merits as well. ANTHC recognizes that Ms. Peterson-Nyren's declaration "attempts to describe conduct that, according to SCF, demonstrates another violation

---

[3] ANTHC also does not refute that recent events are relevant to ANTHC's motion to dismiss on mootness grounds. ANTHC's supplemental motion completely ignores SCF's argument that ANTHC's voluntary cessation of offending conduct cannot moot this case. The evidence in Ms. Peterson-Nyren's declaration is probative of ANTHC's predilection for making executive compensation decisions in a secretive, exclusionary fashion that violates Section 325.

[4] *See, e.g.,* Dkt. No. 146 at 3 ("the only material issue raised in SCF's Motion for Summary Judgment was whether certain undisputed conduct was consistent with federal law"); *id.* at 7 ("In passing Section 325, Congress left it up to ANTHC to decide how to address conflicts of interest, if and when they arise.").

[5] *Id.* at 1, fn. 1.

[6] Dkt. No. 144.

of Section 325."[7] As such, this makes Ms. Peterson-Nyren's declaration directly relevant to SCF's motion for summary judgment. The central issue in this case is whether ANTHC violates Section 325 by excluding SCF from critical Board functions and erecting information barriers.[8] Supplemental information demonstrating that ANTHC continues to violate Section 325 is information that directly bears on the pending dispositive motions and should be brought to the Court's attention.[9]

DATED: September 17, 2018

MUNGER, TOLLES & OLSON LLP

By: */s/ William D. Temko*
WILLIAM D. TEMKO, CA Bar #98858

Attorneys for Plaintiff Southcentral Foundation
*Appearing pro hac vice*

DATED: September 17, 2018

DORSEY & WHITNEY LLP

By: */s/ Louisiana W. Cutler*
LOUISIANA W. CUTLER, #9106028

Attorneys for Plaintiff Southcentral Foundation

---

[7] Dkt. No. 146 at 5.

[8] SCF's motion for summary judgment focused on the Executive Committee because it was through that committee that President Teuber originally concentrated power so that he could push through his compensation package. President Teuber now uses the LPC to perform the same function, as described in Ms. Peterson-Nyren's declaration.

[9] ANTHC filed its motion, Ms. Heslep's declaration, Exhibit A to Ms. Heslep's declaration, and even its proposed order under seal. The Court should order that these materials be unsealed. ANTHC has not offered any justification for sealing the entirety of these filings, and much of this information is already in the public record (e.g., Exhibit A to Ms. Heslep's declaration is already on the public docket at Dkt. No. 142-3).

CERTIFICATE OF SERVICE

I hereby certify that on the September 17, 2018. a true and correct copy of the foregoing was served on:

James Torgerson *jim.torgerson@stoel.com*

by electronic means through the ECF system or if not confirmed by ECF, by first class mail.

/s/ *Louisiana W. Cutler*

Dorsey & Whitney LLP