James E. Torgerson (Bar No. 8509120)
Rachel C. Lee (Admitted Pro Hac Vice)
STOEL RIVES LLP
510 L Street, Suite 500
Anchorage, AK 99501
Telephone: 907.277.1900
Facsimile: 907.277.1920
Email: jim.torgerson@stoel.com
Email: Rachel.lee@stoel.com

Attorneys for Defendant
Alaska Native Tribal Health Consortium



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOUTHCENTRAL FOUNDATION,<br>Plaintiff,<br>v.<br>ALASKA NATIVE TRIBAL HEALTH CONSORTIUM,<br>Defendant. | Case No.: 3:17-cv-00018-TMB |

**DEFENDANT ALASKA NATIVE TRIBAL HEALTH CONSORTIUM'S MOTION TO STAY**

Alaska Native Tribal Health Consortium (ANTHC) respectfully moves for an order staying this proceeding until August 18, 2021.

## I. INTRODUCTION

The Ninth Circuit's decision resolved the threshold question in this litigation, which is that SCF has standing. It also determined that SCF has governance and participation

rights and a concurrent right to the information necessary to effectively exercise those rights. But it did not address the scope of those rights nor whether ANTHC needs to make any changes to its governance policies in light of the circuit court's decision. ANTHC is now engaged in the process of addressing those issues. It seeks a stay to give it a reasonable opportunity to complete that process.

As set forth below, staying this case until August 18, 2021, would provide an opportunity for the parties to resolve this litigation without further recourse to this Court based on any changes ANTHC makes to its governance policies. Even if the parties do not resolve the litigation, it would provide the Court with the opportunity to decide this case based on reviewing the governance policies ANTHC believes reflect the Ninth Circuit's decision rather than based on reviewing ANTHC's governance policies adopted before that decision was made. As a result, the requested stay would promote judicial economy. It also would minimize (regardless of whether the case settles) the diversion of resources away from healthcare during this challenging time. Importantly, it would give ANTHC's Board the opportunity to resolve ANTHC's internal governance issues via the self-determination mechanism intended by Congress in Section 325 rather than by judicial intervention. And the requested stay would not prejudice Southcentral Foundation (SCF). The Court should, therefore, exercise its discretion to grant the requested stay.

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

## II. BACKGROUND

On December 21, 2020, the Ninth Circuit amended its opinion reversing the dismissal of SCF's claims and, on that basis, denied ANTHC's petition for rehearing. ANTHC had until 90 days later, *i.e.*, March 22, 2021, to petition the United States Supreme Court for a writ of certiorari. ANTHC elected not to do so, whereupon it became certain that the Ninth Circuit's amended opinion would control its future governance. Also, in February and March 2021 ANTHC underwent significant leadership changes.

One week ago, on May 4, 2021, ANTHC Board's adopted a motion directing ANTHC's management to:

> review ANTHC's governance policies to identify and recommend to the Board changes that should be made to comply with the Ninth Circuit's decision in SCF v. ANTHC.

That process is underway. It involves working with the Board's Bylaws and Policy Committee to consider and identify potential changes to ANTHC's Bylaws, Code of Conduct, and Disclosure Policy. The Committee will send any recommended changes to the full Board for its consideration and action. ANTHC's goal is to have a final set of recommended changes prepared in time for its Board meeting scheduled for August 4, 2021.

The Ninth Circuit's decision announced a major shift in ANTHC's governance structure. It is not unreasonable for the ANTHC Board to need some time to process the implications of the decision.

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

This is especially true in light of the fact that the decision recognized "an entitlement to information necessary to effectively exercise" ANTHC participants' governance and participation rights,[1] but did not specify what the scope of those governance and participation rights are, how much or which information would be necessary to effectively exercise them, or how the entitlement applies concretely in the context of various forms of sensitive, confidential, privileged, and other protected information that implicate a Director's fiduciary duty of loyalty to ANTHC. These are all open issues that necessitate thorough and thoughtful consideration.

