IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*
Case No. 3:17-cv-00018-TMB

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

This matter comes before the Court on Defendant Alaska Native Tribal Health Consortium's ("ANTHC") Motion to Stay Proceedings.[1] Plaintiff Southcentral Foundation ("SCF") opposes the stay.[2] For the following reasons, the Court **GRANTS** the Motion to Stay and **STAYS** the case until **August 18, 2021**. If the Parties do not settle or otherwise reach a resolution in the case by August 18, 2021, the Parties are **ORDERED** to file briefing on the impact of the Ninth Circuit's Order **on or before August 23, 2021**.

   *A. Background*

On September 17, 2018, the Court issued an order dismissing SCF's claims for lack of standing.[3] SCF appealed, and on December 21, 2020, the United States Court of Appeals for the Ninth Circuit issued an Order and Amended Opinion denying the petition for rehearing, denying the petition for rehearing en banc, and reversing this Court's dismissal of SCF's claim for lack of standing.[4] In light of the Ninth Circuit's Order, the Court ordered the Parties to file a joint status report addressing: (1) the general status of the case; (2) the status of pre-trial proceedings, including but not limited to discovery, settlement, and pre-trial conferences; and (3) the status of the Parties in their trial preparations and availability for trial, including proposed dates for trial and the estimated length of trial.[5] The Court granted the Parties' requests for extensions of time to meet and to file their joint status report, with the latest extension setting a deadline of May 10, 2021.[6]

/ / /
/ / /

---

[1] Dkt. 287 (Motion to Stay).
[2] Dkt. 289 (Opposition).
[3] Dkt. 149 (Order re Motion to Dismiss & Cross-Motions for Summary Judgment).
[4] Dkts. 167 (Notice of Appeal); 278 (9CCA Order & Amended Opinion); *Southcentral Found. v. Alaska Native Tribal Health Consortium*, 983 F.3d 411 (9th Cir. 2020).
[5] Dkt. 280 (Order re Case Status).
[6] *See* Dkts. 282 (First Motion for Extension); 283 (Text Order Granting Extension); 285 (Order Granting Extension).

1

B. *Joint Status Report and Motion to Stay*

On May 10, 2021, the Parties filed their Joint Status Report.[7] Almost simultaneously, ANTHC filed a Motion to Stay proceedings until August 18, 2021.[8]

In its Motion to Stay, ANTHC notes that the Ninth Circuit's decision "resolved the threshold question in this litigation": whether SCF has standing, and also "determined that SCF has governance and participation rights" and a "right to the information necessary to effectively exercise those rights."[9] However, ANTHC argues that the Ninth Circuit did not address the scope of those rights or whether ANTHC needs to make changes to its governance polices in light of the Ninth Circuit's decision.[10] ANTHC notes it is now "engaged in the process of addressing those issues" and a stay would provide ANTHC "a reasonable opportunity to complete that process."[11] Specifically, ANTHC requests a stay until two weeks after its August 4, 2021 Board meeting.[12]

ANTHC notes that on May 4, 2021, ANTHC's Board adopted a motion directing ANTHC's management to "review ANTHC's governance policies to identify and recommend to the Board changes that should be made to comply" with the Ninth Circuit's Order, and that this review process is already underway.[13] ANTHC notes that permitting it to make changes to its governance polices would either provide the opportunity for resolution without further court involvement or allow the Court the opportunity to decide the case based on updated governance polices in a manner that promotes judicial economy.[14] Additionally, ANTHC argues denying the request to stay will harm ANTHC, which will be forced "to divert resources from its vital healthcare mission to litigat[e] unnecessarily[.]"[15] ANTHC argues it will also be harmed if its Board Members are not given "an opportunity to decide its internal governance[.]"[16] Finally, ANTHC argues the requested stay would not prejudice SCF because it will not be impacted by a short delay and "given the substantial likelihood that the absence of necessary and indispensable sovereign parties dooms SCF's bid for judicial intervention[.]"[17]

In the Joint Status Report, SCF responds to ANTHC's Motion to Stay, arguing that a stay in proceedings is unnecessary and that instead, the Parties should submit simultaneous five-page briefs explaining the impact of the Ninth Circuit's decision on the cross-motions for summary judgment that the Parties filed in 2017.[18] SCF states that the next step is for the Court to resolve the motions for summary judgment and that there are no material facts in dispute and no need for

