James E. Torgerson (Bar No. 8509120)
Rachel C. Lee (Admitted Pro Hac Vice)
Connor R. Smith (Bar No. 1905046)
STOEL RIVES LLP
510 L Street, Suite 500
Anchorage, AK 99501
Telephone: 907.277.1900
Facsimile: 907.277.1920
Email: jim.torgerson@stoel.com
Email: rachel.lee@stoel.com
Email: connor.smith@stoel.com

Attorneys for Defendant
Alaska Native Tribal Health Consortium

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOUTHCENTRAL FOUNDATION, | Case No.: 3:17-cv-00018-TMB |
| Plaintiff, | |
| v. | |
| ALASKA NATIVE TRIBAL HEALTH CONSORTIUM, | |
| Defendant. | |

## ALASKA NATIVE TRIBAL HEALTH CONSORTIUM'S MOTION FOR JUDGMENT ON THE PLEADINGS FOR FAILURE TO JOIN PARTIES UNDER FED. R. CIV. P. 19

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ..................................................................................................ii

I.      INTRODUCTION ....................................................................................................... 1

II.     PROCEDURAL BACKGROUND.............................................................................. 2

III.    LEGAL STANDARD................................................................................................. 5

IV.     ARGUMENT .............................................................................................................. 6

        A.      The absent ANTHC participants are necessary parties........................................... 8

                1.      The absent ANTHC Tribal participants are necessary because
                        proceeding in their absence may impair their ability to protect their
                        interests. ........................................................................................................... 9

                        a.      The absent ANTHC Tribal participants have at least two
                                legally protected interests. .............................................................. 9

                        b.      A judgment in the absence of the absent ANTHC Tribal
                                participants would impair their ability to protect their
                                interests. ........................................................................................ 12

                        c.      The existing parties cannot be deemed to adequately
                                represent the absent participants' interests. .................................. 18

                                (i)     SCF does not adequately represent the absent
                                        participants' interests. ...................................................... 19

                                (ii)    ANTHC does not adequately represent each of the
                                        absent participants' interests. ........................................... 19

                2.      The absent ANTHC participants also are necessary because
                        complete relief cannot be granted in their absence. ................................. 23

        B.      Joinder of the absent Tribal participants is not feasible...................................... 27

        C.      The current suit cannot in good conscience proceed without the absent
                participants. ...................................................................................................... 28

V.      CONCLUSION.......................................................................................................... 33

*Southcentral Foundation v. ANTHC*          i
Case No. 3:17-cv-00018-TMB

Stoel Rives LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

**Cases**

*Am. Greyhound Racing, Inc. v. Hull*,
305 F.3d 1015 (9th Cir. 2002) .......................................................................................31

*Cole v. Alaska Island Cmty. Servs.*,
834 F. App'x 366 (9th Cir. 2021) ................................................................................7, 11

*Confederated Tribes of Chehalis Indian Reservation v. Lujan*,
928 F.2d 1496 (9th Cir. 1991) ..............................................................................25, 26, 27

*Dawavendewa v. Salt River Project Agric. Imp. & Power Dist.*,
276 F.3d 1150 (9th Cir. 2002) ................................................................................. passim

*Deschutes River All. v. Portland Gen. Elec. Co.*,
1 F.4th 1153 (9th Cir. 2021) ...............................................................................20, 21, 27

*Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affairs*,
932 F.3d 843 (9th Cir. 2019) ............................................................................9, 20, 29, 32

*Disabled Rts. Action Comm. v. Las Vegas Events, Inc.*,
375 F.3d 861 (9th Cir. 2004) .......................................................................................23

*Dumont v. PepsiCo, Inc.*,
192 F. Supp. 3d 209 (D. Me. 2016) ............................................................................25

*E.E.O.C. v. Peabody Western Coal Co.*,
400 F.3d 774 (9th Cir. 2005) ...................................................................................24, 25

*Gasperini v. Ctr. for Humanities, Inc.*,
518 U.S. 415 (1996)....................................................................................................25

*Goose Pond Ag, Inc. v. Duarte Nursery, Inc.*,
No. 2:19-CV-02631-KJM-DB, 2020 WL 6043951 (E.D. Cal. Oct. 13, 2020)......................23

*Heliotrope Gen., Inc. v. Ford Motor Co.*,
189 F.3d 971 (9th Cir. 1999) ........................................................................................6

*Herrera v. Zumiez, Inc.*,
953 F.3d 1063 (9th Cir. 2020) ......................................................................................6

**Page**

*Jamul Action Comm. v. Chaudhuri,*
200 F. Supp. 3d 1042 (E.D. Cal. 2016), *aff'd*, 974 F.3d 984 (2020) .........................................6

*Jamul Action Comm. v. Simermeyer,*
974 F.3d 984 (9th Cir. 2020) ........................................................................................27, 29

*Kescoli v. Babbitt,*
101 F.3d 1304 (9th Cir. 1996) ................................................................................. passim

*LaPier v. McCormick,*
986 F.2d 303 (9th Cir. 1993) ...........................................................................................5

*Lomayaktewa v. Hathaway,*
520 F.2d 1324 (9th Cir. 1975) ...................................................................................13, 31

*Longo v. Seminole Indian Casino-Immokalee,*
813 F.3d 1348 (11th Cir. 2016) .........................................................................................5

*Makah Indian Tribe v. Verity,*
910 F.2d 555 (9th Cir. 1990) .....................................................................................18, 29

*Matanuska Elec. Ass'n, Inc. v. Waterman,*
87 P.3d 820 (Alaska 2004).............................................................................................14

*Matyascik v. Arctic Slope Native Ass'n, Ltd.,*
No. 2:19-CV-0002-HRH, 2019 WL 3554687 (D. Alaska Aug. 5, 2019)............................7, 11

*McShan v. Sherrill,*
283 F.2d 462 (9th Cir. 1960) ...........................................................................................6

*Northrop Corp. v. McDonnell Douglas Corp.,*
705 F.2d 1030 (9th Cir. 1983) ........................................................................................23

*Pilant v. Caesars Enter. Servs., LLC,*
No. 20-CV-2043-CAB-AHG, 2020 WL 7043607 (S.D. Cal. Dec. 1, 2020)..........................23

*Pit River Home & Agric. Coop. Ass'n v. United States,*
30 F.3d 1088 (9th Cir. 1994) ................................................................................. passim

*Salt River Project Agric. Imp. & Power Dist. v. Lee,*
672 F.3d 1176 (9th Cir. 2012) ......................................................................................7, 8

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB                  iii

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

# TABLE OF AUTHORITIES

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

**Page**

*Shermoen v. United States*,
982 F.2d 1312 (9th Cir. 1992) ....................................................................................... passim

*Skokomish Indian Tribe v. Goldmark*,
994 F. Supp. 2d 1168 (W.D. Wash. 2014)....................................................................17, 18

*Southcentral Found. v. Alaska Native Tribal Health Consortium*,
983 F.3d 411 (9th Cir. 2020) ...............................................................................4, 10, 15, 27

*Strougo v. Hollander*,
111 A.3d 590 (Del. Ch. 2015)..................................................................................................14

*Three Affiliated Tribes of Fort Berthold Reservation v. Wold Eng'g*,
476 U.S. 877 (1986)................................................................................................................18, 30

*Union Pac. R.R. Co. v. Runyon*,
320 F.R.D. 245 (D. Or. 2017) .............................................................................................19

*United States v. Washington*,
573 F.3d 701 (9th Cir. 2009) .............................................................................................32

*Walsh v. Centeio*,
692 F.2d 1239 (9th Cir. 1982) ...........................................................................................28

*WhatsApp Inc. v. NSO Grp. Techs. Ltd.*,
472 F. Supp. 3d 649 (N.D. Cal. 2020) ...............................................................................6

*White v. Univ. of Calif.*,
765 F.3d 1010 (9th Cir. 2014) ..................................................................................... passim

*Wright v. Incline Vill. Gen. Imp. Dist.*,
597 F. Supp. 2d 1191 (D. Nev. 2009)..................................................................................28

