Geoffrey Strommer (AK Bar No. 0911044)
Hobbs, Straus, Dean & Walker, LLP
215 SW Washington, Suite 200
Portland, OR 97204
Telephone: (503) 242-1745
Fax: (503) 242-1072
Email: gstrommer@hobbsstraus.com

Attorney for *Amici Curiae*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **SOUTHCENTRAL FOUNDATION,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **ALASKA NATIVE TRIBAL** ) <br> **HEALTH CONSORTIUM,** ) <br> ) <br> Defendant. ) <br> ) | Case No. 3:17-cv-00018-TMB |

**MOTION TO PARTICIPATE AS *AMICI CURIAE*[1]**

Under Federal Rule of Civil Procedure 7 and Local Civil Rule 7.1, the following federally recognized tribes and Alaska tribal health organizations move for leave to file an *amicus* brief to assert their interests as necessary and indispensable parties: Metlakatla Indian Community, Kenaitze Indian Tribe, Arctic Slope Native Association, Bristol Bay

---

[1] Counsel for *Amici* conferred with counsel for the Parties prior to filing this Motion. Defendant Alaska Native Tribal Health Consortium consents to this Motion. Plaintiff Southcentral Foundation has declined to take a position on the Motion until after it is filed.

Area Health Corporation, Copper River Native Association, Kodiak Area Native Association, Mt. Sanford Tribal Consortium, Norton Sound Health Corporation, and Southeast Alaska Regional Health Consortium (collectively, "*Amici*"). *Amici* are all participants in the Alaska Native Tribal Health Consortium (ANTHC) that are represented on ANTHC's Board of Directors. *Amici* thus have a strong interest in this case, which implicates their governance, participation, and informational rights in ANTHC. *Amici* move to file now in light of Plaintiff Southcentral Foundation's (SCF) assertion, in its Opposition to ANTHC's Motion for Judgment on the Pleadings, that "no absent party has claimed any interest in this case." Southcentral Foundation's Opposition to ANTHC's Motion for Judgment on the Pleadings (SCF's Opp'n), ECF No. 302, at 10–13.

District Courts have broad discretion to appoint *amici curiae*. *Alaska R.R. Corp. v. Flying Crown Subdivision Addition No. 1 & Addition No. 2 Prop. Owners Ass'n*, No. 3:20-CV-00232-JMK, 2021 WL 1112382, at *3 (D. Alaska Mar. 23, 2021) (citing *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982)). "A court may grant leave to appear as an amicus if the information offered is 'timely and useful.'" *Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999) (quoting *Waste Mgmt. of Penn., Inc. v. City of York*, 162 F.R.D. 34, 35 (M.D. Pa. 1995)). An *amicus* brief is appropriate when "the amicus has an interest in some other case that may be affected by the decision in the present case, or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide[.]" *Washington v. DeVos*, No. 2:20-CV-0182-TOR, 2020 WL 6488184, at *1 (E.D. Wash.

June 12, 2020) (citing *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999)). The Court should consider whether *amicus* briefing "supplement[s] the efforts of counsel, and draw[s] the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982).

Here, in the context of ANTHC's present Motion for Judgment on the Pleadings, the Parties dispute whether any absent parties such as *amici* "claim an interest" in the litigation. SCF's Opp'n at 10–13. SCF has argued that "[b]ecause no purported absent party has ever claimed an interest in this litigation, despite available avenues and ample time in which to do so, the Court should disregard ANTHC's argument that the absent entities possess legally protected interests." *Id*. at 12. *Amici* wish to clarify that, contrary to SCF's assertion, *Amici* have a significant interest in this case—an obvious and seemingly unquestioned point until the SCF Opposition.

*Amici* have governance, participation, and informational rights in ANTHC that may be affected by this litigation. *Amici* themselves are best positioned to say whether they claim an interest and can best describe what that interest is in the context of the organizational dispute at hand. *Amici* therefore believe that their brief will assist the Court by providing relevant and important information that the Parties themselves are not capable of providing.

The proposed *amicus* brief is timely, even years into this case. *Amicus* briefing may be helpful and appropriate at any stage in the case where it will provide useful information to the court without significantly delaying the proceedings. *See Cmty. Ass'n*

*for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 976 (E.D. Wash. 1999) (granting leave to participate as *amicus curiae*, although petitioners filed "at a late date in proceedings," where the petitioners were "in a position to provide unique information or perspective" to the court). Though generally an *amicus* at the appellate level must file its brief within seven (7) days of the principal brief of the party being supported, *see* Fed. R. App. P. 29(a)(6), here *Amici* file in direct response to the assertion made in SCF's Opposition to ANTHC's motion that the *Amici* do not claim an interest in this case. *Amici*'s response will assist the Court in evaluating the issues now before it by providing relevant information that only *Amici* themselves can provide—i.e., that they do claim an interest in the case.

Finally, *Amici* do not believe that their timing will prejudice any party to this case, as briefing on ANTHC's motion is only now coming to a close and the motion will take some time to resolve. Importantly, *Amici* do not raise new legal arguments, but rather seek to correct SCF's assertion that no absent party claims a legally protected interest in the case. In light of *Amici's* unusual timing, however, *Amici* have obtained ANTHC's assurance that it will not object to giving SCF an opportunity to respond to the *amicus* brief should it wish to do so.

Because *Amici* have unique and significant interests in the resolution of issues in this case and can correct SCF's mistaken assertion about Alaska tribes and tribal health organizations also represented on the ANTHC Board, *Amici* respectfully request the Court to allow their participation in this case via the proposed *amicus* brief attached hereto.

*Southcentral Foundation v. ANTHC*　　　　　Motion to Participate as *Amici Curiae*
Case No. 3:17-cv-00018-TMB　　　　　4
Case 3:17-cv-00018-JMK   Document 308   Filed 12/22/21   Page 4 of 6

Respectfully submitted,

DATED: December 22, 2021      HOBBS STRAUS DEAN & WALKER

By: */s/ Geoffrey D. Strommer*
Geoffrey D. Strommer
AK Bar No. 0911044
Hobbs, Straus, Dean & Walker, LLP
215 SW Washington, Suite 200
Portland, OR 97204
Telephone: (503) 242-1745
Fax: (503) 242-1072
Email: gstrommer@hobbsstraus.com

Attorney for *Amici Curiae*

# CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2021, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in this Case No. 3:17-cv-00018-TMB who are registered CM/ECF users, and who are listed below, will be served by the CM/ECF system.

Jahna M. Lindemuth
Cashion Gilmore & Lindemuth
510 L Street, Suite 601
Anchorage, AK 99501
jahna@cashiongilmore.com

William D. Temko
Munger, Tolles & Olson LLP
350 S Grand Ave., 50th Floor
Los Angeles, CA 90071
William.Temko@mto.com

Nicholas Daniel Fram
Munger, Tolles & Olson LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
Nicholas.Fram@mto.com

James E. Torgerson
Rachel C. Lee
Connor R. Smith
Stoel Rives LLP
510 L Street, Suite 500
Anchorage, AK 99501
jim.torgerson@stoel.com
rachel.lee@stoel.com
connor.smith@stoel.com

      /s/ *Geoffrey D. Strommer*
      Geoffrey Strommer