Geoffrey Strommer (AK Bar No. 0911044)
Hobbs, Straus, Dean & Walker, LLP
215 SW Washington, Suite 200
Portland, OR 97204
Telephone: (503) 242-1745
Fax: (503) 242-1072
Email: gstrommer@hobbsstraus.com

*Attorney for Amici Curiae*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **SOUTHCENTRAL FOUNDATION**, <br><br> Plaintiff, <br><br> v. <br><br> **ALASKA NATIVE TRIBAL HEALTH CONSORTIUM**, <br><br> Defendant. | Case No.: 3:17-cv-00018-TMB |

## [PROPOSED] BRIEF OF *AMICI CURIAE* ALASKA TRIBES AND TRIBAL HEALTH ORGANIZATIONS REGARDING NECESSARY AND INDISPENSABLE PARTIES

### I. INTRODUCTION AND STATEMENT OF INTEREST[1]

*Amici curiae*, which are more specifically identified below, are federally recognized tribes and Alaska tribal health organizations that are similarly situated to the Plaintiff Southcentral Foundation (SCF) in that their interests are represented on the

---

[1] Although Federal Rule of Appellate Procedure 29(a)(4)(E) does not directly govern briefs of *amicus curiae* in this Court, *Amici* believe they should disclose that counsel for Defendant ANTHC assisted in the preparation of this brief. Nevertheless, *Amici* and their counsel at all times retained final authority over its contents.

*Southcentral Foundation v. ANTHC*  [Proposed] Brief of *Amici Curiae* Tribes and
Case No. 3:17-cv-00018-TMB   1   Tribal Health Organizations Regarding
                                  Necessary and Indispensable Parties

Case 3:17-cv-00018-JMK   Document 308-1   Filed 12/22/21   Page 1 of 10

Board of Directors of Defendant, Alaska Native Tribal Health Consortium (ANTHC), through designated Directors. As SCF's Complaint in this action acknowledges, "*each ANTHC Director* is a representative of the Regional Health Entity, Indian tribes, and sub-regional tribal organizations that designated him or her to serve on the ANTHC Board of Directors ('Designating Entity')."[2] Although SCF is the only Designating Entity participating in this case, SCF's Complaint seeks an order declaring the scope of rights that "SCF and the other Designating Entities"—including *amici curiae*—have to ANTHC documents and information, including confidential and/or privileged documents and information.[3]

Because the *amici curiae* (collectively, the "Nonparty Designating Entities") have governance, participation, and informational rights in ANTHC, they are necessary and indispensable parties to SCF's suit. The Nonparty Designating Entities claim an interest in this litigation, and they have not waived and will not waive their sovereign immunity to allow themselves to be joined as parties. The Nonparty Designating Entities' rights should not be adjudicated in their absence. Rather, the governance issues raised by SCF's lawsuit should be resolved in the ANTHC Boardroom, where the voices of all of ANTHC's Designating Entities are heard through their representatives.

## II. *AMICI CURIAE*

*Amicus* Metlakatla Indian Community is a federally recognized tribe and a regional health entity listed in Section 325(a) of the Department of the Interior and

---

[2] Compl. for Declaratory J., ECF No. 2, at 6, ¶ 17 ("Complaint") (emphasis added).

[3] Complaint at 17, ¶¶ 2–3.

*Southcentral Foundation v. ANTHC*  [Proposed] Brief of *Amici Curiae* Tribes and
Case No. 3:17-cv-00018-TMB        2        Tribal Health Organizations Regarding
                                                Necessary and Indispensable Parties

Case 3:17-cv-00018-JMK   Document 308-1   Filed 12/22/21   Page 2 of 10

Related Agencies Appropriations Act, 1998, Pub. L. 105–83, 111 Stat. 1543 (1997) ("Section 325(a)"). As such, the Metlakatla Indian Community is represented on the ANTHC Board of Directors by the Director it designates. *Amicus* Kenaitze Indian Tribe is a federally recognized tribe that "operate[s] health programs not affiliated with the regional health entities listed" in Section 325(a).[4] As such, Kenaitze Indian Tribe is represented on the ANTHC Board of Directors by the two Unaffiliated Tribes' Directors selected by the Unaffiliated Alaska Native Tribal Health Committee (UANTHC).

As federally recognized tribes, the Metlakatla Indian Community and Kenaitze Indian Tribe each possess sovereign immunity, which they have not waived as to this litigation and do not intend to waive. However, the Tribes each claim an interest in this lawsuit ("SCF's Lawsuit"), and assert that if SCF's Lawsuit proceeds in their absence it may impair or impede their ability to protect that interest.

