Geoffrey Strommer (AK Bar No: 0911044)
Hobbs, Straus, Dean & Walker, LLP
215 SW Washington, Suite 200
Portland, OR 97204
Telephone: (503) 242-1745
Fax: (503) 242-1072
Email: gstrommer@hobbsstraus.com

Attorney for *Amici Curiae*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| **SOUTHCENTRAL FOUNDATION,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**ALASKA NATIVE TRIBAL** )<br>**HEALTH CONSORTIUM,** )<br>)<br>Defendant. )<br>) | Case No. 3:17-cv-00018-TMB |

**REPLY IN SUPPORT OF MOTION
TO PARTICIPATE AS *AMICI CURIAE***

*Amici Curiae* seek to file their proposed brief for a narrow and specific purpose: *i.e.*, to contest Plaintiff Southcentral Foundation's (SCF) assertion that "no absent party has claimed any interest in this case" by affirming that *Amici* do, in fact, claim such an interest. *See* Southcentral Foundation's Opp'n to ANTHC's Mot. for J. on the Pleadings (SCF Opp'n), ECF No. 302, at 10–13. *Amici* believe that the information in the proposed brief can aid this Court in its consideration of Defendant Alaska Native Tribal Health

*Southcentral Foundation v. ANTHC*       Reply in Support of Motion
Case No. 3:17-cv-00018-TMB            1            to Participate as *Amici Curiae*
Case 3:17-cv-00018-JMK   Document 315   Filed 01/19/22   Page 1 of 7

Consortium's (ANTHC) pending Motion for Judgment on the Pleadings, without prejudicing any of the parties or interfering with the Court's case management schedule, and that SCF's Response to *Amici*'s Motion to Participate as *Amici Curiae* (ECF No. 314, hereinafter "SCF Resp.") does not establish that this Court should deny that Motion.[1]

Although federal district courts do "look to the Federal Rules of Appellate Procedure for guidance on permitting amicus briefs[,]" they nevertheless retain "broad discretion in allowing participation of amicus curiae." *Friends of Animals v. United States Fish & Wildlife Serv.*, No. 4:18-CV-00053-DN-PK, 2021 WL 4440347, at *1 (D. Utah Sept. 28, 2021). Thus, although SCF argues that Federal Rule of Appellate Procedure 29(a) "sets forth no exceptions" to the general rule that a brief of *amicus curiae* should be filed within seven days of the supported parties' initial brief, this Court is not limited by those deadlines and "may grant or refuse leave according as it deems the proffered information timely, useful, or otherwise." *Cmty. Ass'n for Restoration of the Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999).

The proposed brief is timely and useful at this particular stage of the litigation because it responds directly to SCF's assertion that "no absent party has claimed any interest in this case." SCF Opp'n 10–13. While *Amici* support ANTHC's motion to dismiss, *Amici* do not seek to participate in order to argue the merits of that Motion or the case more broadly. Rather, they have a strong interest in protecting their sovereign

---

[1] *Amici* have limited their responses to SCF's arguments on the instant Motion to Participate, and are not responding to SCF's substantive Rule 19 arguments that relate instead to the proposed brief itself or to ANTHC's pending Motion for Judgment on the Pleadings. *See* FRAP 29(a)(7).

*Southcentral Foundation v. ANTHC*  Reply in Support of Motion
Case No. 3:17-cv-00018-TMB  2  to Participate as *Amici Curiae*
Case 3:17-cv-00018-JMK   Document 315   Filed 01/19/22   Page 2 of 7

immunity, *see Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992), and have preferred to assert their interests in the subject matter of this litigation through their respective representatives in the ANTHC Boardroom where *Amici* believe this dispute should be resolved.[2] However, to the extent that SCF suggests in its Opposition that the only way to "claim" an interest in this case is either to intervene or to file declarations or an *amicus* brief to that effect with the Court, *Amici* seek to do that now in order to dispense with any doubt.

SCF asserts that "*Amici*'s proposed brief never states what their interest is[,]" SCF Resp. 5, but the proposed brief is clear:

> Under the Ninth Circuit's opinion, each of the Nonparty Designating Entities [*i.e.*, *Amici*] has legally protected governance, participation, and informational rights in ANTHC, just as SCF does. These rights are just as important to the Nonparty Designating Entities as they are to SCF, and the Nonparty Designating Entities have an interest in protecting and exercising these rights.

---

[2] Although Ninth Circuit precedent does establish that an absent party must actually claim an interest "relating to the *subject matter* of the action[,]" *United States v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999) (emphasis added) (quoting *Northrop Corp. v. McDonnell Douglas Corp.,* 705 F.2d 1030, 1043 (9th Cir. 1983)), it does not prescribe a specific manner in which that claim must be demonstrated. *Amici* believe that their status as Designating Entities along with SCF and their active involvement in the subject matter of this litigation through their designated representatives on the ANTHC Board of Directors are and have always been sufficient to establish their claimed interests in the subject matter of this litigation. *Compare E.E.O.C. v. Peabody W. Coal Co.*, 610 F.3d 1070, 1082 (9th Cir. 2010) (noting that all signatories to a contract that could be set aside by a legal action have an interest in the action and extending the "underlying principle" to public entities facing potential invalidation or modification of their ordinances, rules, regulations, or practices) *with Northrop*, 705 F.2d at 1043–44 (federal government was not a necessary party because it "has never asserted a formal interest in either the subject matter of this action or the action itself. On the contrary, the record reflects that the Government has meticulously observed a neutral and disinterested posture[.]").

