# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

|  |  |
|---|---|
| SOUTHCENTRAL FOUNDATION,<br><br>                              Plaintiff,<br><br>          v.<br><br>ALASKA NATIVE TRIBAL HEALTH<br>CONSORTIUM,<br><br>                              Defendant. | Case No. 3:17-cv-00018-TMB<br><br><br>ORDER ON MOTION TO PARTICIPATE<br>AS AMICI CURIAE<br>(DKT. 308) |

This matter comes before the Court on Metlakatla Indian Community, Kenaitze Indian Tribe, Arctic Slope Native Association, Bristol Bay Area Health Corporation, Copper River Native Association, Kodiak Area Native Association, Mt. Sanford Tribal Consortium, Norton Sound Health Corporation, and Southeast Alaska Regional Health Consortium's (collectively, "*Amici*") Motion to Participate as *Amici Curiae* (the "Motion").[1] "*Amici* are all participants in the Alaska Native Tribal Health Consortium (["ANTHC"]) that are represented on ANTHC's Board of Directors."[2] Defendant ANTHC "consents" to the Motion.[3] Plaintiff Southcentral Foundation ("SCF") opposes the Motion.[4] For the following reasons, the Motion at Docket 308 is **GRANTED**.

---

[1] Dkt. 308 (Motion); Dkt. 315 (Reply).

[2] Dkt. 308 at 2.

[3] *Id.* at 1 n.1.

[4] Dkt. 314 (Opposition).

Case 3:17-cv-00018-TMB   Document 333   Filed 04/21/22   Page 1 of 5

# I.    BACKGROUND

ANTHC, a consortium created in accordance with section 325 of the Department of the Interior and Related Agencies Appropriation Act of 1998, Pub. L. No. 105-83, 111 Stat. 1543, ("Section 325"), is "governed by a 15-member Board of Directors" ("Board").[5] Thirteen of the Board's directors ("Directors") represent specific regional health entities ("RHEs").[6] The remaining two Directors represent the "Indian tribes, as defined in 25 U.S.C. 450b(e), and sub-regional tribal organizations which operate health programs not affiliated with the regional health entities listed above and Indian tribes not receiving health services from any tribal, regional or sub-regional health provider" ("Unaffiliated Tribes").[7]

SCF filed this lawsuit to obtain declaratory relief and resolve disputes regarding ANTHC's rules of governance.[8] In an interlocutory appeal, the Ninth Circuit determined that Section 325 "endowed each specified [RHE] with the right to have a 'representative' on the Board that stands in the shoes of the designating entity by acting on its behalf."[9] As an ANTHC Tribal participant

---

[5] Department of the Interior and Related Agencies Appropriation Act of 1998, Pub. L. No. 105-83, § 325, 111 Stat. 1543, 1597–98 (1997).

[6] Pub. L. No. 105-83, § 325, 111 Stat. 1543, 1597 (Section 325 provides that each of the following tribes may designate a representative to sit on the Board: Aleutian/Pribilof Islands Association, Inc., Bristol Bay Area Health Corporation, Chugachmiut, Copper River Native Association, Kodiak Area Native Area Association, Maniilaq Association, Metlakatla Indian Community, Arctic Slope Native Association, Ltd., Norton Sound Health Corporation, SCF, Southeast Alaska Regional Health Consortium, Tanana Chiefs Conference, Inc., and Yukon-Kuskokwim Health Corporation.).

[7] Pub. L. No. 105-83, § 325, 111 Stat. 1543, 1597–98.

[8] *See generally* Dkt. 2 (Complaint).

[9] *Southcentral Found. v. Alaska Native Tribal Health Consortium*, 983 F.3d 411, 418 (9th Cir. 2020).

