IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOUTHCENTRAL FOUNDATION,<br><br>       Plaintiff,<br><br>  v.<br><br>ALASKA NATIVE TRIBAL HEALTH CONSORTIUM,<br><br>       Defendant. | Case No. 3:17-cv-00018-TMB<br><br>ORDER ON ANTHC'S MOTION FOR JUDGMENT ON THE PLEADINGS FOR FAILURE TO JOIN PARTIES<br>(DKT. 296) |

This matter comes before the Court on Defendant Alaska Native Tribal Health Consortium's ("ANTHC") Motion for Judgment on the Pleadings for Failure to Join Parties under Federal Rule of Civil Procedure ("Rule") 19 (the "Motion").[1] ANTHC argues the Tribal participants represented on its Board of Directors ("Board") are required parties to this case and because the Tribal participants cannot be joined, the Court must dismiss this lawsuit. Plaintiff Southcentral Foundation ("SCF") opposes the Motion.[2] For the following reasons, the Motion at Docket 296 is **DENIED**.

## I. BACKGROUND

ANTHC is an intertribal consortium created by Congress to provide statewide health services at the Alaska Native Medical Center ("ANMC") in accordance with section 325 of the Department of the Interior and Related Agencies Appropriation Act of 1998, Pub. L. No. 105-83,

---

[1] Dkt. 296 (Motion); Dkt. 310 (Reply).

[2] Dkt. 302 (Opposition).

1

111 Stat. 1543 ("Section 325").[3] ANTHC is empowered to "enter into contracts, compacts, or funding agreements . . . to provide all statewide health services provided by the Indian Health Services of the Department of Health and Human Services through the [ANMC] and the Alaska Area Office."[4] A 15-member Board of Directors ("Board") governs ANTHC.[5] Thirteen of the Board's directors ("Directors") represent specific regional health entities ("RHEs").[6] The remaining two Directors represent the "Indian tribes, as defined in 25 U.S.C. 450b(e), and sub-regional tribal organizations which operate health programs not affiliated with the [RHEs] listed above and Indian tribes not receiving health services from any tribal, regional or sub-regional health provider."[7] The Board maintains the power to amend its bylaws ("Bylaws"), code of conduct policy ("Code of Conduct Policy"), and disclosure of records and information policy ("Disclosure Policy").[8]

In an interlocutory appeal, the Ninth Circuit found that Section 325 "endowed each specified [RHE] with the right to have a 'representative' on the Board that stands in the shoes of

---

[3] Department of the Interior and Related Agencies Appropriation Act of 1998, Pub. L. No. 105-83, 111 Stat. 1543, 1597–98 (1997).

[4] *Id.*

[5] *Id.*

[6] *Id.* at 1597 (Section 325 provides that each of the following tribal health entities may designate a representative to sit on the Board: Aleutian/Pribilof Islands Association, Inc., Bristol Bay Area Health Corporation, Chugachmiut, Copper River Native Association, Kodiak Area Native Area Association, Maniilaq Association, Metlakatla Indian Community, Arctic Slope Native Association, Ltd., Norton Sound Health Corporation, SCF, Southeast Alaska Regional Health Consortium, Tanana Chiefs Conference, Inc., and Yukon-Kuskokwim Health Corporation.).

[7] *Id.* at 1597–98.

[8] *See Southcentral Found. v. Alaska Native Tribal Health Consortium*, 983 F.3d 411, 415–16 (9th Cir. 2020).

the designating entity by acting on its behalf."[9] The Ninth Circuit concluded that because SCF is an RHE with a representative on the Board, "Section 325 conferred governance and participation rights to SCF, which necessarily includes an entitlement to information necessary to effectively exercise those rights."[10]

SCF filed this case to obtain declaratory relief.[11] Specifically, SCF asks the Court to find the following:

1. "ANTHC Executive Committee as currently constituted to be contrary to federal law, void and without effect, to the extent any action of the Executive Committee is deemed valid before it is ratified by the full 15-member ANTHC Board, as required by Section 325";

2. "SCF and the other Designating Entities specified in Section 325 to be participants in the ANTHC consortium under the federal law creating it, entitled to all documents and information necessary to participate in the governance of the consortium, including confidential and/or privileged documents and information, provided SCF and the other Designating Entities agree to maintain the confidentiality of such documents and information";

