James E. Torgerson (Bar No. 8509120)
Rachel C. Lee (Admitted Pro Hac Vice)
Whitney A. Brown (Bar No. 1906063)
Connor R. Smith (Bar No. 1905046)
STOEL RIVES LLP
510 L Street, Suite 500
Anchorage, AK 99501
(907) 277-1900
jim.torgerson@stoel.com
rachel.lee@stoel.com
whitney.brown@stoel.com
connor.smith@stoel.com

*Attorneys for Defendant Alaska Native Tribal
Health Consortium*

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOUTHCENTRAL FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>ALASKA NATIVE TRIBAL HEALTH<br>CONSORTIUM,<br><br>Defendant. | Case No.: 3:17-cv-00018-JMK<br><br><br>**PUBLIC VERSION** |

## ALASKA NATIVE TRIBAL HEALTH CONSORTIUM'S OPPOSITION TO SOUTHCENTRAL FOUNDATION'S MOTION TO ENFORCE

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK

TABLE OF AUTHORITIES ............................................................................................. iii

I.     INTRODUCTION ..................................................................................................... 1

II.    BACKGROUND ...................................................................................................... 3

    A.    ANTHC was formed to provide statewide governance over Alaska's statewide Tribal healthcare services. .......................................................... 4

    B.    Conflicts of interest arise on ANTHC's Board, especially with SCF and its Designated Director. ............................................................................ 5

    C.    This litigation started over six years ago, when SCF sued ANTHC. ................ 6

        1.    SCF sued ANTHC in 2017. .................................................................. 6

        2.    ANTHC responded to the Ninth Circuit's decision by substantially revising its Governance Policies. ....................................................... 7

        3.    The Judgment adopted ANTHC's Governance Policies, which the Court then confirmed in its final Order. .............................................. 9

        4.    Undeterred by the Order, SCF has continued its assault on ANTHC's governance. ....................................................................... 12

            a.    ANTHC's Governance Policies give broad discretion over information disclosure to SCF's Designated Director. ................... 12

            b.    SCF tried to get ANTHC to violate its court-approved Governance Policies. ................................................................... 13

            c.    When SCF's Designated Director finally asked the Board to authorize disclosing HSCI, the Board responded quickly and authorized disclosure of all necessary information. ........................... 15

            d.    The Board withheld only limited, unnecessary information and then for appropriate reasons. ................................................................ 17

            e.    SCF feigns dissatisfaction with the disclosures the Board authorized. ........ 19

III.    LEGAL STANDARD .............................................................................................. 20

IV.    ANALYSIS ............................................................................................................. 21

    A.    The Motion is an improper and untimely motion for reconsideration. .............. 21

        1.    SCF seeks reconsideration of who decides what information is necessary. ...... 23

        2.    SCF seeks reconsideration of the standard to apply in making the necessity determination. ................................................................ 25

**STOEL RIVES** LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

3.  SCF's Motion seeks reconsideration of the Court's refusal to declare ANTHC's Governance Policies unlawful. ........................................ 26

B.  The law of the case precludes SCF relitigating matters already decided. ........ 27

C.  SCF has identified no violations so there is no basis for an enforcement ruling against ANTHC. ................................................................................ 28

1.  SCF's request for enforcement should be denied because it is based on a series of false premises. ............................................................................. 28

    a.  SCF itself agreed that ANTHC's Governance Policies conform to Section 325. ............................................................................................. 28

    b.  Nothing in the Governance Policies violates Section 325, the Judgment, or the Order. ........................................................................................... 30

    c.  The Board's disclosure decisions complied with the Order and Judgment. 31

        (i)  SCF has not properly challenged any of the Board's disclosure decisions. ............................................................................... 31

        (ii)  ANTHC timely responded to SCF's Designated Director's information request. ....................................................................... 32

        (iii)  ANTHC's Board's necessity determinations were proper. .................. 34

            a)  ANTHC authorized disclosure to SCF of the vast majority of the information SCF's Designated Director sought. .................................. 34

            b)  ANTHC did not refuse to provide any documents or information on the basis of mere privilege. ........................................................ 35

2.  Even if ANTHC violated the Order, which it did not, the remedy would be to require disclosure, not change ANTHC's Governance Policies to eviscerate the Board's authority. ............................................................................ 36

D.  Civil contempt is neither legally nor factually available to SCF. .................... 36

V.  CONCLUSION ........................................................................................ 38

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK                    ii

# TABLE OF AUTHORITIES

**Pages**

## Cases

*Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*,
248 F.3d 892 (9th Cir. 2001) .................................................................. 20

*Ctr. for Biological Diversity v. Norton*,
304 F. Supp. 2d 1174 (D. Ariz. 2003) ..................................................... 20

*Delay v. Gordon*,
475 F.3d 1039 (9th Cir. 2007) ................................................................ 20

*In re Dual-Deck Video Cassette Recorder Antitrust Litig.*,
10 F.3d 693 (9th Cir. 1993) .............................................................. 37, 38

*Kendall Dealership Holdings, LLC v. Warren Distrib., Inc.*,
No. 3L18-cv-0146-HRH, 2021 WL 4860517 (D. Alaska Apr. 29, 2021)................. 22

*Labor/Cmty. Strategy Ctr. v. L.A. Cnty. Metro. Transp. Auth.*,
564 F.3d 1115 (9th Cir. 2009) ................................................................ 38

*Lam Rsch. Corp. v. Schunk Semiconductor*,
65 F. Supp. 3d 863 (N.D. Cal. 2014) ....................................................... 21

*Lucas Automotive Eng'g, Inc. v. Bridgestone/Firestone, Inc.*,
275 F.3d 762 (9th Cir. 2001) .................................................................. 20

*Milgard Tempering, Inc. v. Selas Corp. of Am.*,
902 F.2d 703 (9th Cir. 1990) .................................................................. 27

*Peacock v. Thomas*,
516 U.S. 349 (1996).............................................................................. 20

*Southcentral Found. v. Alaska Native Tribal Health Consortium*,
983 F.3d 411 (9th Cir. 2020) ................................................. 7, 11, 25, 38

*Steffel v. Thompson*,
415 U.S. 452 (1974).............................................................................. 37

*United States v. Jingles*,
702 F.3d 494 (9th Cir. 2012) ............................................................ 27, 28

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

*United States v. Rempel,*
   No. A00-0069-CV, 2001 WL 650345 (D. Alaska Apr. 12, 2001) .............................27

*United States v. Smith,*
   389 F.3d 944 (9th Cir. 2004) ...................................................................................27

*United States v. Westlands Water Dist.,*
   134 F. Supp. 2d 1111 (E.D. Cal. 2001)....................................................................22

*Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.,*
   689 F.2d 885 (9th Cir. 1982) ...................................................................................37

*Watkins v. Westinghouse Hanford Co.,*
   12 F.3d 1517 (9th Cir. 1993) ...................................................................................21

**Statutes**

Department of the Interior and Related Agencies Appropriation Act of
   1998, Pub. L. No. 105-83, § 325(b), 111 Stat. 1543 (Nov. 14, 1997)................. 3, 4, 11

HIPAA ............................................................................................................... 12, 24

Privacy Act .......................................................................................................... 12, 24

**Rules**

Fed. R. Civ. P. 60(b) ................................................................................................20

Local Rule 7.3(h)(2)(A).............................................................................................22

**STOEL RIVES** LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK                          iv

# I. INTRODUCTION

Southcentral Foundation's (SCF) Motion to Enforce (Motion) should be seen for what it is: an untimely motion to reconsider the Court's summary judgment order[1] (Order), which SCF attempts to justify with misleading statements about the procedural and factual history of this case.

SCF purports to seek nothing more than Alaska Native Tribal Health Consortium (ANTHC) documents and information to which it asserts it is entitled, and to assert that ANTHC's alleged stonewalling has left it no choice but to reluctantly return to the Court for relief. But the undisputed record paints a different picture. It shows that promptly after SCF's Designated Director finally followed the court-approved process and asked ANTHC's Board to disclose Highly Sensitive Confidential Information (HSCI) to SCF, the Board held a special meeting to consider her requests.[2] At that meeting, the Board passed a resolution acknowledging that the applicable test for determining if SCF is entitled to ANTHC's confidential information is "[w]hether [the] requested disclosure is necessary for [SCF] to effectively exercise its governance and participation rights in the management

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

---

[1] *See* Docket 352 (Order on Southcentral Foundation's Motion for Summary Judgment).

