William D. Temko (*Pro Hac Vice*)
Nicholas D. Fram (*Pro Hac Vice*)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702
william.temko@mto.com
nicholas.fram@mto.com

Jahna M. Lindemuth (AK Bar No. 9711068)
CASHION GILMORE & LINDEMUTH
510 L Street, Suite 601
Anchorage, AK  99501
Telephone:  (907) 222-7938
jahna@cashiongilmore.com

*Attorneys for Plaintiff Southcentral Foundation*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Southcentral Foundation,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Alaska Native Tribal Health Consortium,<br><br>　　　　Defendant. | Case No. 3:17cv-00018-TMB |

**SOUTHCENTRAL FOUNDATION'S CORRECTED OPPOSITION TO MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE***

## I. INTRODUCTION

Plaintiff Southcentral Foundation ("SCF") respectfully opposes the motion of the proposed *amici curiae*[1] ("*Amici*") to file a brief in support of Defendant Alaska Native Tribal Health Consortium ("ANTHC") in connection with SCF's Motion to Enforce the July 20, 2022, Summary Judgment Order. While SCF strongly supports the rights of every tribe and tribal organization to speak on issues of interest to them and to have their voices heard, *Amici*'s proposed brief is unnecessary, unhelpful, and unwarranted.

*First*, the brief would not aid the Court in deciding the narrow issue SCF presented in its motion: whether ANTHC violated the July 20, 2022, Order ("Order"). *Amici* acknowledge that they take no position on that question, nor could they, as they lack access to the sealed filings and long history of SCF fighting for its Section 325 rights. Rather, the proposed brief cobbles together various secondary sources that have nothing to do with SCF's motion to present *Amici*'s historical account of the Alaska tribal health system. None of that has any bearing on whether ANTHC violated the Order or the scope of SCF's Section 325 rights. And the historical background outlined by *Amici*, to the extent it is relevant, is already part of the extensive record before this Court. As such, nothing in *Amici*'s proposed brief would aid the Court in deciding SCF's motion.

*Second*, in any event, *Amici* are adequately represented by ANTHC. Collectively, they appoint twelve of ANTHC's fifteen Directors. These Directors "stand[] in the shoes of the[ir] designating entit[ies]."[2] *Amici*, therefore, control ANTHC's legal strategy. There is

---

[1] ECF No. 369 ("Mot.").

[2] *Southcentral Found. v. Alaska Native Tribal Health Consortium*, 983 F.3d 411, 418 (9th Cir. 2020).

nothing that *Amici* could say that ANTHC cannot.

## II.　LEGAL STANDARD

"There is no inherent right to file an amicus brief."[3]  Rather, the decision to permit filing of an amicus brief is committed to the sound discretion of the district court.[4]  "A court may grant leave to appear as an *amicus* if the information offered is timely and useful."[5] Amicus briefs are typically permitted where "'the amicus has an interest in some *other case* that may be affected by the decision in the present case, or when the amicus has *unique information or perspective* that can help the court beyond the help that the lawyers for the parties are able to provide.... Otherwise, leave to file an amicus curiae brief should be denied.'"[6]

## III.　ARGUMENT

### A.　The Proposed Brief Would Not Assist the Court in Deciding the Narrow Issue in SCF's Motion

*Amici*'s proposed brief would not assist the Court in determining whether ANTHC violated the Order.  Instead of addressing this narrow issue, *Amici*'s brief purports to chronicle the history of the Alaska tribal health system through secondary sources.  Its

---

[3] *Southcentral Found. v. Alaska Native Tribal Health Consortium*, No. 3:17-CV-00018-TMB, 2022 WL 1184079, at *2 (D. Alaska Apr. 21, 2022) (citation and quotation marks omitted).

[4] *Id.* (citing *Cnty. of Marin v. Martha Co.*, No. C 06-0200 SBA, 2007 WL 987310, at *1 (N.D. Cal. Apr. 2, 2007))

[5] *Waste Mgmt. of Pennsylvania, Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995) (quotation marks omitted).

[6] *Washington v. United States Food & Drug Admin.*, No. 1:23-CV-3026-TOR, 2023 WL 2825861, at *10 (E.D. Wash. Apr. 7, 2023), *opinion clarified,* No. 1:23-CV-3026-TOR, 2023 WL 2941567 (E.D. Wash. Apr. 13, 2023) (quoting *Cmty. Ass'n for Restoration of Env't v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999)) (emphasis added).

interpretation of this history—accurate or not—is irrelevant to whether ANTHC violated the Order by withholding documents and information from SCF on the grounds that the documents and information were "privileged" or "harmful" or that disclosure (*i.e.,* honoring SCF's Section 325 rights) might, in ANTHC's view, create "risk" to ANTHC.[7] And any relevant historical information was presented by the actual parties, ANTHC and SCF, long before summary judgment was entered for SCF.[8]

Resolving the issue of ANTHC's compliance with the Order involves little more than analyzing the Order and Section 325, and on that, *Amici* have nothing to offer.[9] *Amici* readily admit that they "are not interested in weighing in on the particular dispute that gave rise to SCF's current motion, or in wading into the parties' specific legal arguments."[10] Nor could they: as far as SCF knows, they lack access to the under seal filings in this case. To SCF's knowledge, these other Designating Entities also have not chosen to exercise their Section 325 rights, electing not to receive the same governance information SCF received after entry of the Order. Therefore, *Amici* cannot understand the importance or context of the governance information withheld from SCF by majority vote of the ANTHC Board because

---

[7] *See generally* ECF No. 358 at 9-11.

