IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

SOUTHCENTRAL FOUNDATION,

            Plaintiff,

    vs.

ALASKA NATIVE TRIBAL HEALTH
CONSORTIUM,

            Defendant.

Case No. 3:17-cv-00018-JMK

**ORDER FOR *IN CAMERA* REVIEW**

At Docket 358, Southcentral Foundation ("SCF") filed a *Motion to Enforce Judgment*. Alaska Native Tribal Health Consortium ("ANTHC") responded at Docket 373. SCF replied at Docket 385. The parties provided various other filings for the Court's review, which each are fully briefed.

## I.   BACKGROUND

"This case is a dispute over what information SCF is entitled to receive from ANTHC in order to 'exercise effectively the governance and participation rights' created by section 325 of the Department of the Interior and Related Agencies Appropriation Act of 1998, Pub. L. No. 105-83, 111 Stat. 1543,"[1] ("Section 325"). At Docket 352, the Court

---

[1] Docket 352 at 2.

issued an Order ("the 352 Order") which resolved SCF's Motion for Summary Judgment and dismissed the case.[2] The Court assumes familiarity with the factual background of the 352 Order, including ANTHC's creation and SCF's status as a "Designating Entity," for ANTHC.[3]

The 352 Order states that, because SCF is a Designating Entity on ANTHC's Board, "SCF has an absolute right to any information that is necessary for SCF to effectively exercise its governance and participation rights."[4] The 352 Order does not, however, specify what types or categories of information are necessary for SCF to effectively exercise its governance and participation rights.[5] Rather, the 352 Order provides that the ANTHC Board will determine what information is necessary for SCF to effectively exercise its governance and participation rights and that SCF may contest ANTHC's determinations.[6]

SCF alleges that Section 5.4.1.7 of ANTHC's disclosure policy violates the 352 Order and must be stricken.[7] SCF also alleges that ANTHC continues to withhold information necessary for SCF to exercise its governance rights and requests an order requiring ANTHC disclose the withheld documents.[8]

---

[2] *Id.* at 32–33.
[3] *Id.* at 9.
[4] *Id.* at 29.
[5] *Id.* at 32.
[6] *Id.*
[7] Docket 358 at 17.
[8] *Id.* at 18–19.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*      Case No. 3:17-cv-00018-JMK
Order for *In Camera* Review                                             Page 2

Case 3:17-cv-00018-JMK   Document 411   Filed 01/08/24   Page 2 of 5

ANTHC first raised the issue of *in camera* review arguing, in part, that SCF's failure to "request *in camera* review of the relevant documents signals that it is not truly interested in the documents."[9]  SCF replied to ANTHC's argument by requesting *in camera* review and later reaffirmed its request.[10]

## II.   LEGAL STANDARD

The United States Supreme Court has long "approved the practice of requiring parties who seek to avoid disclosure of documents to make the documents available for *in camera* inspection."[11]  The "principal benefit of an *in camera* inspection is that it enables the trial court to make a case specific determination," but this task may be an "onerous burden" to render a decision with "little precedential value."[12]  Where there is no assertion that the documents are subject to privilege, the decision whether to conduct an *in camera* review rests in the sound discretion of the court.[13]

In exercising its discretion, the Court will consider the following factors: (1) the volume of materials it is being asked to review; (2) the document's relative

---

[9]  Docket 373 at 19–20.

[10]  Docket 385 at 24 n.75; Docket 394 at 2.

[11]  *United States v. Zolin*, 491 U.S. 554, 559 (1989).

[12]  *Quinon v. F.B.I.*, 86 F.3d 1222, 1228 (D.C. Cir. 1996).

[13]  *See Fisher v. Stewart*, 37 F. App'x 947, 949 (9th Cir. 2002) (stating that the "district court did not abuse its discretion in denying Fisher's motion for in camera review of certain documents,"); *see also Zolin*, 491 U.S. at 572; *In re Grand Jury Investigation*, 974 F.2d 1068, 1074 (9th Cir. 1992) (providing that where privilege has been asserted the court must first determine whether there is a factual basis adequate to support a good faith belief that the documents are either not privileged or that an exception to the privilege applies, and if there is a factual basis adequate to support such a good faith belief the decision whether to perform *in camera* review rests in the sound discretion of the court.  In the absence of an asserted privilege, the first step in *Zolin* is unnecessary and courts presumably move directly to the second step, which is exercising their sound discretion whether the perform *in camera* review.).

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*          Case No. 3:17-cv-00018-JMK
Order for *In Camera* Review          Page 3

Case 3:17-cv-00018-JMK   Document 411   Filed 01/08/24   Page 3 of 5

importance to the underlying case; and (3) the likelihood that the materials may be disclosed.[14]

### III.   DISCUSSION

ANTHC opposes SCF's request for *in camera* review arguing the request is "irrelevant to the relief SCF seeks, untimely, and procedurally improper."[15]   ANTHC claims that SCF's request is "pretextual," and that SCF is actually seeking to "rewrite ANTHC's governance policies."[16]   ANTHC further claims that an *in camera* review is essentially an evidentiary hearing and SCF failed to follow the proper procedure for requesting an evidentiary hearing.[17]

In response, SCF points out that ANTHC provides no argument that the 15 documents are irrelevant for determining whether information has been unlawfully withheld from SCF by ANTHC.[18]   SCF also argues that a request for *in camera* review is not a request for an evidentiary hearing.

The Court agrees with SCF and will perform *in camera* review.  The Court notes that all three factors weigh in favor of performing *in camera* review.  First, SCF's request is limited to 15 documents, and therefore is not overly burdensome or voluminous.[19]  Second, *in camera* review will assist the Court in determining whether the information contained in the requested documents is necessary for SCF to exercise its

---

[14] *Zolin*, 491 U.S. at 572.
[15] Docket 395 at 4.
[16] *Id.* at 4–5.
[17] *Id.* at 5.
[18] Docket 396 at 4.
[19] Docket 385 at 24 n.75.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*                    Case No. 3:17-cv-00018-JMK
Order for *In Camera* Review                                                                                      Page 4

Case 3:17-cv-00018-JMK   Document 411   Filed 01/08/24   Page 4 of 5

governance rights. Such a determination strikes at the heart of SCF's pending motion and the case generally.[20] Third, the 352 Order requires ANTHC to disclose all information necessary for SCF to exercise its governance and participation rights, including potentially privileged documents.[21] Therefore, if any of the documents contain necessary information for SCF to exercise its governance and participation rights, they may, and will, be disclosed to SCF.

## IV.   CONCLUSION

The Court hereby ORDERS *in camera* review of the 15 documents ANTHC withheld from SCF. ANTHC shall file the 15 documents *ex parte* on or before January 24, 2024.

IT IS SO ORDERED this 8th day of January, 2024, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

---

[20] *See generally* Docket 358.
[21] Docket 352 at 33.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*          Case No. 3:17-cv-00018-JMK
Order for *In Camera* Review          Page 5

Case 3:17-cv-00018-JMK   Document 411   Filed 01/08/24   Page 5 of 5