James E. Torgerson (Bar No. 8509120)
Whitney A. Brown (Bar No. 1906063)
Connor R. Smith (Bar No. 1905046)
STOEL RIVES LLP
510 L Street, Suite 500
Anchorage, AK 99501
(907) 277-1900
jim.torgerson@stoel.com
whitney.brown@stoel.com
connor.smith@stoel.com

*Attorneys for Defendant Alaska Native Tribal Health Consortium*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOUTHCENTRAL FOUNDATION, <br><br> Plaintiff, <br><br> v. <br><br> ALASKA NATIVE TRIBAL HEALTH CONSORTIUM, <br><br> Defendant. | Case No.: 3:17-cv-00018-JMK <br><br> **PUBLIC VERSION** |

## DECLARATION OF AMY R. MENARD IN SUPPPORT OF ANTHC'S MOTION TO ESTABLISH PROCESS FOR REVIEW

I, Amy R. Menard, declare as follows:

1. I am over the age of eighteen and have personal knowledge of the statements contained in this declaration.

2. This declaration is made in support of ANTHC's Motion to Establish Process for Review, filed contemporaneously herewith.

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK          1

3.      I am an attorney at the law firm of Putnam & Menard, PLC. Among other things, I provide services to institutional and business clients as an independent investigator into legal claims.

4.      I have personally conducted more than 30 such investigations over the course of my career. My work conducting independent investigations began in the early 2000s and continues to the present. In my experience, investigations require collecting and reviewing documents and other sources of evidence, interviewing witnesses, and synthesizing the findings and any requested conclusions of law and fact into a report or presentation.

5.      Deciding what documents to review, which witnesses to interview, and what questions to ask witnesses all are critical components of an effective investigation. The same is true regarding deciding what information to include, and not include, when I deliver the results of my investigation to a client. All of these decisions require the exercise of professional knowledge, experience, expertise and training.

6.      I understand that whoever asks me to conduct an investigation for them is expecting me to exercise this expertise. Boards of directors (just like the government or any other entity) hire investigators for their expertise. They also hire investigators because the board members lack the time and expertise to comb through and analyze the often-voluminous records and witness interviews that are required to establish the facts, *i.e.*, to establish what actually happened.

7. I understand that when I am conducting an investigation I have been charged to use my expertise on behalf of my client to review the underlying data, to decide based on my experience what information is important for my client to know based on the issues being investigated, and to present that information in a form that is both useful and efficiently comprehensible to my client under the circumstances.

8. This investigation done for the ANTHC Board of Directors was no exception.

9. I have done many investigations for boards of directors, and I have always been expected to use my expertise in determining how to conduct the investigation and what to report to the Board based on the questions I was asked to answer.

10. In March 2021, the ANTHC Board retained me to independently investigate ███████████████████████████████████████ At the same time the ANTHC Board retained a separate independent investigator, Troy Eid, to investigate ████████████████████████████████

11. As part of my investigation, I reviewed thousands of pages of documents, including contracts, policies and procedures, personnel records, photographs, letters, text messages, and emails.

12. I also conducted interviews of 35 witnesses, each of which lasted between one and six hours, with certain witnesses interviewed multiple times.

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK    3

13. As part of my investigation, I reviewed all of the documents that I understand this Court intends to review *in camera* with the exception of Document ANTHC005. My scope of work included investigating statements made in all of those documents with the exception of Document ANTHC005 (the "*in camera* documents").

14. In the course of investigating the statements made in these documents, I conducted interviews with eight to ten witnesses specifically related to information contained in one or more of the *in camera* documents and questioned all witnesses generally about the topics and allegations contained in all of the documents including the *in camera* documents.

15. I presented the results of my investigation to the ANTHC Board of Directors on June 10, 2021, and answered further questions for the Board on June 11, 2021. My presentation lasted over six hours. I understood that all of the Directors were present for that meeting, including SCF's Designated Director.

16. I also presented the results of my investigation to the SCF Board of Directors on March 10, March 13, and April 4, 2023. To the best of my recollection, my presentation and responses to questions posed by the SCF Board cumulatively lasted over nine hours, with about 45 percent of that time spent addressing the results of a different investigation I conducted. A substantial portion of my time at the meetings was spent responding to questions posed to me. ████████████████████████████████
████████████████████████████████████████████████████████████

███████████████████████

█████████████████

17.     The presentations I made to the ANTHC and SCF Boards of Directors included reporting information on the following topics:



18.     Some of the *in camera* documents involved allegations unrelated, in whole or in large part, to any of these topics. Specifically, those documents are: ANTHC 012, ANTHC013.

19.     Some of the *in camera* documents involved allegations that my investigation could not substantiate. Specifically, those documents are: ANTHC001, ANTHC002, ANTHC007, ANTHC009, ANTHC010.

20.     During the course of my presentation to the ANTHC Board, I showed the Board only one document: Document ANTHC008. I decided to show Document ANTHC008 to ANTHC's Board not because it was integral to the broader issue of ANTHC's governance, but because it contained allegations and information necessary for

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK                    5

ANTHC ███████████████████████████████████████

███████████████████████████████ Because of the document's extreme sensitivity and highly personal nature, a copy of it was distributed to each Board member to read at a specific time during my presentation and then all copies of the document were re-collected and accounted for.

21. Based on my experience and expertise, no other specific documents needed to be shown to ANTHC's Board in order for it to apprehend the nature of the allegations, and the quality or quantity of the findings of my investigation. In addition, the nature of the information contained in many of the documents not only posed a risk of reputational harm to ANTHC but also to the individuals making the allegations in the event the documents were to be disseminated more broadly.

22. During the course of my presentation to the SCF Board, I referred to and discussed the same issues and sources of evidence as in my presentation to the ANTHC Board, although this occurred in a more summarized format due to the SCF Board's time considerations and their questions posed to me. Based on my experience and expertise, and given the subject matter of the questions posed to me during my presentation, no specific documents, including Document ANTHC008, were needed for the SCF Board to have its questions answered fully and for them to apprehend the nature of the allegations, and the quality and quantity of the findings of my investigation.

23. I declare under penalty of perjury that the foregoing is true and correct.

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK                   6

EXECUTED on 24th day of January 2024.

                                                    Amy R. Menard
                                                    Attorney
                                                    Putnam & Menard, PLC

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2024, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in this Case No. 3:17-cv-00018-TMB who are registered CM/ECF users, and who are listed below, will be served by the CM/ECF system.

Jahna M. Lindemuth
Cashion Gilmore & Lindemuth
510 L Street, Suite 601
Anchorage, AK 99501
jahna@cashiongilmore.com

William D. Temko
Munger, Tolles & Olson LLP
350 S Grand Ave., 50th Floor
Los Angeles, CA 90071
William.Temko@mto.com

Nicholas Daniel Fram
Munger, Tolles & Olson LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
Nicholas.Fram@mto.com

Geoffrey Strommer
Hobbs, Straus, Dean & Walker, LLP
215 SW Washington, Suite 200
Portland, OR 97204
gstrommer@hobbsstraus.com

/s/ James E. Torgerson
James E. Torgerson

*Southcentral Foundation v. ANTHC*
Case No. 3:17-cv-00018-JMK           8