William D. Temko (*Pro Hac Vice*)
Nicholas D. Fram (*Pro Hac Vice*)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
william.temko@mto.com
nicholas.fram@mto.com

Jahna M. Lindemuth (AK Bar No. 9711068)
CASHION GILMORE & LINDEMUTH
510 L Street, Suite 601
Anchorage, AK 99501
Telephone: (907) 222-7938
jahna@cashiongilmore.com

*Attorneys for Plaintiff Southcentral Foundation*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOUTHCENTRAL FOUNDATION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ALASKA NATIVE TRIBAL HEALTH CONSORTIUM,<br><br>　　　　Defendant. | Case No. 3:17cv-00018-SLG |

**SOUTHCENTRAL FOUNDATION'S MOTION TO UNSEAL AND ENTER REDACTED ENFORCEMENT ORDER**

- 1 -

# I. INTRODUCTION

The Court issued its July 5 Order Granting Motion to Enforce and Denying Remaining Motions ("Enforcement Order"[1]) entirely under seal. Most of the content of the Enforcement Order, including the Court's explanation of the governing law, does not warrant sealing. Pursuant to Local District Court Rule 7.3(f)(7), SCF requests that this Court enter an unsealed version of the Order that redacts confidential information, but otherwise honors "the strong presumption of access to judicial records."[2] SCF files its proposed order under seal with its proposed redactions to the Enforcement Order.

# II. PROCEDURAL HISTORY

This case concerns transparency. Plaintiff Southcentral Foundation ("SCF") is one of the Regional Health Entities that governs Defendant Alaska Native Tribal Health Consortium ("ANTHC") through a Director that SCF designates to sit on the ANTHC Board. SCF's right to govern ANTHC, and its concurrent right to information about ANTHC governance, is enshrined in federal law, specifically Section 325 of the Department of the Interior and Related Agencies Appropriation Act of 1998, Pub. L. No. 105-83, 111 Stat. 1543" ("Section 325").

SCF sued ANTHC in January 2017, contending that ANTHC had violated Section 325 by, *inter alia*, improperly limiting the governance information that ANTHC was providing to SCF. In reversing the District Court's dismissal of the case, the Ninth Circuit held that SCF was "entitle[d] to information necessary to effectively exercise" its

---

[1] Dkt. 437.

[2] *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)

governance rights in ANTHC.[3]  "Indeed, the right to govern would be a hollow promise absent the information necessary to exercise that right intelligently."[4]  On remand, after further litigation, the District Court granted, in large part, SCF's summary judgment motion, explaining that "[n]othing in Section 325 or the Ninth Circuit's opinion would lead the Court to conclude that the Board can limit or curtail a Designating Entity's Section 325 rights by consensus or majority vote, even where the policies appear reasonable and consistent with data governance best practices."[5]

Having prevailed at the Ninth Circuit and then again before the District Court, SCF was optimistic that ANTHC would follow the law and provide SCF with the information to which it was entitled under Section 325.  When ANTHC did not do that, and after giving ANTHC multiple opportunities to comply with the law, SCF filed a motion to enforce the Summary Judgment Order in June 2023.[6]  After extensive briefing and oral argument, ANTHC submitted 15 documents for the Court's *in camera* review.  In the Enforcement Order, the Court largely granted SCF's motion, and denied several other related motions. The Court issued the Enforcement Order under seal in its entirety.

---

[3] *Southcentral Found. v. Alaska Native Tribal Health Consortium*, 983 F.3d 411, 420 (9th Cir. 2020).

[4] *Id.* at 419.

[5] *Southcentral Found. v. Alaska Native Tribal Health Consortium*, 615 F. Supp. 3d 961, 977 (D. Alaska 2022) (the "Summary Judgment Order").  Neither this order nor the Ninth Circuit order were filed under seal.

[6] Dkt. 376.

Throughout this proceeding, the parties have endeavored to redact and file under seal only confidential information in their pleadings as required by Local Rule 7.3(h).[7] In almost every instance, there has been a publicly available version of every pleading available for the public, including the other Designating Entities on ANTHC's Board who have not signed Permitted Recipient confidentiality agreements. As ANTHC argued in opposing SCF's request to close the oral argument on SCF's motion so that the parties could discuss confidential issues: "This is not an issue that should be decided behind closed doors. Especially in light of SCF's efforts to create the impression that it is a champion for transparency, it is important that the public, and especially all of ANTHC's Designating Entities, may access the argument."[8] As the transcript of the oral argument shows,[9] no part of the oral argument was sealed. Although Resolution 23-08 had been filed under seal, ANTHC agreed that a redacted version could be used in oral argument.

