IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

SOUTHCENTRAL FOUNDATION,

        Plaintiff,

    vs.

ALASKA NATIVE TRIBAL HEALTH
CONSORTIUM,

        Defendant,

Case No. 3:17-cv-00018-JMK

███████ **ORDER GRANTING
MOTION TO ENFORCE AND
DENYING REMAINING MOTIONS**

        At Docket 358, Southcentral Foundation ("SCF") filed a Motion to Enforce Judgment. Alaska Native Tribal Health Consortium ("ANTHC") responded at Docket 373 and filed a Cross-Motion to Enforce Judgment at Docket 376. At Docket 389, SCF filed a Motion to Strike ANTHC's filing at Docket 376. The Court held oral argument regarding the Motions on November 17, 2023.[1] Subsequently, ANTHC filed a Motion to Establish Process for Review at Docket 417. All four motions are fully briefed. As set forth below, SCF's Motion to Enforce Judgment at Docket 358 is **GRANTED IN PART** and **DENIED IN PART**, SCF's Motion to Strike at Docket 389 is **DENIED**, and ANTHC's Cross-Motion to Enforce Judgment at Docket 376 and Motion to Establish Process for Review at Docket 417 are **DENIED**.

---

[1] Docket 409.

# I.    BACKGROUND

"This case is a dispute over what information SCF is entitled to receive from ANTHC in order to 'exercise effectively the governance and participation rights' created by section 325 of the Department of the Interior and Related Agencies Appropriation Act of 1998, Pub. L. No. 105-83, 111 Stat. 1543" ("Section 325").[2]  At Docket 352, the Court issued an Order ("the 352 Order") which resolved SCF's Motion for Summary Judgment and dismissed the case.[3]  The Court assumes familiarity with the factual background of the 352 Order, including ANTHC's creation and SCF's status as a "Designating Entity" of ANTHC.[4]

## (A)    Procedural History

In January 2017, SCF filed suit against ANTHC alleging that ANTHC had violated Section 325 by creating a five-member Executive Committee of the Board of Directors[5] and limiting the information that could be shared with  SCF in its capacity as a Designating Entity of ANTHC.[6]  SCF sought a declaratory ruling that, among other things, the Designating Entities "are entitled to all information provided to the ANTHC Directors who are designated by these entities to represent them on the ANTHC Board."[7]

---

[2]    Docket 352 at 2 (quoting *Southcentral Found. v. Alaska Native Tribal Health Consortium*, 983 F.3d 411, 417 (9th Cir. 2020).
[3]  Docket 352 at 32–33.
[4]  Docket 352 at 9.
[5]  Docket 2 at ¶ 21.
[6]  Docket 2 at ¶¶ 29, 40–41.
[7]  Docket 2 at ¶ 47.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*          Case No. 3:17-cv-00018-JMK
Order Granting Motion to Enforce                                                                              Page 2
Case 3:17-cv-00018-SLG     Document 463     Filed 10/09/24     Page 2 of 56

At Docket 149, the Court issued an Order dismissing the case. The Court found that Section 325 did not provide a freestanding right of information to SCF.[8] The Court recognized "that SCF may have statutory rights stemming from [S]ection 325's provisions on regional health entities 'participating' in the Consortium[.]"[9] The Court reasoned that, to the extent there was a right to information, only SCF's representative on the ANTHC Board would have standing to seek redress.[10]

SCF appealed the Court's decision and argued on appeal that ANTHC infringed on SCF's governance and participation rights under Section 325 by limiting the information available to SCF.[11] The Ninth Circuit Court of Appeals agreed with SCF and reasoned that SCF's role is more than just advisory because Section 325 gives SCF the right to have a representative on ANTHC's Board.[12] The Court of Appeals concluded that SCF had standing to challenge ANTHC's actions and noted that "the right to govern would be a hollow promise absent the information necessary to exercise that right intelligently."[13] The Ninth Circuit reversed the Court's decision to dismiss and remanded the case for further proceedings.[14]

---

[8] Docket 149 at 19.

[9] Docket 149 at 21 (internal quotes not attributed in original)

[10] Docket 149 at 22 ("[T]o the extent that the Directors have rights to information, based on section 325, the Consortium's bylaws, or another source, and believe these rights have been violated, it is the Directors who should seek to vindicate these rights.").

[11] *Southcentral Found.*, 983 F.3d at 417.

[12] *Id*. at 418.

[13] *Id*.

[14] *Id.* at 420.

On remand, ANTHC sought a stay of the proceedings.[15] ANTHC explained that the ANTHC Board had directed ANTHC management to review ANTHC's governance policies and make recommended changes to conform those policies to the Ninth Circuit decision.[16] On July 26, 2021, the Court granted ANTHC's requested stay.[17] Subsequently, on January 7, 2022, the parties filed a Joint Status Report, which, among other things, contained an excerpt from ANTHC's revised Board of Directors Policies & Procedures.[18]

ANTHC's revised Board of Directors Policies & Procedures includes a chapter entitled "Disclosure of Records and Information to Designating Entities."[19] The purpose of this Chapter is to provide guidance to "[Designated] Directors regarding the information they can share with their Designating Entity to allow it to effectively exercise its governance and participation rights under Section 325(b)."[20] "Permitted Recipients" are defined as officers or tribal council members of the Designating Entity, the Board of Directors for the Designating Entity, and the Designating Entity's legal counsel.[21] "[Designated ]Directors may share with Permitted Recipients of their Designating Entities all documents and information they receive as a [Designated] Director, subject to the

---

[15] Docket 287 at 2.
[16] Docket 287 at 3.
[17] Docket 291 at 5.
[18] Docket 313 at 40–43.
[19] Docket 313 at 40–43.
[20] Docket 313 at 40.
[21] Docket 313 at 40.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*          Case No. 3:17-cv-00018-JMK
Order Granting Motion to Enforce                                              Page 4

Case 3:17-cv-00018-SLG     Document 463     Filed 10/09/24     Page 4 of 56

limitations and protections set out . . . below"[22]  However, Designated Directors may only disclose "Protected Information," "in appropriate cases subject to adequate safeguards."[23]

ANTHC further restricts "Highly Sensitive Confidential Information." ("HSCI")[24]  Unlike documents subject to the general rule for disclosure, documents/information that are classified as HSCI generally cannot be shared with Permitted Recipients.[25]  HSCI may fall into one of seven defined categories, including documents or information "subject to attorney-client privilege, attorney work product, or similar protections."[26]  These documents "may only be shared with a Designating Entity if ANTHC and the Designating Entity have an agreement (or agreements) that would preserve the legal protection."[27]  The ANTHC Board may also designate documents/information HCSI if it determines that "other information may not be shared outside of ANTHC, or may require that safeguards be in place prior to sharing."[28]

The parties filed, and the Court issued, a Stipulated Partial Judgment.[29]  The Stipulated Partial Judgment acknowledges that the five-member Executive Committee of the Board of Directors violated SCF's Section 325 rights.[30]  The Stipulated Partial Judgment also contains statements concerning a Designating Entity's participation rights

---

[22] Docket 313 at 40.
[23] Docket 313 at 40.
[24] Docket 313 at 40.
[25] Docket 313 at 41.
[26]  Docket 313 at 41.
[27] Docket 313 at 41.
[28] Docket 313 at 41.
[29] Docket 340.
[30] Docket 340 at ¶ 2.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*
Order Granting Motion to Enforce
Case No. 3:17-cv-00018-JMK
Page 5

Case 3:17-cv-00018-SLG     Document 463     Filed 10/09/24     Page 5 of 56

under Section 325.[31]  The Stipulated Partial Judgment states that Designated Director "has a nearly absolute right to information and documents about ANTHC, subject to limitation only if it can be shown that the Director has an improper motive or intent in asking for the information or documents or would violate the law by receiving the information or documents."[32]  The Stipulated Partial Judgment also explains that "SCF, as a Designating Entity, is entitled to all documents and information it needs to effectively exercise its governance and participation rights."[33]  To accommodate SCF's entitlement to information, the Stipulated Partial Judgment permits SCF's Designated Director to share with SCF documents/information subject to "the procedures and limitations set out in ANTHC's Bylaws, Code of Conduct, and Board Policy on the Disclosure of Records and Information to Designating Entities."[34]  Lastly, the Stipulated Partial Judgment indicates that ANTHC's Bylaws, Code of Conduct, and Board Policy and Procedures on the Disclosure of Records and Information comply with Section 325; however, "SCF expressly reserves the right to make arguments regarding the Reserved Issues, including that ANTHC's interpretation and application of its current governance documents is not in compliance with Section 325 with regard to the Reserved Issues."[35]

Prior to the entry of the Stipulated Partial Judgment, SCF filed a Motion for Summary Judgment ("MSJ") seeking "to restore the transparency and accountability that

---

[31] Docket 340 at ¶¶ 3–8.
[32] Docket 340 at ¶ 5.
[33] Docket 340 at ¶ 6.
[34] Docket 340 at ¶ 6.
[35] Docket 340 at ¶ 7.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*
Order Granting Motion to Enforce
Case No. 3:17-cv-00018-JMK
Page 6

Case 3:17-cv-00018-SLG     Document 463     Filed 10/09/24     Page 6 of 56

Congress mandated in Section 325."[36]  The MSJ explained that ANTHC's President, Andy Teuber, abruptly resigned from ANTHC amidst accusations of gross sexual misconduct.[37] According to the MSJ, ANTHC performed an investigation into the accusations, but prohibited SCF's Designated Director from sharing the findings of that investigation with SCF.[38]  The MSJ argued that SCF should be entitled to documents/information that are necessary to exercise its governance and participation rights even if the documents/information are protected by attorney-client privilege or attorney work product protection.[39]  The Court addressed the MSJ in its 352 Order.