ANTHC has reached out to SCF several times in recent months regarding settlement. SCF says it likewise has engaged in "proactive outreach" in the recent settlement negotiations.[2] Although the parties have not yet reached agreement, SCF says it "is happy to continue to discuss settlement with ANTHC."[3] ANTHC is encouraged to hear that and is deeply interested in resolving this dispute without further litigation. ANTHC therefore seeks a stay until two weeks after its August 4, 2021 Board meeting, which would (1) give ANTHC's Board time to consider and act on the recommendations that are being prepared in response to the Ninth Circuit's amended opinion, and (2) give the parties time

---

[1] *Southcentral Found. v. Alaska Native Tribal Health Consortium*, 983 F.3d 411, 420 (9th Cir. 2020).

[2] (Joint Status Report (Dkt. 286), at 2.)

[3] (*Id.*)

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

to discuss whether, in light of any changes that the Board makes at that meeting, the litigation can be resolved by the parties rather than the Court.

## III. ARGUMENT

The Court should employ its inherent authority to stay this proceeding. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[4] When considering a motion to stay, district courts generally consider "(1) judicial economy; (2) the moving party's hardship; and (3) potential prejudice to the non-moving party."[5] Here, these factors all weigh in favor of the short stay that ANTHC requests.

First, judicial economy favors the stay. SCF argues that a stay is unnecessary because litigation and settlement discussions "can proceed on parallel tracks."[6] To be sure, parties are always free to simultaneously negotiate *and* litigate. But that is hardly an efficient use of the Court's, or the parties', limited resources. In the absence of a stay, the parties may be asking the Court over the next few months to hear various motions, including a Rule 12(c) motion for dismissal due to SCF's failure to join necessary and indispensable parties; discovery motions; and, if SCF has its way, re-filed summary

---

[4] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).
[5] *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007).
[6] (Joint Status Report (Dkt. 286), at 2.)



**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

judgment motions plus supplemental briefing. But if the ANTHC Board on August 4, 2021, adopts policy changes that permit SCF and ANTHC to settle their dispute, all those motions—and the effort expended by the Court on them—will have been wasted. Furthermore, even if the parties cannot settle their dispute, it would be better and more efficient for the Court to consider any governance policies that ANTHC adopts in light of the Ninth Circuit's decision, rather than starting down the road of adjudicating policies that had been adopted prior to the Ninth Circuit's guidance. Judicial economy will not be well served by vigorous litigation on a "parallel track[]" that newly adopted policies or a settlement could convert into a dead end.

Second, denying the requested stay will harm ANTHC. Not only will it force ANTHC to divert resources from its vital healthcare mission to litigation unnecessarily, but giving ANTHC's Board Members an opportunity to decide its internal governance would be better for the long-term functioning of the Board than having a court-imposed outcome. Per the Ninth Circuit, Section 325 confers "governance and participation rights" on SCF "to be exercised through SCF's representative on the Board" and "an entitlement to information necessary to effectively exercise those rights."[7] But SCF is not uniquely situated in the statutory text; the governance and participation rights that SCF enjoys are possessed equally by other participants in the Consortium. ANTHC therefore believes that it must treat the participants equally and address implementation of the Ninth Circuit's

---

[7] *Southcentral Found.*, 983 F.3d at 419, 420.



**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

ruling through its Board, on which each of the 15 Directors "is entitled to cast one vote."[8] By contrast, SCF's attempt to obtain the prayed-for declaration from the Court that the Directors it designates "have an absolute right to documents and information as directors of ANTHC, without limitation or reservation, and *a right and duty* to convey such documents and information to their Designating Entity"[9] bypasses the very self-governance structure that Congress mandated. SCF's push to have the Court immediately reinstate the previously-denied summary judgment motions and rush to decide them because they are "fully briefed" (but for the additional briefing that even SCF admits would be necessary)[10] would privilege SCF's views over the individual views of ANTHC's other participants and deny ANTHC the opportunity to resolve this governance dispute through the balanced self-determination mechanism intended by Congress.