---

[7] Dkt. 286 (Joint Status Report).
[8] Dkt. 287 (citing *Landis v. N. Am. Co.*, 299 U.S. 248 (1936)).
[9] *Id.* at 1–2.
[10] *Id.* at 2.
[11] *Id.*
[12] *Id.* at 4.
[13] *Id.* at 3
[14] *Id.* at 2, 5–6.
[15] *Id.* at 6.
[16] *Id.*
[17] *Id.* at 2, 7–8.
[18] Dkt. 286 at 2–3 (citing Dkts. 31 (SCF'S MSJ); 36 (ANTHC's MSJ)).

2

further discovery.[19] SCF states that although it is "happy to continue to discuss settlement with ANTHC," that ANTHC "had made no progress in addressing the issues that SCF has urged it to address" and a stay of litigation would be counterproductive.[20]

ANTHC reiterates its arguments that a stay is necessary to allow ANTHC's Board Members an opportunity to decide its internal governance, rather than having a court-imposed outcome, and to provide the Parties with an opportunity to settle the case on their own.[21] ANTHC also responds that SCF's characterization that ANTHC has "made no progress" is "unfair and incorrect."[22] ANTHC notes that only a few months have passed since the deadline for ANTHC to have petitioned for a writ certiorari from the United States Supreme Court and notes that ANTHC has recently undergone "significant leadership changes."[23] In the absence of a court-imposed stay, ANTHC asks the Court for "an opportunity to reframe its prior arguments" made in opposition to SCF's Motion for Summary Judgment, including "removing or limiting arguments that are inconsistent with the Ninth Circuit's decision" and "address[ing] new questions resulting from the Ninth Circuit's Opinion."[24] ANTHC asks for 45 days to file preliminary motions, including a Federal Rule of Civil Procedure ("Rule") 12(c) motion to dismiss for failure to join indispensable parties under Rule 19.[25] ANTHC also argues other tribal consortium members are necessary and indispensable parties under Rule 19 who cannot be joined and as a result this action must be dismissed.[26] In the event ANTHC's Rule 12(c) Motion is denied, ANTHC asks the Court to enter a pretrial motion calendar consistent with Local Civil Rule 16.1(c).[27] Finally, ANTHC asks for the Court to set a ten-day bench trial in May 2022.[28]

In light of the Joint Status Report—and the Parties' procedurally impermissible attempt to preview the Motion to Stay and Response and embed other arguments—the Court entered a text order

---

[19] *Id.* at 2–4.
[20] *Id.* at 3–4.
[21] *Id.* at 7–8.
[22] *Id.* at 8 (internal quotation marks omitted).
[23] *Id.*
[24] *Id.* at 11–13.
[25] *Id.* at 13–14. ANTHC notes that:

> Upon learning of this request, SCF added to its portion of this Joint Status Report legal argument against granting relief under Rule 19. In ANTHC's view, a Joint Status Report is not the proper vehicle for legal arguments on potentially dispositive motions and ANTHC asks that SCF's legal argument be struck. But in case SCF's argument is not struck, ANTHC briefly responds to SCF's argument[.] *Id.*

[26] *Id.* at 14–16.
[27] *Id.* at 16. ANTHC further specifies that "motions to amend pleadings or add parties [be] due 60 days from entry of the pretrial motion calendar"; "motions under the discovery rules [be] due 14 days after the close of discovery"; "motions to exclude expert testimony"; dispositive motions [be] due 30 days after the close of expert discovery"; and "for eight months to complete discovery." *Id.* at 16–17.
[28] *Id.* at 17–18.

directing SCF to file a response to ANTHC's Motion to Stay.[29] SCF then filed an Opposition in which it argues insofar as ANTHC seeks to "greatly *expand* the litigation" and to "start this case over," the Court should deny ANTHC's Motion to Stay.[30] SCF notes it brought this action in January 2017, the Parties engaged in discovery and submitted a cross-motion for summary judgment, ANTHC filed Rule 12 motions, and the Court then dismissed the case after it held that SCF lacked standing.[31] The Ninth Circuit reversed this Court's decision, explaining, *inter alia*, that "'Section 325 granted SCF governance and participation rights in the management of ANTHC to be exercised through SCF's representative on the Board and that SCF has alleged an injury in fact sufficient to confer Article III standing to bring its claim.'"[32]