*Zenith Radio Corp. v. Hazeltine Rsch., Inc.*,
395 U.S. 100 (1969)...............................................................................................................31

**Statutes**

Pub. L. No. 105-83, § 325................................................................................................... passim

Pub. L. No. 105-83, § 325(a) .............................................................................................4, 11, 28

Pub. L. No. 105-83, § 325(b) ............................................................................................ passim

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB                    iv

## TABLE OF AUTHORITIES

**Rules**                                                                 **Page**

Fed. R. Civ. P. 12(b)(7)................................................................5, 6

Fed. R. Civ. P. 12(c) .................................................................1, 5, 6

Fed. R. Civ. P. 12(h)(2)(B) .................................................................6

Fed. R. Civ. P. 19 ................................................................... passim

Fed. R. Civ. P. 19(a) ...........................................................7, 8, 14, 29

Fed. R. Civ. P. 19(a)(1)...................................................................23

Fed. R. Civ. P. 19(a)(1)(A) ................................................................8

Fed. R. Civ. P. 19(a)(1)(B)(i)..........................................................8, 12

Fed. R. Civ. P. 19(a)(2)(i) ................................................................21

Fed. R. Civ. P. 19(b) ............................................................... passim

Fed. R. Civ. P. 19(b)(1)...................................................................29

Fed. R. Civ. P. 19(b)(2)...................................................................30

Fed. R. Civ. P. 19(b)(3)...................................................................31

Fed. R. Civ. P. 19(b)(4)...................................................................32

**Regulations**

86 Fed. Reg. 7554 (Jan. 29, 2021) .........................................................5

**Other Authorities**

Alaska Native Tribal Health Consortium, Overview, https://anthc.org/who-we-
    are/overview/ (last visited Oct. 14, 2021) ...........................................21

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB                     v

# I. INTRODUCTION

The law that authorized the creation of the Alaska Native Tribal Health Consortium (ANTHC), Section 325 of Public Law No. 105-83 (Section 325),[1] gives all of ANTHC's participants the right to be represented on ANTHC's Board. Based on Southcentral Foundation's (SCF) right to have a representative on ANTHC's Board, the Ninth Circuit held that SCF has governance and participation rights in the management of ANTHC and standing to litigate its interest in exercising those rights. In so holding, the Ninth Circuit necessarily held the same for ANTHC's other participants, including many Tribes and Tribal organizations. Like SCF they have the right to be represented on ANTHC's Board. Accordingly, like SCF they have the right to participate as a party in any adjudication of the scope of those rights.

But because ANTHC's Tribal participants possess sovereign immunity, this Court may not exercise jurisdiction over them without their consent. The result is that SCF's claims can proceed no further in this forum. Instead, the task of conforming ANTHC's bylaws and policies to its participants' governance, participation, and informational rights must shift to the ANTHC boardroom where—unlike in the courtroom—*all* of the Tribes and Tribal organizations have their own representative to speak for them. ANTHC moves under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings against the

---

[1] Dep't of Interior and Related Agencies Appropriations Act of 1998, Pub. L. No. 105-83, § 325, 111 Stat. 1543, 1597–98 (1997).

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB          1

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

claims brought by SCF[2] because SCF has failed to join parties that are necessary and indispensable under Federal Rule of Civil Procedure 19.

## II.    PROCEDURAL BACKGROUND

On January 20, 2017, SCF sued ANTHC alleging the existence of a controversy between SCF and ANTHC with respect to the governance of ANTHC.[3] SCF alleged that

> Congress, through Section 325, requires ANTHC's [T]ribal entity participants to govern ANTHC collectively and directly in order to ensure that the more than 200 separate Alaska Tribes have a voice in the governance of ANTHC, due to their common interests in ensuring that ANTHC fairly and sufficiently allocates scarce financial resources to ANMC services, and that such ANMC services are equitably delivered statewide.[4]

SCF requested six declarations:

(1)    That the ANTHC Executive Committee as then constituted violated federal law to the extent that any action it took was deemed valid before ratification by the full Board;[5]

**STOEL RIVES** LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

---

[2] If the Court grants this motion, ANTHC will move to dismiss its counterclaim without prejudice to repleading the counterclaim should SCF be later allowed to proceed with its claims against ANTHC.

[3] SCF's Complaint (Complaint), Dkt. 2, filed Jan. 20, 2017, at ¶ 43.

[4] *Id.* at ¶ 45.

[5] *Id.* at ¶ 46; *id.* at Prayer ¶ 1.

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB                2

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

(2)     That "SCF and the other Designating Entities[6] specified in Section 325 [are] participants in the ANTHC consortium under [federal law]," and are thus "entitled to all documents and information necessary to participate in the governance of the consortium, including confidential and/or privileged documents and information";[7]

(3)     That "SCF's Designated Directors have an absolute right to documents and information as directors of ANTHC, without limitation or reservation, and a right and duty to convey such documents and information to their Designating Entity, SCF";[8]

(4)     That certain ANTHC bylaws conflict with federal law and must be amended;[9]

(5)     That ANTHC's code of conduct as then drafted conflicts with federal law and must be amended;[10] and

(6)     That ANTHC's disclosure policy as then drafted conflicts with federal law and must be amended.[11]

---

[6] SCF defines the term "Designating Entities" as "the Regional Health Entity, Indian tribes, and sub-regional tribal organizations" that designate Directors to sit on the ANTHC Board. *Id.* at ¶ 17.

[7] *Id.* at Prayer ¶ 2.

[8] *Id.* at Prayer ¶ 3; *see also id.* at ¶ 50.

[9] *Id.* at Prayer ¶ 4.

[10] *Id.* at ¶ 48; *id.* at Prayer ¶ 5.

[11] *Id.* at ¶ 49; *id.* at Prayer ¶ 6.

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB          3

In September 2018, this Court dismissed SCF's Complaint for lack of standing. On appeal, the Ninth Circuit disagreed. It held that "Congress endowed *each* specified regional health entity with the right to have a 'representative' on the Board that stands in the shoes of the designating entity by acting on its behalf."[12] The Ninth Circuit therefore ruled that SCF has "governance and participation rights in the management of ANTHC"[13] and an "interest in exercising" them.[14] As such, the Ninth Circuit held that SCF also has "an entitlement to information necessary to effectively exercise those rights."[15]

SCF is identically situated with the other entities with a Section 325(b) right to be represented on ANTHC's Board. This includes the 12 other regional health entities listed in Section 325(a) (Regional Health Entities or RHEs)[16] and the Tribes and Tribal organizations that are neither affiliated with nor receiving services from a Regional Health Entity (Unaffiliated Tribes).[17] One of the RHEs, Metlakatla Indian Community

510 L Street, Suite 500, Anchorage, AK 99501
STOEL RIVES LLP
*Main (907) 277-1900 Fax (907) 277-1920*

---

[12] *Southcentral Found. v. Alaska Native Tribal Health Consortium*, 983 F.3d 411, 418 (9th Cir. 2020) (emphasis added).

[13] *Id.* at 419.

[14] *Id.* at 420.

[15] *Id.*

[16] "[T]he Aleutian/Pribilof Islands Association, Inc., Bristol Bay Area Health Corporation, Chugachmiut, Copper River Native Association, Kodiak Area Native Area Association, Maniilaq Association, Metlakatla Indian Community, Arctic Slope Native Association, Ltd., Norton Sound Health Corporation, . . . Southeast Alaska Regional Health Consortium, Tanana Chiefs Conference, Inc., and Yukon-Kuskokwim Health Corporation." Pub. L. No. 105-83, § 325(a).

[17] *Id.* § 325(b).

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB          4

(Metlakatla), is a federally-recognized Tribe,[18] and at least 27 federally-recognized Tribes are represented on ANTHC's Board by the two Directors who represent the Unaffiliated Tribes.[19]

SCF has not joined *any* of these other ANTHC participants to this suit. *All* of them are necessary and indispensable parties under Rule 19 to a suit that seeks to define the contours of their governance, participation, and informational rights in ANTHC. But because ANTHC's participating Tribes have sovereign immunity, their joinder is not feasible. The Court should grant judgment on the pleadings against SCF's claims.