*Amici* Arctic Slope Native Association, Bristol Bay Area Health Corporation, Copper River Native Association, Kodiak Area Native Association, Norton Sound Health Corporation, and Southeast Alaska Regional Health Consortium are tribal health organizations that are also regional health entities listed in Section 325(a). As such, each is represented on the ANTHC Board of Directors by the Director it designates. *Amicus* Mt. Sanford Tribal Consortium is a tribal health organization that "operate[s] health programs not affiliated with the regional health entities listed" in Section 325(a).[5] As

---

[4] *Id*. § 325(b).

[5] *Id*.

*Southcentral Foundation v. ANTHC*  [Proposed] Brief of *Amici Curiae* Tribes and
Case No. 3:17-cv-00018-TMB      3       Tribal Health Organizations Regarding
                                        Necessary and Indispensable Parties

Case 3:17-cv-00018-JMK   Document 308-1   Filed 12/22/21   Page 3 of 10

such, Mt. Sanford Tribal Consortium is represented on the ANTHC Board of Directors by the two Unaffiliated Tribes' Directors selected by the UANTHC.

Each tribal health organization has sovereign immunity as an arm of its constituent Tribes, which it has not waived as to this litigation and does not intend to waive. However, each tribal health organization claims an interest in SCF's Lawsuit, and asserts that if SCF's Lawsuit proceeds in its absence, it may impair or impede the tribal health organization's ability to protect its interest.

### III. FACTUAL AND PROCEDURAL BACKGROUND

SCF's Complaint asks the Court to declare, among other things:

1. That certain provisions of ANTHC's Bylaws, Code of Conduct, and Disclosure Policy are unlawful and must be amended or rescinded;[6]

2. That Designating Entities are entitled to all documents and information necessary to participate in the governance of ANTHC, including confidential and privileged information, subject only to the Designating Entity's agreement to maintain confidentiality;[7] and

3. That SCF's Designated Director has an absolute and unlimited right to ANTHC documents and information, and the right and the duty to convey such documents and information to SCF, subject only to SCF's agreement to maintain confidentiality.[8]

The Ninth Circuit held that SCF had standing to pursue these claims because Section 325 confers governance, participation, and informational rights on SCF and the

---

[6] Complaint at 17–18, ¶¶ 4–6 (Prayer for Relief).

[7] *Id.* at 17, ¶ 2; *see also id.* at 6, ¶ 17 (defining "Designating Entity").

[8] Complaint at 17, ¶ 3.

*Southcentral Foundation v. ANTHC*  [Proposed] Brief of *Amici Curiae* Tribes and
Case No. 3:17-cv-00018-TMB    4    Tribal Health Organizations Regarding
Case 3:17-cv-00018-JMK   Document 308-1   Filed 12/22/21   Page 4 of 10   Necessary and Indispensable Parties

other Designating Entities.[9]  All of ANTHC's Designating Entities are similarly situated to SCF, and therefore have the same rights as SCF in ANTHC's governance.  ANTHC has moved for judgment on the pleadings against SCF's claims.[10]  It seeks dismissal of SCF's claims under Federal Rule of Civil Procedure 19, arguing that the absent Tribal participants in ANTHC are necessary and indispensable parties, yet sovereign immunity prevents the Court from making them parties.

SCF opposes ANTHC's motion.  SCF argues that "[b]ecause no purported absent party has ever claimed an interest in this litigation, despite available avenues and ample time in which to do so, the Court should disregard ANTHC's argument that the absent entities possess legally protected interests."[11]  SCF also asserts that it possesses greater rights than the Unaffiliated Tribes have.  SCF states that it "does not concede that it is similarly situated to any entity that is not 'expressly identified' in Section 325,"[12] and explains that "Congress wanted to 'draw on the existing expertise of the Alaska Native *regional* health entities now managing extensive *regional* health networks in Alaska,' ***not all of the Tribes in the state.***"[13]  Finally, SCF asserts that the Alaska Area Office of the

---

[9] *See Southcentral Found. v. Alaska Native Tribal Health Consortium*, 983 F.3d 411, 420 (9th Cir. 2020).

[10] Alaska Native Tribal Health Consortium's Mot. for J. on the Pleadings for Failure to Join Parties Under Fed. R. Civ. P. 19 (ANTHC's Motion), ECF No. 296.