*Southcentral Foundation v. ANTHC*              Reply in Support of Motion
Case No. 3:17-cv-00018-TMB      3      to Participate as *Amici Curiae*
Case 3:17-cv-00018-JMK   Document 315   Filed 01/19/22   Page 3 of 7

Proposed Br. 6 (footnote omitted). The proposed brief is equally clear that the rights of Designating Entities to access information can be in tension with the rights of other Designating Entities to exercise different governance rights and that different Designating Entities may have different views on the balance that Congress intended to strike in Section 325 and how, therefore, to best protect their rights under that provision. *Id*. at 6–8.

      SCF also criticizes *Amici* for failing to "offer a position at all on any of the *issues* in the case" or raise new legal arguments. SCF Resp. at 5. Again, however, *Amici* do not file the proposed brief for the purpose of expanding on the legal arguments already made by the Parties. *Amici* are nine independent entities. *Amici* agree with ANTHC and amongst themselves that this dispute should be resolved in the boardroom rather than the courtroom. However, it is by no means clear that each *Amicus* would agree with ANTHC, or even the other *Amici*, on all other aspects of this litigation. *See Shermoen*, 982 F.2d at 1318 ("While the United States might share the same ultimate goal as the absent tribes, namely that of vindicating the constitutionality of the Act, it is unlikely that the government could sufficiently represent the competing interests and divergent concerns of the tribes[.]"). Indeed, that is the point of ANTHC's pending Motion, and the proposed brief is correspondingly limited in scope.[3]

---

[3] SCF also argues that *Amici* somehow "exert control over ANTHC's litigation position." SCF Resp. 7. That is only true to the same extent that SCF itself exerts control over ANTHC through its position on ANTHC's Board of Directors. *Amici* are in the same position as SCF in that they are individually represented on ANTHC's Board of Directors, but no one entity other than ANTHC itself controls ANTHC's position or actions in this litigation or otherwise.

*Southcentral Foundation v. ANTHC*                        Reply in Support of Motion
Case No. 3:17-cv-00018-TMB      4      to Participate as *Amici Curiae*
Case 3:17-cv-00018-JMK    Document 315    Filed 01/19/22    Page 4 of 7

In short, the fact that *Amici* do not seek to raise new legal arguments does not mean that their proposed brief is unhelpful or inappropriate. Rather, the narrow purpose of the proposed brief is to affirm that *Amici* do claim an interest in the subject of the litigation, but have chosen to preserve their sovereign immunity and to seek a resolution to these disputes in the ANTHC Boardroom rather than a courtroom. This information will aid the Court in its consideration of the ANTHC's pending Motion. At the same time, the Court's consideration of this information need not delay the Court in resolving the pending motion or in adhering to an expedited schedule for the case, nor would it prejudice the parties to the litigation.[4]

*Amici* therefore respectfully request that this Court grant their pending Motion to Participate as *Amici Curiae* for purposes of filing the proposed brief.

DATED: January 19, 2022         HOBBS, STRAUS, DEAN & WALKER, LLP

By: */s/ Geoffrey D. Strommer*
GEOFFREY D. STROMMER
AK Bar No: 0911044
Hobbs, Straus, Dean & Walker, LLP
215 SW Washington, Suite 200
Portland, OR 97204
Telephone: (503) 242-1745

---

[4] SCF argues on the merits of the pending Motion that it will be prejudiced if its remaining claims are dismissed, while *Amici* will not be prejudiced if the case proceeds. Of course, *Amici* disagree based on the interest they assert in the subject matter of the litigation and in protecting their sovereign immunity. *See Shermoen*, 982 F.2d at 1317 ("In this case, the absent tribes have an interest in preserving their own sovereign immunity, with its concomitant 'right not to have [their] legal duties judicially determined without consent.'"). However, despite arguing that the proposed brief is untimely, SCF does not appear to argue that granting *Amici*'s motion to file the proposed brief will itself result in any prejudice.

*Southcentral Foundation v. ANTHC*            Reply in Support of Motion
Case No. 3:17-cv-00018-TMB            5            to Participate as *Amici Curiae*
Case 3:17-cv-00018-JMK   Document 315   Filed 01/19/22   Page 5 of 7

Fax: (503) 242-1072
Email: gstrommer@hobbsstraus.com

Attorneys for *Amici Curiae*

*Southcentral Foundation v. ANTHC*  Reply in Support of Motion
Case No. 3:17-cv-00018-TMB 6 to Participate as *Amici Curiae*
Case 3:17-cv-00018-JMK   Document 315   Filed 01/19/22   Page 6 of 7

# CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2022, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in this Case No. 3:17-cv-00018-TMB who are registered CM/ECF users, and who are listed below, will be served by the CM/ECF system.

Jahna M. Lindemuth
Cashion Gilmore & Lindemuth
510 L Street, Suite 601
Anchorage, AK 99501
jahna@cashiongilmore.com

William D. Temko
Munger, Tolles & Olson LLP
350 S Grand Ave., 50th Floor
Los Angeles, CA 90071
William.Temko@mto.com

Nicholas Daniel Fram
Munger, Tolles & Olson LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
Nicholas.Fram@mto.com

James E. Torgerson
Rachel C. Lee
Connor R. Smith
Stoel Rives LLP
510 L Street, Suite 500
Anchorage, AK 99501
jim.torgerson@stoel.com
rachel.lee@stoel.com
connor.smith@stoel.com

                                                         /s/ *Geoffrey Strommer*
                                                         Geoffrey Strommer

*Southcentral Foundation v. ANTHC*            Reply in Support of Motion
Case No. 3:17-cv-00018-TMB      7      to Participate as *Amici Curiae*
Case 3:17-cv-00018-JMK Document 315 Filed 01/19/22 Page 7 of 7