2

with a representative on the Board, the Ninth Circuit then "conclude[d] that Section 325 conferred governance and participation rights to SCF, which necessarily includes an entitlement to information necessary to effectively exercise those rights."[10]

*Amici* are several of the RHEs, Indian tribes, and sub-regional tribal organizations which operate health programs not affiliated with the RHEs. Here, *Amici* request "leave to file an *amicus* brief to assert their interests as necessary and indispensable parties."[11] *Amici* specifically seek to rebut SCF's assertion that "no absent party has claimed any interest in this case."[12] *Amici* assert they only now seek leave to file this brief because "contrary to SCF's assertion, *Amici* have a significant interest in this case—an obvious and seemingly unquestioned point until the SCF Opposition" to ANTHC's Motion for Judgment on the Pleadings at Docket 296.[13]

SCF opposes *Amici's* request for leave to file the proposed *amicus* brief and argues leave should be denied for three reasons: (1) the brief is untimely, (2) *Amici* do not state how their interests differ from ANTHC's, and (3) *Amici* fail to identify any prejudice they may experience if denied the opportunity to file their brief.[14] SCF also clarifies that it did not intend to assert that SCF possesses greater rights than the Unaffiliated Tribes, but only that "because none of the Unaffiliated Tribes is a party to this case, the Court need not issue any ruling specific to their rights."[15]

---

[10] *Id.* at 420.

[11] Dkt. 308 at 1.

[12] *Id.* at 2.

[13] *Id.* at 3.

[14] *See generally* Dkt. 314.

[15] *Id.* at 14.

*Amici* reply to SCF's objections and assert that they "do not seek to raise new legal arguments" but only seek to file their brief for the "narrow purpose . . . to affirm that *Amici* do claim an interest in the subject of the litigation, but have chosen to preserve their sovereign immunity and to seek a resolution to these disputes in the ANTHC Boardroom rather than a courtroom."[16]

## II.    LEGAL STANDARD

"There is no inherent right to file an amicus brief."[17] In the Ninth Circuit, "[i]t is well-settled that a trial court may, in the exercise of its discretion, permit the filing of an *amicus curiae* brief."[18] "Amicus briefs are 'frequently welcome . . . concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'"[19]

## III.    ANALYSIS

The Court permits *Amici* to file their proposed *amicus* brief because *Amici* offer information that is relevant to the resolution of the Motion for Judgment on the Pleadings at Docket 296. "An amicus brief should normally be allowed . . . when the amicus has unique information or

---

[16] Dkt. 315 at 5.

[17] *Idaho v. Coeur D'Alene Tribe*, No. 2:14-CV-00170-BLW, 2014 WL 2218329, at *1 (D. Idaho May 29, 2014).

[18] *Cnty. of Marin v. Martha Co.*, No. C 06-0200 SBA, 2007 WL 987310, at *1 (N.D. Cal. Apr. 2, 2007) (quoting *Warehouse Rest., Inc., et al. v. Customs House Rest.*, 1982 U.S. Dist. LEXIS 17556, 2 (N.D. Cal. 1982)).

[19] *California v. United States Dep't of Lab.*, No. 213CV02069KJMDAD, 2014 WL 12691095, at *1 (E.D. Cal. Jan. 14, 2014) (quoting *N.G.V. Gaming, Ltd. v. Upstream Point Molate, L.L.C.*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005)).

4

perspective that can help the court beyond the help that the lawyers for the parties are able to provide."[20] Given the narrow scope of *Amici's* brief, the Court accepts the proposed brief for the sole purpose of rebutting SCF's assertion in the Opposition to ANTHC's Motion for Judgment on the Pleadings, that "no absent party has claimed any interest in this case."[21] The fact that *Amici* have asserted an interest in this case is of relevance to the Court's analysis of whether the other Tribal participants are necessary or required parties to this case.

The Court reminds *Amici* that by granting leave to file their proposed brief, *Amici* do not become "a party and [have] no control over the litigation and no right to institute any proceedings in it, nor can it file any pleadings or motions in the case."[22] Further, *Amici's* "participation in this matter does not bind the [Tribal participants] to any judgment of this Court, nor is it sufficient to trigger res judicata effect."[23]

## IV.  CONCLUSION

For the foregoing reasons, the Motion to Participate as *Amici Curiae* at Docket 308 is **GRANTED**. The Amici Brief filed at Docket 308-1 is **ACCEPTED** as filed.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 21st day of April, 2022.

/s/  *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[20] *Cmty. Ass'n for Restoration of Env't v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999).

[21] Dkt. 302 at 10–13.

[22] *NGV Gaming, Ltd., LLC*, 355 F. Supp. 2d at 1068.

[23] *Id.*