3. "SCF's Designated Directors have an absolute right to documents and information as directors of ANTHC, without limitation or reservation, and a right and duty to convey such documents and information to their Designating Entity, SCF, provided that SCF agrees to maintain the confidentiality of such documents and information";

4. "certain Bylaws of ANTHC conflict with federal law and must be amended";

5. "the ANTHC Board of Directors Code of Conduct as currently drafted conflicts with federal law and must be amended"; and

6. "the ANTHC Disclosure Policy as currently drafted conflicts with federal law and must be rescinded";

---

[9] Dkt. 2 (Complaint) at 6.

[10] *Southcentral Found.*, 983 F.3d at 420.

[11] *See generally* Dkt. 2.

3

ANTHC now moves for judgment on the pleadings for failure to join the Tribal participants, which it argues are necessary or required parties under Rule 19. ANTHC asserts that the Tribal participants with representation on the ANTHC Board are necessary to this proceeding for two reasons. First, if the Court proceeds in the Tribal participants' absence, the Court would impair the Tribal participants' ability to protect their interests. Second, without the Tribal participants, the Court is unable to afford the existing parties complete relief. ANTHC then argues that because the necessary Tribal participants have not waived their sovereign immunity, the Court cannot join all of the necessary Tribal participants and rather than proceeding in their absence, the Court should dismiss the case.

SCF disagrees that the Tribal participants are necessary parties to this proceeding because (1) no absent party has claimed an interest in this case; (2) the outcome of this lawsuit will not impair the Tribal participants' ability to protect their interests; (3) there is no risk of multiple or inconsistent obligations; (4) complete relief is available with only the existing parties; and (5) the existing parties can adequately represent the absent entities.[12] SCF further argues that even if the Court found the Tribal participants to be necessary or required parties, the lawsuit could proceed in their absence.[13] Finally, SCF argues that ANTHC's Motion is untimely.[14]

---

[12] *See generally* Dkt. 302.

[13] *See id.* at 34–38.

[14] *See id.* at 38–39.

## II. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[15] A motion for failure to join a person required by Rule 19(b) may be raised through a motion for judgment on the pleadings under Rule 12(c).[16] "As under a Rule 12(b)(6) motion to dismiss, a Rule 12(c) motion for judgment on the pleadings is properly granted only when, 'taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law.'"[17]

The Court must "first determine whether an absent party is a required party; then whether joinder is feasible; and finally whether the case can fairly proceed in the party's absence."[18] An absent party is a required party under Rule 19 if complete relief cannot be rendered in the party's absence.[19] Where complete relief is available, courts consider whether a party "claims a legally protected interest in the subject of the suit such that a decision in its absence will (1) impair or impede its ability to protect that interest; or (2) expose [the existing parties] to the risk of multiple or inconsistent obligations by reason of that interest."[20] "There is no precise formula for

---

[15] Fed. R. Civ. P. 12(c).

[16] Fed. R. Civ. P. 12(h)(2).

[17] *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1068 (9th Cir. 2020) (quoting *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 978–79 (9th Cir. 1999)).

[18] *Deschutes River All. v. Portland Gen. Elec. Co.*, 1 F.4th 1153, 1162–63 (9th Cir. 2021).

[19] *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*, 276 F.3d 1150, 1155 (9th Cir. 2002) (citing *Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992)).

[20] *Id.* (citing Fed. R. Civ. P. 19(a)(1)).

determining whether a particular non-party is necessary to an action."[21] "The inquiry is a practical one and fact specific, and is designed to avoid the harsh results of rigid application."[22]

### III. ANALYSIS

For the reasons explained below, the Court concludes that the Tribal participants represented by Directors on the ANTHC Board are not necessary parties to this suit, and therefore the Court can proceed in their absence without impairing or impeding their interests.