[2] Declaration of Kimberley Strong in Support of ANTHC's Opposition to Motion to Enforce (Strong Decl.) ¶ 21.

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK          1

of ANTHC through its representative(s) on the Board."[3] Applying that standard, it authorized disclosure of the overwhelming majority of the requested information.[4]

Although SCF concedes that "ANTHC's ███████████ made presentations to SCF's Board of Directors," SCF fails to disclose that the presentations included 17 hours of confidential briefing over three days. Tellingly, nowhere in SCF's Designated Director's 24-paragraph declaration does she identify any specific document or information she thinks SCF needs to exercise its governance and participation rights in ANTHC. And SCF does not ask the Court to review the ANTHC's Board's few decisions not to disclose requested information.

Instead, SCF asks the Court to eliminate the ANTHC Board's role in deciding whether and how a Director may share ANTHC's most sensitive and potentially harmful confidential information with a Designating Entity. This includes making important fiduciary decisions about whether the requesting Director or the receiving Designating Entity has a conflict of interest, whether the information is necessary for the Designating Entity's governance rights, and whether necessary information can be shared in a format that minimizes potential harm to ANTHC.

On summary judgment this Court rejected SCF's attempt to obtain this relief because it would violate "Section 325," which requires ANTHC to be governed by a 15-

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

---

[3] Docket 359 (Declaration of April Kyle in Support of Southcentral Foundation's Motion for Leave to File Under Seal) at 83.

[4] *See id.* at 83–86.

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK                    2

member board of directors.[5] "The Court will not delegate exclusive power to SCF's Designated Director to determine with finality whether information is necessary as defined by Section 325 and the Ninth Circuit," the Court held, because "[s]uch approach would contradict the intent and purpose of Section 325."[6]

It now has become painfully clear that SCF refuses to accept the Court's ruling. ANTHC therefore asks the Court to deny SCF's Motion and instead enter an order enforcing its earlier decision, including that SCF's Designated Director must follow "ANTHC's policies that the parties agree were passed consistent with Section 325."[7]

## II.    BACKGROUND

Because SCF's Motion is effectively a motion for reconsideration, most of the relevant facts and arguments already are before the Court. But to provide context for this dispute and the history of this litigation, and to update the Court on developments since the Court entered its final Order last summer, ANTHC provides this brief summary.

---

[5] *See* Department of the Interior and Related Agencies Appropriation Act of 1998, Pub. L. No. 105-83, § 325(b), 111 Stat. 1543 (Nov. 14, 1997).

[6] Docket 352 at 32.

[7] *Id.* ANTHC has filed a Cross-Motion to Enforce simultaneously with this Opposition.

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK                3

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

## A. ANTHC was formed to provide statewide governance over Alaska's statewide Tribal healthcare services.

Congress authorized the creation of ANTHC in 1997 in a statute known as Section 325.[8] Under Section 325, ANTHC is governed by a Board of Directors (Board) whose 15 Directors represent Alaska's 13 regional health entities (RHE), one of which is SCF, as well as Alaska Tribal and sub-regional Tribal health organizations. As a participating RHE, SCF is entitled to designate one of ANTHC's Directors: its Designated Director.

ANTHC has a unique mission: providing statewide health care services to Alaska Native people.[9] While other Tribal health organizations (THOs) provide healthcare services to Alaska Native people in parts of Alaska, only ANTHC has a statewide mission.[10] Its boardroom is the only place where Alaska Native decisionmakers gather having a shared fiduciary obligation to pursue *statewide* outcomes, rather than regional or local outcomes.

The THOs represented on ANTHC's 15-member Board share many attributes.[11] But despite all they share, SCF also is significantly different from the other THOs.[12] Because

---

[8] *See* Department of the Interior and Related Agencies Appropriation Act of 1998, Pub. L. No. 105-83, § 325, 111 Stat. 1543.

[9] Strong Decl. ¶ 5.

[10] *See* Docket 369-1 ([Proposed] Brief of *Amici Curiae* Alaska Tribes and Tribal Health Organizations) at 13.

[11] *See generally* Docket 308-1 ([Proposed] Brief of *Amici Curiae* Alaska Tribes and Tribal Health Organizations Regarding Necessary and Indispensable Parties) at 1–2.

[12] *See* Docket 369-1 at 16–18 (describing ANTHC and SCF's joint operation of ANMC, and explaining that "competition naturally arises where two separate entities operate in the same industry" and geographic area).

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK                4

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

it also provides healthcare services on the Alaska Native Medical Center (ANMC) campus in Anchorage and has many economic and operational ties with ANTHC, it has many more conflicts of interest with ANTHC.

### B. Conflicts of interest arise on ANTHC's Board, especially with SCF and its Designated Director.

All ANTHC Directors represent Tribes or Tribal organizations providing healthcare services in Alaska, so conflicts of interests arise in ANTHC's boardroom.[13] This is especially true for SCF's Designated Director, who has to declare a conflict of interest more often than any other Director.[14] SCF and ANTHC compete for health care resources, including real estate and personnel (nurses and other hard-to-recruit medical and administrative professionals, as well as high-level employees, information technology and compliance staff, consultants, and vendors).[15] Conflicts also arise between ANTHC and SCF because both provide services at ANMC. As SCF itself acknowledges, "[t]here is a very long list of agreements and structures that extensively intertwine the two organizations on the ANMC campus."[16] This "very long list" of agreements includes a Revenue Sharing Agreement (RSA) that requires SCF and ANTHC to "share every dollar of revenue that

---

[13] Strong Decl. ¶ 6.
[14] *Id.*
[15] *See* Docket 36 (ANTHC's Motion for Summary Judgment) at 12–23; Docket 46 (Declaration of Garvin Federenko in Support of ANTHC's Motion for Summary Judgment) ¶¶ 4–5; Docket 37 (Declaration of Roald Helgesen in Support of ANTHC's Motion for Summary Judgment) ¶¶ 18, 19, 21, 22.
[16] Docket 83 (SCF's Opposition to ANTHC's Motion for Summary Judgment) at 10.

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK          5

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

goes to ANMC," with ANTHC receiving 72% of the combined sharable revenue to SCF's 28%.[17] Because of the RSA, SCF has (at least) a potential conflict of interest with regard to *every* decision implicating ANMC's revenue—both increases and decreases. No other THO is a party to the RSA; this far-reaching conflict of interest is unique to SCF.

Unsurprisingly, therefore, SCF takes a different approach to obtaining ANTHC's confidential information. Other THOs expect accountability from ANTHC. But they are simultaneously concerned that their Designated Directors fulfill their fiduciary duties to ANTHC and its unique statewide mission. As reflected in repeated unanimous or nearly unanimous votes of the ANTHC Board,[18] SCF is the only THO that seeks to diminish the Board's governance authority over ANTHC's most sensitive information, just as it is the only Designating Entity with such extensive conflicts of interest with ANTHC.[19]

### C. This litigation started over six years ago, when SCF sued ANTHC.

#### 1. SCF sued ANTHC in 2017.

On January 20, 2017, SCF sued ANTHC seeking declaratory judgment that ANTHC had violated Section 325, including by erecting improper barriers to SCF's access to certain information.[20] ANTHC counterclaimed, seeking a declaration that its Directors owed an undivided duty of loyalty to ANTHC and that its governing documents were lawful.[21] The

---

[17] *Id.*
[18] *See, e.g.*, Docket 359 at 38 ¶ 22.
[19] *See* Strong Decl. ¶ 6.
[20] Docket 2 (Complaint for Declaratory Judgment).
[21] Docket 21 (Amended Answer and Counterclaim).