[8] *See, e.g.* ECF No. 38 at 4-7 (explaining the history behind the creation of ANTHC and the legislative history of Section 325).

[9] *Amici* suggest misleadingly that this Court previously granted a similar motion by a smaller group of *Amici* to allow them "to assert their interests in the case." Mot. at 3. But *Amici* fail to point out that the Court accepted the proposed brief "for the *sole* purpose of rebutting SCF's assertion . . . that 'no absent party has claimed any interest in this case.' " ECF No. 333 at 5 (April 21, 2022) (emphasis added). Effectively, the Court allowed the prior *Amici* group to participate on a narrow issue relating to ANTHC's Rule 19 motion, which it then denied, but did not allow that group to participate on the merits.

[10] Proposed Brief, ECF No. 369-1, at 3.

*Amici* do not have all the governance information that SCF knows, and *Amici* do not know what information is being withheld from SCF. For all of these reasons, *Amici* do not and cannot offer anything that would aid the Court in resolving the issue in SCF's motion.

Moreover, it is not clear what perspective *Amici* are attempting to advance. *Amici* admit that they "would not object" if "SCF's motion simply sought to enforce this Court's prior judgment."[11] But that is exactly what SCF is asking the Court to do—enforce its Order. That Order did not give the ANTHC Board *any* discretion to withhold documents and information that are necessary for SCF to exercise its governance rights under Section 325. ANTHC (by majority vote of the Board, including the directors designated by *Amici*) withheld documents to which SCF is entitled on grounds that are not legally cognizable under the Order, and SCF is merely attempting to get the Court to order ANTHC to comply.

The only position that *Amici* take that is germane to SCF's motion is that, in their view, the Court should not "modify the Court's prior judgment." SCF is asking for no such modification. As will be explained more fully in SCF's reply brief in response to ANTHC's opposition, SCF is asking the Court to apply common sense to the standard that it set out in the Order: there *must* be some universe of documents and information that SCF's Designated Director can share with SCF without having to beg the ANTHC Board's approval each and every time.

Stated another way, there is a set of documents and information that indisputably is necessary for governance because it relates to issues that the ANTHC Board is considering, and the ANTHC Board has no discretion to withhold those documents and information from

---

[11] Mot. at 2.

the Designating Entities that make up its governance structure. Having the ANTHC Board act as the final gatekeeper is *not* the process that the Order set out. Section 325 endows SCF with *rights* to documents and information. If the holder of a right needs to seek permission to use it, even where there can be no legitimate dispute that the documents and information are needed for governance, the right is no longer a right. SCF, as the holder of the right, gets to decide when to exercise it. Not ANTHC.

### B. *Amici*'s Interests Are Adequately Represented by ANTHC

The twelve *Amici* that designate Directors to serve on ANTHC's Board are not merely "represented on the ANTHC Board of Directors"—they control it.[12] *Amici*, through their Designated Directors on ANTHC's Board, have the votes to control ANTHC's legal strategy and presumably are doing so—after all, ANTHC's counsel stated publicly that he needed more time to prepare ANTHC's response (which he did not preview would be over 9,600 words or would include the *Amici's* proposed brief) because he "need[ed] direction from the Board before responding to [SCF's] Motion."[13] *Amici*, therefore, already have made their position clear in ANTHC's overlength opposition brief. Their interests are adequately represented by ANTHC.

*Amici*'s control of the ANTHC Board also gives them control over ANTHC's information-sharing policies and, if they get their way, over SCF's rights to documents and information under Section 325. *Amici* forcefully argue that their interest is in determining, through their Designated Directors on the ANTHC Board, "what information in fact meets

---

[12] Mot. at 2.

[13] Torgerson Decl., ECF No. 365, ¶ 6.

that standard of necessity, particularly when disclosure of information has the potential to harm ANTHC and its interests." It is not hard to see *why Amici* advance this position: if they get their way, then they will have unfettered power to decide which documents and information SCF will get to see. In other words, *Amici* are making it abundantly clear that they want for themselves the power to deny SCF its Section 325 rights, rendering Section 325 the "hollow promise" it was before the Ninth Circuit's decision and the Order.[14]

## IV. CONCLUSION

The Court should deny *Amici* leave to file their brief. It would not help the Court decide whether ANTHC violated the Order and *Amici*'s interests are already adequately represented by ANTHC, which they control. If the Court is inclined to let *Amici* file, then SCF requests that it be afforded three weeks to respond to the merits of *Amici*'s brief.

---

[14] *Southcentral Found. v. Alaska Native Tribal Health Consortium*, 983 F.3d 411, 419 (9th Cir. 2020).

DATED: August 14, 2023		MUNGER, TOLLES & OLSON LLP

By: _/s/ William D. Temko_
　　WILLIAM D. TEMKO
　　CA Bar #98858
　　*Appearing pro hac vice*

CASHION GILMORE & LINDEMUTH

By: _/s/ Jahna M. Lindemuth_
　　JAHNA M. LINDEMUTH
　　AK Bar #9711068

Attorneys for Plaintiff Southcentral Foundation

50832339.2

# CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2023, a true and correct copy of the foregoing was served on:

| | |
|---|---|
| James Torgerson | *jim.torgerson@stoel.com* |
| Rachel Lee | *rachel.lee@stoel.com* |
| Connor Smith | *connor.smith@stoel.com* |
| Whitney A. Brown | *whitney.brown@stoel.com* |
| Geoffrey Strommer | *gstrommer@hobbsstraus.com* |

By electronic means through the ECF system.

/s/ *William D. Temko*