On July 13, 2024, counsel for SCF emailed counsel for ANTHC a proposed redacted version of the Enforcement Order and proposed stipulating to filing the proposed redacted version in the public record. Counsel for SCF requested that counsel for ANTHC respond

---

[7] The notable exception to the parties' usual practice is the Motion for Reconsideration ANTHC filed on July 12, 2024 (Dkt. 439). There is absolutely nothing confidential in that motion. Although the motion notes that Judge Kindred reviewed 15 documents *in camera*, the motion does not discuss the details on those documents or any other sensitive information. That ANTHC provided Judge Kindred with 15 documents for *in camera* review is already in the public court record. *See* Dkt. 411 (order requesting *in camera* review); Dkt. 417 at 20 (ANTHC acknowledging that it submitted the documents for *in camera* review). On Thursday, July 18, ANTHC indicated it would likely seek to make public its motion that it filed under seal. SCF has no objection to that request.

[8] Dkt. 395, at 4.

[9] Dkt. 413.

by Tuesday, July 16. Counsel for ANTHC asked for an extension to respond, and SCF agreed to give ANTHC until Wednesday, July 17 to respond to SCF's proposed redactions. ANTHC responded Thursday morning, July 18, that it did not have a final position on the proposed redactions but would likely seek additional redactions to any order that was to be entered in the public record.

## III. ANALYSIS

The Court should file a public, redacted version of the Enforcement Order so that the public can see how the Court ruled, and so that the other Regional Health Entities that govern ANTHC can understand their rights under Section 325.

Courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents."[10] There is "a strong presumption in favor of access to court records."[11] Public disclosure of court records—especially court orders—furthers the strong public interest in "promoting the public's understanding of the judicial process."[12] Courts have held that sealing a court order must be supported by "compelling reasons."[13] No such "compelling reasons" warrant keeping the majority of the Enforcement

---

[10] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnotes omitted).

[11] *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

[12] *Valley Broad. Co. v. U.S. Dist. Ct. for Dist. of Nevada*, 798 F.2d 1289, 1294 (9th Cir. 1986).

[13] *E.g. In re Twitter Inc. Sec. Litig.*, No. 16-CV-05314-JST, 2020 WL 2519888, at *2 (N.D. Cal. May 18, 2020) (denying motion to seal portions of a summary judgment order where the movant did not demonstrate "compelling reasons"); *K. A. v. Kline*, No. CV-17-02975-PHX-DJH, 2020 WL 1150048, at *4 (D. Ariz. Mar. 10, 2020) ("The Court also agrees that Petitioner has not offered a compelling reason to redact the June 2018 R&R and overrules Petitioner's objection on this ground."); *Hynix Semiconductor Inc. v. Rambus Inc.*, No. C-00-20905RMW, 2009 WL 1464148, at *1 (N.D. Cal. May 26, 2009) (applying the

Order under seal.

It is especially important that the Court unseal the Enforcement Order, to the extent possible, given that its analysis of Section 325 impacts the rights of many other entities. The Enforcement Order further explained the scope of the informational rights that the entities that govern ANTHC have under Section 325. A dozen other Regional Health Entities in addition to SCF possess those informational rights. Those entities will not know how the Court delineated their Section 325 rights while the Enforcement Order remains under seal. It is critical that the Enforcement Order is unsealed to the fullest extent possible so that those entities can better understand the scope of their rights.

While SCF favors unsealing the Enforcement Order to an extent, it recognizes that the order describes certain material that is sensitive and should remain under seal. SCF's proposed redacted version strikes the appropriate balance between unsealing portions of the Enforcement Order that plainly do not reference confidential material, such as the Court's legal analysis, while maintaining confidentiality for the sensitive information that the order describes.[14] The proposed redactions are consistent with the parties' redactions throughout this case and the public discussion of ANTHC's governance at oral argument.

IV. **CONCLUSION**

SCF requests that this Court file publicly the attached redacted version of the Enforcement Order.

---

"compelling reasons" standard in considering whether to unseal an order deciding a motion to stay the execution of judgment).

[14] The version SCF lodges is nearly identical to the version it proposed to ANTHC on July 13, but removed three proposed redactions.

DATED: July 18, 2024        MUNGER, TOLLES & OLSON LLP

By:    */s/ William D. Temko*
       WILLIAM D. TEMKO
       CA Bar #98858
       *Appearing pro hac vice*

CASHION GILMORE & LINDEMUTH

By:    */s/ Jahna M. Lindemuth*
       JAHNA M. LINDEMUTH
       AK Bar #9711068

Attorneys for Plaintiff Southcentral Foundation

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2024 I caused a true and correct copy of the foregoing to be served on the persons below through the ECF system, and I caused a true and correct copy of the foregoing to be served on the persons below via email.

| | |
|---|---|
| James Torgerson | *jim.torgerson@stoel.com* |
| Rachel Lee | *rachel.lee@stoel.com* |
| Connor Smith | *connor.smith@stoel.com* |
| Whitney Brown | *whitney.brown@stoel.com* |
| Geoffrey D. Strommer | *gstrommer@hobbsstraus.com* |

/s/ *Jahna M. Lindemuth*