The 352 Order agreed with SCF, in large measure, stating "Section 325 entitles SCF, as a [Designating Entity], to all information it needs to effectively exercise its governance and participation rights, even if that information is protected by the attorney-client privilege."[40]  The 352 Order explained that "SCF has an absolute right to any information that is necessary for SCF to effectively exercise its governance and participation rights."[41]  Lastly, the 352 Order noted that "[n]othing in Section 325 or the Ninth Circuit's opinion would lead the Court to conclude that the Board can limit or curtail a Designating Entity's Section 325 rights by consensus or majority vote, even where the policies appear reasonable and consistent with data governance best practices."[42]

---

[36] Docket 316 at 10.
[37] Docket 316 at 25.
[38] Docket 316 at 27.
[39] Docket 316 at 39–42.
[40] Docket 352 at 28.
[41] Docket 352 at 29.
[42] Docket 352 at 25.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*                    Case No. 3:17-cv-00018-JMK
Order Granting Motion to Enforce                                                                                Page 7
Case 3:17-cv-00018-SLG    Document 463    Filed 10/09/24    Page 7 of 56

The 352 Order outlines a process for a Designating Entity to review documents/information pursuant to its Section 325 rights.[43]  When a Designated Director believes that documents/information are necessary for the Designated Entity to effectively exercise its governance and participation rights, the Designated Director may seek permission to disclose the documents/information through the process outlined in ANTHC's internal governance policies.[44]  The ANTHC Board will review the Designated Director's request and make a determination whether the documents/information are necessary for the Designated Entity to effectively exercise its governance and participation rights.[45]  If the ANTHC Board determines that the documents/information are not necessary for a Designated Entity to exercise its Section 325 rights, the Designated Entity can challenge the ANTHC Board's decision in the courts.[46]

### (B)  SCF Requests Documents/Information from ANTHC

In June  2021, at the direction of the Board of Directors, ANTHC began creating an "Action Plan" ███████████████████████████████████████ ████████████████████████████████████████████████████.[47]  On January 13, 2022, April Kyle, SCF's Designated Director on the ANTHC Board, emailed ANTHC's President/CEO, Valerie Davidson, as well as ANTHC's General Counsel,

---

[43] Docket 352 at 32.
[44] Docket 352 at 32.
[45] *See* Docket 352 at 32.
[46] Docket 352 at 32.
[47] Docket 359 (SEALED) at 34.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*
Order Granting Motion to Enforce
Case No. 3:17-cv-00018-JMK
Page 8

Case 3:17-cv-00018-SLG     Document 463     Filed 10/09/24     Page 8 of 56

Robert Lynch, requesting the Action Plan.[48]  On January 21, 2022, ANTHC responded,

providing a bullet point summary of what would be addressed in the Action Plan.[49]

On January 31, 2022, SCF asked for documents/information relating to

elements of the Action Plan, including complaints, reports, or documents on the following

topics: ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████.[50]  Several

weeks passed without response from ANTHC, prompting SCF to follow up via email on

February 17, 2022.  ANTHC responded to the follow up email on February 24, 2024,

stating the documents/information would be provided "as soon as time allows."[51]  Having

heard nothing from ANTHC, SCF again followed up on March 22, 2022, and again

ANTHC responded that SCF would receive the requested information no later than April

8, 2022.[52]  ANTHC failed to provide the requested information, and on April 8, 2022, told

SCF that ANTHC would "get to it as soon as possible."[53]

On May 13, 2022, ANTHC indicated to SCF that, if the requested documents

were going to be shared with the SCF Board, that "the ANTHC Board would first need to

decide whether to invoke its 'extraordinary circumstances' exception as set out in Section

---

[48] Docket 359 (SEALED) at 34.
[49] Docket 359 (SEALED) at 34.
[50] Docket 359 (SEALED) at 34–35.
[51] Docket 359 (SEALED) at 35.
[52] Docket 359 (SEALED) at 35.
[53] Docket 359 (SEALED) at 35.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*     Case No. 3:17-cv-00018-JMK
Order Granting Motion to Enforce                                        Page 9

Case 3:17-cv-00018-SLG     Document 463     Filed 10/09/24     Page 9 of 56

5.4.1.7 of the ANTHC Board of Directors Policies and Procedures regarding Disclosure of Records and Information to Designating Entities."[54]

On July 22, 2022, the Court issued the 352 Order discussed above. On August 25, 2022, SCF renewed its request for documents/information.[55] On September 9, 2022, ANTHC declined "to provide SCF any documents or information in response to the SCF Board's direct requests" but noted that SCF's Designated Director could make a request to the ANTHC Board of Directors if she believed the documents/information were necessary.[56] During the fall of 2022, the parties exchanged correspondence disputing whether the request for documents/information conformed to the process outlined in the 352 Order and whether ultimately they should be disclosed to SCF.[57]

At the January ANTHC Board meeting, SCF's Designated Director made a motion to permit disclosure of documents/information to SCF.[58] Specifically, SCF sought

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████[59] SCF also asked for ███████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

---

[54] Docket 359 (SEALED) at 35–36.
[55] Docket 359 (SEALED) at 36.
[56] Docket 359 (SEALED) at 49.
[57] Docket 359 (SEALED) at 52–68
[58] Docket 359 (SEALED) at 81.
[59] Docket 359 (SEALED) at 81.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*
Order Granting Motion to Enforce
Case No. 3:17-cv-00018-JMK
Page 10

Case 3:17-cv-00018-SLG     Document 463     Filed 10/09/24     Page 10 of 56

████████████████████████████"[60]  Lastly, SCF sought "access to documents relating to allegations against ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████[61]

SCF's motion was tabled and later discussed at the February ANTHC Board meeting.[62]  SCF's motion underwent several amendments and was passed by the ANTHC Board as Resolution 23-08.[63]  Resolution 23-08 acknowledged that the ANTHC Board must disclose privileged documents/information, even if disclosure would waive the privilege.[64]  The Resolution stated that "the ANTHC Board believes that consistent with its fiduciary obligations to ANTHC it is nonetheless appropriate for it to consider the potential consequences of a loss of privilege and other harms that could result from disclosures."[65]  The ANTHC Board permitted a limited disclosure of the information SCF had sought. Specifically, the ANTHC Board approved oral presentations concerning ██ ████████████████████████████████████████.[66]  However, the ANTHC Board limited those presentations in several ways. ████████████████

████████████████████████████████████████████

---

[60] Docket 359 (SEALED) at 81.
[61] Docket 359 (SEALED) at 81.
[62] Docket 359 (SEALED) at 37.
[63] Docket 359 (SEALED) at 37.
[64] Docket 359 (SEALED) at 84.
[65] Docket 359 (SEALED) at 84.
[66] Docket 359 (SEALED) at 85.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*       Case No. 3:17-cv-00018-JMK
Order Granting Motion to Enforce                                                                   Page 11
Case 3:17-cv-00018-SLG     Document 463     Filed 10/09/24     Page 11 of 56

███████████████████ and withheld 15 documents from being disclosed to SCF.[67]

Similarly, the Board acknowledged that information relating to ███████████ 

███████████ "may be necessary for SCF to exercise its governance and participation

rights," but prohibited disclosure where "doing so could create material risk to ANTHC of

████████████████[68]

### (C)    Current Proceedings

Dissatisfied with the disclosure by ANTHC, on June 29, 2023, SCF filed a

Motion to Enforce Judgment.[69]   The Motion to Enforce asks the Court to find that: (1)

ANTHC cannot withhold information simply because the information would be harmful to

ANTHC; (2) Section 5.4.1.7 of ANTHC's Disclosure Policy violates the 352 Order; and

(3) ANTHC's disclosure to SCF was incomplete and untimely.[70]   ANTHC responds that

ANTHC's policies and disclosure to SCF complies with the 352 Order.[71]   ANTHC further

argues that SCF's failure to request *in camera* review of the withheld documents

demonstrates SCF is not interested in disclosure but is instead attempting to change

ANTHC policies.[72]   In response, SCF requested *in camera* review of the 15 documents that

were withheld by ANTHC.[73]

---

[67]   Docket 359 (SEALED) at 85 ("████████████████████████████████
████████████████████████████████████████████████
████ ").
[68]   Docket 359 (SEALED) at 85.
[69]   Docket 358, 359 (SEALED).
[70]   Docket 359 (SEALED) at 29.
[71]   Docket 372 (SEALED) at 35–40.
[72]   Docket 372 (SEALED) at 24–25.
[73]   Docket 387 (SEALED) at 28, n. 75.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*                     Case No. 3:17-cv-00018-JMK
Order Granting Motion to Enforce                                                                                    Page 12
Case 3:17-cv-00018-SLG       Document 463       Filed 10/09/24       Page 12 of 56

ANTHC also filed a Cross-Motion to Enforce, asking the Court to find that Section 5.4.1.7 of the Disclosure Policy conforms with the 352 Order and to confirm the procedure outlined in the 352 Order.[74] SCF filed a Motion to Strike ANTHC's Cross Motion to Enforce.[75]

On November 17, 2023, the Court heard oral argument concerning the competing motions by the parties.[76] At oral argument, the Court asked the parties if the 352 Order contains a workable standard or should otherwise be modified.[77] Both sides stated that they were not seeking a new standard or otherwise requesting modification to the 352 Order.[78]

To better understand the types of materials ANTHC withheld from SCF, the Court ordered ANTHC to provide the 15 disputed documents for *in camera* review.[79] The Order for *In Camera* Review stated that "if any of the documents contain necessary information for SCF to exercise its governance and participation rights, they may, and will, be disclosed to SCF."[80]

On January 24, 2024, ANTHC filed the 15 documents *ex parte*.[81] That same day, ANTHC filed a Motion to Establish Process for Review.