Third, staying this case until two weeks after ANTHC's August 4 Board meeting will not prejudice SCF. In this litigation, SCF challenges two actions by the ANTHC Board: (1) the establishment of an Executive Committee; and (2) portions of ANTHC's Code of Conduct and Disclosure Policy that place safeguards on the disclosure of ANTHC's sensitive, confidential, privileged, and other protected information to third parties, including ANTHC participants. As to the Executive Committee claim, SCF prays for a declaration that the Executive Committee is contrary to law "to the extent any action

**STOEL RIVES** LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

---

[8] Pub. L. No. 105-83, § 325(b), 111 Stat. 1543 (1997).
[9] (Compl. (Dkt. 2), at Prayer ¶ 3.)
[10] (Joint Status Report (Dkt. 286), at 2.)

of the Executive Committee is deemed valid before it is ratified by the full 15-member ANTHC Board."[11] But it is undisputed that the ANTHC Board amended the ANTHC Bylaws *four years ago* to clarify that all actions of the Executive Committee must be ratified by a vote of the full Board of Directors to be effective. As a result, there will be no practical impact of a short delay in obtaining (or being denied) a declaration that something that is not happening would be illegal if it happened. Even as to SCF's claim that it is entitled to more information, a short stay in this litigation will not materially harm SCF. This is particularly true given the substantial likelihood that the absence of necessary[12] and indispensable[13] sovereign parties dooms SCF's bid for judicial intervention anyway.

[11] (Compl. (Dkt. 2), at Prayer ¶ 1.)

[12] ANTHC's participants are necessary parties because, based on the Ninth Circuit's decision that SCF has a legally protected interest, ANTHC's other participants too have a legally protected interest in the litigation. *See Kescoli v. Babbitt*, 101 F.3d 1304, 1310 (9th Cir. 1996). Moreover, neither SCF nor ANTHC can adequately represent them because the absent participants are sovereigns, and a sovereign has unique and important interest that only that sovereign can determine and represent. *See Shermoen v. United States*, 982 F.2d 1312, 1319 (9th Cir. 1992) ("We do not believe that the district court erred in finding that the absent tribes were not adequately represented by the parties before it. We note initially that, even if the intervenors [four members of the Hoopa Valley Tribal Council] were capable of representing the Hoopa Valley Tribe, there is no credible claim that they could sufficiently represent the interest of the absent Yurok tribe."); *Klamath Irrigation Dist. v. United States Bureau of Reclamation*, 489 F. Supp. 3d. 1168, 1181 (D. Or. 2020) ("Only the Intervenors can adequately present and defend their distinct interest in the affected fish and water resources, and their interest in sovereign immunity."); *Union Pac. R.R. Co. v. Runyon*, 320 F.R.D. 245, 253 (D. Or. 2017).

[13] "Even assuming that no alternate remedy exists"—which is not true here given the Board's statutory function of resolving disagreements among ANTHC's participants regarding ANTHC governance—the Ninth Circuit "ha[s] recognized that the lack of an alternative remedy 'is a common consequence of sovereign immunity'" and "'ha[s]



**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

## IV. CONCLUSION

For all the foregoing reasons, ANTHC respectfully requests that the Court stay this proceeding until August 18, 2021.

DATED: May 11, 2021

STOEL RIVES LLP

By: /s/ James E. Torgerson
James E. Torgerson (Bar No. 8509120)

*Attorneys for Defendant Alaska Native Tribal Health Consortium*

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

---

regularly held that the tribal interest in immunity overcomes the lack of an alternative remedy or forum for the plaintiffs.'" *Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affairs*, 932 F.3d 843, 858 (9th Cir. 2019). As a result, "there is a 'wall of circuit authority' in favor of dismissing actions in which a necessary party cannot be joined due to tribal sovereign immunity—'virtually all the cases to consider the question appear to dismiss under Rule 19, regardless of whether [an alternate] remedy is available, if the absent parties are Indian tribes invested with sovereign immunity.'" *Id.* at 857.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2021, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in this Case No. 3:17-cv-00018-TMB who are registered CM/ECF users, and who are listed below, will be served by the CM/ECF system.

Jahna M. Lindemuth
Holmes Weddle & Barcott, PC
701 W. 8th Ave., Suite 700
Anchorage, AK 99501
JLindemuth@hwb-law.com

William D. Temko
Munger, Tolles & Olson LLP
350 S Grand Ave., 50th Floor
Los Angeles, CA 90071
William.Temko@mto.com

Nicholas Daniel Fram
Munger, Tolles & Olson LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
Nicholas.Fram@mto.com

/s/ James E. Torgerson
James E. Torgerson

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*