SCF argues that the factors a court must consider in determining whether to grant a motion to stay, counsel against ANTHC's proposed approach.[33] First, the possible damage that may result from the granting of a stay and "return[ing] to the full-blown litigation . . . would prejudice SCF because it would further delay the resolution of this case, potentially by years."[34] Second, a stay would not ameliorate either of the two hardships that ANTHC identifies: neither allowing it to conserve resources if the Parties are able to settle, nor depriving ANTHC of "'the opportunity to resolve this governance dispute' on its own, without judicial intervention[.]"[35] Finally, SCF argues, ANTHC's proposed approach would impair judicial economy and unnecessarily complicate the ligation.[36]

Alternatively, SCF argues, the Court could grant ANTHC's Motion and stay the proceedings as requested until August 18, 2021, two weeks after the Board meeting.[37] However, if the Court permits this stay, it should order the Parties to file briefing by September 15, 2021, addressing the impact of the Ninth Circuit decision on the present litigation and "preclude ANTHC from engaging in any of the other litigation maneuvers that it suggests should be part of the future of this case."[38]

ANTHC then filed a Reply and reiterated its reasons why the Board should have an opportunity to meet and revise "ANTHC's Bylaws, Code of Conduct, and Disclosure Policies in response to the Ninth Circuit's recent decision."[39]

C. Analysis

Only the Motion to Stay is properly before the Court, and a modest stay until August 18, 2021, is warranted in this case. "A district court has discretionary power to stay proceedings in its own

---

[29] Dkt. 288 (Text Order).
[30] Dkt. 289 at 3, 8, 13 (emphasis in original).
[31] *Id.* at 5–6.
[32] *Id.* at 6 (quoting *Southcentral Found.*, 983 F.3d at 419).
[33] *Id.* at 8–9.
[34] *Id.* at 8–10.
[35] *Id.* at 8, 10–11.
[36] *See id.* at 8, 12–13.
[37] *Id.* at 4,
[38] *Id.* at 4–5.
[39] Dkt. 290 (Reply).

4

court under *Landis*[.]"[40] The proponent of a stay bears the burden of establishing its need."[41] "If there is even a fair possibility that the stay for which [the movant] prays for will work damage to someone else," the movant "must make out a clear case of hardship or inequity in being required to go forward."[42] In considering a motion to stay, a court must weigh the following factors: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."[43]

Under *CMAX*, the Court must balance the competing interests and potential damage to the interests of both Parties. Although a stay would necessarily delay the litigation, the stay is of limited duration. Here, SCF conditionally agrees to a stay until August 18, 2021, to allow the ANTHC Board to meet and to allow the Parties to reach a potential settlement. Because it does not appear the limited stay would harm either Party, and given the prospect of the Parties reaching a settlement agreement, the Court concludes a stay until August 18, 2021, is justified.[44]

   D. Conclusion

The Court **GRANTS** the Motion to Stay at Docket 287 and **STAYS** the case until **August 18, 2021**. If the Parties are unable to reach a settlement or other resolution in the case by August 18, 2021, the Parties are **ORDERED** to file simultaneous briefing **on or before August 23, 2021**, not to exceed ten pages, explaining the impact of the Ninth Circuit's Order on the cross motions for summary judgment at Dockets 31, 35, 36, and 38.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: July 26, 2021.

---

[40] *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005).
[41] *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255); *Alli v. ASRC Energy Servs., LLC*, No. 3:16-CV-00280-TMB, 2017 WL 9854547, at *4 (D. Alaska Sept. 29, 2017).
[42] *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (quoting *Landis*, 299 U.S. at 255).
[43] *Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc.*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254–55)); *Alli*, No. 3:16-CV-00280-TMB, 2017 WL 9854547, at *4.
[44] *See CMAX, Inc.*, 300 F.2d at 268–69; *Alli*, No. 3:16-CV-00280-TMB, 2017 WL 9854547, at *4–5.