## III. LEGAL STANDARD

A party may move pursuant to Rule 12(c) for judgment on the pleadings due to a plaintiff's failure to join a required party under Rule 19. The Rule 12(b)(7) defense of failure to join a required party is not waived by not including it in a motion prior to a

---

[18] Indian Entities Recognized by and Eligible to Receive Services from the United States Bureau of Indian Affairs, 86 Fed. Reg. 7554, 7558 (Jan. 29, 2021). "The listed Indian entities are acknowledged to have the immunities and privileges available to federally recognized Indian Tribes by virtue of their government-to-government relationship with the United States . . . ." *Id.* at 7554. ANTHC requests that the Court take judicial notice of the list of federally-recognized Tribes. *See Longo v. Seminole Indian Casino-Immokalee*, 813 F.3d 1348, 1349 (11th Cir. 2016) (taking judicial notice from list published by the Bureau of Indian Affairs (BIA) that defendant was a federally-recognized Tribe); *see also LaPier v. McCormick*, 986 F.2d 303, 305 (9th Cir. 1993) ("Absent evidence of its incompleteness, the BIA list appears to be the best source to identify federally acknowledged Indian [T]ribes . . . .").

[19] Declaration of Rob Lynch in Support of ANTHC's Motion for Judgment on the Pleadings ("Lynch Decl.") ¶ 14.

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB                    5

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

responsive pleading.[20] On a motion for judgment on the pleadings, the Court accepts as true all factual allegations of the complaint and construes them in the light most favorable to the non-moving party.[21] But the Court is not limited to an examination of the complaint. On a motion for judgment on the pleadings, the Court may also consider "facts that are contained in materials of which the court may take judicial notice."[22] Moreover, when considering the Rule 12(b)(7) defense of failure to join a required party, the Court may look to extrinsic evidence.[23]

## IV. ARGUMENT

SCF asks this Court to balance and define the governance, participation, and informational rights of all of ANTHC's participants. Balancing participants' interests in ANTHC's governance is among the core functions of the Board. As Congress directed in Section 325(b), "[t]he Board of Directors shall establish at its first meeting its rules of procedure." Yet SCF asks this Court to interject itself into that process to alter the balance the Board has struck, or can strike in the future, between participants' rights to information and confidentiality. In so doing, SCF is seeking to shift the forum for balancing and

---

[20] Fed. R. Civ. P. 12(h)(2)(B) ("Failure . . . to join a person required by Rule 19(b), . . . may be raised . . . by a motion under Rule 12(c) . . . .").

[21] *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1068 (9th Cir. 2020).

[22] *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (internal quotation marks and citation omitted).

[23] *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 472 F. Supp. 3d 649, 663 (N.D. Cal. 2020); *Jamul Action Comm. v. Chaudhuri*, 200 F. Supp. 3d 1042, 1048 (E.D. Cal. 2016), *aff'd*, 974 F.3d 984 (2020); *see also McShan v. Sherrill*, 283 F.2d 462, 464 (9th Cir. 1960).

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB    6

defining these rights from the ANTHC boardroom, where each of ANTHC's participants has a voice, to this courtroom, where SCF is the only participant with its own voice. The relief sought by SCF—which includes declaring the bylaws, code of conduct, and disclosure policy adopted by the ANTHC Board illegal and void—necessarily implicates the rights and interests of ANTHC's other participants. As explained below, a judgment in their absence would necessarily impair their ability to protect their sovereign interests and rights in the governance of ANTHC, and a judgment in their absence would not be complete. Accordingly, SCF's claims must be dismissed under Rule 19(b) because at least some of ANTHC's other participants—those that are federally-recognized Tribes—cannot be joined due to sovereign immunity.[24]

Under Rule 19, the Court undertakes a three-part analysis to determine whether an action is subject to dismissal for failure to join a non-party. First, under Rule 19(a), the Court must determine whether the absent party is "necessary."[25] Second, if the absent party

_____

[24] Although ANTHC bases the present motion on the sovereign immunity indisputably possessed by the ANTHC participants that are federally-recognized Tribes, most (if not all) of ANTHC's other Tribal organization participants also have sovereign immunity as arms of the Tribes they represent. *See, e.g., Cole v. Alaska Island Cmty. Servs.*, 834 F. App'x 366, 367 (9th Cir. 2021) (holding that ANTHC participant Southeast Alaska Regional Health Consortium is entitled to sovereign immunity as an arm of its member Tribes); *Matyascik v. Arctic Slope Native Ass'n, Ltd.*, No. 2:19-CV-0002-HRH, 2019 WL 3554687, at *5 (D. Alaska Aug. 5, 2019) (holding that ANTHC participant Arctic Slope Native Association is entitled to sovereign immunity as an arm of its member Tribes).

[25] *Salt River Project Agric. Imp. & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012).

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB                 7

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

is necessary, the Court must determine whether it is feasible to join that party.[26] Third, if ordering joinder is infeasible, the Court must then determine under Rule 19(b) whether the absent party is "indispensable" such that the action must be dismissed.[27] Here, this three-part analysis plainly establishes that the absent Tribal participants in ANTHC are necessary and indispensable parties to SCF's claims. Accordingly, the claims cannot go forward without the absent participants.

## A. The absent ANTHC participants are necessary parties.

An absent party is "necessary" for purposes of Rule 19(a) if the party has an interest relating to the subject of the action such that resolving the action in that party's absence "may as a practical matter impair or impede [the absent party's] ability to protect that interest."[28] Under that Rule, an absent party also is "necessary" if "in that person's absence, the court cannot accord complete relief among existing parties."[29]

---

[26] *Id.*
[27] *Id.*
[28] *Id.*; Fed. R. Civ. P. 19(a)(1)(B)(i).
[29] Fed. R. Civ. P. 19(a)(1)(A).

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB            8

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

1. **The absent ANTHC Tribal participants are necessary because proceeding in their absence may impair their ability to protect their interests.**

   a. **The absent ANTHC Tribal participants have at least two legally protected interests.**

For purposes of Rule 19, a legally cognizable interest "must be legally protected and must be 'more than a financial stake.'"[30] However, the existence and contours of an interest may be disputed; it suffices that the absent party has a "*claim* to an interest,"[31] because "Rule 19 is designed to protect 'a party's right to be heard and to participate in adjudication of a claimed interest, even if the dispute is ultimately resolved to the detriment of that party.'"[32] Here, the ANTHC Tribal participants, all of whom are absent, possess at least two legally protected interests: (1) an interest in their governance, participation, and informational rights; and (2) an interest in preserving their sovereign immunity.

First, the absent ANTHC Tribal participants have an interest in their Section 325 rights and the exercise thereof. By the plain text of Section 325, the other 12 Regional

---

[30] *Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affairs*, 932 F.3d 843, 852 (9th Cir. 2019) (citation omitted).

[31] *Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992) (holding that even though statute "is either constitutional or unconstitutional: if the latter, then the absent [T]ribes have no 'legally protected interest in the outcome of the action'; if the former, then the appellants will not prevail and thus the disposition of the action will not impair the absent [T]ribes' interests," the interest still suffices if absent party merely has "a *claim* to an interest").

[32] *White v. Univ. of Calif.*, 765 F.3d 1010, 1026–27 (9th Cir. 2014) (citation omitted); *see also id.* at 1027 ("The question is whether the Tribes and the Repatriation Committee have a claim that is not 'patently frivolous.'" (quoting *Shermoen*, 982 F.2d at 1317)).