[11] Southcentral Found.'s Opp'n to ANTHC's Mot. for J. on the Pleadings (SCF's Opp'n), ECF No. 302 at 12; *see also id.* at 10–13.

[12] *Id.* at 21, n.72 (citing *Southcentral Found.*, 983 F.3d at 417–18).

[13] SCF's Opp'n at 27, n.94 (emphasis added).

*Southcentral Foundation v. ANTHC*  [Proposed] Brief of *Amici Curiae* Tribes and
Case No. 3:17-cv-00018-TMB     5     Tribal Health Organizations Regarding
Case 3:17-cv-00018-JMK   Document 308-1   Filed 12/22/21   Page 5 of 10   Necessary and Indispensable Parties

Indian Health Service determines "which tribes and tribal organizations can be represented by the two unaffiliated directors"—not the Tribes themselves.[14]

SCF is wrong on all counts. The Nonparty Designating Entities do claim an interest in the litigation. The notion that the federal government determines the means by which Tribes participate in the provision of statewide healthcare services—and not Tribes themselves—is contrary to Tribal self-determination, the bedrock principle upon which the Indian Self-Determination and Education Assistance Act is based.[15] And, all of ANTHC's Designating Entities, including the Tribes and sub-regional Tribal organizations represented by the Unaffiliated Tribes' Directors, have the same governance, and informational, rights as SCF.

## IV. ARGUMENT

### A. The Nonparty Designating Entities Claim an Interest in SCF's Lawsuit.

Under the Ninth Circuit's opinion, each of the Nonparty Designating Entities has legally protected governance, participation, and informational rights in ANTHC, just as SCF does.[16] These rights are just as important to the Nonparty Designating Entities as they are to SCF, and the Nonparty Designating Entities have an interest in protecting and exercising these rights.

---

[14] *Id.* at 27.

[15] *See, e.g.,* 25 U.S.C. § 5302.

[16] *Southcentral Found.*, 983 F.3d at 417–20.

*Southcentral Foundation v. ANTHC*  [Proposed] Brief of *Amici Curiae* Tribes and
Case No. 3:17-cv-00018-TMB         6         Tribal Health Organizations Regarding
Case 3:17-cv-00018-JMK   Document 308-1   Filed 12/22/21   Page 6 of 10 Necessary and Indispensable Parties

For the reasons explained in ANTHC's Motion, which are incorporated herein by reference, the Nonparty Designating Entities believe that what SCF is seeking in this suit may impede or impair the Nonparty Designating Entities' ability to protect their interests if SCF's Lawsuit proceeds in their absence.[17] In particular, the contours of the governance, participation, and informational rights that SCF is asserting in this case could affect the terms under which the Directors speak and act on behalf of the Nonparty Designating Entities on the ANTHC Board. The judgment that SCF is seeking from this Court could also affect the Nonparty Designating Entities' ability to effectively exercise their rights through those Directors. This is because SCF has asked the Court to declare decisions that the ANTHC Board has made—through the exercise of the Nonparty Designating Entities' governance rights—illegal or void.

In addition, by seeking sweeping access to ANTHC's most highly confidential and privileged information, SCF is trying to have the Court overturn the balance that the Board has struck between transparency and confidentiality, both of which are important to effective governance and to the exercise of the Nonparty Designating Entities' governance and participation rights. For example, an inability to appropriately protect confidential discussions during the Board's executive sessions or the privileged legal advice given to ANTHC can deter the frank and fulsome discussions among Directors necessary for the Nonparty Designating Entities to effectively govern ANTHC.

---

[17] *See* ANTHC's Motion at 12–18.

*Southcentral Foundation v. ANTHC*  [Proposed] Brief of *Amici Curiae* Tribes and
Case No. 3:17-cv-00018-TMB      7      Tribal Health Organizations Regarding
Necessary and Indispensable Parties

Case 3:17-cv-00018-JMK   Document 308-1   Filed 12/22/21   Page 7 of 10

Each of the Nonparty Designating Entities wants to have its own voice in determinations about its rights and interests. Through the Directors that represent them, the Nonparty Designating Entities have those voices in the ANTHC Boardroom on these issues. But they do not have their own voices in this litigation. SCF does not speak for them. In fact, SCF has explicitly claimed that the Unaffiliated Tribes do not possess the same rights in ANTHC's governance as SCF does.[18] SCF plainly cannot speak on behalf of Tribes and Tribal organizations that it argues have inferior interests to its own. ANTHC does not speak for them individually either. The Nonparty Designating Entities do not know whether any of them—much less all of them—will agree with the positions that the majority of ANTHC's Board will ultimately take in this case regarding their rights. Some of the Nonparty Designating Entities may disagree with both ANTHC's and SCF's positions on the scope of their rights. In short, each ANTHC Participant wants to speak for itself and objects to allowing this lawsuit to proceed in its absence.