*A. Complete Relief is Available with the Existing Parties*

The Court initially finds that complete relief is available among the parties already present in this suit. "Complete relief 'is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action.'"[23] "To be 'complete,' relief must be 'meaningful relief *as between the parties*.'"[24] The Court's "analysis is independent of the question whether relief is available to the absent party"[25] and "[t]he effect a decision may have on the absent party is not material."[26]

---

[21] *Confederated Tribes of Chehalis Indian Rsrv. v. Lujan*, 928 F.2d 1496, 1498 (9th Cir. 1991) (citing *Bakia v. Cnty. of Los Angeles*, 687 F.2d 299, 301 (9th Cir.1982)).

[22] *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990) (internal citations omitted); *see also Confederated Tribes*, 928 F.2d at 1498 (citing *Bakia*, 687 F.2d at 301) ("The determination is heavily influenced by the facts and circumstances of each case.").

[23] *Alto v. Black*, 738 F.3d 1111, 1126 (9th Cir. 2013) (quoting *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004)).

[24] *Id.*

[25] *Makah*, 910 F.2d at 558 (citing *Eldredge v. Carpenters 46 N. Cal. Cntys. Joint Apprenticeship & Training Comm.*, 662 F.2d 534, 537 (9th Cir. 1981)).

[26] *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1068 (9th Cir. 2005).

6

ANTHC maintains that the Court cannot afford complete relief in the absence of the other Tribal participants because "[i]f SCF obtains the relief it seeks, the absent participants would not be bound by those judgments, including any judgment regarding the legality of the disclosure policies, bylaws, or code of conduct."[27] SCF, however, argues that "[n]o part of SCF's lawsuit seeks any declaration that any policy of an absent entity, or any contract between ANTHC and an absent entity, violates the law," instead SCF seeks a declaration that ANTHC's policies violate federal law.

Meaningful relief is not precluded merely because a tribal entity associated with a dispute is absent.[28] In cases where the Ninth Circuit found that complete relief could not be afforded, "the injury complained of was a result of the absent *tribe's* action, not only or principally that of the named agency defendant."[29] ANTHC cites *EEOC v. Peabody Western Coal Company*[30] and *Confederated Tribes of Chehalis Indian Reservation v. Lujan*[31] to explain why, in its view, this Court cannot afford complete relief to SCF in the absence of the other Tribal participants. But the facts in *Peabody Western Coal* and *Confederated Tribes* are not akin to those before the Court

---

[27] Dkt. 296 at 31.

[28] *See Alto*, 738 F.3d at 1127 (finding a tribe's presence does not preclude complete relief where "the injury complained of in the first three causes of action is the [Bureau of Indian Affairs]'s violation of the [Administrative Procedure Act] in carrying out a responsibility delegated to it by the [Tribe], under the [Tribe's] own Constitution").

[29] *Id.* at 1126 (emphasis in original).

[30] 400 F.3d 774, 780 (9th Cir. 2005) ("If the EEOC is victorious in this suit but the Nation has not been joined, the Nation could possibly initiate further action to enforce the employment preference against Peabody, even though that preference would have been held illegal in this litigation.").

[31] 928 F.2d 1496, 1498 (9th Cir. 1991) ("Judgment against the federal officials would not be binding on the Quinault Nation, which could continue to assert sovereign powers and management responsibilities over the reservation.").

now. In both those cases, the non-party sovereign tribe was not subject to the Court's order and could act unilaterally to perpetuate the alleged injury. Here, SCF seeks declaratory relief that ANTHC, and specifically its Board, acted improperly. Like in *Alto v. Black*,[32] the injury SCF identifies was not caused by or could not be caused by any independent non-party action alone.[33] While ANTHC's Directors and the entities they represent will not be individually bound by a prospective order from this Court, the Board itself would be. Given that none of the Tribal participants have the power to unilaterally perpetuate the alleged injury, the Court finds that meaningful relief is available with the existing parties to this proceeding.

### B. The Tribal Participants have Claimed an Interest in this Lawsuit

"A crucial premise of mandatory joinder . . . is that the absent tribes possess an interest in the pending litigation that is 'legally protected.'"[34] "The interest at stake need not be 'property in the sense of the due process clause,' but it 'must be more than a financial stake, and more than speculation about a future event.'"[35] The Court accepted the brief by *Amici* at Docket 308-1 for the limited purpose of taking notice that absent parties have claimed an interest in the subject matter of this action. *Amici* include two federally recognized tribes—one that is an RHE and one

---

[32] 738 F.3d 1111, 1127 (9th Cir. 2013).