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK                6

**STOEL RIVES** LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

parties filed cross-motions for summary judgment. ANTHC also filed a motion to dismiss SCF's complaint arguing SCF lacked standing.[22] This Court ruled that SCF had not shown an injury in fact as required for Article III standing and dismissed SCF's complaint.[23]

SCF appealed, arguing it had established an injury in fact. The Ninth Circuit agreed.[24] It announced that SCF had "governance and participation rights in the management of ANTHC to be exercised through SCF's representative on the Board."[25] It held that those rights "necessarily include[] an entitlement to information necessary to effectively exercise those rights."[26] The Ninth Circuit did not address the types, quantity, or scope of information SCF is entitled to receive to effectively exercise its rights.[27]

### 2. ANTHC responded to the Ninth Circuit's decision by substantially revising its Governance Policies.

In response, ANTHC successfully sought a stay of proceedings from this Court—over SCF's objection—to give it time to revise its governance policies and to try to settle the lawsuit.[28] ANTHC then spent countless hours amending its Bylaws and Code of Conduct and creating a new Disclosure of Records and Information Policy (Disclosure

---

[22] Docket 33 (Motion to Dismiss).

[23] Docket 149 (Order on Motion to Dismiss and Cross-Motions for Summary Judgment) at 22–23.

[24] *Southcentral Found. v. Alaska Native Tribal Health Consortium*, 983 F.3d 411, 418 (9th Cir. 2020).

[25] *Id.* at 419.

[26] *Id.* at 420.

[27] *See generally id.*

[28] *See* Docket 287 (ANTHC's Motion to Stay), Docket 289 (SCF's Response to Stay), and Docket 291 (Order Granting Stay).

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK 7

Policy).[29] That work included extensive negotiations with SCF. It culminated with all 15 Directors—including SCF's Designated Director—voting in late summer 2021 in favor of the new governance policies (referred to collectively as "Governance Policies").[30]

ANTHC and SCF signed a partial settlement in January 2022 that incorporated ANTHC's Governance Policies.[31] They then submitted their partial settlement to the Court in a Stipulated Partial Judgment (Judgment) in which they stated that they "agree[d] on the issues set out below."[32] These agreed-upon issues included that "the version of [ANTHC's Bylaws, Code of Conduct, and Disclosure of Records and Information Policy] referenced in this Agreement <u>conform</u> to Section 325[.]"[33]

But while agreeing that the Governance Policies conformed to Section 325, SCF reserved the right to make arguments about three "Reserved Issues." SCF did not, however, reserve the right to disavow its agreement that ANTHC's Governance Policies "conform to Section 325"[34] as it is now attempting to do.[35]

---

[29] *See* Docket 293 (ANTHC's Brief on Impact of Ninth Circuit's Order) at 2–3; *see also* Docket 319 (Decl. of Rob Lynch) at 2–3.

[30] Docket 293 (ANTHC's Brief on Impact of Ninth Circuit's Order) at 2–3; Docket 313 (Status Report) at 32–43.

[31] Docket 313 at 2 ("The parties have reached agreement on certain issues in the case, as reflected in the Settlement Agreement and [Potential] Stipulated Partial Judgment, attached hereto as Exhibit 1.").

[32] *Id.* at 6.

[33] *Id.* at 8 (emphasis added).

[34] *See id.* at 6–9.

[35] *See* Docket 358 (SCF's Motion to Enforce) at 17–18 n.64.

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK                8

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

### 3. The Judgment adopted ANTHC's Governance Policies, which the Court then confirmed in its final Order.

The Judgment Judge Burgess entered on May 23, 2022 resolved most of the issues in the case.[36] His July 20, 2022 Order resolved the rest.[37] Judge Burgess referenced the Judgment in his Order, holding that "the parties came to agreement on eight general principles." He quoted three of special significance, including that "the [Governance Policies] referenced in this Judgment conform to Section 325, Paragraphs 1–6 of this Judgment, and the principles enumerated in Paragraphs 1–6."[38]

In the Order, the Court rejected ANTHC's jurisdictional and procedural arguments to reach the merits.[39] As to the merits, however, the Court largely rejected SCF's arguments and agreed with ANTHC. SCF asserts correctly that the Court held that "ANTHC may not withhold attorney-client privileged information from [SCF] . . . on the mere basis that it is privileged."[40] But it fails to acknowledge that ANTHC never actually argued that it could withhold such information on the mere basis that it is privileged. Rather, ANTHC argued[41] that "parties cannot contract around the waiver of privilege."[42] On this point, the Court agreed with ANTHC. It rejected SCF's assertion that SCF is entitled to privileged

---

[36] Docket 340 (Stipulated Partial Judgment).
[37] Docket 352. The Court then entered final judgment the following day. *See* Docket 353.
[38] *Id*. at 9.
[39] Docket 352 at 17–28.
[40] *Id.* at 29.
[41] *See* Docket 317 at 2, 18, 25, 29, 36, 38–39.
[42] Docket 352 at 31.

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK                 9

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

information "pursuant to the common interest doctrine"[43] and refused to order ANTHC to enter into a common-interest agreement with SCF.[44]

Most relevant here, the Court rejected SCF's attempt to change both (1) <u>who</u> determines what HSCI Designating Entities like SCF are entitled to receive, and (2) <u>what</u> standard applies in determining what information Designating Entities are entitled to receive. SCF asked the Court to rule that Section 325 entitles SCF to "all documents and information that *SCF, through its Designated Director, deems necessary* to exercise its governance and participation rights in ANTHC."[45] But Judge Burgess refused to do so.[46]

> The Court will not delegate exclusive power to SCF's Designated Director to determine with finality whether information is necessary as defined by Section 325 and the Ninth Circuit. Such approach would contradict the intent and purpose of Section 325, which created a Consortium that Congress intended to operate by consensus, resorting only [to] majority rule where consensus was not possible.[47]

Accordingly, "[w]hen SCF's Designated Director believes particular privileged information is necessary for SCF to effectively exercise its governance and participation rights, they may seek permission to disclose the information pursuant to ANTHC's policies that the parties agree were passed consistent with Section 325."[48] Once that occurs, the Board must apply the objective standard the Ninth Circuit articulated—"information

---

[43] *Id.* at 30–31.
[44] *Id.* at 31–32.
[45] Docket 316-1 (emphasis added).
[46] *Cf.* Docket 352 at 32–33.
[47] *Id.* at 32.
[48] *Id.*

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK          10

necessary to effectively exercise [governance and participation] rights"[49]—rather than the subjective "SCF . . . deems necessary" standard SCF urged Judge Burgess to adopt.[50]

The Court used SCF's proposed order as a starting place for its Order.[51] Reviewing the Court's changes to SCF's proposed order shows that the Court struck all SCF's proposed language that would have diminished the Board's role in determining whether a disclosure of HSCI is necessary or changed the standard for what information must be disclosed.[52] Here is the first paragraph of SCF's proposed order, with the tracked changes showing the modifications Judge Burgess made to it:

> Defendant Alaska Native Tribal Health Consortium ~~("ANTHC")~~ violated Section 325 of the Department of the Interior and Related Agencies Appropriation Act of 1998, Pub. L. No. 105-83, 111 Stat. 1543 ~~("Section 325")~~ when it denied SCF ~~all~~ documents and information that ~~were SCF, through its Designated Director, deemed~~ necessary for SCF to *effectively* exercise ~~effectively~~ its governance and participation rights in ANTHC. Section 325 entitles SCF to all documents and information that are ~~it, through its Designated Director, deems~~ necessary to exercise these rights. Any ANTHC policy to the contrary violates Section 325 and shall be amended. ~~No ANTHC policy may abridge SCF's right to all documents and information that SCF, through its Designated Director, deems necessary to exercise its governance and participation rights in ANTHC.~~ [53]

---

[49] *Southcentral Found.*, 983 F.3d at 420.

[50] Docket 316-1 (emphasis added).

[51] *See id.*

[52] The language the Court retained is identical or similar to language in paragraphs 6 and 7 of the Judgment to which ANTHC expressly agreed. *See* Docket 313 at 8–9. In other words, ANTHC did not oppose any of the Court's rulings on the merits.

[53] *Compare* Docket 316-1 at 1–2 *with* Docket 352 at 32–33 (tracked changes added). Of course, ANTHC completely agrees that if any of its policies violated Section 325 they must be amended. But they do not.