---

[74] Docket 376 at 1–3.
[75] Docket 389.
[76] Docket 409.
[77] Docket 413 at 5, 49.
[78] Docket 413 at 18, 24, 45, & 49.
[79] Docket 411.
[80] Docket 411 at 5.
[81] Docket 414 (SEALED).

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*       Case No. 3:17-cv-00018-JMK
Order Granting Motion to Enforce       Page 13

Case 3:17-cv-00018-SLG       Document 463       Filed 10/09/24       Page 13 of 56

**(D)**     **Documents Reviewed *In Camera***

The documents reviewed *in camera* are as follows:

[REDACTED]

---

82 Docket 414 (SEALED) at 2.
83 Docket 414 (SEALED) at 2.
84 Docket 414-1 (SEALED).
85 Docket 414-1 (SEALED) at 2–3.
86 Docket 414-1 (SEALED) at 3.
87 Docket 414-1 (SEALED) at 3.
88 Docket 414-1 (SEALED) at 3.
89 Docket 414-1 (SEALED) at 3.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*     Case No. 3:17-cv-00018-JMK
Order Granting Motion to Enforce     Page 14

Case 3:17-cv-00018-SLG     Document 463     Filed 10/09/24     Page 14 of 56

.

[90] Docket 414-1 (SEALED) at 3–4.
[91] Docket 414-1 (SEALED) at 4.
[92] Docket 414-1 (SEALED) at 4
[93] Docket 414-2 (SEALED) at 2.
[94] Docket 414-2 (SEALED) at 2.
[95] Docket 414-2 (SEALED) at 2.
[96] Docket 414-2 (SEALED) at 2.
[97] Docket 414-3 (SEALED) at
[98] Docket 414-3 (SEALED) at 6.



---

[99] Docket 414-3 (SEALED) at 7.
[100] Docket 414-3 (SEALED) at 7.
[101] Docket 414-3 (SEALED) at 6–8.
[102] Docket 414-3 (SEALED) at 7.
[103] Docket 414-4 (SEALED) at 2.
[104] Docket 414-4 (SEALED) at 2.
[105] Docket 414-4 (SEALED) at 2.
[106] Docket 414-4 (SEALED) at 2.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*  Case No. 3:17-cv-00018-JMK
Order Granting Motion to Enforce  Page 16

Case 3:17-cv-00018-SLG  Document 463  Filed 10/09/24  Page 16 of 56



---

107 Docket 414-4 (SEALED) at 3.
108 Docket 414-5 (SEALED) at 2.
109 Docket 414-5 (SEALED) at 4.
110 Docket 414-5 (SEALED) at 4.
111 Docket 414-6 (SEALED) at 2.
112 Docket 414-6 (SEALED) at 4.
113 Docket 414-6 (SEALED) at 5–6.
114 Docket 414-6 (SEALED) at 6–7.
115 Docket 414-6 (SEALED) at 7.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*     Case No. 3:17-cv-00018-JMK
Order Granting Motion to Enforce                                        Page 17

Case 3:17-cv-00018-SLG     Document 463     Filed 10/09/24     Page 17 of 56



---

116 Docket 414-6 (SEALED) at 12.
117 Docket 414-6 (SEALED) at 13.
118 Docket 414-7 (SEALED) at 2.
119 Docket 414-7 (SEALED) at 2.
120 Docket 414-7 (SEALED) at 2.
121 Docket 414-7 (SEALED) at 2.
122 Docket 414-7 (SEALED) at 2–3.
123 Docket 414-7 (SEALED) at 3.
124 Docket 414-7 (SEALED) at 3.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*                    Case No. 3:17-cv-00018-JMK
Order Granting Motion to Enforce                                                                       Page 18

Case 3:17-cv-00018-SLG     Document 463     Filed 10/09/24     Page 18 of 56



---

125 Docket 414-7 (SEALED) at 2.
126 Docket 414-7 (SEALED) at 2.
127 Docket 414-7 (SEALED) at 2.
128 Docket 414-8 (SEALED) at 3.
129 Docket 414-8 (SEALED) at 3.
130 Docket 414-9 (SEALED) at 2.
131 Docket 414-9 (SEALED).

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*     Case No. 3:17-cv-00018-JMK
Order Granting Motion to Enforce     Page 19

Case 3:17-cv-00018-SLG     Document 463     Filed 10/09/24     Page 19 of 56



---
132 Docket 414-9 (SEALED) at 2.
133 Docket 414-10 (SEALED).
134 Docket 414-10 (SEALED) at 3.
135 Docket 414-10 (SEALED) at 2.
136 Docket 414-10 (SEALED) at 3.
137 Docket 414-10 (SEALED) at 3.
138 Docket 414-11 (SEALED) at 2.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*          Case No. 3:17-cv-00018-JMK
Order Granting Motion to Enforce                                             Page 20

Case 3:17-cv-00018-SLG    Document 463    Filed 10/09/24    Page 20 of 56



---

139 Docket 414-11 (SEALED) at 3.
140 Docket 414-11 (SEALED) at 2.
141 Docket 414-11 (SEALED) at 6.
142 Docket 414-11 (SEALED) at 6.
143 Docket 414-11 (SEALED) at 6.
144 Docket 414-11 (SEALED) at 8.
145 Docket 414-12 (SEALED).
146 Docket 414-12 (SEALED) at 2.
147 Docket 414-12 (SEALED) at 3.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*          Case No. 3:17-cv-00018-JMK
Order Granting Motion to Enforce                                              Page 21

Case 3:17-cv-00018-SLG     Document 463     Filed 10/09/24     Page 21 of 56



---

148 Docket 414-12 (SEALED) at 3.
149 Docket 414-13 (SEALED).
150 Docket 414-13 (SEALED) at 2.
151 Docket 414-13 (SEALED) at 2.
152 Docket 414-13 (SEALED) at 2.
153 Docket 414-14 (SEALED) at 2.
154 Docket 414-14 (SEALED) at 3–4.
155 Docket 414-14 (SEALED) at 5.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*       Case No. 3:17-cv-00018-JMK
Order Granting Motion to Enforce                                          Page 22

Case 3:17-cv-00018-SLG    Document 463    Filed 10/09/24    Page 22 of 56

## II. LEGAL STANDARD

### (A) Motion to Enforce

"There is no question that courts have inherent power to enforce compliance with their lawful orders."[156] "Without jurisdiction to enforce a judgment entered by a federal court, the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution."[157] "[B]oth the inherent power of the court to give effect to its own judgment, and the Declaratory Judgment Act would empower the district court to grant supplemental relief, including injunctive relief."[158] However, such supplemental relief, including injunctive relief, is limited because a "court may grant the moving party only that relief to which it is entitled under the original judgment."[159] "If the plaintiff has received all relief required by that prior judgment, the motion to enforce is denied."[160]

### (B) Motion to Strike

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[161] "Under the express language

---

[156] *United States v. Yacoubian*, 24 F.3d 1, 5 (9th Cir. 1994) (quoting *Shillitani v. United States*, 384 U.S. 364, 370, (1966)).

[157] *Peacock v. Thomas*, 516 U.S. 349, 356, (1996) (quoting *Riggs v. Johnson County*, 73 U.S. 166 at 172 (1867) (internal quotation omitted).

[158] *Rincon Band of Mission Indians v. Harris*, 618 F.2d 569, 575 (9th Cir. 1980) (citing *Powell v. McCormack*, 395 U.S. 486 (1969)).

[159] *California by & through Becerra v. United States Dep't of the Interior*, No. C 17-5948 SBA, 2020 WL 13093994, at *3 (N.D. Cal. July 30, 2020) (quoting *State of California v. United States Dep't of Labor*, 155 F. Supp. 3d 1089, 1096 (E.D. Cal. 2016)).

[160] *Id.* (quoting *Heartland Hosp. v. Thompson*, 328 F. Supp. 2d 8, 11 (D.C. Cir. 2004)) (internal quotation omitted).

[161] Fed. R. Civ. P. 12(f).

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*          Case No. 3:17-cv-00018-JMK
Order Granting Motion to Enforce                                                            Page 23

Case 3:17-cv-00018-SLG     Document 463     Filed 10/09/24     Page 23 of 56

of the rule, only pleadings are subject to motions to strike."[162]  However, "[i]t has long been the practice of courts to strike attachments to motions, such as affidavits, that do not comply with the Rules of Procedure or the Rules of Evidence."[163]  This Court routinely adjudicates motions to strike materials that are not contained in the pleadings.[164] "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court."[165]  "Motions to strike are generally disfavored and should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation."[166]

### (C)  Motion for Reconsideration

Reconsideration requires "showing of . . . manifest error of the law or fact; discovery of new material facts not previously available; or intervening change in the law."[167]  Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources."[168]  "[A] party must show more than a disagreement with the Court's decision, and recapitulation of the cases and

---

[162]  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

[163]  *Calkins v. Shapiro & Anderson, L.L.P.*, No. 05-0815-PHX-ROS, 2005 WL 3434718, at *3 (D. Ariz. Dec. 13, 2005).

[164]  *Thorpe v. Bank of Am., N.A.*, No. 3:16-CV-00221-SLG, 2017 WL 7204590, at *3 (D. Alaska Sept. 11, 2017) (citing *Amalgamated Transit Union Loc. 1637 v. Veolia Transp. Servs., Inc.*, No. 2:11-CV-01986-JCM, 2012 WL 5839318, at *1 (D. Nev. Nov. 15, 2012)).