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB          9

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

**STOEL RIVES** LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

Health Entities, including Metlakatla, are identically situated to SCF. And the Unaffiliated Tribes have the same right to representation on ANTHC's Board as does SCF and the other Regional Health Entities. The Ninth Circuit expressly noted that "Congress endowed *each* specified regional health entity" with governance and participation rights, and the Court's reasoning is equally applicable to the Unaffiliated Tribes.[33] The absent ANTHC Tribal participants, therefore, have the same rights that SCF possesses—"governance and participation rights in the management of ANTHC"[34]—and the right to the "information necessary to effectively exercise those rights."[35]

Because the Ninth Circuit held that SCF has a legally protected "interest in exercising" its rights,[36] ANTHC's other participants do as well. They have the same legally protected interest. Indeed, SCF admits this very commonality by alleging that all entities "represented on the ANTHC Board of Directors are participants in the ANTHC consortium under federal law, and thus are entitled to all information provided to the ANTHC Directors who are designated by these entities to represent them on the ANTHC Board."[37] In short, because SCF itself contends that "Section 325[] requires ANTHC's tribal entity participants to govern ANTHC,"[38] SCF is estopped from now claiming that it is the only

---

[33] *Southcentral Found.*, 983 F.3d at 418 (emphasis added).
[34] *Id.* at 419.
[35] *Id.* at 420.
[36] *Id.*
[37] Complaint, at ¶ 47.
[38] *Id.*, at ¶ 45.

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB          10

one out of all of those entities with an interest in appearing directly on its own behalf in this suit.

ANTHC's Tribal participants also have a second legally protected interest, namely an interest in preserving their sovereign immunity. Tribes possess sovereign immunity.[39] And the Ninth Circuit explained in *Shermoen* that "absent [T]ribes have an interest in preserving their own sovereign immunity, with its concomitant right not to have their legal duties judicially determined without consent."[40] As a necessary corollary, Tribes have a sovereign immunity interest in not having their legal *rights* judicially determined without their consent either. Here, all of the Tribes who participate in ANTHC have sovereign immunity.[41] And not one of these Tribes has consented to having its rights determined in this litigation.[42] Thus, it is clear under *Shermoen* and like precedents that the sovereign

[39] *Pit River Home & Agric. Coop. Ass'n v. United States*, 30 F.3d 1088, 1100 (9th Cir. 1994).

[40] *Shermoen*, 982 F.2d at 1317 (brackets, internal quotation marks, and citation omitted); *see also Pit River*, 30 F.3d at 1099 ("The Council also has an interest in preserving its sovereign immunity . . . .").

[41] Some (if not all) of the Tribal organizations who participate in ANTHC have sovereign immunity as arms of Tribes. *See, e.g.*, *Cole*, 834 F. App'x at 367 (holding that Southeast Alaska Regional Health Consortium—which is a Regional Health Entity listed in Section 325(a)—has sovereign immunity as an arm of its member Tribes); *Matyascik*, 2019 WL 3554687, at *5 (holding that Arctic Slope Native Association—which is a Regional Health Entity listed in Section 325(a)—has sovereign immunity as an arm of its member Tribes). To avoid any disputes about whether any particular Tribal organization possesses sovereign immunity as an arm of a Tribe, however, ANTHC bases this motion solely on the sovereign immunity undisputedly possessed by the sovereign Tribes who participate in ANTHC.

[42] Lynch Decl. ¶ 16 ("To my knowledge, none of the 216 federally-recognized Tribes described in paragraphs 8, 13, and 14"— i.e., Metlakatla, 188 Tribes represented

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

ANTHC participants have an interest in preserving their sovereign immunity by not having the governance, participation, and informational rights that they share with SCF judicially determined by this Court.

        **b.**        **A judgment in the absence of the absent ANTHC Tribal participants would impair their ability to protect their interests.**

The absent ANTHC Tribal participants are necessary parties under Rule 19(a)(1)(B)(i) because proceeding in their absence would "as a practical matter impair or impede [their] ability to protect [their] interest[s]"[43] in at least four ways, any one of which is legally sufficient to satisfy this requirement.

<u>First</u>, the relief sought by SCF would silence the absent ANTHC participants' voice on ANTHC's policies and governance. SCF asks this Court to declare that decisions made collectively by the other ANTHC participants through the exercise of their governance and participation rights through their representatives on ANTHC's Board are illegal, void, and must be rescinded or amended.[44] An effort to set aside the previous decisions of their representatives plainly impairs the absent participants' ability to protect the exercise of their rights. Furthermore, the judgment sought by SCF would effectively create constraints

in ANTHC through Regional Health Entities other than SCF or Metlakatla, and 27 unaffiliated Tribes—"and none of the 14 Tribal organizations described in paragraphs 9 and 15 above"—i.e., 11 Regional Health Entities and 3 sub-regional Tribal health organizations—"have waived sovereign immunity such that they could be added to this suit.").

[43] Fed. R. Civ. P. 19(a)(1)(B)(i).

[44] Complaint, at Prayer ¶¶ 4–6.

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB       12

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

on the policies that ANTHC may lawfully adopt in the future. In other words, it would constrain other participants' governance and participation rights to the extent of any relief SCF receives, thereby restricting the scope of participants' future alternatives.

In *Dawavendewa v. Salt River Project Agricultural Improvement & Power District*,[45] the Ninth Circuit held that the Navajo Nation was a necessary party to a suit alleging that a hiring-preference provision of the defendant's lease with the Navajo Nation violated Title VII of the Civil Rights Act. The Court noted that "'[n]o procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable.'"[46] The Court held that Mr. Dawavendewa's suit "threatens to impair the Nation's [existing] contractual interests."[47] "In addition, a judgment rendered in the Nation's absence will impair its sovereign capacity to negotiate contracts and, in general, to govern the Navajo reservation."[48] Similarly, here, SCF's claims threaten to impair participants' existing interests under ANTHC's governance documents, at least some of

---

[45] *Dawavendewa v. Salt River Project Agric. Imp. & Power Dist.*, 276 F.3d 1150 (9th Cir. 2002).

[46] *Id.* at 1156 (quoting *Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir. 1975)); *accord id.* at 1157 ("[T]oday we reaffirm the fundamental principle outlined in *Lomayaktewa*: a party to a contract is necessary, and if not susceptible to joinder, indispensable to litigation seeking to decimate that contract.").

[47] *Id.* at 1157.

[48] *Id.*

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB          13

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

which are contractual in nature,[49] and to impair their sovereign capacity to negotiate those interests with each other in the future, as well as impairing their capacity to govern ANTHC. As in *Dawavendewa*, then, the absent participants are necessary parties under the "impairment" prong of Rule 19(a).

<u>Second</u>, SCF's lawsuit asks this Court to substitute its judgment for the judgment of the Tribal representatives on the ANTHC Board in balancing the informational rights of ANTHC participants with ANTHC's organizational interest in reasonable confidentiality. Balancing such interests goes to the heart of governing ANTHC. In its Complaint, SCF alleged that "the more than 200 separate Alaska Tribes have a voice in the governance of ANTHC, due to their common interests in ensuring that ANTHC fairly and sufficiently allocates scarce financial resources to ANMC services, and that such ANMC services are equitably delivered statewide."[50] But in asking the Court to substitute its judgment for that of the other 14 representatives on ANTHC's Board, SCF is asking the Court to infringe on ANTHC's participants' ability to exercise their governance rights through their selected representatives.

---

[49] *Strougo v. Hollander*, 111 A.3d 590, 597 (Del. Ch. 2015) ("Corporate charters and bylaws are contracts among a corporation's shareholders. The rules that govern the interpretation of statutes, contracts, and other written instruments apply to the interpretation of corporate charters and bylaws." (brackets, internal quotation marks, and citations omitted)); *Matanuska Elec. Ass'n, Inc. v. Waterman*, 87 P.3d 820, 823 (Alaska 2004) ("The rules of contract interpretation apply to the interpretation of by-laws . . . .").

[50] Complaint, at ¶ 45.

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB                    14

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

Effective governance of ANTHC requires both transparency to ANTHC participants and an appropriate level of confidentiality for sensitive or privileged information. This may include, for example, protecting Board members' candid conversations during executive sessions of the Board. Unless those conversations are kept in confidence between Board members, informed and frank discussions by the Board may be inhibited to the detriment of ANTHC's governance and success in accomplishing its mission.[51] It also may include protecting privileged information when disclosure could waive the privilege. Determining what information is "necessary to effectively exercise [a participant's governance and participation] rights,"[52] therefore, inherently requires balancing between transparency and confidentiality. Balancing those interests is something the ANTHC Board has done in the past and likely will continue to do in the future. SCF's suit explicitly seeks a judgment striking ANTHC's participants' past balancing of those interests and impermissibly limiting their future ability to perform that balancing. In so doing, SCF is attacking the Board's ability to effectively govern ANTHC and challenging the balance the Board has struck.