### B. The Nonparty Designating Entities Intend to Preserve Their Sovereign Immunity.

Under federal law, the Nonparty Designating Entities have sovereign immunity, either as federally recognized Tribes or as arms of such Tribes.[19] Further, the Nonparty

---

[18] SCF's Opp'n at 21, n.72, and 27, n.94.

[19] *See Michigan v. Bay Mills Indian Cmty.*, 572 U.S. 782, 788–90 (2014); *White v. Univ. of Calif.*, 765 F.3d 1010, 1025 (9th Cir. 2014); *Cole v. Alaska Island Cmty. Servs.*, 834 F. App'x 366, 367 (9th Cir. 2021); *Matyascik v. Arctic Slope Native Ass'n, Ltd.*, No. 2:19-CV-0002-HRH, 2019 WL 3554687, at *5 (D. Alaska Aug. 5, 2019). The Court need not individually address the sovereign immunity of every *amicus*, as SCF specifically acknowledges that *amicus* Metlakatla Indian Community cannot be joined absent a waiver of its sovereign immunity. *See* SCF's Opp'n at 28.

*Southcentral Foundation v. ANTHC*  [Proposed] Brief of *Amici Curiae* Tribes and
Case No. 3:17-cv-00018-TMB         8         Tribal Health Organizations Regarding
                                              Necessary and Indispensable Parties

Case 3:17-cv-00018-JMK   Document 308-1   Filed 12/22/21   Page 8 of 10

Designating Entities intend to preserve their sovereign immunity. None of the Nonparty Designating Entities intends to waive its sovereign immunity so that the Court can make it a party to this litigation. Because the Nonparty Designating Entities are entitled to assert their sovereign immunity, this Court should not adjudicate their rights in their absence.[20] Rather, SCF's claims should be dismissed, and this dispute should be resolved in the ANTHC Boardroom.

## V. CONCLUSION

For the reasons explained above, without waiving their sovereign immunity, the Nonparty Designating Entities urge the Court to grant ANTHC's Motion.

DATED: December 22, 2021    HOBBS, STRAUS, DEAN & WALKER, LLP

By: */s/ Geoffrey D. Strommer*
Geoffrey D. Strommer
AK Bar No: 0911044
Hobbs, Straus, Dean & Walker, LLP
215 SW Washington, Suite 200
Portland, OR 97204
Telephone: (503) 242-1745
Fax: (503) 242-1072
Email: gstrommer@hobbsstraus.com

Attorney for *Amici Curiae*

---

[20] *See Deschutes River All. v. Portland Gen. Elec. Co.*, 1 F.4th 1153, 1163 (9th Cir. 2021) ("The balancing of equitable factors under Rule 19(b) almost always favors dismissal when a tribe cannot be joined due to tribal sovereign immunity.") (quoting *Jamul Action Comm. v. Simermeyer*, 974 F.3d 984, 998 (9th Cir. 2020))); *White*, 765 F.3d at 1028.

*Southcentral Foundation v. ANTHC*    [Proposed] Brief of *Amici Curiae* Tribes and
Case No. 3:17-cv-00018-TMB    9    Tribal Health Organizations Regarding
Necessary and Indispensable Parties

Case 3:17-cv-00018-JMK   Document 308-1   Filed 12/22/21   Page 9 of 10

# CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2021, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in this Case No. 3:17-cv-00018-TMB who are registered CM/ECF users, and who are listed below, will be served by the CM/ECF system.

Jahna M. Lindemuth
Cashion Gilmore & Lindemuth
510 L Street, Suite 601
Anchorage, AK 99501
jahna@cashiongilmore.com

William D. Temko
Munger, Tolles & Olson LLP
350 S Grand Ave., 50th Floor
Los Angeles, CA 90071
William.Temko@mto.com

Nicholas Daniel Fram
Munger, Tolles & Olson LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
Nicholas.Fram@mto.com

James E. Torgerson
Rachel C. Lee
Connor R. Smith
Stoel Rives LLP
510 L Street, Suite 500
Anchorage, AK 99501
jim.torgerson@stoel.com
rachel.lee@stoel.com
connor.smith@stoel.com

/s/ *Geoffrey D. Strommer*
Geoffrey D. Strommer