[33] *Id.* ("The injury resulted from the [Bureau of Indian Affairs'] Secretary's actions in ruling the Altos ineligible for tribal membership, not from the [Tribe's] prior actions with regard to the membership issue); see *also Eldredge*, 662 F.2d at 537 (The Ninth Circuit concluded "[w]hile it might be desirable to join all 4500 employers in order to eradicate sex discrimination in the industry, . . . relief on plaintiffs' claims against JATC as an entity could be afforded by an injunction against JATC alone.").

[34] *Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*, 547 F.3d 962, 970 (9th Cir. 2008) (quoting *Makah*, 910 F.2d at 558).

[35] *Ninilchik Native Ass'n, Inc. v. Cook Inlet Region, Inc.*, 270 F.R.D. 468, 475 (D. Alaska Aug. 6, 2010) (quoting *Cachil Dehe*, 547 F.3d at 970).

that is not;[36] six other RHEs with representatives on the Board;[37] and a Tribal health organization that "operate[s] health programs not affiliated with the [RHEs] listed" in Section 325(a) and "is represented on the ANTHC Board of Directors by the two Unaffiliated Tribes' Directors."[38] *Amici*, like SCF, assert they too have "legally protected governance, participation, and information rights in ANTHC" based on Section 325 and sovereign immunity interests.[39] The Court agrees and finds that *Amici* have asserted legally protected interests in this lawsuit.[40]

C. *The Tribal Participants' Absence, However, Will Not Impair or Impede their Ability to Protect their Interests*

Because the Court finds that *Amici* have in fact claimed a legally protected interest in this lawsuit, the Court next considers whether the Tribal participants' absence will impair or impede their ability to protect those governance, participation, and information interests, as well as their sovereign immunity interests. The Court concludes that it will not. "[U]nder Rule 19, the absent tribes would be necessary to the action if 'the disposition of the action in the [tribes'] absence may

---

[36] *See* Dkt. 308-1 at 2–3 (Proposed Amicus Brief). The Metlakatla Indian Community and Kenaitze Indian Tribe are both federally recognized tribes. The Metlakatla Indian Community is defined as an RHE under Section 325, as well.

[37] *Id.* The RHEs that undersigned the *Amici* brief include Arctic Slope Native Association, Bristol Bay Area Health Corporation, Copper River Native Association, Kodiak Area Native Association, Norton Sound Health Corporation, and Southeast Alaska Regional Health Consortium. *See id.*

[38] *Id.* at 3–4.

[39] *Id.* at 6–9.

[40] "Generally, there is no legally protected interest in particular agency procedures." *See Makah*, 910 F.2d at 558. But the Ninth Circuit treated the legal interests of the parties differently because Section 325 confers governance and participation rights to the Tribal participants. *See Southcentral Found.*, 983 F.3d at 419–20.

9

as a practical matter impair or impede the [tribes'] ability to protect [their] interest[s].'"[41] "Impairment may be minimized if the absent party is adequately represented in the suit."[42] Here, ANTHC argues if the Court proceeds in the absence of the Tribal participants, the Court could "impair or impede" their Section 325 rights—rights to governance, participation, and information—and their sovereign immunity interests.[43] ANTHC identifies four specific ways it believes that the Tribal participants' interests would be impaired if the Court proceeds in their absence: (1) any judgment by this Court would constrain "the policies that ANTHC may lawfully adopt in the future,"[44] (2) the Court's judgment will displace "the judgment of the Tribal representatives on the ANTHC Board in balancing the informational rights of ANTHC participants with ANTHC's organizational interest in reasonable confidentiality,"[45] (3) any "expansion of the informational entitlement can come only at the expense of the confidentiality that other ANTHC participants,"[46] (4) "having the rights of sovereign participants judicially determined without their consent necessarily trespasses on those ANTHC participants' interest in preserving their sovereign immunity."[47] SCF disagrees and argues that the outcome of this lawsuit will not impair the other Tribal participants' ability to protect either their Section 325 or sovereign immunity interests, but will instead protect or enhance their interests because SCF seeks a court order that ANTHC

---

[41] *Shermoen*, 982 F.2d at 1317.