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK                    11

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

### 4. Undeterred by the Order, SCF has continued its assault on ANTHC's governance.

#### a. ANTHC's Governance Policies give broad discretion over information disclosure to SCF's Designated Director.

Under ANTHC's Governance Policies, SCF's Designated Director can unilaterally decide whether the vast majority of ANTHC's confidential information is necessary for SCF to effectively exercise its governance and participation rights and, if so, SCF may disclose it to SCF.[54] There are only seven narrow categories of HSCI where the necessity determination is reserved to the Board. They include: information and documents protected by the attorney-client privilege; individual personal information; sensitive information about other Tribal health entities and about patients served by other regions; information subject to specific contractual or legal restrictions, including the Privacy Act, HIPAA, and medical quality assurance information; information about what individual Directors said in executive session; and—in extraordinary circumstances—other information ANTHC's Board determines warrants similar treatment.[55] Although the Board, rather than an individual Director, must make the necessity determination as to these seven categories of HSCI, it must apply exactly the same necessity standard as an individual Director applies with respect to non-HSCI. The Board has explicitly acknowledged this.[56]

---

[54] *See* Dkt. 340-3 (ANTHC's Board Policy on the Disclosure of Records and Information to Designating Entities) ¶ 5.3.

[55] *See id.* ¶ 5.4.1.

[56] *See* Docket 359 at 83–86.

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK          12

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

**STOEL RIVES** LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

### b. SCF tried to get ANTHC to violate its court-approved Governance Policies.

Since the Judgment was issued, and despite Judge Burgess' express rejection of SCF's request that he strip the Board of its authority to make necessity determinations as to HSCI, SCF has demanded that ANTHC's management give HSCI to SCF without Board authorization.[57] SCF and its Designated Director repeatedly have refused to follow the Court's directive that all requests for HSCI must be made (1) to ANTHC's Board (rather than to ANTHC management) (2) by SCF's Designated Director (rather than by SCF).[58]

This second requirement—that the request must be made by SCF's Designated Director rather than SCF—is important. SCF's Designated Director, unlike SCF's Board, knows the universe of HSCI because of her service on ANTHC's Board. She also knows which issues she needs SCF's "advice, input, or expertise" to address.[59] She therefore can form an opinion on whether specific information is "necessary" to SCF's exercise of its rights. Moreover, unlike SCF, SCF's Designated Director has fiduciary duties to act in

---

[57] *See, e.g.*, Strong Decl. ¶ 14 & Ex. G (insisting that requiring SCF's Designated Director to seek documents from the ANTHC Board (rather than ANTHC management) violates the law); *id.* ¶ 18 & Ex. K at 4 ("Contrary to the suggestion in your letter . . . Ms. Kyle is not required to 'seek permission from ANTHC's Board' to disclose the information in question to the SCF Board.").

[58] *See id.* ¶¶ 11-12, 14, 16 & Exs. E, G, I.

[59] Docket 340-3 (Disclosure Policy) at 4 (Section 5.5.3).

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK                13

ANTHC's best interests, which may (appropriately) temper the requests she makes.[60] ANTHC has repeatedly emphasized this point in its communications with SCF.[61]

ANTHC also repeatedly reminded SCF and its Designated Director of the proper way to request the disclosure of HSCI.[62] Specifically, ANTHC told SCF that if its Designated Director "believes, consistent with the fiduciary duties she owes to ANTHC, that [certain] privileged documents and information are necessary to SCF's governance of and participation in ANTHC," she should make her request "to the ANTHC Board of

---

[60] *See* Docket 352 at 11.

[61] *See, e.g.*, Strong Decl. Ex. L (declining to respond to requests made by the SCF Board to the ANTHC Board because "SCF acts through [its Designated Director] on the ANTHC Board. SCF's Board owes ANTHC no fiduciary duties. As an ANTHC Board member, however, [SCF's Designated Director] do[es].");  Strong Decl. ¶ 13 & Ex. F at 2.

[62] *See, e.g.*, Strong Decl. Ex. F at 2 (advising SCF that "if SCF's Designated Director believes, consistent with the fiduciary duties she owes to ANTHC, that [certain] documents and information are necessary to SCF's governance of and participation in ANTHC, she may make this request to the ANTHC Board of Directors"); *id.* at 1–2 (noting that ANTHC's policies "do not provide a Designating Entity with a right to ignore this process and bypass its Designated Director"); Singh Decl. ¶ 4 and Ex. A at 1 ("[I]f in your role as an ANTHC Director [you] believe, consistent with the fiduciary duties you owe to ANTHC, that the privileged documents and information referenced in Chair Caindec's August 25 letter are necessary to SCF's governance of and participation in ANTHC, you must take that up with the ANTHC Board of Directors."); Strong Decl. ¶ 15 & Ex. H at 1 (reiterating that ANTHC management cannot unilaterally decide whether certain information is necessary for SCF to exercise its governance and participation rights, and inviting SCF's Designated Director to seek the full ANTHC Board's permission to disclose certain privileged information to SCF's Permitted Recipients); *id.* Ex. J at 1 ("If SCF's Designated Director believes that any Highly Sensitive Confidential Information that is not covered by an exception under Section 5.4.1 of ANTHC's Board Policies & Procedures must be shared with SCF for SCF to effectively exercise its governance and participation rights, she must seek permission from ANTHC's Board to disclose the information.").

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK             14

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

Directors."[63] But SCF persisted in flouting this Court's clear command that only the ANTHC Board has the authority to "determine with finality whether information is necessary as defined by Section 325 and the Ninth Circuit."[64]

<p style="text-align:center;"><b>c.</b>     <b>When SCF's Designated Director finally asked the Board to authorize disclosing HSCI, the Board responded quickly and authorized disclosure of all necessary information.</b></p>

Finally, at a January 19-20, 2023 ANTHC Board meeting, SCF's Designated Director moved that the Board authorize disclosure of the following HSCI:

- Detailed presentations by



---

<p style="writing-mode: vertical-rl;"><b>STOEL RIVES</b> LLP<br/>510 L Street, Suite 500, Anchorage, AK 99501<br/>Main (907) 277-1900 Fax (907) 277-1920</p>

[63] Strong Decl. Ex. F at 2; *see also id.*, Ex. H at 1, 2; *id.*, Ex. J at 1.
[64] Docket 352 at 32; *see supra* notes 57 and 58.

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK       15

**STOEL RIVES** LLP

510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

- ████████████████████████████████████

  ████████████████████████████████████

  ████████████████████.[65]

After careful consideration at a special Board meeting held two weeks later on February 2, 2023, which was scheduled specifically to consider SCF's Designated Director's request, the Board authorized disclosure of a vast volume of information to SCF.[66]

ANTHC's ████████████ briefed SCF's Board of Directors for a total of 17 hours over three days.[67] ████████ presented to the SCF Board on ███████████ ██████████████████████████████████████████ explained ████████████████████████████████████████████████████ ███████████[68] ████████████████████████████████ briefed SCF's Board for over 10 hours on █████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████

---

[65] *See* Docket 359 at 81. SCF's Designated Director's motion is summarized but not quoted here.

[66] *Id.* at 84–86.

[67] Declaration of Natasha Singh in Support of ANTHC's Opposition to SCF's Motion to Enforce Judgment (Singh Decl.) ¶ 5 & Ex. B.

[68] Strong Decl. ¶ 22; Singh Decl. ¶ 5 & Ex. B.

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK                16

███████████████████████. [69] ANTHC's Board also authorized disclosing to SCF two of

the three documents it reviewed ████████████████████████. [70]

### d. The Board withheld only limited, unnecessary information and then for appropriate reasons.

ANTHC withheld only limited information. It withheld nothing from ████████████

█████████. [71] With respect to █████████████████ the Board withheld only privileged

attorney-client communications, a small portion of the information presented, because SCF

did not need them to exercise its governance rights and because of the risk of potential

harm as a result of waiving privilege. [72] Even so, the Board indicated it was "open to

reconsidering" the request to disclose privileged communications in the future ███████

████████████████████ [73] With respect to ████████████████████████

████████████████████████ ANTHC authorized disclosure of both

privileged and nonprivileged information, withholding only disclosures, ████████████

████████████████ that it considered unnecessary to ANTHC's governance ████████

████████████████████████████████████

---

[69] Docket 359 at 85–86; Strong Decl. ¶ 22.
[70] Docket 359 at 84; Strong Decl. ¶ 22.
[71] Docket 359 at 85–86; Strong Decl. ¶ 22.
[72] Docket 359 at 86; Strong Decl. ¶ 22.
[73] Docket 359 at 86.