[165]  *United States v. Duran Constr. Co. LLC*, No. 1:22-CV-00091-JMK, 2023 WL 4406277, at *1 (D. Alaska July 7, 2023) (quoting *Romero v. Benavides Income Tax*, No. EDCV 20-1701 JGB (SPx), 2021 WL 4735732, at *2 (C.D. Cal. Jan. 8, 2021)).

[166]  *White v. NYLIFE Sec., LLC*, No. 3:21-CV-00012-TMB, 2022 WL 252363, at *2 (D. Alaska Jan. 27, 2022) (quoting *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004)) (internal quotation omitted).

[167]  Local Civil Rule 7.3(h)(1).

[168]  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quotations omitted).

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*  Case No. 3:17-cv-00018-JMK
Order Granting Motion to Enforce  Page 24

Case 3:17-cv-00018-SLG    Document 463    Filed 10/09/24    Page 24 of 56

arguments considered by the court before rendering its original decision fails to carry the moving party's burden."[169]   Additionally, the three circumstances enumerated in Local Rule 7.3(h)(1) "are the sole grounds for granting a motion for reconsideration; such a motion 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'"[170]

## III.   DISCUSSION

### (A)   SCF's Motion to Enforce

SCF asks the Court to order four things: (1) prohibit ANTHC from invoking state-law fiduciary duties as an excuse to avoid disclosure of information to SCF; (2) find that all documents/information reviewed by the ANTHC Board are inherently necessary for SCF to exercise its Section 325 rights; (3) require ANTHC provide SCF with all documents/information responsive to SCF's outstanding requests; and (4) declare Section 5.4.1.7 of ANTHC's Disclosure Policy violates the 352 Order.[171]   ANTHC responds that SCF's Motion to Enforce should be construed as a motion for reconsideration,[172] that SCF's arguments are precluded by the law of the case doctrine,[173] and that SCF has failed to identify any violations.[174]

---

[169]   *Blakney v. Prasad*, No. 3:18-CV-00098-TMB, 2019 WL 3253961, at *1 (D. Alaska July 19, 2019) (internal quotations and citations omitted).
[170]   *Id.*
[171]   Docket 359 (SEALED) at 23–29.
[172]   Docket 372 (SEALED) at 26–32.
[173]   Docket 372 (SEALED) at 32–33.
[174]   Docket 372 (SEALED) at 33–36.

### (i) Effect of State-Law Fiduciary Duties

SCF argues that the ANTHC Board improperly considered factors beyond whether documents/information were necessary for SCF to exercise its participation governance rights.[175] ANTHC argues that adopting SCF's position would deprive ANTHC's Board of fiduciary oversight.[176]

The Ninth Circuit rejected ANTHC's argument "that Section 325 grants right of governance *only* to [Designated] Directors."[177] The Ninth Circuit concluded that "Section 325 granted SCF governance and participation rights in the management of ANTHC to be exercised through SCF's representative on the Board."[178] Under this reasoning, the participation rights to manage ANTHC through its Board are held by the Designating Entities and exercised through their representatives. It is unclear to the Court what fiduciary obligations a Designated Director has that the Designating Entity would not share, as the Designated Director is simply standing "in the shoes of the designating entity by acting on its behalf."[179]

The 352 Order acknowledges that the right to govern and participate in the management of ANTHC is vested in the Designating Entity. The 352 Order states that ANTHC cannot limit a Designating Entity's entitlement to documents/information rights, even if the limitation "appear[s] reasonable and consistent with data governance best

---

[175] Docket 359 (SEALED) at 23–24.
[176] Docket 372-1 (SEALED) at 29.
[177] *Southcentral Found.*, 983 F.3d at 418 (emphasis in original).
[178] *Id*. at 419.
[179] *Id*. at 418.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*
Order Granting Motion to Enforce
Case No. 3:17-cv-00018-JMK
Page 26

Case 3:17-cv-00018-SLG     Document 463     Filed 10/09/24     Page 26 of 56

practices."[180]  The 352 Order explains that "SCF has an absolute right to any information that is necessary for SCF to effectively exercise its governance and participation rights."[181] Given this language, SCF's absolute right applies even where ANTHC's privilege would be waived by sharing the documents/information with SCF.[182]

When the ANTHC Board passed Resolution 23-08, it considered factors beyond whether the documents/information were necessary for SCF to exercise its participation/governance rights.  Resolution 23-08 specifically states that the ANTHC "Board believes that consistent with its fiduciary obligations to ANTHC it is nonetheless appropriate for it to consider the potential consequences of a loss of privilege and other harms that could result from disclosures."[183]  In fact, Resolution 23-08 restricted disclosure to SCF in meaningful ways by authorizing only "limited disclosure of non-privileged information" and, in one instance prohibiting disclosure of information that "could create material risk to ATNHC of ███████████████████"[184]

Order 352 does not permit the ANTHC Board to consider factors beyond whether the documents/information are necessary for a Designating Entity such as SCF to exercise its governance/participation rights.  As the Court noted during oral argument, "there may be legitimate reasons" for ANTHC to withhold documents/information from SCF.[185]  However, under the 352 Order, "[o]nce that necessity determination is made,

---

[180]  Docket 352 at 25.
[181]  Docket 352 at 29.
[182]  Docket 352 at 28.
[183]  Docket 359 (SEALED) at 84.
[184]  Docket 359 (SEALED) at 85.
[185]  Docket 413 at 49.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*
Order Granting Motion to Enforce
Case No. 3:17-cv-00018-JMK
Page 27

Case 3:17-cv-00018-SLG    Document 463    Filed 10/09/24    Page 27 of 56

there's no more analysis to be conducted."[186]  The Court noted that to permit ANTHC to consider the potential harm  in deciding whether to disclose documents/information to SCF would require the Court to "build in a caveat" into the 352 Order.[187]  Concerned with the rigid standard in the 352 Order, the Court asked if the standard is flawed, unworkable, or pragmatically untenable.[188] ANTHC stated that it does not want the Court to change the 352 Order, therefore the standard in the 352 Order applies here.[189]

The 352 Order does not permit the ANTHC Board to consider anything beyond whether the requested documents/information are necessary for a Designating Entity to exercise its Section 325 rights.  As the 352 Order states, the ANTHC Board cannot "limit or curtail a Designating entity's Section 325 rights by consensus or majority vote, even where the policies appear reasonable and consistent with data governance best practices."[190]  SCF's request that ANTHC be precluded from invoking "state law notions of fiduciary duty to limit SCF's Section 325 rights," is **GRANTED**.  When the ANTHC Board makes determinations concerning whether to share documents/information with a Designating Entity, it must only consider whether the documents/information are necessary for the Designating Entity to exercise its Section 325 rights.

### (ii)  Documents/Information Reviewed by the ANTHC Board

SCF argues that all documents/information provided to the ANTHC Board

---

[186]  Docket 413 at 49.
[187]  Docket 413 at 49.
[188]  Docket 413 at 5.
[189]  Docket 413 at 50.
[190]  Docket 352 at 25.

are necessary for SCF to exercise its Section 325 rights because in SCF's view any "information that ANTHC shares with its own Board [must be] related to governance."[191] ANTHC argues that adopting SCF's position would substantively change the standard set out in Order 352 because it would remove the "necessity" determination from the ANTHC Board and place it in SCF's Designated Director.[192]

The 352 Order empowers the ANTHC Board to decide what is necessary for a Designating Entity to exercise its Section 325 rights after a Designated Director has made a request to disclose the documents/information.[193] Generally, the fact that a document is presented to the ANTHC Board is an indicia that the document is potentially necessary for governance. This is logical as the Board is not likely to review documents/information that do not involve maters of governance or management. However, the fact that a document has been reviewed by the Board is not dispositive of whether it is indeed necessary for governance. To hold otherwise would circumvent the process outlined in the 352 Order and would conflate the ANTHC Board's decision to review documents/information and its decision whether the documents/information are necessary for a Designated Entity to exercise its Section 325 rights. As the Court noted during oral argument, there may be instances where information discussed by the ANTHC Board is not necessary to exercise a Designating Entity's Section 325 rights.[194] Ultimately, the determination of whether information/documents are necessary is one for the ANTHC Board to make after a

---

[191] Docket 359 (SEALED) at 27.
[192] Docket 372-1 (SEALED) at 28–29.
[193] Docket 352 at 29, 32.
[194] Docket 413 at 17.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*
Order Granting Motion to Enforce
Case No. 3:17-cv-00018-JMK
Page 29
Case 3:17-cv-00018-SLG    Document 463    Filed 10/09/24    Page 29 of 56

Designated Director has sought permission to disclose to its Designating Entity.[195]  SCF's request that all documents/information reviewed by the ANTHC Board are inherently necessary for a Designating Entity to exercise its Section 325 rights is **DENIED**.