*Kescoli v. Babbitt*[53] is instructive in this regard. In *Kescoli*, the Ninth Circuit rejected a suit opposing mining operations authorized by a settlement agreement involving

---

[51] Declaration of Lincoln A. Bean, Sr., Dkt. 44, at ¶ 13 ("Unless we can have candid conversations, we will not truly understand the potential impact of our decisions on other parts of the State. That makes it much harder to achieve our mission.").

[52] *Southcentral Found.*, 983 F.3d at 420.

[53] 101 F.3d 1304 (9th Cir. 1996).

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB        15

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

two Tribes, where the plaintiff alleged that the settlement would permit mining within 100 feet of burial sites, contrary to a federal statute.[54] The Court held that the Tribes were necessary parties to that suit for two reasons.

First, the *Kescoli* litigation involved a substantial interest: "the amount of royalties received by the Navajo Nation and the Hopi Tribe and employment opportunities for their members."[55] Likewise here, as SCF has alleged, at issue is the "fair[ ] and sufficient[ ] allocat[ion of] scarce financial resources to ANMC services, and that such ANMC services are equitably delivered statewide."[56] Second, the *Kescoli* Court held that "the Navajo Nation and the Hopi Tribe, by virtue of their sovereign capacity, have an interest in determining what is in their best interests by striking an appropriate balance between receiving royalties from the mining and the protection of their sacred sites," whereas the suit "challenges the balance" that the Tribes had struck.[57] Likewise here, ANTHC's Tribal participants, by virtue of their sovereign capacity, have an interest in determining what is in their best interests by striking an appropriate balance between, among other competing interests, transparency and confidentiality so as to ensure that they receive necessary information without injuring the effective governance of ANTHC. SCF—like the plaintiff in *Kescoli*—challenges the balance that ANTHC's absent participants, including its Tribal

---

[54] *Id.* at 1308.
[55] *Id.* at 1310.
[56] Complaint, at ¶ 45.
[57] *Kescoli*, 101 F.3d at 1310.

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB          16

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

participants, have struck. But just as in *Kescoli,* this suit's threat to ANTHC's effective and equitable delivery of services to its participants and the Tribes' sovereign interest in determining for themselves the right balance between competing governance interests makes ANTHC's Tribal participants necessary parties to this suit.

<u>Third</u>, the absent ANTHC participants are necessary parties because of the zero-sum context of the transparency and confidentiality interests. To the extent that the Court were to rule that there is a broad informational right that compels the disclosure of certain confidential or privileged information to SCF, the necessary corollary would be a correspondingly narrowed confidentiality protection. In other words, SCF's expansion of the informational entitlement can come only at the expense of the confidentiality that other ANTHC participants have concluded is in the best interest of ANTHC. Where a gain along one dimension necessarily involves a loss for participants on another dimension, the situation is closely akin to the zero-sum precedents in which allocation of a finite resource classically creates necessary parties.[58] With an inescapable trade-off and their own governance interests at stake, the other ANTHC participants are plainly necessary parties.

---

[58] For instance, in *Skokomish Indian Tribe v. Goldmark*, 994 F. Supp. 2d 1168, 1187–88 (W.D. Wash. 2014), the district court held that all the Tribes who had signed a treaty were necessary parties to an adjudication of the scope and extent of hunting and gathering rights under the treaty and the allocation of limited game, roots, and berries. "A determination of the scope and extent of the hunting and gathering privilege would necessarily involve a determination of what lands and resources are available to all four signatory [T]ribes, not just Skokomish Indian Tribe, under the [treaty]." *Id.* at 1187. Moreover, "claims for allocation of a limited resource do not present a situation in which multiple parties share compatible interests, but rather are more analogous to a request by

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB          17

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

Finally, having the rights of sovereign participants judicially determined without their consent necessarily trespasses on those ANTHC participants' interest in preserving their sovereign immunity.[59] As a practical matter, putting Tribes to a Hobson's choice between waiving their sovereign immunity or allowing their rights to be defined by the Court without their voices being heard impairs their interest in maintaining an immunity that is "a necessary corollary to Indian sovereignty and self-governance."[60]

### c. The existing parties cannot be deemed to adequately represent the absent participants' interests.

In an attempt to evade the conclusion that the other ANTHC participants are necessary parties for the reasons set forth above, SCF may contend that their interests will be adequately protected by it or by ANTHC. Any such argument would fail. Courts look to three factors in determining whether a party can adequately represent an absent participant's interests: "[1] whether 'the interests of a present party to the suit are such that it will undoubtedly make all' of the absent party's arguments; [2] whether the present party is 'capable of and willing to make such arguments'; and [3] whether the absent party would

---

a beneficiary to allocate a common fund." *Id.* at 1187–88; *see also Makah Indian Tribe v. Verity*, 910 F.2d 555, 559 (9th Cir. 1990) (rejecting plaintiff Tribe's argument that other Tribes were not necessary parties to suit seeking enforcement of its own treaty fishing rights, where any share of harvest that would go to the plaintiff Tribe "must come from the other [T]ribes" (brackets, internal quotation marks, and citation omitted)).

[59] *Shermoen*, 982 F.2d at 1317; *Pit River*, 30 F.3d at 1100.

[60] *Three Affiliated Tribes of Fort Berthold Reservation v. Wold Eng'g*, 476 U.S. 877, 890 (1986).

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB            18

'offer any necessary element to the proceedings' that the present parties would neglect."[61]
Here, these factors demonstrate that neither SCF nor ANTHC will adequately represent all
the absent participants' interests.

### (i) SCF does not adequately represent the absent participants' interests.

SCF cannot adequately represent the absent participants' interests, as demonstrated
by the history of this case. By definition, the decisions that SCF seeks to overturn were
supported by a majority of the other Directors. SCF was in the minority.[62] SCF's interests
clearly are not such that it is "capable of and willing to make" and "will undoubtedly make
all of the absent [ANTHC participants'] arguments."[63]

### (ii) ANTHC does not adequately represent each of the absent participants' interests.

ANTHC cannot represent each of the absent participants' interests either. As courts
have repeatedly noted, when an existing party other than the United States "has a 'broad
obligation' to serve many people, that party generally does not share a sufficient interest
with an absent [T]ribe" that it will undoubtedly make all of the absent Tribe's arguments.[64]
The same is true here. By Congressional design, ANTHC cannot speak for any single
participant, but instead must articulate a synthesized consensus or majority view among *all*

---

[61] *Shermoen*, 982 F.2d at 1318 (citation omitted).
[62] Lynch Decl. ¶ 19.
[63] *Shermoen*, 982 F.2d at 1318 (internal quotation marks and citation omitted).
[64] *Union Pac. R.R. Co. v. Runyon*, 320 F.R.D. 245, 252 (D. Or. 2017) (quoting *White*, 765 F.3d at 1027).

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB                          19

of its participants. [65] Its litigation position—and more broadly, its mission as a consortium—may be different than any single participant's position or mission, even though the position of ANTHC and the position of one or more of its participants may align in some circumstances. [66]

Further, the Ninth Circuit repeatedly has recognized that even if a litigant's interests are aligned with an absent party at the outset of a suit, the absent party will not be adequately represented if the interests are not identical and thus their desired actions may diverge as the litigation progresses. [67] Here, even if ANTHC's own interests were fully

---

[65] Pub. L. No. 105-83, § 325(b) ("Decisions of the Board of Directors shall be made by consensus whenever possible, and by majority vote in the event that no consensus can be reached.").

[66] The very fact of this lawsuit challenging governance documents adopted by the majority of the ANTHC Directors (*see* Complaint, ¶¶ 21, 39–40, 42) demonstrates that ANTHC's position can be at odds with the position of an individual ANTHC participant. *See also* Lynch Decl. ¶¶ 19–21.