[42] *Makah*, 910 F.2d at 558.

[43] Dkt. 296 at 15.

[44] *Id.* at 19.

[45] *Id.* at 20.

[46] *Id.* at 23.

[47] *Id.* at 24.

10

violated federal law, and if SCF prevails the absent Tribal participants would be entitled to more information.[48]

1. <u>Absent Tribal Participants Will Not Be Silenced</u>

First, ANTHC argues that an order by this Court "would silence the absent ANTHC participants' voice on ANTHC's policies and governance."[49] According to ANTHC, if the Court sets aside prior Board decisions or restricts future alternative Board actions, the Court will effectively have silenced the absent Tribal participants. ANTHC cites *Dawavendewa v. Salt River Project Agricultural Improvement and Power District*[50] as support for this argument. But unlike *Dawavendewa*, this suit will not impair a party's contractual rights. Even if governance documents share some similarities to contracts, a prospective court order is unlikely to "cause the entire tapestry of the agreement to unravel."[51] Here SCF asks the Court only to determine whether ANTHC's Board has violated federal law and declare what Section 325 requires. As SCF argues, the absent Tribal participants will remain empowered to negotiate ANTHC's governance documents and the only hypothetical limitation this Court may impose would be that any future policies, procedures, and practices must comply with Section 325.

2. <u>Declaratory Relief Will Not Displace the Absent Tribal Participants' Judgment or Participation in the Deliberative Process</u>

Second, the Court finds that any declaratory relief granted in this case will not displace the absent Tribal participants' judgment or participation in the deliberative process of balancing

---

[48] Dkt. 302 at 21–22.

[49] Dkt. 296 at 18.

[50] 276 F.3d 1150 (9th Cir. 2002).

[51] *Dawavendewa*, 276 F.3d 1150, 1156–57.

11

information and confidentiality interests on the Board.[52] ANTHC asserts that "[e]ffective governance of ANTHC requires both transparency to ANTHC participants and an appropriate level of confidentiality," a balance that the Tribal participants have struck on their own.[53] SCF does not directly address this argument by ANTHC. SCF appears to argue that ANTHC "has not explained how a judgment for SCF in this case could possibly *impair* the informational rights of the absent [Tribal participants]."[54] According to SCF, the cases cited by ANTHC, do not apply here because the cases address situations where a court judgment would impose an obligation on the absent party, but here SCF does not seek to impose an obligation on an absent party, only on ANTHC.[55] ANTHC expresses concern that the absent Tribal participants' confidentiality interests may be impaired by a court order. While a degree of confidentiality interests may be inherent in the Tribal participants' governance rights, the Ninth Circuit did not imply that the Board, Directors, or Tribal participants have a legally protected interest in exercising unfettered control over its information as ANTHC seems to suggest.

But more important is the fact that SCF has asked the Court only to determine whether ANTHC's policies, procedures, and practices comport with Section 325. Like in *Makah Indian Tribe v. Verity*, "[t]he absent tribes would not be prejudiced because all of the tribes have an equal interest in an administrative process that is lawful."[56] While this case is not a challenge under the Administrative Procedures Act, the *Makah*'s rationale holds true here: the scope of relief SCF

---

[52] Dkt. 296 at 20.

[53] *Id.* at 21.

[54] Dkt. 302 at 14 (emphasis in original).

[55] *Id.* at 22.

[56] *Makah*, 910 F.2d at 559.

12

seeks is narrow, and the Tribal participants all have an interest in ensuring ANTHC is complying with the law. Here, any future balance of information and confidentiality interests will continue to be decided by ANTHC, and specifically its Board.

### 3. Transparency and Confidentiality Are Not Zero-Sum

Third, the Court is unpersuaded that "the absent ANTHC participants are necessary parties due to the zero-sum nature of transparency and confidentiality interests."[57] ANTHC asserts that any expansion of information interests will inevitably come at the expense of the Tribal participants interest in confidentiality. But like SCF, the Court disagrees that information sharing is a zero-sum proposition. A zero-sum game is defined as "[a] situation in which a gain for one side necessarily entails an equal and opposite loss on the other side."[58] The cases ANTHC cites refer to the allocation of a finite resource. But information is not finite and therefore improvements to transparency do not necessarily come at the expense of confidentiality. Even if the Court ultimately determines that Section 325 requires greater transparency on the part of ANTHC, there remain several mechanisms available to ensure ANTHC maintains an appropriate level of confidentiality.