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK            17

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

**STOEL RIVES** LLP

510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

████████████████ [74] Again, "[t]o the extent that risk abates over time," the Board said

it was "open to authorizing further disclosures on this topic."[75]

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████ [76] ██████████████████████

████████████████████████████████████████████

████████████████████████████████████████ .[77]

The only document ANTHC's Board saw that it did not authorize disclosing ████████

████████████████████████████████████████████

████████████████████████████████████████ .[78] As

a result, the Board concluded disclosure of the actual document was unnecessary ████████

████████████████ [79] Finally, the Board withheld the other 14 documents SCF's

---

[74] *Id.* 85.

[75] *Id.*

[76] *Id.*

[77] *Id.*

[78] *Id.* 84.

[79] *Id.* Notably, if the account must be disclosed to the Permitted Recipients of one
Designating Entity then it may have to be disclosed to all other Designating Entities'

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK                18

Designated Director requested because the Board never saw them and did not believe that either it or the SCF Board needed to see them ████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████. [80]

e. **SCF feigns dissatisfaction with the disclosures the Board authorized.**

In its Motion SCF insists that the Board "did not provide all of the information to which SCF was entitled" and "withheld ███████ of relevant documents related to . . . critical ongoing governance issues."[81] But with the exception of the 15 withheld documents discussed above, SCF never describes the "███████ of relevant documents" it insists it should receive. Nor does it explain (much less prove) why its receipt of any missing information is necessary to exercise its governance and participation rights, a dubious claim indeed given the 17 hours of briefing SCF received.

SCF's failure to present the Court with the relevant facts about ANTHC's disclosure decisions so the Court could review those decisions—and its failure to even describe, or request *in camera* review of, the relevant documents—signals that it is not truly interested

---

Permitted Recipients too. Collectively close to 200 people across Alaska may qualify to be Permitted Recipients. Singh Decl. ¶ 7.

[80] Docket 359 at 84. Moreover, some of these 14 documents involved ████████████ ██████████████████████████ were therefore unresponsive to SCF's request. Others involved ████████████████████████████████████. *Id.* at 84–85.

[81] *See, e.g.*, Docket 352 at 11.

Southcentral Foundation v. ANTHC
Case No. 3:17-cv-00018-JMK                    19

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

in the documents. Its true interest is in leveraging an exceptionally sensitive and difficult situation to try to create a record it can use to try to persuade the Court to require ANTHC to change its policies. Stated differently, the information SCF ostensibly seeks is not the "end." Just as with its Motion for Summary Judgment,[82] the "end" is governance change giving SCF unbridled access to ANTHC's most sensitive confidential information.

## III.  LEGAL STANDARD

Federal courts have inherent power to enforce their own judgments.[83] But this authority is subject to limitations. Federal and local rules preclude consideration of untimely motions to reconsider or seek relief from a judgment, and other doctrines prohibit courts from "reexamin[ing] an issue previously decided by the same or higher court in the same case."[84]

---

*See id.* at 21, 32 ("Here, SCF does not seek specific relief for a specific denial for purposes of this cause of action.").

[83] *See Peacock v. Thomas*, 516 U.S. 349, 356 (1996).

[84] *Lucas Automotive Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001). SCF may argue that its Motion is in the nature of a Fed. R. Civ. P. 60(b) motion. But SCF has made no attempt to argue that it is entitled to judgment for any of the reasons enumerated in Rule 60(b), and "[i]t is not the proper function of a Rule 60(b) motion to reargue matters that have already been litigated." *Ctr. for Biological Diversity v. Norton*, 304 F. Supp. 2d 1174, 1178 (D. Ariz. 2003); *see Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001) (finding no abuse of discretion for denial of Rule 60(b) motion where movant merely reargued issues previously raised); *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007) ("[C]ourts may not use Rule 60(b) to grant affirmative relief in addition to the relief contained in the prior order or judgment." (internal quotation marks and citation omitted)).

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK                     20

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

## IV.     ANALYSIS

SCF claims to be moving to enforce the Judgment and for civil contempt. But its Motion is based on systematically misrepresenting the holdings of the Judgment and Order. Its proposed order reveals its true objective: With categorical language, SCF asks the Court to fundamentally *change,* not enforce, this Court's earlier decisions. The changes it seeks would give SCF virtually unrestrained access to ANTHC's most sensitive financial and other governance information.[85] ANTHC asks the Court to deny SCF's Motion and instead grant ANTHC's Cross-Motion to Enforce this Court's existing decisions.

### A.     The Motion is an improper and untimely motion for reconsideration.

"Courts routinely look to the *substance* of [a] motion rather than how it is styled in determining the standard to apply."[86] Although SCF claims it is seeking to enforce the Judgment, it is not doing so. The Judgment incorporated ANTHC's Governance Policies, and the Order rejected SCF's efforts to get the Court to change those Governance Policies. Yet the primary relief SCF seeks is an order mandating that ANTHC fundamentally change those same "conforming" Governance Policies.

---

[85] *Cf.* Docket 369-1 at 13 (describing the "careful balance" Section 325 seeks to strike "among the interests of individual Tribes, regional health care organizations such as *Amici*, and ANTHC as the statewide provider").

[86] *Lam Rsch. Corp. v. Schunk Semiconductor*, 65 F. Supp. 3d 863, 869 (N.D. Cal. 2014); *see generally Watkins v. Westinghouse Hanford Co.*, 12 F.3d 1517, 1528 n.5 (9th Cir. 1993) (courts "look[] to the substance of the remedy sought . . . rather than the label placed on that remedy").

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK          21

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

If SCF were actually seeking to enforce the Order, it would have specifically identified the Board's necessity decisions with which it disagrees, the documents to which it believes it is entitled, and the reasons SCF believes those documents are necessary to exercise its governance and participation rights, just as this Court stated that it could.[87] But SCF has done none of this. Likewise, if it truly believed that provisions in ANTHC's Governance Policies violated the Judgment, it could have identified those specific provisions so ANTHC could respond and the Court could review them. But with the exception of Section 5.4.1.7 of ANTHC's Disclosure Policy, it has not done so.[88] SCF thus is not seeking to have the Judgment "enforced"; it is seeking to have it *changed*. The Motion is in reality an improper motion for reconsideration of this Court's earlier decisions and should be denied.[89]

---

[87] Docket 352 at 32.

[88] As will be explained below, its objection to Section 5.4.1.7 is based on misrepresenting the provision's effect.

[89] *See Kendall Dealership Holdings, LLC v. Warren Distrib., Inc.*, No. 3L18-cv-0146-HRH, 2021 WL 4860517, at *2 (D. Alaska Apr. 29, 2021) ("'A motion for reconsideration is not a vehicle to reargue the motion . . . .'" (quoting *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001))). Moreover, SCF's Motion was filed approximately 11 months after this Court entered its Order and its Judgment dismissing the case with prejudice. *See* Docket 353 (Judgment in a Civil Action). As a motion for reconsideration, it is therefore unquestionably untimely. *See* Local Rule 7.3(h)(2)(A) (motions for reconsideration must be filed "not later than 7 days after the entry of the order").

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK                22

**STOEL RIVES** LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

1. **SCF seeks reconsideration of who decides what information is necessary.**

SCF first seeks reconsideration as to who decides what information is "necessary" for a Designating Entity to exercise its governance and participation rights. Specifically, SCF's proposed order asks the Court to rule that:

> [ANTHC must allow] Designated Directors to immediately share . . . all documents and information shared with the ANTHC Board, as well as all pertinent documents and information related to any issue that has come before the ANTHC Board.[90]

This relief is functionally identical to the relief SCF sought through summary judgment where it insisted that SCF, through its Designated Director, should be the arbiter of what information SCF gets to see.[91] Like its proposed order on summary judgment, its proposed order here would strip from the Board and give to SCF, through its Designated Director, the power to decide what documents and information SCF gets.

But Judge Burgess rejected that request. The Order explained that the Court would not "delegate exclusive power to SCF's Designated Director to determine with finality whether information is necessary as defined by Section 325 and the Ninth Circuit."[92] The Court struck SCF's proposed order language that would have mandated disclosures that

---

[90] Docket 358-3 ([Proposed] Order Granting SCF's Motion to Enforce Judgment) ¶ 4.

[91] *See* Docket 316-1 ([Proposed] Order) ¶ 1.

[92] Docket 352 at 32.

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK                23

SCF through its Designated Director "deemed" necessary.[93] And it reaffirmed that the "intent and purpose" of Section 325 leaves the final word on the necessity determination to the ANTHC Board.[94]

Not only would SCF's requested relief violate Section 325, as Judge Burgess held,[95] it would imperil ANTHC. Granting SCF immediate access to all HSCI shared with ANTHC's Board, plus HSCI that ANTHC's Board never sees but which SCF's Designated Director considers "related" to issues before the ANTHC Board, would deprive ANTHC's Board of fiduciary oversight over such critical questions as:

- whether sharing the HSCI with the Designating Entity is necessary for it to exercise its governance rights;

- whether SCF or any of its Permitted Recipients has a conflict of interest that should prevent him or her from accessing the HSCI;

- whether protections can be adopted to limit the harm of sharing privileged HSCI with SCF that waives ANTHC's attorney-client privilege;

- whether sharing the HSCI would violate ANTHC's contractual or legal obligations, including confidentiality agreements, the Privacy Act, HIPAA,

---

[93] *See supra* p. 11 (showing changes Judge Burgess's Order made to SCF's proposed order language).

[94] Docket 352 at 32.

[95] *Id.*

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK          24

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

peer review and medical quality assurance laws, and antitrust laws that prevent competitors from sharing prices; and

- whether the HSCI can be shared in a format that minimizes the potential risk to ANTHC.

In short, the governance changes mandated by SCF's proposed order would strip ANTHC's Board of powers and responsibilities that are standard for functional corporations overseen by fiduciary boards of directors.

### 2. SCF seeks reconsideration of the standard to apply in making the necessity determination.

SCF's Motion also seeks to change the necessity standard to be "all documents and information shared with the ANTHC Board, as well as all pertinent documents and information *related to* any issue that has come before the ANTHC Board."[96] Alternatively, it proposes that the Court adopt a broad and undefined "*governance-related*" standard.[97] But the Ninth Circuit already held that SCF is entitled "to information *necessary to effectively exercise [its governance and participation] rights.*"[98] Judge Burgess's Order likewise recognized that SCF's Designated Director could seek permission from ANTHC's Board to disclose information she believes "is *necessary for SCF to effectively exercise its governance and participation rights.*"[99] Neither the Ninth Circuit nor Judge Burgess's Order established

---

[96] Docket 358-3 at 2.
[97] *Id*. (emphasis added)
[98] *Southcentral Found.*, 983 F.3d at 420 (emphasis added).
[99] Docket 352 at 32 (emphasis added).

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK          25

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

a "related to governance" standard. SCF's attempt to get the Court to adopt one now is improper and should be rejected.

> **3.** **SCF's Motion seeks reconsideration of the Court's refusal to declare ANTHC's Governance Policies unlawful.**

Finally, SCF seeks a judgment that Section 5.4.1.7 of ANTHC's Disclosure Policy, which provides that "[i]n extraordinary circumstances, the ANTHC Board may determine that other information may not be shared outside of ANTHC, or may require that safeguards be in place prior to sharing," "violates the Court's Order and must be eliminated."[100] But striking Section 5.4.1.7 would hamstring the ANTHC Board in extraordinary circumstances. As SCF should concede (given that it negotiated the language in Section 5.4.1.7, agreed it complies with Section 325 in the Stipulated Partial Judgment, and its Designated Director voted in favor of it), it is practically impossible to write a policy that captures every extraordinary "what if" situation in the future. To be effective, the ANTHC Board must retain its ability to exercise fiduciary judgment in extraordinary circumstances. Moreover, once again, this issue already has been decided. In the Order, Judge Burgess held that "the parties agreed that the latest version of ANTHC's policies [including Section 5.4.1.7] 'conform with Section 325.'"[101] This Court should not entertain SCF's attempt to

---

[100] Docket 358-3 at 2; *see* Docket 316-5 at 4.
[101] Docket 352 at 17; *see also id.* at 24, 32.

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK                26

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

resuscitate an argument the Court already has rejected. It is an untimely and meritless request for reconsideration.[102] Instead, ANTHC's Cross-Motion should be granted.

## B.    The law of the case precludes SCF relitigating matters already decided.

Even if the Court could otherwise consider SCF's untimely request for reconsideration, SCF's attempt to relitigate matters that this Court already decided would be independently barred by the law-of-the-case doctrine. "Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case."[103] The law-of-the-case doctrine is "designed to aid in the efficient operation of court affairs."[104] It is "founded upon the sound public policy that litigation must come to an end" and "serves to advance the principle that in order to maintain consistency during the course of a single lawsuit, reconsideration of legal questions previously decided should be avoided."[105]

In its previous Order, this Court decided explicitly the issues SCF now seeks to relitigate. For example, the Court announced that SCF's Designated Director does not have "exclusive power . . . to determine with finality whether information is necessary as defined

---

[102] *See generally United States v. Rempel*, No. A00-0069-CV, 2001 WL 650345, at *2–3 (D. Alaska Apr. 12, 2001).

[103] *United States v. Jingles*, 702 F.3d 494, 499 (9th Cir. 2012) (internal quotation marks and citation omitted).

[104] *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990).

[105] *United States v. Smith*, 389 F.3d 944, 948 (9th Cir. 2004) (internal quotation marks and citation omitted).

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK              27

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

by Section 325 and the Ninth Circuit."[106] According to Judge Burgess's Order, that authority lies with the Board.[107] Yet SCF persists in demanding that the Court hold that SCF's Designated Director should not have to ask the Board "any time she wants to share confidential governance information with the SCF Board."[108] The law of the case prohibits this Court from reconsidering all such previously decided issues.[109]

### C. SCF has identified no violations so there is no basis for an enforcement ruling against ANTHC.

#### 1. SCF's request for enforcement should be denied because it is based on a series of false premises.

##### a. SCF itself agreed that ANTHC's Governance Policies conform to Section 325.

SCF's assertion that it never agreed that ANTHC's Governance Policies, including the Disclosure Policy, "conform" to Section 325 is simply false.[110] The record shows that SCF explicitly agreed ANTHC's Governance Policies conform with Section 325.[111]

After the Ninth Circuit's decision, ANTHC spent months, including numerous face-to-face negotiations with SCF, developing a detailed suite of substantive governance changes. On SCF's side, the negotiations were led by April Kyle, SCF's President, CEO, and Designated Director on ANTHC's Board.

---

[106] Docket 352 at 32.
[107] *Id.*
[108] Docket 359 at 23.
[109] *Jingles*, 702 F.3d at 499.
[110] *See* Docket 359 at 26 n.64.
[111] *See* Docket 313 ¶ 7; Docket 340 ¶ 7.

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK          28

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

- ANTHC's full Board (including SCF's Director) unanimously enacted sweeping changes to its Bylaws on August 4, 2021,[112] and substantially revised its Disclosure Policy and Code of Conduct the following month.[113]

- In January 2022, while reserving the right to make various arguments, SCF explicitly agreed with ANTHC in the parties' partial settlement agreement that ANTHC's Governance Policies "conform" to Section 325.[114]

- In January 2022, SCF joined with ANTHC in asking the Court to enter a partial stipulated judgment incorporating the parties' partial settlement agreement in which they represented to the Court that "[t]he Parties agree on the issues set out below," including that ANTHC's Governance Policies "conform" to applicable law.[115]

In his Order, Judge Burgess stated multiple times that SCF had agreed that ANTHC's Governance Policies conformed to applicable law.[116] Granted, Judge Burgess also held that SCF reserved the right to make arguments in "tension" with that agreement.[117] But SCF did not reserve the right to repudiate its agreement, as it is now

---

[112] Docket 293 at 1–3; *see also* Docket 293-1 (Bylaws as amended).

[113] Docket 313 at 32–43.

[114] *See id.* at 6, 8.

[115] *Id.* at 6, 8.

[116] Docket 352 at 9, 17, 24, 32.

[117] *Id.* at 24. Based on Judge Burgess' holding, ANTHC is not asserting that SCF is precluded from arguing against ANTHC's Governance Policies. ANTHC acknowledges it may do so. But in response to those arguments, ANTHC is pointing out the irrefutable: SCF is arguing against itself. It is arguing against the agreement it made in its settlement with ANTHC and in its request that this Court enter partial judgment in its favor. It is

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK                29

inappropriately trying to do. In any event, Judge Burgess considered SCF's arguments attacking the Governance Policies. Although he ruled that any ANTHC policy violating Section 325 or the Order would need to be amended, he identified no such policy. Again, this is because there are none.

### b. Nothing in the Governance Policies violates Section 325, the Judgment, or the Order.

ANTHC's "conforming" Governance Policies include Section 5.4.1.7 of its Disclosure Policy.[118] SCF's attack on Section 5.4.1.7 is based on a repeated, flagrant misrepresentation of the provision and its effect.[119] As SCF knows because it was an active participant in negotiating the language of Section 5.4.1.7,[120] it does not give ANTHC's Board the power "to withhold any information it wants via majority vote" as SCF states.[121] All it does is give the Board the power—in extraordinary circumstances—to classify information as HSCI. An example of such a document is a settlement agreement between ANTHC and a third party that includes highly sensitive information about the third party, or that contains a confidentiality agreement that could be violated if the settlement agreement is disclosed to a Designating Entity. Even as to such information, however, a Board decision under Section 5.4.1.7 to classify the information as HSCI does not change

---

arguing against the position its Designated Director took in voting in favor of the Governance Policies.

[118] *Id.* at 8; *see* Docket 340 ¶ 7.
[119] Docket 359 at 24–26.
[120] Strong Decl. ¶ 7.
[121] Motion at 24.

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK                    30

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

a Designating Entities' entitlement to the information. It does not change the "necessity" standard. The classification simply changes <u>who</u> makes the necessity decision, moving it from a single Director acting unilaterally to the full Board. Section 5.4.1.7, therefore, is completely consistent with Judge Burgess holding that he would not "delegate exclusive power to SCF's Designated Director to determine with finality whether information is necessary as defined by Section 325 and the Ninth Circuit."[122]

Accordingly, although any ANTHC policy violating Section 325 or the Order would need to be amended, the Order identifies no such policy because there is none.

### c. The Board's disclosure decisions complied with the Order and Judgment.

#### (i) SCF has not properly challenged any of the Board's disclosure decisions.

As discussed above, SCF's real aim is not to obtain the information to which it now insists it is entitled. If it were, SCF's Designated Director would have provided the Court with the record it needs to determine whether any of the Board's disclosure decisions were unlawful. At minimum, that record would identify the disclosure decisions with which SCF disagrees, specify the information and/or documents to which it believes it is entitled, and explain why that information is necessary for SCF to exercise its governance and

---

[122] Docket 352 at 32.

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK          31

participation rights in ANTHC.[123] SCF has failed to provide the Court with any such record.[124] For example, SCF asserts that "[i]n particular, ANTHC withheld from SCF a document that had been shared with the ANTHC Board. At a minimum, any documents that ANTHC provides its own Board are necessary for governance by definition."[125] But SCF fails to support this argument with any evidence. The only evidence SCF submits, its Designated Director's declaration, does not state or explain why SCF would need to see ███████████████████████ in light of the extensive presentation ██████████████ gave SCF on this very topic.

### (ii) ANTHC timely responded to SCF's Designated Director's information request.

SCF urges the Court to issue an order finding ANTHC's response to SCF's requests untimely. But its argument grossly misrepresents the record. In fact, it was SCF's refusal to respect and follow ANTHC Governance Policies and this Court's Order that caused the delay both before and after Judge Burgess issued his Order. With respect to the period before the Order, SCF's Designated Director could have asked ANTHC's Board to authorize disclosure of HSCI any time after ANTHC adopted the Governance Policies in the late summer of 2021. She chose not to do so, and SCF instead elected to repeatedly

---

[123] *Cf. id.* (providing that "where a dispute arises as to whether *certain information* is necessary to exercise SCF's Section 325 rights, SCF can challenge the Board's decision in the court").

[124] *See, e.g.*, Docket 359 at 10-11, 22, 26.

[125] *Id.* at 27.

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

insist that ANTHC's management must violate ANTHC's Disclosure Policies and give it the information.

SCF represents that SCF's Designated Director first "requested certain documents and information from ANTHC" on January 31, 2022.[126] Yet that request, like all of SCF's other requests until its Designated Director's request to ANTHC's Board on January 19, 2023, was either (i) made on behalf of SCF, rather than on behalf of SCF's Designated Director, (ii) made to ANTHC's outside counsel or management, rather than the Board, and/or (iii) did not clearly seek permission to disclose to SCF certain privileged information because it was necessary to SCF's exercise of its governance and participation rights.[127] The Order recognized as much.[128]

After the Court issued its Order noting SCF's failure to follow ANTHC's policies up to that point, and upholding them, SCF's Designated Director could have made her request to ANTHC's Board immediately. Instead, she did not do so until six months later,

---

[126] *Id.* at 15.

[127] *See, e.g.*, Strong Decl. ¶ 9 & Ex. A (correspondence from SCF's Designated Director to ANTHC's outside counsel, rather than the Board), ¶ 12 (letter from SCF, rather than SCF's Designated Director, to Chair Strong), Ex. H at 1 ("Thus, I repeat the question that ANTHC has now asked Ms. Kyle multiple times: does Ms. Kyle want to seek the full ANTHC Board's permission to disclose to SCF's Permitted Recipients certain privileged information because its disclosure is necessary to SCF's effective exercise of its governance and participation rights? If the answer is yes, I invite Ms. Kyle to specify the exact documents and information she wishes the Board to consider.").

[128] Docket 352 at 14 (noting that "SCF has not asked the ANTHC Board to authorize the disclosure of the investigative reports at issue").

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK          33

**STOEL RIVES** LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

on January 19, 2023. ANTHC then acted expeditiously, scheduling the matter for consideration at a Board meeting two weeks later.[129]

To summarize, ANTHC did not cause delay. It has simply insisted that SCF and its Designated Director follow its governance process. Once that happened, it promptly reviewed SCF's Designated Director's request and authorized disclosure of the vast majority of the information she requested. If SCF truly wanted the information it says it seeks, its Designated Director could have asked the Board to consider her disclosure request in August 2021—instead of waiting almost 17 months to do so on January 19, 2023. SCF caused the delay, not ANTHC. ANTHC accordingly asks this Court to enforce its past decisions in the case by requiring SCF to comply with ANTHC's Governance Policies.

### (iii) ANTHC's Board's necessity determinations were proper.

#### a) ANTHC authorized disclosure to SCF of the vast majority of the information SCF's Designated Director sought.

ANTHC disclosed nearly all of the information SCF's Designated Director requested, ███████████████████████████████████████████████████████ ████████████████████████████████████████[130] ANTHC authorized ██ ███████████████████████████████ to give lengthy and detailed presentations to SCF's Board.[131] ANTHC disclosed two of the documents SCF's Designated Director

---

[129] Strong Decl. ¶ 19.
[130] Docket 359 at 85–86.
[131] *Id.*; Strong Decl. ¶¶ 21–22.

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

requested, as well as the contents of the remaining 15 documents (14 of which were never presented to ANTHC's Board).[132] The volume of information ANTHC authorized to be disclosed unquestionably provided SCF with the information it needed to exercise its governance and participation rights in ANTHC.

> **b)** **ANTHC did not refuse to provide any documents or information on the basis of mere privilege.**

SCF repeatedly accuses ANTHC of withholding documents and information on the basis of mere privilege.[133] This is categorically false. In fact, ANTHC's Resolution 23-08 specifically states that ANTHC "recognizes that it may not refuse to disclose privileged documents or information solely on the grounds that doing so could waive the privilege" and it went on to explain precisely what the Board was withholding and why.[134]

---

[132] Docket 359 at 84–86; Strong Decl. ¶ 21.

[133] SCF states, for example, that "████████████ ANTHC did not permit SCF's Designated Director to share ████████████████████████ with the SCF Board." *See* Docket 359 at 15; *see also id.* at 34 ¶ 3. This assertion is wrong: ANTHC allowed ████████████████████████. *See* Docket 359 at 85–86; Strong Decl. ¶¶ 21–22; Singh Decl. ¶ 5. No part of the ████████████ was categorically withheld ████████████ The Board withheld no information whatsoever—privileged or otherwise—from ██████████. Docket 359 at 85–86; Strong Decl. ¶ 22. And although some privileged information was withheld from ████████████ the Board made clear that ████████████ it was "open to reconsidering [SCF's Designated Director's] request in the future if and when ████████████████████████" Docket 359 at 86.

[134] Docket 359 at 84; *see id.* at 84–86.

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK          35

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

**STOEL RIVES** LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

**2.      Even if ANTHC violated the Order, which it did not, the remedy would be to require disclosure, not change ANTHC's Governance Policies to eviscerate the Board's authority.**

The Order explains that if "SCF's Designated Director believes particular privileged information is necessary for SCF to effectively exercise its governance and participation rights, they may seek permission to disclose the information pursuant to ANTHC's policies that the parties agree were passed consistent with Section 325."[135] "[W]here a dispute arises as to whether certain information is necessary to exercise SCF's Section 325 rights, SCF can challenge the Board's decision in the courts."[136] Thus, under the Order, a reviewing court's task is to review the record to determine whether particular Board disclosure decisions comport with ANTHC's Governance Policies (which the parties have already stipulated "were passed consistent with Section 325").[137] If the reviewing court decided that a disclosure decision were erroneous, the remedy would not be to throw out the policy on which it is based (as SCF wants this Court to do), but instead to order disclosure.

**D.      Civil contempt is neither legally nor factually available to SCF.**

SCF seeks "an order of civil contempt" under this Court's "inherent power . . . to give effect to its own judgment."[138] But SCF fails to disclose the U.S. Supreme Court's holding that "even though a declaratory judgment has 'the force and effect of a final

---

[135] Docket 352 at 32.
[136] *Id.*
[137] *Id.*; *see* Docket 340 ¶ 7.
[138] Motion at 11, 12 (internal quotation marks omitted).

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK                    36

judgment,' it is a much milder form of relief than an injunction. Though it may be persuasive, it is not ultimately coercive; *noncompliance with it may be inappropriate, but is not contempt.*"[139] As a matter of law, therefore, an order of civil contempt is unavailable.

Even if an order of civil contempt were legally available, SCF has not come close to establishing its entitlement to it. "Civil contempt . . . consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply."[140] "The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by 'clear and convincing evidence,' not merely a preponderance of the evidence."[141] "[I]f a defendant's action appears to be based on a good faith and reasonable interpretation of the court's order, he should not be held in contempt."[142] Thus, to succeed on a motion for civil contempt, the movant must show that the alleged contemnor "'(1) . . . violated the court order, (2) beyond substantial compliance,

---

[139] *Steffel v. Thompson*, 415 U.S. 452, 471 (1974) (emphasis added; citation omitted).

[140] *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).

[141] *Id.* (quoting *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982)).

[142] *Vertex Distrib.*, 689 F.2d at 889 (alterations, internal quotation marks, and citation omitted); *see In re Dual-Deck*, 10 F.3d at 695 ("Substantial compliance with the court order is a defense to civil contempt, and is not vitiated by a few technical violations where every reasonable effort has been made to comply." (internal quotation marks and citation omitted)).

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK          37

(3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence.'"[143] SCF has not shown any of these elements.

## V.  CONCLUSION

ANTHC asks the Court to confirm its earlier decisions that the Governance Policies, which are the version of ANTHC's Bylaws, Disclosure of Records and Information Policy, and Code of Conduct referenced in the Judgment, conform to Section 325 and other applicable law, and that SCF has identified no policy to the contrary that must be amended. This includes specifically but is not limited to Section 5.4.1.7 of the Disclosure Policy. ANTHC asks the Court to also confirm its earlier refusal to "delegate exclusive power to SCF's Designated Director to determine with finality whether information is necessary as defined by Section 325 and the Ninth Circuit."[144] Finally, ANTHC asks the Court to confirm that the standard for the information to which Designating Entities such as SCF are entitled is the Ninth Circuit's standard: all "information necessary [for a Designating Entity] to exercise effectively [its] governance and participation rights."[145]

---

[143] *Labor/Cmty. Strategy Ctr. v. L.A. Cnty. Metro. Transp. Auth.*, 564 F.3d 1115, 1123 (9th Cir. 2009) (quoting *In re Dual-Deck Video*, 10 F.3d at 695).

[144] Docket 352 at 32; *see* Docket 369-1 at 20 ("*Amici* fear that the relief sought by SCF in its pending motion could upend the balance that the ANTHC Board and this Court have struck between transparency and confidentiality, both of which are essential to ANTHC governance and, ultimately, to the smooth functioning of the Alaska Tribal Health System").

[145] *Southcentral Found.*, 983 F.3d at 419 ("[W]e conclude that Section 325 granted SCF governance and participation rights in the management of ANTHC to be exercised *through SCF's representative on the Board . . . .*" (emphasis added)); *see* Docket 352 at 32.

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK                    38

Finally, ANTHC asks the Court to confirm that "where a dispute arises as to whether certain information is necessary to exercise SCF's Section 325 rights, SCF can challenge the Board's decision in the courts." But SCF has not done so here. As in SCF's Summary Judgment Motion, SCF's Motion "does not seek an order from this Court stating that ANTHC is required to provide specific recent documents and information."[146] Accordingly SCF's Motion should be DENIED and ANTHC's Cross-Motion should be GRANTED.

DATED: August 1, 2023            STOEL RIVES LLP

                                 By: */s/ James E. Torgerson*
                                 JAMES E. TORGERSON, AK Bar #8509120

                                 Attorneys for Defendant Alaska Native Tribal
                                 Health Consortium

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

---

[146] Docket 352 at 32.

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK            39

**CERTIFICATE OF COMPLIANCE**

I further certify that pursuant to D.Ak. L.R. 7.4(a), this opposition complies with

the page/word limitation of D.Ak. L.R. 7.4(a)(2) because it contains 9,628 words,

excluding the parts of the opposition exempted by D.Ak. L.R. 7.4(a)(4). Collectively, this

opposition and ANTHC's Cross-Motion to Enforce contain 10,055 words.

DATED:  August 1, 2023

STOEL RIVES LLP


*s/ James E. Torgerson*
JAMES E. TORGERSON

**STOEL RIVES** LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

# CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2023, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in this Case No. 3:17-cv-00018-TMB who are registered CM/ECF users, and who are listed below, will be served by the CM/ECF system.

Jahna M. Lindemuth
Cashion Gilmore & Lindemuth
510 L Street, Suite 601
Anchorage, AK 99501
jahna@cashiongilmore.com

William D. Temko
Munger, Tolles & Olson LLP
350 S Grand Ave., 50th Floor
Los Angeles, CA 90071
William.Temko@mto.com

Nicholas Daniel Fram
Munger, Tolles & Olson LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
Nicholas.Fram@mto.com

Geoffrey Strommer
Hobbs, Straus, Dean & Walker, LLP
215 SW Washington, Suite 200
Portland, OR 97204
gstrommer@hobbsstraus.com

/s/ James E. Torgerson
James E. Torgerson

120279368 0009312-00008

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK          41