### (iii)  SCF's Outstanding Requests for Documents/Information

SCF asks the Court to require ANTHC provide to SCF the documents/information that SCF requested at the January ANTHC Board meeting, but that the ANTHC Board ultimately withheld.[196]  SCF requests the disclosure of the 15 specific documents,[197] which the Court reviewed *in camera*,[198] as well as the information ANTHC withheld because it was "harmful, damaging, privileged, or could create material risk."[199] ANTHC argues that SCF does not need the documents/information that ANTHC withheld to exercise its governance rights.[200]

The Court is concerned that its lack of familiarity with the day-to-day issues and operations of ANTHC will complicate its adjudication of what documents/information are necessary for SCF to exercise its Section 325 rights.[201]  Nevertheless, pursuant to the process outlined in the 352 Order if the Court determines that any documents/information are necessary for SCF to exercise its Section 325 rights they will be disclosed to SCF.[202]

---

[195] Docket 352 at 32.
[196] Docket 359 (SEALED) at 28–29.
[197] *See* Docket 359 (SEALED) at 81.
[198] Docket 414.
[199] Docket 359 (SEALED) at 28 (internal quotations omitted).
[200] Docket 372-1 (SEALED) at 22–24.
[201] Docket 413 at 6.
[202] Docket 352 at 29, 32.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*  Case No. 3:17-cv-00018-JMK
Order Granting Motion to Enforce  Page 30
Case 3:17-cv-00018-SLG    Document 463    Filed 10/09/24    Page 30 of 56

There is no doubt that ANTHC001, ANTHC002, ANTHC007, ANTHC 008, ANTHC009, ANTHC010, ANTHC014, ANTHC015, ANTHC016 and ANTHC017 should be disclosed to SCF. Although Mr. Teuber is no longer president of ANTHC,[203] SCF is entitled to review documents that provide insight into ████████████ ██████████████████████████.[204] As the Ninth Circuit reasoned, participation and governance rights without access to necessary information would be a "hollow promise."[205] Therefore, SCF is also entitled to fully review ███████████ █████████████████████████████████████████████████████████ ██████████████████████████████████[206] SCF is entitled to thoroughly review the steps being taken to ████████████████████████ █████████████████.[207] ANTHC shall disclose to SCF ANTHC001, ANTHC002, ANTHC007, ANTHC 008, ANTHC009, ANTHC010, ANTHC014, ANTHC015, ANTHC016 and ANTHC017.

ANTHC001, ANTHC007, ANTHC008, ANTHC014 and ANTHC017 must be disclosed to SCF as they ███████████████████████████████████ ██████████████████████████ These documents obviously

---

[203] Docket 316-10; Docket 316-14; Docket 316-15.

[204] Docket 352 at 29 ("SCF has an absolute right to any information that is necessary for SCF to effectively exercise its governance and participation rights.")

[205] *Southcentral Found.*, 983 F.3d at 419.

[206] Docket 352 at 29 ("SCF has an absolute right to any information that is necessary for SCF to effectively exercise its governance and participation rights.")

[207] Docket 352 at 29 ("SCF has an absolute right to any information that is necessary for SCF to effectively exercise its governance and participation rights.")

[208] Docket 414 (SEALED); Docket 414-5 (SEALED); Docket 414-6 (SEALED); Docket 414-11 (SEALED); Docket 414-14.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*      Case No. 3:17-cv-00018-JMK
Order Granting Motion to Enforce      Page 31

Case 3:17-cv-00018-SLG      Document 463      Filed 10/09/24      Page 31 of 56

implicate governance issues because they describe ███████████████████████
█████████████.[209]

████████████████████████████████ ███████████████████

███████████████████████████████████████████████████████

████████████████████ █████████████████████████████████████

███████████████████████████████████████████████████████

███████████ █ ████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████ █ ████████████████████████████████████████████████████

██████████ █ ██████████████████████████████████████████████

███████████████████████████████████████████ █

Similarly, ANTHC009, ANTHC010, ANTHC015, and ANTHC016 indicate

that ███████████████████████████████████████████████████

████████████████████ █ █████████████████████████████████

███████████████████████████████████████████████████████

[209] Docket 414; Docket 414-5 (SEALED); Docket 414-6 (SEALED) & Docket 414-11 (SEALED).
[210] Docket 414-6 (SEALED) at 12.
[211] Docket 414-6 (SEALED) at 7, 12–13.
[212] Docket 414-6 (SEALED) at 12.
[213] Docket 414-11 (SEALED) at 6.
[214] Docket 414-11 (SEALED) at 8.
[215] Docket 414-7 (SEALED); Docket 414-8 (SEALED); Docket 414-12 (SEALED); Docket 414-13 (SEALED).

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*  Case No. 3:17-cv-00018-JMK
Order Granting Motion to Enforce  Page 32

Case 3:17-cv-00018-SLG    Document 463    Filed 10/09/24    Page 32 of 56



Because these documents

---

[216] Docket 414-7 (SEALED) at 2–3.

[217] Docket 414-7 (SEALED) at 3.

[218] Docket 414-8 at 2 ⬛ ; Docket 414-12 at 2–3 ⬛ )

[219] Docket 414-12 (alleging that ⬛ .)

[220] 414-7 at 3 (indicating that ⬛ ); 414-8 at 3 (" ⬛ "); Docket 414-12 at 3 (" ⬛ "); Docket 414-13 (alleging ⬛ ).

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*
Case No. 3:17-cv-00018-JMK
Order Granting Motion to Enforce
Page 33

Case 3:17-cv-00018-SLG    Document 463    Filed 10/09/24    Page 33 of 56

provide insight into ████████████ at ANTHC they also contain necessary

information for SCF to exercise its Section 325 rights.

Additionally, ███████████████████████

████████████████████████████████

████████████████████ █████████████████

████████████████████████████████

███████ ██ █████████████████████████

██████████████ ██ █████████████████

███████████ ██ ████████████████████

███████████████████ ██ █████████████

████████████████████████████████

████████████████████████████████

███████████ ██

The governance issues at ANTHC were not limited to ██████████████

ANTHC006 and ANTHC017 indicate that █████████████████

████████████████████████████████

████████████████████████████ ██ █

---

[221] Docket 414-12 (SEALED) at 3.
[222] Docket 414-2 (SEALED) at 2.
[223] Docket 414-2 (SEALED) at 2.
[224] Docket 414-14 (SEALED) at 2.
[225] Docket 414-14 (SEALED) at 2.
[226] Docket 414-12 (SEALED) at 3.
[227] Docket 414-4 (SEALED) at 2.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*
Order Granting Motion to Enforce
Case No. 3:17-cv-00018-JMK
Page 34

Case 3:17-cv-00018-SLG    Document 463    Filed 10/09/24    Page 34 of 56

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████ ██ ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████ ██ ███████████████████████████████

██████████████████████████████████████████████ █

These allegations strike at the heart of ANTHC governance. ████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████ SCF is entitled to be fully informed of those occurrences.[231]

Alternatively, assuming *arguendo* that ████████ allegations are false, SCF is entitled to

all information related to the investigations that ultimately debunked those allegations.[232]

ANTHC shall disclose to SCF ANTHC006 and shall supplement the disclosure with any

other documents/information concerning allegations that ██████████████████████

███████████████████████████████████ as well as any past or present allegations against

██████████████████████████████ .

---

[228] Docket 414-4 (SEALED) at 2.
[229] Docket 414-4 (SEALED) at 3.
[230] Docket 414-7 (SEALED) at 3.t
[231] Docket 352 at 29.
[232] Docket 352 at 29.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*     Case No. 3:17-cv-00018-JMK
Order Granting Motion to Enforce     Page 35
Case 3:17-cv-00018-SLG     Document 463     Filed 10/09/24     Page 35 of 56



The Court has already determined that SCF is entitled to ANTHC017 based on its inclusion of information concerning ████████████████████ ████████████. SCF is entitled to information regarding ████████████████ ████████████████████.[236] SCF is entitled to information regarding ████████████████████████████████████████████████.[237]

Apart from the allegations discussed above, ANTHC002 also contains descriptions████████████████████████████████████████.[238] The author alleges that ████████████████████████████ ████████████████████████████████████████.[239] ████████████████████████████████████████

---

233 Docket 414-14 (SEALED) at 4.
234 Docket 414-14 (SEALED) at 4–5.
235 Docket 414-14 (SEALED) at 2.
236 Docket 352 at 29.
237 Docket 352 at 29.
238 Docket 414-1 (SEALED) at 3.
239 Docket 414-1 (SEALED) at 3.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*
Order Granting Motion to Enforce
Case No. 3:17-cv-00018-JMK
Page 36

Case 3:17-cv-00018-SLG    Document 463    Filed 10/09/24    Page 36 of 56

 SCF's

information rights under Section 325 entitle it to information regarding how ANTHC management conducts performance evaluations, the feedback management is willing to provide to employees, how employee incentive programs are administered, and how HR policies are administered.[244]  SCF may wish to provide suggestions concerning employee performance reviews and incentives to better facilitate employee retention and growth at ANTHC.  Such suggestions by SCF, or any other Designating Entity, are unquestionably within its participation rights, and thus require disclosure of ANTHC002 among other things to inform SCF of the management practices at ANTHC.[245]

SCF's right to participate in ANTHC includes the right to perform oversight to ensure that ANTHC is complying with ██████ requirements.[246] ███████████████

████████████████████████████████████████

---

240 Docket 414-1 (SEALED) at 3.
241 Docket 414-1 (SEALED) at 3–4.
242 Docket 414-1 (SEALED) at 4.
243 Docket 414-1 (SEALED) at 2
244 Docket 352 at 29.
245 Docket 352 at 29.
246 Docket 352 at 5 ("by its plain language, Section 325 confers to SCF and the other RGEs governance and participation rights in ANTHC.")



Information regarding ANTHC's failure to comply with ███████ requirements triggers SCF's right to review such information so that SCF can offer

---

247 Docket 414-3 (SEALED) at 6.
248 Docket 414-3 (SEALED) at 7.
249 Docket 414-3 (SEALED) at 7.
250 Docket 414-3 (SEALED) at 7.
251 Docket 414-3 (SEALED) at 7 (internal quotation omitted).
252 Docket 414-3 (SEALED) at 4.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*
Order Granting Motion to Enforce
Case No. 3:17-cv-00018-JMK
Page 38

Case 3:17-cv-00018-SLG    Document 463    Filed 10/09/24    Page 38 of 56

suggestions on how to prevent this type of action in the future.[253] Similarly, █████

████████████████████████████████████ implicate SCF's right to participate in

ANTHC.[254] SCF may wish to make suggestions regarding ████████████████

███████.[255] SCF is entitled to review all information concerning ████████████████

████████████████████████████.[256]

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████"[257] Again, this triggers SCF's governance and participation rights.[258]

SCF is entitled to provide input regarding if or how ████████████████████████

███████.[259] SCF is also entitled to information regarding the issues that caused █████████

██████████████████.[260] ANTHC shall disclose ANTHC005 to SCF.

The remaining two documents, ANTHC012 and ANTHC013, must be

disclosed because they relate to ████████████████████████████████████

████████[261] Much of what ████████ wrote in these documents does not have any bearing

on SCF's governance and participation rights in ANTHC.[262] However, some of what ██



---

[253] Docket 352 at 29.
[254] Docket 352 at 5 ("[B]y its plain language, Section 325 confers to SCF and the other RGEs governance and participation rights in ANTHC.").
[255] Docket 352 at 5.
[256] Docket 352 at 29.
[257] Docket 414-3 (SEALED) at 4.
[258] Docket 352 at 5.
[259] Docket 352 at 5.
[260] Docket 352 at 29.
[261] Docket 414-9 (SEALED) at 2; Docket 414-10 (SEALED).
[262] Docket 414-9 (SEALED) at 2–3 (describing ███████████████████████████
█████████████████████████).

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*
Order Granting Motion to Enforce
Case No. 3:17-cv-00018-JMK
Page 39

Case 3:17-cv-00018-SLG   Document 463   Filed 10/09/24   Page 39 of 56



wrote does implicate SCF's rights under Section 325.  For example, ███

Therefore, ANTHC shall disclose ANTHC012 and ANTHC013 to SCF.

ANTHC shall disclose all of the documents reviewed *in camera* and shall supplement as necessary to comply with the directions above.

In addition to withholding specific documents, Resolution 23-08 also curtailed the information presented to the SCF Board.  These limitations included: (1) prohibiting disclosure of "privileged information about ██████████ ███████████" (2) prohibiting disclosure by ██████████ "whether privileged or non-privileged, if doing so could create material risk to ANTHC of ████ ██████████ (3) precluding disclosure of the names of ██████████ who were accused of misconduct.

---

263  Docket 414-10 (SEALED) at 2.
264  Docket 414-10 (SEALED) at 3.
265  Docket 414-10 (SEALED) at 3.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*          Case No. 3:17-cv-00018-JMK
Order Granting Motion to Enforce                                                                    Page 40

Case 3:17-cv-00018-SLG          Document 463          Filed 10/09/24          Page 40 of 56

First, ANTHC withheld privileged information regarding ███████ ███████████████████████████████████ to "reduce the risks to ANTHC."[266] The fact that the ANTHC Board authorized █████ to disclose non-privileged information indicates the Board believes that in-formation surrounding █████████████████████ ████████ was necessary for SCF to exercise its Section 325 rights. The Court agrees that information related ████████████████ is necessary for SCF to exercise its Section 325 rights. Based on the contents of the documents reviewed *in camera*, as well as previous filings and publicly available information, there was █████████████████████ ████████████████.[267] The ANTHC Board's decision to prohibit disclosure of privileged information was not based on whether the privileged information was necessary for a Designating Entity to exercise its Section 325 rights, but instead was based entirely on reducing the potential harm to ANTHC.[268] In fact, Resolution 23-08 states that, if the potential harm to ANTHC abates, the ANTHC Board would re-consider and potentially disclose the privileged information related to █████████████████.[269]

As discussed above, the standard is whether the documents/information are necessary for a Designating Entity to exercise its Section 325 rights.[270] If the



---

[266] Docket 359 (SEALED) at 85.

[267] *See generally* Docket 416 (documents reviewed *in camera* containing ████████████████████████████████); *see also* Docket 316-14 and Docket 316-15.

[268] Docket 359 (SEALED) at 85–86 ("████████████████████████████████████████████████████████████████").

[269] Docket 359 (SEALED) at 85–86.

[270] Docket 352 at 28.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*
Order Granting Motion to Enforce
Case No. 3:17-cv-00018-JMK
Page 41

Case 3:17-cv-00018-SLG    Document 463    Filed 10/09/24    Page 41 of 56

documents/information are necessary for a Designating Entity to exercise its Section 325 rights, they must be disclosed to the Designating Entity without regard for potential harm to ANTHC. As discussed above, there will likely be instances where information is both necessary for a Designating Entity to exercise its Section 325 rights and is also damaging to ATNHC. Nevertheless, the disclosure of such documents/information is mandatory under the 352 Order.[271]

Here, information regarding ███████████████ was unlawfully withheld from SCF. Because the information regarding ███████████ is necessary for SCF to exercise its Section 325 rights, ANTHC will supplement the previous disclosure. ANTHC will pay for any costs associated with this supplemental disclosure, including, but not limited to, the cost for ██████ to present to the SCF Board. This presentation will take place after SCF has reviewed the 15 documents that ANTHC will disclose to SCF "so that the SCF Board may make informed inquiries of . . . ██████."[272] During his presentation to SCF, ██████ shall not be prohibited from discussing any aspect of ███████████ based on privilege or potential harm to ANTHC.

Second, Resolution 23-08 permitted a limited disclosure to the SCF Board concerning ██████████████████████.[273] Resolution 23-08 prohibited disclosure by ██████ of information "whether privileged or non-privileged, if doing so could create material risk to ANTHC of █████████████."[274]

---

[271] Docket 352 at 28.
[272] Docket 359 (SEALED) at 81.
[273] Docket 359 (SEALED) at 85.
[274] Docket 359 (SEALED) at 85.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*
Order Granting Motion to Enforce
Case No. 3:17-cv-00018-JMK
Page 42

Case 3:17-cv-00018-SLG     Document 463     Filed 10/09/24     Page 42 of 56

Resolution 23-08 indicates that the ANTHC Board believes the information related to █████ ██████████████████████ is likely necessary for a Designating Entity to exercise its Section 325 rights.[275]   Again, Resolution 23-08 limited disclosure to SCF based on the potential harm to ANTHC and not whether the information was necessary for SCF to exercise its Section 325 rights.[276]  This limitation was impermissible under the 352 Order. For SCF to intelligently exercise its governance and participation rights in ANTHC, it must be informed of the issues ANTHC is facing.  For example, Resolution 23-08 alludes to future potential ███████████████████████ against  ANTHC.[277]    Potential ████████ ████████████████ against  ANTHC  strongly  implicates  ANTHC  governance.  As ANTHC navigates the circumstances that give rise to potential ███████████████████ ████, the Designating Entities must be fully informed on those circumstances so they can participate effectively to guide ANTHC. Therefore, SCF is entitled to review any and all information related to potential ████████████████████ against ANTHC.  Because the ANTHC Board impermissibly limited disclosure ███████████████████████ ████████████████████, ANTHC must pay all costs required to supplement the disclosure.  This may include, but is not limited to, paying for ██████████ to provide a

[275] Docket 359 (SEALED) at 85 (█████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████).
[276] Docket 359 (SEALED) at 85 ("█████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
██████████████").
[277] Docket 352 at 85.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*          Case No. 3:17-cv-00018-JMK
Order Granting Motion to Enforce                                             Page 43

Case 3:17-cv-00018-SLG     Document 463     Filed 10/09/24     Page 43 of 56

second presentation to the SCF Board, where she may discuss ███████████ without the restrictions placed on her by Resolution 23-08.

Third, with respect to alleged misconduct by ███████████████, Resolution 23-08 prohibited disclosure of the names of the accused ████████.[278] Resolution 23-08 reasoned that because allegations of misconduct by ████████████ ████████████████████████████ accused of misconduct ████████████████████████ should not be disclosed.[279] Resolution 23-08 explained that "dissemination of unsubstantiated allegations could unfairly prejudice the individuals against whom the allegations were made."[280]

The Court disagrees with Resolution 23-08. ANTHC's Designating Entities are entitled to *all* information they need to effectively exercise their governance and participation rights. When accusations of misconduct are levied against ANTHC ██████ ██████████████, ANTHC's Designating Entities are entitled to information concerning those accusations, as well as ██████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████

---

278 Docket 359 (SEALED) at 85.
279 Docket 359 (SEALED) at 85.
280 Docket 359 (SEALED) at 85.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*          Case No. 3:17-cv-00018-JMK
Order Granting Motion to Enforce                                              Page 44
Case 3:17-cv-00018-SLG    Document 463    Filed 10/09/24    Page 44 of 56



███████████████████ SCF cannot reasonably exercise its governance and participation rights over ANTHC if the contours of ██████ ████████ are withheld. After reviewing, in detail, ██████████████████, it may be that SCF agrees that the allegations against ██████████████████ ████████████. Alternatively, after reviewing, in detail, ████████ ████████, it may be that SCF can point to █████████ deficiencies that it believes ought to be addressed. SCF is entitled to the documents/information relating to accusations against ████████████████████ because they are necessary for SCF to effectively exercise its Section 325 rights.

ANTHC will supplement its disclosure to the Permitted Recipients at SCF. The Disclosure will include any accusations of misconduct against █████████████ ████████████ and explain the steps taken to determine whether those accusations were legitimate. The 352 Order notes that information shared to a Designating Entity, depending on the circumstances, may be subject to the Permitted Recipients' "agreement to keep ANTHC documents and information confidential."[282] The Permitted Recipients shall keep confidential all documents/information disclosed pursuant to this Order. This ameliorates ANTHC's concern that current ANTHC Board members will be unfairly prejudiced by the disclosure of the accusations against them.

SCF's request for Court to require ANTHC provide to SCF the documents/information that SCF has requested including: the 15 documents reviewed *in*

---

[281] Docket 427 (SEALED) at 32.
[282] Docket 352 at 33.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*      Case No. 3:17-cv-00018-JMK
Order Granting Motion to Enforce                                          Page 45

Case 3:17-cv-00018-SLG      Document 463      Filed 10/09/24      Page 45 of 56

*camera*, a supplemental presentation by ████████████ supplemental presentation ████

████ is **GRANTED**. ANTHC shall disclose to SCF the 15 documents reviewed *in camera* within fourteen days of the issuance of this Order. ANTHC shall disclose the 15 documents in the same form as they were provided to the Court, without any additional redactions or modifications.[283] ANTHC shall coordinate with SCF to provide the supplemental presentations by ████████████████ after SCF has had an opportunity to review the 15 documents, and ANTHC shall bear any costs associated with the supplemental presentations.

### (iv) Section 5.4.1.7 of ANTHC's Disclosure Policy

SCF argues that Section 5.4.1.7 of ANTHC's Disclosure Policy permits ANTHC to withhold information from SCF despite that information being necessary for SCF to exercise its governance/participation rights.[284] ANTHC responds that the ANTHC Board "must retain its ability to exercise fiduciary judgment in extraordinary circumstances" and that SCF cannot challenge Section 5.4.1.7 because the 352 Order held that "the parties agreed that the latest version of ANTHC's policies [including Section 5.4.1.7] conform with Section 325."[285]

---

[283] ANTHC003 states ████████████████████████████████████

████████ Docket 414-2 (SEALED) at 1. ANTHC cannot produce what it never received, and thus cannot provide a version of ANTHC003 that does not contain redactions. There is no issue with ANTHC disclosing to SCF ANTHC003 in the form that ANTHC provided ANTHC003 to the Court. This instruction is only meant to indicate that ANTHC may not make any additional redactions or modifications.

[284] Docket 359 (SEALED) at 24.

[285] Docket 372-1 (SEALED) at 31 (quoting Docket 352 at 17) (internal quotation omitted).

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*
Order Granting Motion to Enforce
Case No. 3:17-cv-00018-JMK
Page 46

Case 3:17-cv-00018-SLG    Document 463    Filed 10/09/24    Page 46 of 56

The 352 Order prohibits the ANTHC Board from limiting or curtailing SCF's "Section 325 rights by consensus or majority vote, even where the policies appear reasonable and consistent with data governance best practices."[286]

ANTHC's Disclosure Policy provides a general rule that "Directors may share with Permitted Recipients of their Designating Entities all documents and information they receive as Director," subject to the limitations outlined under the subheading "Protected Information."[287] Under the umbrella of "Protected Information" is Section 5.4.1, which classifies some "Protected Information," as "Highly Sensitive Confidential Information," ("HSCI").[288] Unlike documents subject to ANTHC's general rule which permits disclosure by a Designated Director to their Designating Entity, HSCI generally cannot be shared or disclosed without approval by the ANTHC Board.[289] Section 5.4.1 of ANTHC's Disclosure Policy contains several subcategories of what types of information are classified as HSCI, and therefore cannot be shared with Designating Entities.[290] Among the subcategories is Section 5.4.1.7, which is a catchall, enabling the ANTHC Board to determine that "other information may not be shared outside of ANTHC."[291]

---

[286] Docket 352 at 25.
[287] Docket 316-5 at 2.
[288] Docket 316-5 at 3.
[289] Docket 316-5 at 3.
[290] Docket 316-5 at 3.
[291] Docket 316-5 at 3.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*                    Case No. 3:17-cv-00018-JMK
Order Granting Motion to Enforce                                                                          Page 47
Case 3:17-cv-00018-SLG     Document 463     Filed 10/09/24     Page 47 of 56

The Court is not persuaded by ANTHC's arguments. First, the 352 Order expressly prohibits what Section 5.4.1.7 enables.[292] Under the 352 Order, the ANTHC Board cannot limit or curtail SCF's absolute right to information even by majority vote and in situations "where the policies appear reasonable and consistent with data governance best practices."[293] Section 5.4.1.7 enables the ANTHC Board to, by majority vote, limit the information that ANTHC must share with its Designating Entities, which is prohibited by the 352 Order.[294] Section 5.4.1.7 is essentially the type of caveat to the 352 Order discussed by the Court during oral argument.[295] ANTHC responded to the Court's statement and indicated on record they were not seeking to change the 352 Order.[296]

Second, ANTHC's argument that SCF is precluded from challenging ANTHC's Disclosure Policy because the 352 Order held that "the parties agreed that the latest version of ANTHC's policies conform with Section 325" is similarly unpersuasive.[297] The 352 Order considered ANTHC's nearly identical argument (that SCF could not challenge ANTHC's policies because the settlement agreement, memorialized

---

[292] ANTHC attempts to argue that Section 5.4.1.7 does not change the necessity standard, but instead only changes what entity is empowered to apply that standard. *See* Docket 372 (SEALED) at 35–36. ANTHC's labored interpretation of Section 5.4.1.7 is unsupported by the language found in Section 5 of the Disclosure Policy. For example, HSCI is defined as information "which generally may not be shared even with Permitted Recipients." *See* Docket 316-5 at 2. Section 5.4.1 prohibits documents/information from being shared with Designating Entities without Board approval. *See* Docket 316-5 at 2. The Disclosure Policy does not elaborate what the Board considers when determining whether to share information with a Designating Entity, noticeably absent from the Disclosure Policy is any reference to the standard ANTHC claims applies. *See* Docket 316-5 at 2–4.

[293] Docket 352 at 25.

[294] Docket 352 at 25.

[295] Docket 413 at 49.

[296] Docket 413 at 50.

[297] Docket 372-1 (SEALED) at 31 (quoting Docket 352 at 17) (internal quotation omitted).

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*   Case No. 3:17-cv-00018-JMK
Order Granting Motion to Enforce                                        Page 48

Case 3:17-cv-00018-SLG    Document 463    Filed 10/09/24    Page 48 of 56

by the Stipulated Partial Judgment, and stated that ANTHC's current policies conform to Section 325).[298]  As the Court previously stated,

> The Court finds that there is an inherent tension in the parties' settlement agreement that the Court adopted as Partial Judgment in this case.  The parties both agreed that the current versions of ANTHC's Bylaws, Disclosure of Records and Information Policy, and Code of Conduct both conformed with Section 325 while reserving the right to make arguments that policies underlying the Reserved Issues were not in compliance with Section 325.  To resolve the tension, the Court interprets the relief SCF seeks, including that SCF's Designated Director should determine what documents and information it can share with SCF, as within the scope of the Reserved Issues. . . Thus, SCF has reserved the right to challenge ANTHC's policies as they relate to the application of the attorney-client privilege, including the common-interest doctrine, who at SCF can receive information regarding ANTHC, and the scope of the documents and information Designated Directors may share. For this reason, the Court determines that SCF has neither breached its Agreement nor should be judicially estopped from challenging ANTHC's policies as it has.[299]

The same reasoning applies to SCF's current motion.  The Court finds that the issues SCF expressly reserved provide an avenue to challenge ANTHC policies that do not conform to the 352 Order.[300]  Furthermore, the 352 Order states that "Section 325 entitles SCF to all documents/information that are necessary to exercise these rights. Any ANTHC policy to the contrary violates Section 325 and shall be amended."[301]  SCF has an "absolute right" to the information necessary for it to effectively exercise its governance/participation rights in ANTHC.[302]  The 352 Order required ANTHC to amend

---

[298]  Docket 352 at 23–24.
[299]  Docket 352 at 24–25.
[300]  Docket 352 at 17 (citing Docket 340 at 4).
[301]  Docket 352 at 33.
[302]  Docket 352 at 29.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*          Case No. 3:17-cv-00018-JMK
Order Granting Motion to Enforce                                                                    Page 49
Case 3:17-cv-00018-SLG     Document 463     Filed 10/09/24     Page 49 of 56

any policies that violate SCF's right.[303]  The Court finds that enforcing the express language in the 352 Order is entirely appropriate and not foreclosed by parties' stipulation.

SCF's request concerning Section 5.4.1.7 is **GRANTED**.  Because Section 5.4.1.7 of ANTHC's Disclosure Policy permits the ANTHC Board to improperly curtail a Designating Entity's Section 325 rights, the Court orders the ANTHC Board amend its Disclosure Policy and remove Section 5.4.1.7.  The Court also notes that Section 5.4.1.1 of the Disclosure Policy classifies "[i]nformation and documents subject to attorney-client privilege, attorney work product, or similar legal protections" as HSCI and prevents disclosure to a Designating Entity unless an agreement can be reached "that would preserve the legal protection."[304]  This limitation is incompatible with the 352 Order, which held that ANTHC cannot withhold information to avoid waiving attorney client privilege.[305]  ANTHC is hereby ordered to remove Section 5.4.1.1 of the Disclosure Policy.

### (B)  SCF's Motion to Strike

SCF argues that the 352 Order did not order SCF to do anything and therefore the 352 Order cannot be enforced against SCF.[306]  ANTHC points to this Court's ruling in *United States v Sullivan* and *White v NYLIFE Securities* LLC. for the proposition that parties should file responses rather than motions to strike and that motions to strike are generally disfavored.[307]

---

[303]  Docket 352 at 33.
[304]  Docket 316-5 at 3.
[305]  Docket 352 at 28, 33.
[306]  Docket 389 at 2.
[307]  Docket 392 at 2–3.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*  Case No. 3:17-cv-00018-JMK
Order Granting Motion to Enforce  Page 50
Case 3:17-cv-00018-SLG    Document 463    Filed 10/09/24    Page 50 of 56

The Court agrees with ANTHC. As this Court stated in *Sullivan*, "motions to strike should rarely be filed. If there is a defect in an underlying motion, the proper approach is to point out the defect in a response to the motion."[308] While there are instances where a motion to strike would be appropriate, the Court finds that this is not one of them. ANTHC's Motion is not so far off base that it could "have no possible bearing on the subject of the litigation."[309] The Court **DENIES** SCF's Motion to Strike.

### (C)  ANTHC's Cross-Motion to Enforce

ANTHC essentially asks the Court for a declaration that its governing policies conform with Section 325 and the 350 Order.[310] ANTHC also asks the Court to confirm the applicable standard and procedure for determining what documents/information should be shared with SCF.[311] Lastly, ANTHC asks the Court to find that SCF has not properly challenged a decision by the ANTHC Board.[312]

As discussed above, several portions of ANTHC's Disclosure Policy do not conform with the Section 325 rights recognized in the Court's 352 Order. Therefore, ANTHC's first request is **DENIED**. It is unclear what relief ANTHC is seeking in its request for the Court to confirm the applicable standard and procedure for determining what documents/information should be shared with SCF. This Order as well as the 352

---

[308]  *United States v. Sullivan*, No. 3:07-CR-00134-JWS, 2008 WL 11424234, at *1 (D. Alaska Jan. 14, 2008).

[309]  *White v. NYLIFE Sec., LLC*, No. 3:21-CV-00012-TMB, 2022 WL 252363, at *2 (D. Alaska Jan. 27, 2022) (quoting *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004)) (internal quotation omitted).

[310]  Docket 376 at 1–2.

[311]  Docket 376 at 2.

[312]  Docket 376 at 2.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*          Case No. 3:17-cv-00018-JMK
Order Granting Motion to Enforce                                             Page 51

Case 3:17-cv-00018-SLG     Document 463     Filed 10/09/24     Page 51 of 56

Order provide that information.  Therefore, ANTHC's second request is **DENIED** as moot.

Lastly, the Court disagrees with ANTHC's characterization.  SCF's Motion to Enforce at

Docket 359 challenged the ANTHC Board's decision to withhold documents from SCF.[313]

As discussed above, the Court finds in favor of SCF and has ordered ANTHC to promptly

provide the documents/information withheld from SCF.  Therefore, ANTHC's request is

**DENIED**.

ANTHC's Cross-Motion to Enforce is **DENIED** in its entirety.

### (D)    ANTHC's Motion to Establish Process for Review

ANTHC argues that SCF's request for *in camera* review was procedurally

improper because it was raised in a reply brief, which deprived ANTHC the opportunity to

respond.[314]  ANTHC states that it "does not understand this Court's order regarding *in*

*camera* review (Order) to change the legal standard to be applied or the process for seeking

judicial review."[315]  ANTHC alleges that the Court failed to consider a necessary factor

under relevant case law when deciding to perform *in camera* review.[316]

"Courts routinely look to the substance of [a] motion rather than how it is

styled in determining the standard to apply."[317]  ANTHC's Motion to Establish Procedure,

is clearly a Motion for Reconsideration.  It asks the Court to reconsider its Order for *In*

---

[313] Docket 359 (SEALED) at 29.
[314] Docket 417 at 1–3.
[315] Docket 417 at 3.
[316] Docket 417 at 5.
[317] Docket 372-1 (SEALED) at 26 (citing *Lam Rsch. Corp. v. Schunk Semiconductor*, 65
F. Supp. 3d 863, 869 (N.D. Cal. 2014); see generally *Watkins v. Westinghouse Hanford Co.*, 12
F.3d 1517, 1528 n.5 (9th Cir. 1993) (courts "look[] to the substance of the remedy sought . . . rather
than the label placed on that remedy")).

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*          Case No. 3:17-cv-00018-JMK
Order Granting Motion to Enforce                                             Page 52

Case 3:17-cv-00018-SLG     Document 463     Filed 10/09/24     Page 52 of 56

*Camera* Review, stating that the Court failed to apply the correct standard, and that ANTHC was deprived of the proper opportunity to respond to SCF in the first instance.

Motions for reconsideration are limited to five pages and must be filed within seven days of the entry of the order for which the motion is seeking reconsideration.[318] The Court issued its Order for *In Camera* Review on January 8, 2024.[319] ANTHC filed its 20-page Motion on January 24, 2024.[320] ANTHC's Motion is untimely and overlength.

ANTHC's Motion is an attempt to re-litigate issues already briefed by the parties. ANTHC claims that it was deprived of the opportunity to respond to SCF's request for *in camera* review.[321] This is not accurate. As the Court previously noted, ANTHC was the party who first raised the issue of *in camera* review.[322] SCF replied to ANTHC's argument by requesting review, and ANTHC argued against SCF's request.[323] The Court carefully considered ANTHC's arguments against *in camera* review and ruled in SCF's favor.[324] ANTHC asks the Court for an opportunity to explain why the 15 documents withheld by ANTHC were not actually necessary for SCF to effectively exercise its Section 325 rights.[325] Those documents have been in dispute since SCF moved to enforce the 352

---

[318] L.Civ.R. 7.3(h).

[319] Docket 411.

[320] Docket 417.

[321] Docket 417 ("Had SCF made a procedurally proper motion for in camera review, ANTHC would have had the opportunity to address the appropriate standard and process for such review in its response. Because SCF did not do so, ANTHC requests the opportunity to address those issues now.").

[322] Docket 411 at 3.

[323] Docket 395 at 4–6.

[324] *See generally* Docket 411.

[325] Docket 417 at 3.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*
Order Granting Motion to Enforce
Case No. 3:17-cv-00018-JMK
Page 53

Case 3:17-cv-00018-SLG    Document 463    Filed 10/09/24    Page 53 of 56

Order.[326]    ANTHC could have argued why those documents are not necessary in its Opposition to SCF's Motion to Enforce, or during the briefing for its own Cross-Motion to Enforce, but chose not to.  ANTHC's Motion is **DENIED**.

### (E)    Future Proceedings

To assist the parties and streamline the just and efficient resolution of future disputes, the Court will clarify the procedure outlined in the 352 Order.  When a Designated Director believes that documents/information are necessary for the Designating Entity to effectively exercise its governance and participation rights, the Designated Director may seek permission to disclose the documents/information through the process outlined in ANTHC's internal governance policies.[327]  This request by a Designated Director will create a presumption that the documents/information are necessary for the Designating Entity to exercise its Section 325 rights.

Next, the ANTHC Board will review the Designated Director's request.  If the ANTHC Board agrees with the Designated Director's request, then the documents/information will be disclosed to the Designating Entity.  If the ANTHC Board disagrees, it will provide a reasoned explanation why it believes that the documents/information are not necessary for the Designating Entity to exercise its Section 325 rights.[328]

If the Designating Entity disagrees with the reasoned explanation provided

---

[326] Docket 359 (SEALED) at 29.
[327] Docket 352 at 32.
[328] Docket 352 at 32.

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*
Order Granting Motion to Enforce
Case No. 3:17-cv-00018-JMK
Page 54

Case 3:17-cv-00018-SLG    Document 463    Filed 10/09/24    Page 54 of 56

by the ANTHC Board, it may challenge the determination in the courts.[329]  The Court will review the reasoned explanation, giving no deference to the ANTHC Board's determination.  While reviewing the reasoned explanation, the Court will consider whether the documents/information were presented to the ANTHC Board and the timing of the Designated Director's request.  If the documents/information were presented to the ANTHC Board, this will weigh in favor of them being necessary for the Designating Entity to exercise its Section 325 rights.  As ANTHC points out, there may be instances where documents/information may have once been necessary to exercise a Designating Entity's Section 325 rights, but, because of the passage of time, the documents/information are no longer necessary.[330]  The Court is concerned that by considering the timeliness of a Designating Entity's request there may be an incentive for the ANTHC Board to delay in order to avoid disclosure.  If it appears that documents/information were once necessary but are no longer necessary due at least in part to delay by ANTHC or the ANTHC Board, then this factor will weigh heavily in favor of a determination that the documents/information are necessary.

## IV.    CONCLUSION

SCF's Motion to Enforce at Docket 358 is **GRANTED IN PART** and **DENIED IN PART**.  ANTHC shall disclose the documents reviewed *in camera* and supplement disclosures as described above.  SCF's Motion to Strike at Docket 389 is **DENIED**.

---

[329]  Docket 352 at 32.
[330]  Docket 417 at 13 (". . . is the request untimely.")

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*          Case No. 3:17-cv-00018-JMK
Order Granting Motion to Enforce                                              Page 55

Case 3:17-cv-00018-SLG     Document 463     Filed 10/09/24     Page 55 of 56

ANTHC's Cross-Motion to Enforce at Docket 376 and Motion to Establish Process for Review at Docket 417 are both **DENIED**. The Motion for Leave to File Over-Length Reply Brief at Docket 435 is **DENIED AS MOOT**.

IT IS SO ORDERED this 5th day of July 2024, at Anchorage, Alaska.

_/s/ Joshua M. Kindred_
JOSHUA M. KINDRED
United States District Judge

*Southcentral Foundation v. Alaska Native Tribal Health Consortium*     Case No. 3:17-cv-00018-JMK
Order Granting Motion to Enforce                                        Page 56

Case 3:17-cv-00018-SLG     Document 463     Filed 10/09/24     Page 56 of 56