[67] *See, e.g.*, *Deschutes River All. v. Portland Gen. Elec. Co.*, 1 F.4th 1153, 1163 (9th Cir. 2021) (holding that power company could not represent Tribe's interest in suit regarding hydroelectric project, because they had "potentially divergent interests" where power company's "interests in this litigation begin and end with the Project," while "[b]y contrast, for the Tribe, the stakes of this litigation extend beyond the fate of the Project and implicate sovereign interests in self-governance and the preservation of treaty-based fishing rights throughout the Deschutes River Basin"); *Dine Citizens*, 932 F.3d at 855 ("Although Federal Defendants have an interest in defending their decisions, their overriding interest . . . must be in complying with environmental laws such as NEPA and the ESA. This interest differs in a meaningful sense from . . . the Navajo Nation's sovereign interest in ensuring that the Mine and Power Plant continue to operate and provide profits to the Navajo Nation."); *White*, 765 F.3d at 1027 (different motivations of University of California, which had broad obligation to serve people of California as a whole, and Tribe that had interest in repatriation of remains "could lead to a later divergence of interests"; in the event that a court were to hold that the remains should not be transferred to the Tribe under the Native American Graves Protection and Repatriation

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

aligned with all of the absent participants' interests at present, it is foreseeable that those interests would not remain so. ANTHC's overriding mission is to provide the "highest quality health services in partnership with our people and the Alaska Tribal Health System."[68] Its mission is not solely or even primarily to defend any individual participant's governance, participation, and informational rights or sovereign immunity. By contrast, for each sovereign ANTHC participant this litigation "implicate[s] sovereign interests in self-governance and the preservation of [statutory] rights" in ANTHC.[69] If a majority of the ANTHC Board concludes that expansive (or narrow) information-sharing—consistent with the Ninth Circuit's decision—will best facilitate its statewide mission, whereas the

---

Act, "it is questionable whether—perhaps even unlikely that—the University and the [Tribe] would pursue the same next course of action").

[68] Lynch Decl. ¶ 3; *accord* Alaska Native Tribal Health Consortium, Overview, https://anthc.org/who-we-are/overview/ (last visited Oct. 14, 2021).

[69] *Deschutes River All.*, 1 F.4th at 1163; *see, e.g., Dawavendewa*, 276 F.3d at 1157 ("In addition, a judgment rendered in the Nation's absence will impair its sovereign capacity to negotiate contracts and, in general, to govern the Navajo reservation. In *Kescoli*, we determined that, by virtue of its sovereign capacity, the Hopi Tribe claimed an interest in determining the appropriate balance between alternative lease terms. . . . Thus, as a result of its multiple economic and sovereign interests, the Nation sufficiently asserts claims relating to this litigation which may be impaired in its absence. Under Rule 19(a)(2)(i) the Nation is, therefore, a necessary party."); *Kescoli*, 101 F.3d at 1310 ("Further, the Navajo Nation and the Hopi Tribe, by virtue of their sovereign capacity, have an interest in determining what is in their best interests by striking an appropriate balance between receiving royalties from the mining and the protection of their sacred sites."); *Pit River*, 30 F.3d at 1099 ("The Council also has an interest in preserving its sovereign immunity, which we will discuss in relation to the indispensable party issue. *See Shermoen*, 982 F.2d at 1317 ('absent [T]ribes have an interest in preserving their own sovereign immunity, with its concomitant right not to have [their] legal duties judicially determined without consent') (internal quotations omitted)." (second brackets in original)).

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB          21

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

representative of one of its participant Tribes believes that taking a narrower (or broader) approach is in the Tribe's own best interest, "it is questionable whether—perhaps even unlikely that—[ANTHC and the participant] would pursue the same next course of action."[70] In light of that potential divergence, the ANTHC participants' absence cannot be disregarded on the assumption that ANTHC would represent their potentially unique positions.

Additionally, the sheer number of absent participants, particularly in light of the many differences between them, makes it impossible to expect that *all* of the arguments of *all* of them would be made by ANTHC. Even were it not intrinsically constrained by its majoritarian structure and its own distinct interests, ANTHC could not claim to be "capable of"[71] identifying and making all such arguments for all absent participants.

Finally, ANTHC is aware of no case in which one Tribal entity was deemed adequate to represent in litigation the interests of a *different* non-party Tribe. To the contrary, the presence of a sovereign Tribe adds an additional necessary element because a sovereign has unique and important interests that *only that sovereign* can determine for itself.[72]

---

[70] *White*, 765 F.3d at 1027; *see* Lynch Decl. ¶¶ 17, 21, 23.
[71] *Shermoen*, 982 F.2d at 1318.
[72] *Cf. id.* at 1319 ("[E]ven if the intervenors [four members of the Hoopa Valley Tribal Council] were capable of representing the Hoopa Valley Tribe, there is *no credible claim that they could sufficiently represent the interest of the absent Yurok [T]ribe*." (emphasis added)).

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB                22

In sum, although ANTHC faithfully strives to defend and advocate for the collective position determined by a majority of its Directors on behalf of its participating entities, including Tribes and Tribal entities, ANTHC cannot speak on behalf of the individual and sometimes inconsistent interests of each of its Tribal participants.

## 2. The absent ANTHC participants also are necessary because complete relief cannot be granted in their absence.

"Under Rule 19(a)(1), a party is deemed 'necessary' if complete relief cannot be granted in its absence."[73] "This factor is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action."[74] "In conducting the Rule 19(a)(1) analysis, the court asks whether the absence of the party would preclude the district court from fashioning meaningful relief as between the parties."[75] "An inability to obtain complete relief arises 'frequently where plaintiffs are unable to obtain declaratory and injunctive relief against absent parties and are thus unable to obtain full redress.'"[76] Here, SCF asks the Court to issue declarations to define and balance the governance, participation, and informational rights of all ANTHC's

---

[73] *Disabled Rts. Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004).

[74] *Id.* (quoting *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983)).

[75] *Id.*

[76] *Pilant v. Caesars Enter. Servs., LLC*, No. 20-CV-2043-CAB-AHG, 2020 WL 7043607, at *2 (S.D. Cal. Dec. 1, 2020) (quoting *Goose Pond Ag, Inc. v. Duarte Nursery, Inc.*, No. 2:19-CV-02631-KJM-DB, 2020 WL 6043951, at *3 (E.D. Cal. Oct. 13, 2020)).

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB          23

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

participants, but in doing so the Court could not provide complete relief without the absent

Tribal participants being bound.

The Ninth Circuit emphasized this point in *E.E.O.C. v. Peabody Western Coal Co.*,

explaining that the Navajo Nation was a necessary party to a dispute regarding the legality

of an employment preference in a lease when although the Navajo Nation was a signatory

to the relevant lease, it had not been joined in the litigation and would not be bound by any

judgment regarding the legality of the employment preference.[77] The Court explained that:

> [T]he Nation is a signatory to lease provisions that the plaintiff
> challenges under Title VII. The EEOC seeks declaratory,
> injunctive, and monetary relief. If the EEOC is victorious in its
> suit against Peabody, monetary damages for the charging
> parties can be awarded without the Nation's participation. But
> declaratory and injunctive relief could be incomplete unless the
> Nation is bound by res judicata. The judgment will not bind the
> Navajo Nation in the sense that it will directly order the Nation
> to perform, or refrain from performing, certain acts. But it will
> preclude the Nation from bringing a collateral challenge to the
> judgment. If the EEOC is victorious in this suit but the Nation
> has not been joined, the Nation could possibly initiate further
> action to enforce the employment preference against Peabody,
> even though that preference would have been held illegal in
> this litigation. Peabody would then be . . . "between the
> proverbial rock and a hard place—comply with the injunction
> prohibiting the hiring preference policy or comply with the
> lease requiring it." By similar logic, we have elsewhere found
> that tribes are necessary parties to actions that might have the
> result of directly undermining authority they would otherwise
> exercise.[78]

---

[77] 400 F.3d 774, 780 (9th Cir. 2005).

[78] *Id.* (quoting *Dawavendewa*, 276 F.3d at 1156).

*Southcentral Foundation v. ANTHC*

Case No. 3:17-cv-00018-TMB                    24

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

The circumstances are similar here.

If SCF obtains the relief it seeks, the absent participants would not be bound by those judgments, including any judgment regarding the legality of the disclosure policies, bylaws, or code of conduct. The absent participants could then (1) seek to enforce what has been declared illegal by the Court—similar to the Navajo Nation initiating further action to enforce an illegal employment preference[79]—or (2) otherwise seek to achieve a new balance by exercising their governance and participation rights, unbounded by any court order. ANTHC would then be stuck between "the proverbial rock and a hard place" forced to simultaneously comply with this Court's orders and the absent participants' valid exercise and balancing of their rights. In sum, any judgment in the absence of ANTHC's other participants would not be complete given that they would not be bound by it.[80]

The Ninth Circuit's analysis in *Confederated Tribes of Chehalis Indian Reservation v. Lujan* is also on point.[81] That case involved a lawsuit brought by several

---

[79] *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 430 n.10 (1996) ("If there is a federal district court standard, it must come from the Court of Appeals, not from the over 40 district court judges in the Southern District of New York, each of whom sits alone and renders decisions not binding on the others."); *Dumont v. PepsiCo, Inc.*, 192 F. Supp. 3d 209, 221 (D. Me. 2016) ("The decisions of federal district court judges are not binding precedent for other federal district court judges within that district. Binding authority comes from that district's court of appeals and the United States Supreme Court.").

[80] *E.E.O.C.*, 400 F.3d at 780 ("[T]ribes are necessary parties to actions that might have the result of directly undermining authority they would otherwise exercise.").

[81] 928 F.2d 1496, 1498 (9th Cir. 1991).

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB          25

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

affiliated Tribes of the Quinault Indian Reservation to challenge the United States'

continuing recognition of the Quinault Indian Nation as the sole governing authority for

the Quinault Indian Reservation.[82] In their lawsuit, the affiliated Tribes sought injunctive

relief and a judgment declaring that

> the [plaintiffs] have equal rights in the Reservation, are entitled
> to be treated equally as federally recognized Indian tribes by
> [defendants], and that the governing body of the Reservation
> must be constituted so as to reflect those rights and the rights
> of all Indians who are allotted at the Reservation, including the
> individual plaintiffs.[83]

The United States moved to dismiss under Rule 19, arguing that the affiliated Tribes

could not obtain complete relief without the Quinault Indian Nation, which they had

failed to join.[84] The Ninth Circuit affirmed the district court's dismissal because "success

by the plaintiffs in this action would not afford complete relief to [plaintiffs]," given that

"[j]udgment against the federal officials would not be binding on the Quinault Nation,

which could continue to assert sovereign powers and management responsibilities over

the reservation."[85]

SCF "seeks in [its] declaratory relief action an Order requiring ANTHC to comply

with those governance requirements mandated by federal law."[86] But, as the Ninth

---

[82] *See id.* at 1497–98.
[83] *Id.* at 1498 (alterations in original).
[84] *See id.*
[85] *Id.*
[86] Complaint, at ¶ 1.

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB          26

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

Circuit held, governance and participation rights in ANTHC flow from participants being represented on ANTHC's Board.[87] All of ANTHC's participants are represented on its Board. Any judgment against ANTHC would not bind the absent participants. And as to Tribal participants, it would not prohibit them from continuing to "assert sovereign powers and management responsibilities over"[88] ANTHC.[89] The absent participants also are necessary for this reason.

**B.    Joinder of the absent Tribal participants is not feasible.**

"Federally recognized Indian [T]ribes enjoy sovereign immunity from suit."[90] Thus, it is not feasible to join a Tribe without a waiver of that sovereign immunity.[91] Furthermore, "[t]here is a strong presumption against waiver of [T]ribal sovereign immunity."[92]

Here, as noted above, the Tribes participating in ANTHC's governance are sovereigns possessing sovereign immunity that have not waived their sovereign immunity as to this suit. Thus, it is not feasible for the Court to order the joinder of the absent Tribes.

---

[87] *See Southcentral Found.*, 983 F.3d at 418.

[88] *Confederated Tribes*, 928 F.2d at 1498.

[89] *See also Pit River*, 30 F.3d at 1099 ("First, even if the Association obtained its requested relief in this action, it would not have complete relief, since judgment against the government would not bind the Council, which could assert its right to possess the Ranch.").

[90] *Pit River*, 30 F.3d at 1100.

[91] *See Jamul Action Comm. v. Simermeyer*, 974 F.3d 984, 998 (9th Cir. 2020); *Kescoli*, 101 F.3d at 1310.

[92] *Deschutes River All.*, 1 F.4th at 1159 (internal quotation marks and citation omitted).

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB                   27

Indeed, because there are many absent ANTHC participants,[93] their sheer numerosity alone would make it infeasible to join them even if they did not enjoy sovereign immunity.[94] For all these reasons, it is not feasible to join the absent ANTHC participants.

### C. The current suit cannot in good conscience proceed without the absent participants.

Where a necessary participant cannot be joined, Rule 19(b) requires a court to exercise its discretion to "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."[95] Although several factors can be weighed in this inquiry, "[i]f the necessary party is immune from suit, there may be very little need for balancing . . . because immunity itself may be viewed as the compelling factor."[96]

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

---

[93] Depending on how ANTHC's "participants" are defined, they number at least 31—in addition to SCF—and as many as 200 plus. *See* Pub. L. No. 105-83, § 325(a) (naming 12 other Regional Health Entities aside from SCF); Lynch Decl. ¶ 14 (the Unaffiliated Tribes include at least another 27 Tribes); ¶ 15 (three sub-regional Tribal health organizations are represented in ANTHC by the two unaffiliated Tribes' selected directors); *id.* ¶ 13 (11 Regional Health Entities represent 188 federally-recognized Tribes).

[94] *See Wright v. Incline Vill. Gen. Imp. Dist.*, 597 F. Supp. 2d 1191, 1209 (D. Nev. 2009) ("[I]t . . . appears unlikely that over 7,800 property owners can feasibly be joined and served in this action.").

[95] Fed. R. Civ. P. 19(b); *see also Walsh v. Centeio*, 692 F.2d 1239, 1243 (9th Cir. 1982) ("[T]he determination whether the action should proceed without the absentee, and therefore the determination of indispensability itself under Rule 19(b), remains in the sound discretion of the trial judge.").

[96] *Kescoli*, 101 F.3d at 1311 (internal quotation marks and citation omitted).

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB                28

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

Because the absent Tribal parties are immune from suit here, "the remaining steps of the Rule 19 analysis are straightforward," and "[t]he balancing . . . almost always favors dismissal when a [T]ribe cannot be joined due to [T]ribal sovereign immunity."[97] Indeed, "there is a 'wall of circuit authority' in favor of dismiss[al] . . . 'regardless of whether [an alternate] remedy is available, if the absent parties are Indian [T]ribes invested with sovereign immunity.'"[98] This case is no exception. The absent ANTHC participants' sovereign immunity is, by itself, "*the* compelling factor"[99] that demands dismissal.

In addition, however, the four non-exclusive factors that courts ordinarily weigh under Rule 19(b) likewise favor dismissal.

First, a court may consider "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties."[100] However, this factor involves the same analysis that makes the absent participants necessary parties in the first place.[101] As discussed above, proceeding here without the absent Tribes would prejudice the absent sovereign participants' interests in their governance, participation, and informational rights and in maintaining their sovereign immunity.[102] Further, the existing

---

[97] *Jamul Action Comm.*, 974 F.3d at 998.

[98] *Dine Citizens*, 932 F.3d at 857 (second brackets in original) (quoting *White*, 765 F.3d at 1028).

[99] *Kescoli*, 101 F.3d at 1311 (emphasis added; citation omitted).

[100] Fed. R. Civ. P. 19(b)(1).

[101] *See Dawavendewa*, 276 F.3d at 1162 (noting Ninth Circuit precedent that the "prejudice test under Rule 19(b) is essentially the same as the inquiry under Rule 19(a)").

[102] *See id.* (concluding that prejudice factor favored dismissal in part because a "decision so rendered [in the Nation's absence] would also prejudice the Nation's

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB                29

parties would be prejudiced because after all the turmoil and expense of litigation, any relief eventually obtained would not be complete. Thus, the first factor weighs strongly in favor of dismissal.

The second factor examines the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measures.[103] But it is inherently impossible to avoid the prejudice here. As the Ninth Circuit ruled in this case, ANTHC's participants have governance, participation, and informational rights. No matter how the judgment is phrased or structured, a decision on SCF's claims in the other participants' absence, without their ability to be heard, would deprive them of their voice and prejudice their governance interests.[104] The only way for the sovereign participants to avoid that prejudice would be to waive their sovereign immunity, forcing them under duress to abandon a significant aspect of their sovereignty and self-governance.[105] Moreover, in their absence, relief cannot be shaped to bind the Tribal participants that are not parties to this suit. "It is elementary that one is not bound by a

---

sovereign interests in negotiating contractual obligations and governing the reservation"); *Makah*, 910 F.2d at 560 (concluding on first factor that prejudice was inevitable because "any relief would be detrimental to the other [T]ribes" and because "the absent [T]ribes had no proper representative because potential intertribal conflicts meant the United States could not represent all of them" (internal quotation marks omitted)).

[103] Fed. R. Civ. P. 19(b)(2).

[104] *Kescoli*, 101 F.3d at 1311 ("With regard to the second factor, the district court correctly determined that potential prejudice to the Navajo Nation and Hopi Tribe could not be effectively minimized because relief for Kescoli could not be effectively shaped, in their absence, to avoid prejudice to their interests.").

[105] *See Three Affiliated Tribes*, 476 U.S. at 890.

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB          30

judgment . . . resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process."[106] Accordingly, the second factor strongly favors dismissal too.

The third factor permits a court to consider "whether a judgment rendered in the person's absence would be adequate."[107] Here, as discussed above,[108] a judgment in the absence of ANTHC's sovereign participants would prejudice in multiple ways their interests in ANTHC governance and in the immunity conferred by their sovereignty, and it would be incomplete because the sovereign participants would not be bound by it. As such, under Ninth Circuit law the judgment would be inadequate.[109] The third factor, then, also weighs in favor of dismissal.

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

---

[106] *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 395 U.S. 100, 110 (1969).
[107] Fed. R. Civ. P. 19(b)(3).
[108] *See supra* at 12–18.
[109] *See Am. Greyhound Racing, Inc. v. Hull*, 305 F.3d 1015, 1025 (9th Cir. 2002) ("The third factor does not favor the plaintiffs. If they retain the judgment as it was entered by the district court, they have achieved what they sought but *the [T]ribes' protectible interests are impaired*." (emphasis added)); *Dawavendewa*, 276 F.3d at 1162 (holding that "[n]o partial relief is adequate," because award of damages would not resolve all issues and "[a]ny type of injunctive relief necessarily *results in the above-described prejudice to [the defendant] and the [absent] Nation*" (emphasis added)); *Pit River*, 30 F.3d at 1102 (holding that "[t]here is no adequate judgment we can provide the Association in the absence of the Council" because the court "*cannot address th[e remaining] claims without prejudicing the rights of the Council to govern the Tribe*" (emphasis added)); *Lomayaktewa*, 520 F.2d at 1326 (holding that "[i]t is perfectly apparent that any judgment rendered in the Tribe's absence would not be adequate," because "*[t]he adverse effects of the invalidation of the lease will be visited upon the Hopi Tribe*" (emphasis added)).
*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB                31

But even if that were not the case, the result would be the same. Under Ninth Circuit law, absent Tribes are indispensable parties regardless of the adequacy of a judgment rendered in their absence.[110] Accordingly, the third factor (as well as the fourth factor as will be discussed next) at a minimum presents no obstacle to concluding that the absent ANTHC participants are indispensable.

Finally, the fourth factor mitigates strongly in favor of dismissal. This factor looks to "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder."[111] Even if SCF had no other remedy, the Ninth Circuit consistently holds that a Tribe's sovereign immunity outweighs the lack of an alternative forum.[112] But in fact, SCF is *not* without a remedy. The dispute resolution forum that Congress specifically

---

[110] *See, e.g.*, *Dine Citizens*, 932 F.3d at 858 ("Even assuming that no alternate remedy exists, and that both the third and fourth factors therefore weigh against dismissal, we would hold that dismissal is proper."); *Kescoli*, 101 F.3d at 1311 (holding that the Navajo Nation and the Hopi Tribe were indispensable parties because, "[a]lthough the third and fourth factors may favor allowing Kescoli to proceed with her action, we have 'recognized that a plaintiff's interest in litigating a claim may be outweighed by a [T]ribe's interest in maintaining its sovereign immunity.'" (citation omitted)); *Shermoen*, 982 F.2d at 1319 (holding that absent Tribes were indispensable parties, even though the third and fourth factors weighed against indispensability).

[111] Fed. R. Civ. P. 19(b)(4).

[112] In addition to the cases cited in note 110, *see, e.g.*, *White*, 765 F.3d at 1028 ("[V]irtually all the cases to consider the question appear to dismiss under Rule 19, *regardless of whether [an alternate] remedy is available*, if the absent parties are Indian [T]ribes invested with sovereign immunity." (emphasis added; internal quotation marks and citation omitted)); and *United States v. Washington*, 573 F.3d 701, 708 (9th Cir. 2009) (acknowledging that a party might not be able to institute a new action against another Tribe due to sovereign immunity, but noting that "not all problems have judicial solutions").

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB          32

authorized for Native self-governance here remains: the ANTHC boardroom. Section 325(b) directs that the ANTHC Board "shall establish . . . rules of procedure" and that "[d]ecisions of the Board of Directors shall be made by consensus whenever possible, and by majority vote in the event that no consensus can be reached."[113] Every Tribe and Tribal organization in ANTHC—including SCF—will participate in the process of conforming ANTHC's bylaws, policies, and code of conduct to the rights that the Ninth Circuit made clear they all share. SCF may or may not be able to persuade a majority to adopt its view of how to comply with those rights, but it cannot deny that the ANTHC Board is a forum in which it may pursue its positions and—unlike this Court—a forum in which all the other Tribes and Tribal organizations concerned will raise their voices too.

## V. CONCLUSION

SCF alleges that there are "200 separate Alaska Tribes [that] have a voice in the governance of ANTHC."[114] On appeal, the Ninth Circuit explained that SCF has governance, participation, and informational rights and an interest in exercising them. Without question, the other participants in ANTHC share the same governance, participation, and informational rights as SCF—though they may disagree strongly with SCF about the contours of those rights, the proper balance between concerns of transparency and confidentiality, and what governance policies ANTHC can and should

[113] Pub. L. No. 105-83, § 325(b).
[114] Complaint, at ¶ 45.

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

adopt. Because ANTHC's Tribal participants are necessary and indispensable parties to the resolution of SCF's claims concerning those shared rights and because it is not feasible to join them, SCF's claims must be dismissed.

DATED: October 20, 2021

STOEL RIVES LLP

By:/s/ James E. Torgerson
    James E. Torgerson (Bar No. 8509120)
    Rachel C. Lee (Admitted Pro Hac Vice)
    Connor R. Smith (Bar No. 1905046)
*Attorneys for Defendant Alaska Native Tribal Health Consortium*

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB     34

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2021, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in this Case No. 3:17-cv-00018-TMB who are registered CM/ECF users, and who are listed below, will be served by the CM/ECF system.

Jahna M. Lindemuth
Cashion Gilmore & Lindemuth
510 L Street, Suite 601
Anchorage, AK 99501
jahna@cashiongilmore.com

William D. Temko
Munger, Tolles & Olson LLP
350 S Grand Ave., 50th Floor
Los Angeles, CA 90071
William.Temko@mto.com

Nicholas Daniel Fram
Munger, Tolles & Olson LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
Nicholas.Fram@mto.com

/s/ James E. Torgerson
James E. Torgerson

111906495 0009312-00008

**STOEL RIVES** LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-TMB                 35