### 4. The Absent Tribal Participants' Sovereign Immunity Will Not be Impaired or Impeded by Proceeding Without Them

Finally, by proceeding, the Court will not impair the absent Tribal participants' sovereignty. Again, the Court has not been asked to restrict how the Tribal participants engage or

---

[57] Dkt. 296 at 23.

[58] *Zero-Sum Game*, *Black's Law Dictionary* (11th ed. 2019).

13

Case 3:17-cv-00018-TMB   Document 334   Filed 04/21/22   Page 13 of 16

participate on the Board, but only to ensure that the Board has complied with Section 325.[59] The Court finds that SCF proceeding against ANTHC does not undermine the sovereign immunity of the absent Tribal participants. "[T]he absent tribes have an interest in preserving their own sovereign immunity, with its concomitant 'right not to have [their] legal duties judicially determined without consent.'"[60] A judgment may impair a tribe's sovereign authority where it "impair[s] its sovereign capacity to negotiate contracts and, in general, to govern the [] reservation."[61] Any prospective order by this Court "does not impose a coercive order on any sovereign entity," but instead may require that the final policies and procedures ANTHC's Board adopts comport with Congress's directive in Section 325.[62] For these reasons and given the nature of the relief SFC seeks, the Court finds that proceeding in the absence of the Tribal participants will not impair or impede their governance, participation, information, or sovereign immunity interests moving forward.

D. Even if the Court is Wrong, the Existing Parties Adequately Represent the Absent Tribal Participants' Interests

But even if the Court is mistaken and the Tribal participants' legal interests are at risk of being impaired or impeded, the Court concludes that the existing parties adequately represent the absent Tribal participants' interests here. Courts consider three factors when determining whether a party can adequately represent an absent participant's interests: "[1] whether the interests of a

---

[59] *See Wichita & Affiliated Tribes of Oklohoma v. Hodel*, 788 F.2d 765, 771 (D.C. Cir. 1986) ("[T]ribal immunity does not extend to barring suit against a third, non-immune party solely because the effect of a judgment against the third party will be felt by the tribe.").

[60] *Shermoen*, 982 F.2d at 1317.

[61] *Dawavendewa*, 276 F.3d at 1157.

[62] *Alto*, 738 F.3d at 1129.

14

present party to the suit are such that it will undoubtedly make all of the absent party's arguments; [2] whether the present party is capable of and willing to make such arguments; and [3] whether the absent party would offer any necessary element to the proceedings that the present parties would neglect."[63] Unlike the custody dispute over ancient human remains in *White v. University of California*,[64] the relief sought by SCF is narrow and asks the Court to determine whether ANTHC's policies, procedures, and practices comport with Section 325. In light of the nature of the relief sought; the fact ANTHC is more than capable and willing to defend its policies, practices, and procedures; and that no party has pointed to arguments that would be raised but for the Tribal participants' absence, the Court finds that the absent Tribal participants' interests are adequately represented by the existing parties.

ANTHC does not argue the absent Tribal participants are necessary to protect them from a substantial risk of incurring multiple or inconsistent obligations. Because the Court determines that the other Tribal participants are not required or necessary parties to this suit, the Court is not required to "proceed to the second Rule 19 inquiry: whether joinder is feasible, or is barred by sovereign immunity."[65] The Court **DENIES** ANTHC's Motion.

///

//

/

---

[63] *Shermoen*, 982 F.2d at 1318 (internal citations omitted).

[64] 765 F.3d 1010, 1027 (9th Cir. 2014).

[65] *Alto*, 738 F.3d at 1126.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Alaska Native Tribal Health Consortium's Motion for Judgment on the Pleadings for Failure to Join Parties under Federal Rule of Civil Procedure 19 at Docket 296.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 21st day of April, 2022.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE