# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

SOUTHCENTRAL FOUNDATION,

        Plaintiff,

    v.

ALASKA NATIVE TRIBAL HEALTH
CONSORTIUM,

        Defendant.

Case No. 3:17-cv-00018-SLG

## ORDER ON MOTION FOR RECONSIDERATION

Before the Court is a Motion for Reconsideration filed by Defendant Alaska Native Tribal Health Consortium ("ANTHC").[1] At the Court's request,[2] Plaintiff Southcentral Foundation ("SCF") responded in opposition at Docket 456. Oral argument was held on the motion on November 18, 2024.[3] For the reasons set forth below, ANTHC's Motion for Reconsideration is GRANTED IN PART and DENIED IN PART.

---

[1] A placeholder for the motion was filed at Docket 440. The sealed Motion for Reconsideration was filed as an attachment at Docket 439-1. The Court then accepted the Motion for Reconsideration at Docket 439-1 as filed. Docket 443; Docket 444. The Court has considered and determined that the sealing of this order is unwarranted.

[2] Docket 445.

[3] *See* Docket 467.

## BACKGROUND

**1. Section 325**

After more than two years of unsuccessful negotiations between over 200 recognized tribes, regional entities, and various other organizations over how to manage the new Alaska Native Medical Center ("ANMC") in Anchorage, Congress enacted Section 325 of the Department of the Interior and Related Agencies Appropriation Act of 1998, Pub. L. No. 105-83, § 325, 111 Stat. 1543, 1597-99 ("Section 325").[4]  Section 325 created ANTHC "to ensure efficient, experienced Alaska Native management and control" of ANMC.[5]  Section 325 names 13 regional health entities ("RHEs") including SCF, and directs that ANTHC "be governed by a 15-member Board of Directors, which shall be composed of one representative of each [RHE] . . . and two additional persons who shall represent Indian tribes."[6]  SCF, as one of the thirteen RHEs and a "Designating Entity," selects one of the fifteen members of the Board (the "Designated Directors" or "Directors").[7]  Section 325 entitles "[e]ach member of the Board of Directors . . . to

---

[4] Docket 352 at 2-3 (citing Docket 316-12 at 2 (September 10, 1997 letter sent by Senator Ted Stevens to SCF Chairperson)).

[5] Docket 352 at 3 (quoting Docket 316-12 at 2).

[6] Department of the Interior and Related Agencies Appropriation Act of 1998, Pub. L. No. 105-83, § 325(a)-(b), 111 Stat. 1543, 1597-98.

[7] Docket 352 at 3-4 (first citing Docket 340-1 at 3 (ANTHC Bylaws); and then citing § 325(a), 111 Stat. at 1597).

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 2 of 45

cast one vote."[8]  It further provides that "[d]ecisions of the Board of Directors shall be made by consensus whenever possible, and by majority vote in the event that no consensus can be reached."[9]  "Accordingly, by its plain language, Section 325 confers to SCF and the other RHEs governance and participation rights in ANTHC."[10]

### 2. The Ninth Circuit Decision

In January 2017, after a dispute arose between SCF and ANTHC regarding ANTHC's governance and SCF's entitlement to information, SCF initiated this action, seeking an order declaring, among other things, that "SCF and the other Designating Entities . . . [are] entitled to all documents and information necessary to participate in the governance of the consortium, including confidential and/or privileged documents and information"; that "SCF's Designated Directors have an absolute right to documents and information as directors of ANTHC, without limitation or reservation, and a right and duty to convey such documents and information to their Designating Entity, SCF, provided that SCF agrees to maintain the confidentiality of such documents and information"; and that ANTHC's Bylaws, Code of Conduct, and Disclosure Policy as currently drafted conflict with federal

---

[8] § 325(b), 111 Stat. at 1598.

[9] *Id.*

[10] Docket 352 at 5.

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 3 of 45

law.[11]  In its Amended Answer & Counterclaim, ANTHC sought a declaration that, among other things, "ANTHC may restrict the flow of information from directors to their [RHEs] when directors face conflicts of interest, directors have competing duties between ANTHC and the [RHE] that they represent, or such information may be used for the benefit of [RHEs] in competition with ANTHC"; "directors are not entitled to ANTHC documents and information if those materials will be used in a way that is inconsistent with directors' undivided duty of loyalty to ANTHC"; and ANTHC's Articles of Incorporation, Bylaws, Code of Conduct, and Disclosure Policy comply with federal and state law.[12]

On September 17, 2018, the Court[13] issued an order dismissing the case, finding that SCF had failed to allege an injury in fact sufficient to confer Article III standing.[14]  On appeal, the Ninth Circuit reversed.[15]  The Ninth Circuit held that "Section 325 conferred governance and participation rights to SCF, which necessarily includes an entitlement to information necessary to effectively exercise those rights," reasoning that "the right to govern would be a hollow promise absent

---

[11] Docket 2 at 1, 17-18.

[12] Docket 21 at 31.

[13] At that time, this case was before Judge Timothy M. Burgess.

[14] Docket 149 at 23; *see also Southcentral Found. v. Alaska Native Tribal Health Consortium*, Case No. 3:17-cv-00018-TMB, 2018 WL 11352151, at *10 (D. Alaska Sept. 17, 2018).

[15] *Southcentral Found. v. Alaska Native Tribal Health Consortium*, 983 F.3d 411, 414 (9th Cir. 2020).

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 4 of 45

Case 3:17-cv-00018-SLG    Document 468    Filed 02/13/25    Page 4 of 45

the information necessary to exercise that right intelligently."[16]  It ultimately held that this "deprivation of information necessary to exercise effectively the governance and participation rights allocated to the regional health entities in Section 325 constitutes an injury in fact sufficient to confer Article III standing."[17] The Ninth Circuit remanded the case for further proceedings consistent with its opinion.[18]

### 3. The 352 Order

On remand, the Court granted a stay to provide ANTHC with the opportunity to change its governance policies in light of the Ninth Circuit's decision.[19]  In May 2022, at the parties' request, the Court entered a Stipulated Partial Judgment based on a Settlement Agreement and Potential Stipulated Partial Judgment filed by the parties in January 2022.[20]  In the Stipulated Partial Judgment, the parties came to an agreement on eight general principles, and reserved the right to make arguments regarding three "Reserved Issues."[21]

Among the eight agreed-upon principles are that SCF has "governance and participation rights in the management of ANTHC"; absent a conflict of interest,

---

[16] *Id.* at 419-20.

[17] *Id.* at 419.

[18] *Id.* at 420.

[19] Docket 291 at 3, 5; Docket 287 at 2-3.

[20] Docket 340; Docket 313.

[21] Docket 340 at 1-4.

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 5 of 45

Case 3:17-cv-00018-SLG     Document 468     Filed 02/13/25     Page 5 of 45

"each Director is entitled to receive or view all documents and information relating to the governance and management of ANTHC"; Directors have "a nearly absolute right to information and documents about ANTHC, subject to limitation only if it can be shown that the Director has an improper motive or intent in asking for the information or documents or would violate the law by receiving the information or documents"; "SCF, as a Designating Entity, is entitled to all documents and information it needs to effectively exercise its governance and participation rights"; and "the version of [ANTHC's current Bylaws, Disclosure of Records and Information Policy, and Code of Conduct] referenced in this Judgment conform to Section 325."[22]  SCF expressly reserved the right to make arguments regarding three "Reserved Issues,"[23] "including that ANTHC's interpretation and application of its current governance documents is not in compliance with Section 325 with regard to the Reserved Issues."[24]

The aforementioned Disclosure of Records and Information Policy ("Disclosure Policy") governs the disclosure of information to Designating Entities

---

[22] Docket 340 at 1-4; *see also* Docket 313 at 6-9.

[23] These "Reserved Issues" are: "(1) whether ANTHC can share information subject to the attorney-client privilege, attorney work product doctrine or other similar protection with SCF under the common interest doctrine, joint defense doctrine, or other applicable doctrine without waiving the privilege, (2) the persons at SCF with whom SCF's Designated Director may share information; and (3) the documents and  information that SCF's Designated Director may share with SCF, as a Designating Entity, and whether the ANTHC Board can amend ANTHC's governance documents in a way that reduces the documents and information that SCF, as a Designating Entity, can receive, consistent with Section 325 and other applicable law."  Docket 352 at 10 (quoting Docket 313 at 6; Docket 340 at 4 n.8).

[24] Docket 340 at 4; *see also* Docket 313 at 9.

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 6 of 45

Case 3:17-cv-00018-SLG     Document 468     Filed 02/13/25     Page 6 of 45

such as SCF.[25]  As a general rule, Section 5.3 of the Disclosure Policy provides that "Directors may share with Permitted Recipients of their Designating Entities all documents and information they receive as a Director, subject to the limitations and protections set out in section 5.4."[26]  Section 5.4.1 designates seven categories of "Highly Sensitive Confidential Information" ("HSCI"), including Section 5.4.1.1's "[i]nformation and documents subject to attorney-client privilege, attorney work product, or similar legal protections."[27]  The seventh category, found in Section 5.4.1.7, is a catch-all for "extraordinary circumstances," pursuant to which "the ANTHC Board may determine that other information may not be shared outside of ANTHC, or may require that safeguards be in place prior to sharing."[28]  Section 5.4.1 provides that HSCI may be shared via "majority vote of the ANTHC Board of Directors."[29]  In addition, privileged information subject to Section 5.4.1.1 may be shared "if ANTHC and the Designating Entity have an agreement (or agreements) that would preserve the legal protection."[30]

---

[25] Docket 340-3 (Disclosure Policy).

[26] Docket 340-3 at 2.

[27] Docket 340-3 at 3.

[28] Docket 340-3 at 4.

[29] Docket 340-3 at 3.

[30] Docket 340-3 at 3.

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 7 of 45

Case 3:17-cv-00018-SLG    Document 468    Filed 02/13/25    Page 7 of 45

On January 21, 2022, SCF moved for summary judgment on matters it perceived as being encompassed within the "Reserved Issues," seeking the following three forms of declaratory relief:

> (1) . . . Section 325 entitles SCF to all documents and information that it, through its Designated Director, deems necessary to exercise these rights. Any ANTHC policy to the contrary violates Section 325 and shall be amended. No ANTHC policy may abridge SCF's right to all documents and information that SCF, through its Designated Director, deems necessary to exercise its governance and participation rights in ANTHC.

> (2) SCF's entitlement to documents and information under Section 325 includes documents and information and communications subject to the attorney-client privilege, attorney work product doctrine, and other similar doctrines . . . , pursuant to the common interest doctrine. Any ANTHC policy to the contrary violates Section 325 and shall be amended. ANTHC shall enter into a common interest agreement with SCF which shall permit SCF to obtain documents and information ANTHC deems subject to Privilege. . . .

> (3) For SCF's governance and participation rights to be meaningful, SCF's Designated Director must be able to share documents and information with SCF's Board of Directors, Officers, and legal counsel, subject to their agreement to keep ANTHC documents and information confidential. Any ANTHC policy to the contrary violates Section 325 and shall be amended. . . . [31]

In its opposition, ANTHC asserted that SCF's motion should be denied on various procedural and substantive grounds.[32]

On July 20, 2022, in an order at Docket 352 (the "352 Order"), the Court granted SCF's motion in part and denied it in part. The Court first rejected

---

[31] Docket 316-1 (Proposed Order).

[32] *See* Docket 317.

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 8 of 45

ANTHC's procedural arguments.[33]  One such procedural argument was that because SCF had agreed that ANTHC's policies conformed to Section 325 in the Stipulated Partial Judgment, it was precluded by contract law and judicial estoppel from prevailing on its "challenge [to] ANTHC's policies as they relate to the application of the attorney-client privilege."[34]  The Court rejected this argument and interpreted the relief SCF sought as being within the scope of the Reserved Issues.[35]  In ruling on this procedural matter, the Court stated that "[n]othing in Section 325 or the Ninth Circuit's opinion would lead the Court to conclude that the Board can limit or curtail a Designating Entity's Section 325 rights by consensus or majority vote, even where the policies appear reasonable and consistent with data governance best practices."[36]

Turning to the merits and to SCF's entitlement to privileged documents, the 352 Order first noted that SCF had only endeavored to obtain the documents from ANTHC through the entry of a common interest agreement, rather than through a vote by the ANTHC Board.[37]  In other words, SCF had sought "a declaration that

---

[33] *See* Docket 352 at 17-27.

[34] Docket 352 at 23-24.

[35] Docket 352 at 24.

[36] Docket 352 at 25.

[37] Docket 352 at 13-14; *see also* Docket 319 at ¶ 9 (Decl. of Rob Lynch in Supp. of ANTHC's Opp'n to Southcentral Foundation's Mot. for Summ. J.) ("SCF has not asked the ANTHC Board to authorize the disclosure of the investigative reports at issue in its Motion [pursuant to Section 5.4.1].").

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 9 of 45

Case 3:17-cv-00018-SLG     Document 468     Filed 02/13/25     Page 9 of 45

its entitlement to governance documents and information includes documents and information subject to legal privilege, because it shares a common interest with ANTHC."[38]  But ANTHC had "refused to enter a common-interest agreement with SCF."[39]  The Court held that while it would not categorically apply the common-interest doctrine to all of ANTHC's privileged information, "Section 325 entitles SCF, as an RHE, to all information it needs to effectively exercise its governance and participation rights, even if that information is protected by the attorney-client privilege and even if the common-interest doctrine would not apply to prevent waiver."[40]  Stated differently, the Court held that "SCF has an absolute right to any information that is necessary for SCF to effectively exercise its governance and participation rights. . . . [W]here information is necessary to effectively exercise an RHE's governance rights, ANTHC may not withhold attorney-client privileged information from RHEs."[41]  The order further provided that "[a]ny ANTHC policy to the contrary violates Section 325 and shall be amended."[42]

However, the Court disagreed with SCF's contention that its Designated Director, rather than the ANTHC Board, is the entity entitled to make the necessity

---

[38] Docket 316 at 9.

[39] Docket 352 at 14

[40] Docket 352 at 28.

[41] Docket 352 at 29.

[42] Docket 352 at 33.

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 10 of 45

Case 3:17-cv-00018-SLG     Document 468     Filed 02/13/25     Page 10 of 45

determination.  The Court held that it would "not delegate exclusive power to SCF's Designated Director to determine with finality whether information is necessary as defined by Section 325 and the Ninth Circuit" because that "approach would contradict the intent and purpose of Section 325, which created a Consortium that Congress intended to operate by consensus, resorting only [to] the majority rule where consensus was not possible."[43]

The 352 Order described the Court's involvement in future disclosure disputes as follows:

> When SCF's Designated Director believes particular privileged information is necessary for SCF to effectively exercise its governance and participation rights, they may seek permission to disclose the information pursuant to ANTHC's policies that the parties agree were passed consistent with Section 325. Where disputes arise regarding the applicability of the common-interest doctrine or where the Board denies a request to waive privilege, SCF may challenge the decision in the courts. . . . Likewise, where a dispute arises as to whether certain information is necessary to exercise SCF's Section 325 rights, SCF can challenge the Board's decision in the courts.[44]

Finding that all pending issues had been resolved, the Court dismissed the case with prejudice[45] and entered a final judgment.[46]

---

[43] Docket 352 at 32.

[44] Docket 352 at 32.

[45] Docket 352 at 33.

[46] Docket 353.

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 11 of 45

Case 3:17-cv-00018-SLG     Document 468     Filed 02/13/25     Page 11 of 45

### 4. The 437 Order

In June 2021, at the direction of the ANTHC Board, ANTHC began creating an "Action Plan" to address organizational failures in the wake of public disclosure of allegations involving ANTHC's former Chair and President, Andy Teuber.[47] SCF's Designated Director April Kyle requested documents and information relating to the Action Plan from ANTHC's President and CEO, ANTHC's General Counsel, outside counsel, and the ANTHC Chair starting in January 2022 and several times over the next few months.[48] After the Court issued the 352 Order, SCF renewed its requests for information in August 2022, contending that the order made "clear that the SCF Board has the legal right under Section 325 to the information" it had requested.[49] ANTHC "decline[d] to provide SCF [with] any documents or information in response to the SCF Board's direct requests," noting that "if SCF's Designated Director believes . . . that these privileged documents and information are necessary to SCF's governance of and participation in ANTHC, she may make this request to the ANTHC Board of Directors," rather than

---

[47] Docket 359 (SEALED) at 34 (Decl. of April Kyle in Supp. of Southcentral Foundation's Mot. to Enforce J.). A public version of this filing was docketed at Docket 358. For ease of reference, where the parties have filed both a public, redacted filing and a sealed filing, the Court refers to the sealed version.

[48] Docket 359 (SEALED) at 33-36 (Decl. of April Kyle).

[49] Docket 359 (SEALED) at 44-45 (August 25, 2022 letter sent by SCF Board Chair Karen Caindec to ANTHC Chair Kimberley Strong).

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 12 of 45

to ANTHC's management or to an individual director.[50]  The parties exchanged additional correspondence concerning the requests throughout the rest of the year.[51]  Ultimately, ANTHC made 17 documents available to SCF's Designated Director, but refused to allow her to share the documents with the SCF Board.[52]

During a January 2023 ANTHC Board meeting, SCF's Designated Director moved for ANTHC to make presentations to the SCF Board about their investigations and to provide the SCF Board with access to the 17 documents previously provided to her.[53]  The motion was tabled.[54]  At the following ANTHC Board meeting on February 2, 2023, the Board made amendments to the motion and transformed it into Resolution 23-08, which the Board passed.[55]  The resolution permitted disclosure of two of the 17 requested documents to the SCF

---

[50] Docket 359 (SEALED) at 49 (September 9, 2022 letter sent by ANTHC Chair Ms. Strong to SCF Board Chair Ms. Caindec); *see also* Docket 372-1 (SEALED) at 18.

[51] *See* Docket 359 (SEALED) at 52-53 (November 4, 2022 email sent by ANTHC Vice President Natasha Singh to SCF Designated Director Ms. Kyle); Docket 359 (SEALED) at 55-60 (November 17, 2022 letter sent by SCF Board Chair Ms. Caindec and SCF Designated Director Ms. Kyle to ANTHC Chair Ms. Strong); Docket 359 (SEALED) at 62-63  (November 22, 2022 letter sent by ANTHC Chair Ms. Strong to SCF Board Chair Ms. Caindec and SCF Designated Director Ms. Kyle); Docket 359 (SEALED) at 65-67  (November 30, 2022 letter sent by SCF Board Chair Ms. Caindec and SCF Designated Director Ms. Kyle to ANTHC Chair Ms. Strong); Docket 359 (SEALED) at 69-70 (December 1, 2022 letter sent by ANTHC Chair Ms. Strong to SCF Board Chair Ms. Caindec and SCF Designated Director Ms. Kyle); Docket 359 (SEALED) at 72-76 (December 21, 2022 letter sent by SCF Board Chair Ms. Caindec and SCF Designated Director Ms. Kyle to ANTHC Chair Ms. Strong).

[52] Docket 359 (SEALED) at 36 (Decl. of April Kyle).

[53] Docket 359 (SEALED) at 81 (Motion of April Kyle); Docket 359 (SEALED) at 37 (Decl. of April Kyle).

[54] Docket 359 (SEALED) at 37 (Decl. of April Kyle).

[55] Docket 359 (SEALED) at 37 (Decl. of April Kyle); Docket 359 (SEALED) at 83-86 (Resolution 23-08).

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 13 of 45

Board and authorized "detailed presentation[s]" to the SCF Board related to the Action Plan, the ongoing external investigation, and the alleged misconduct itself.[56] Pursuant to the resolution, "ANTHC's investigators and counsel briefed SCF's Board of Directors for a total of 17 hours over three days" in March and April 2023.[57]

Resolution 23-08 also contained language related to the disclosure of information to the Designating Entities more generally. It stated, in relevant part:

> WHEREAS, in the case of certain "Highly Sensitive Confidential Information," the decision of what documents and information are disclosed to a Designating Entity is entrusted to the full Board; and
>
> WHEREAS, the test the Board applies is: Whether a requested disclosure is necessary for a Director's "Designating Entity to effectively exercise its governance and participation rights in the management of ANTHC through its representative(s) on the Board;" and
>
> . . . WHEREAS, the Board recognizes that it may not refuse to disclose privileged documents or information solely on the grounds that doing so could waive the privilege. But the Board believes that consistent with its fiduciary obligations to ANTHC it is nonetheless appropriate for it to consider the potential consequences of a loss of privilege and other harms that could result from disclosures . . . .[58]

At a June 20, 2023 meeting of Board members from both ANTHC and SCF, the parties "discussed whether there was a path forward on resolving these

---

[56] Docket 359 (SEALED) at 84-85 (Resolution 23-08).

[57] Docket 372-1 (SEALED) at 21 (citing Docket 372-3 (SEALED) at ¶ 5 (Decl. of Natasha Singh in Supp. of ANTHC's Opp'n to SCF's Mot. to Enforce J.)); Docket 359 (SEALED) at 38 (Decl. of April Kyle).

[58] Docket 359 (SEALED) at 83-84 (Resolution 23-08) (footnotes omitted).

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 14 of 45

Case 3:17-cv-00018-SLG     Document 468     Filed 02/13/25     Page 14 of 45

information sharing issues without having to return to court," recognizing that "ANTHC and SCF have fundamentally different views about the [352 Order]."[59]  In particular, SCF did not agree with ANTHC that the "full board has the authority to make decisions by majority vote on what information can be shared," and SCF saw Resolution 23-08 and the Disclosure Policy as violating the 352 Order.[60]

In the face of this disagreement, on June 29, 2023, SCF filed a Motion to Enforce Judgment in this action.[61]  In its motion, SCF asserted that "ANTHC continues to deny SCF documents and information to which it is entitled under this Court's Order and federal law," and asked the Court "to issue an order of civil contempt requiring ANTHC to comply."[62]  In particular, SCF sought an order declaring that ANTHC had violated the 352 Order and further declaring:

> 1. That the ANTHC Board of Directors cannot withhold information by majority vote, because, in its view, the information is "damaging," "harmful," or could create a "material risk" to ANTHC, or because doing so is inconsistent with ANTHC's view of a Designated Director's fiduciary duties to ANTHC. Neither can ANTHC withhold governance information solely on the grounds that the information is privileged.
>
> 2. That Section 5.4.1.7 of ANTHC's Disclosure Policy violates the Court's Order and must be eliminated. No ANTHC policy can permit the ANTHC Board to withhold governance-related documents or information by majority vote.

---

[59] Docket 359 (SEALED) at 38 (Decl. of April Kyle).

[60] Docket 359 (SEALED) at 38 (Decl. of April Kyle).

[61] Docket 359 (SEALED) at 6-29.

[62] Docket 359 (SEALED) at 11.

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 15 of 45

3. That ANTHC's response to SCF's requests for information violated the Order because it was untimely and because it withheld information to which SCF is entitled. ANTHC must timely fulfill any request for documents and information that are necessary for a Designating Entity to exercise its governance rights effectively. This includes allowing Designated Directors to share with the Permitted Recipients at their Designating Entities who have signed confidentiality agreements all documents and information shared with the ANTHC Board, as well as all pertinent documents and information related to any issue that has come before the ANTHC Board.[63]

On June 30, 2023, the case was administratively reassigned to former-Judge Joshua M. Kindred.[64] On August 1, 2023, ANTHC responded in opposition to SCF's motion to enforce, asserting that the motion "should be seen for what it is: an untimely motion to reconsider the [352 Order]."[65] ANTHC followed up with a Cross-Motion to Enforce Judgment, asking the Court to confirm that ANTHC's Bylaws, Code of Conduct, and Disclosure Policy—including Section 5.4.1.7 of the Disclosure Policy—conform to Section 325 and other applicable law; that SCF's Designated Director does not have exclusive power to determine with finality whether information is necessary for governance; that the standard for the information to which SCF is entitled is information "necessary" for it "to effectively exercise its governance and participation rights"; and that "where a dispute arises as to whether certain information is necessary . . . , SCF can challenge the Board's

---

[63] Docket 359 (SEALED) at 29.

[64] Docket 360.

[65] Docket 372-1 (SEALED) at 6.

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 16 of 45

decision in the courts."[66]  On August 31, 2023, SCF filed a Motion to Strike the Cross-Motion to Enforce Judgment, contending that "there is no legal basis for ANTHC to 'enforce' any part of the order against SCF."[67]  Oral argument was held on these pending motions on November 17, 2023.[68]

In its opposition to SCF's motion to enforce, ANTHC noted that SCF's failure to "request *in camera* review of[] the relevant documents . . . signals that it is not truly interested" in them.[69]  In a footnote in its Reply in Support of its Motion to Enforce Judgment, SCF stated that because "ANTHC admonishes SCF for not requesting *in camera* review of the relevant documents[,]  SCF hereby requests that ANTHC submit the withheld sworn statement, as well as the other 14 documents provided to SCF's Designated Director, but not SCF, to the Court for *in camera* review."[70]  On January 8, 2024, the Court issued an Order for *In Camera* Review, ordering "review of the 15 documents that ANTHC withheld from SCF."[71]  In response to that order, ANTHC filed a Motion to Establish Process for Review in which it challenged the consideration of this issue that was first

---

[66] Docket 376 at 2 (first quoting *Southcentral Found. v. Alaska Native Tribal Health Consortium*, 983 F.3d 411, 420 (9th Cir. 2020); and then quoting Docket 352 at 32).

[67] Docket 389 at 3.

[68] *See* Docket 409; Docket 413.

[69] Docket 372-1 (SEALED) at 24-25.

[70] Docket 387 (SEALED) at 28 n.75 (citation omitted).

[71] Docket 411 at 5.

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 17 of 45

Case 3:17-cv-00018-SLG     Document 468     Filed 02/13/25     Page 17 of 45

presented in SCF's reply, and set forth its position on the appropriate standard and process for the Court's review.[72]  SCF responded in opposition on February 21, 2024, and observed that if the Court were to adopt ANTHC's proposed procedure, it "would make this Court the long-term discovery master for the enforcement of Section 325 rights."[73]

On July 5, 2024, the Court issued an order granting SCF's motion to enforce and denying the remaining motions (the "437 Order").[74]  In this order, the Court made several findings that are the subject of the instant motion for reconsideration. First, the Court held that not only Section 5.4.1.7, but also Section 5.4.1.1 of the Disclosure Policy "improperly curtail a Designating Entity's Section 325 rights," and ordered ANTHC to remove both sections.[75]  Relatedly, it rejected ANTHC's argument that SCF was precluded from challenging the Disclosure Policy after previously agreeing that it conformed with Section 325 in the Stipulated Partial Judgment, reasoning that the 352 Order had rejected a "nearly identical argument."[76]  Second, the Court held that the ANTHC Board is prohibited from considering anything other than whether requested information is necessary for

---

[72] Docket 417 at 2-3.

[73] Docket 427 (SEALED) at 8.

[74] Docket 437 (SEALED).

[75] Docket 437 (SEALED) at 50.

[76] Docket 437 (SEALED) at 48-49 (citing Docket 352 at 24-25).

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 18 of 45

Case 3:17-cv-00018-SLG     Document 468     Filed 02/13/25     Page 18 of 45

governance when making disclosure determinations, and that it is thus precluded from invoking fiduciary duty considerations to limit disclosure as it purports to do in Resolution 23-08.[77]

Third, the Court in the 437 Order conducted an *in camera* review of the 15 disputed documents, found all of them to be necessary for SCF to exercise its governance rights, and ordered ANTHC to disclose them.[78] It also *sua sponte* ordered ANTHC to supplement its disclosure with "any other documents/information concerning allegations that the ANTHC Board failed to provide meaningful oversight of ANTHC, as well as any past or present allegations against any of the current ANTHC Board members,"[79] and with information related to "any accusations of misconduct against current ANTHC Board members and management and . . . the steps taken to determine whether those accusations were legitimate."[80] The Court further found that ANTHC had improperly curtailed Mr. Eid's presentation to the SCF Board.[81] Although SCF had not requested this relief, the Court ordered ANTHC to make Mr. Eid available at ANTHC's expense for an additional presentation to the SCF Board, and ordered that during the

---

[77] Docket 437 (SEALED) at 26-28.

[78] Docket 437 (SEALED) at 14-22, 30-46.

[79] Docket 437 (SEALED) at 35.

[80] Docket 437 (SEALED) at 45.

[81] Docket 437 (SEALED) at 42.

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 19 of 45

Case 3:17-cv-00018-SLG     Document 468     Filed 02/13/25     Page 19 of 45

presentation, "Mr. Eid shall not be prohibited from discussing any aspect of his investigation based on privilege or potential harm to ANTHC."[82]  Similarly, and although not requested by SCF, the Court ordered ANTHC to make Ms. Ryman available at ANTHC's expense "to provide a second presentation to the SCF Board, where she may discuss her investigation without the restrictions placed on her by Resolution 23-08."[83]  Relatedly, the Court denied ANTHC's Motion to Establish Process for Review as an untimely motion for reconsideration of its Order for *In Camera* Review.[84]

On July 12, 2024, ANTHC moved for reconsideration of the 437 Order.[85]  In its motion, ANTHC challenges three main elements of the order. First, ANTHC asserts that the 437 Order's directive to delete Sections 5.4.1.1 and 5.4.1.7 of the Disclosure Policy violates the 352 Order as it effectively gives SCF's Designated Director the authority to unilaterally give documents and information to the SCF Board.[86]  Second, ANTHC takes issue with the 437 Order's articulation of a necessity standard that ANTHC describes as containing no limitations on SCF's right to information its Designated Director considers necessary.[87]  And third,

_____

[82] Docket 437 (SEALED) at 42.

[83] Docket 437 (SEALED) at 43-44.

[84] Docket 437 (SEALED) at 52-54.

[85] Docket 439-1 (SEALED).

[86] Docket 439-1 (SEALED) at 3-4 (citing Docket 437 (SEALED) at 48-50).

[87] Docket 439-1 (SEALED) at 4-5 (citing Docket 437 (SEALED) at 27-28).  Relatedly, ANTHC asks for leave to address the 437 Order's statement that "[i]t is unclear to the Court what fiduciary

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 20 of 45

Case 3:17-cv-00018-SLG     Document 468     Filed 02/13/25     Page 20 of 45

ANTHC takes issue with the 437 Order's *in camera* review of the 15 documents and the Court's refusal to consider ANTHC's proposed process for the judicial review of disclosure disputes, as well as the Court's order "to supplement two presentations to SCF when SCF did not seek that relief."[88]

On July 15, 2024, the case was reassigned to the undersigned judge.[89] At the Court's request,[90] SCF responded in opposition to ANTHC's motion for

_____

obligations a Designated Director has that the Designating Entity would not share." Docket 439-1 (SEALED) at 6 (quoting Docket 437 (SEALED) at 26). ANTHC asserts that this conclusion reflects a "misunderstanding of corporate law." Docket 439-1 (SEALED) at 7.

[88] Docket 439-1 (SEALED) at 5-7 (citing Docket 437 (SEALED) at 40-44, 46, 52-54). ANTHC asks for leave to address two additional issues related to the Court's *in camera* review: first, the Court's recitation of "unsupported 'factual' conclusions" during its *in camera* review, "some of which were based on unspecified 'previous filings and publicly available information'"; and second, the Court's failure "to apply the correct 'necessity' standard." Docket 439-1 (SEALED) at 7. Given that the Court here vacates the *in camera* review conducted in the 437 Order, *see* discussion *infra* pp. 39-44, the Court does not reach these issues.

Unrelated to this, the last issue ANTHC raises in its motion for reconsideration is that the Court "[b]lam[ed] ANTHC for delay caused by SCF's failure to follow ANTHC's policies for requesting the disclosure of [HSCI]." Docket 439-1 (SEALED) at 7 (citing Docket 437 (SEALED) at 55). The Court denies reconsideration on this issue, finding that the cited language simply states that the Court will consider any delay on the part of ANTHC if that should arise; it does not assign any blame to ANTHC in this case. The language at issue describes the Court's plan for future proceedings, and it states that the "Court is concerned to that by considering the timeliness of a Designating Entity's request there may be an incentive for the ANTHC Board to delay in order to avoid disclosure. If it appears that documents/information were once necessary but are no longer necessary due at least in part to delay by ANTHC or the ANTHC Board, then this factor will weigh heavily in favor of a determination that the documents/information are necessary." Docket 437 (SEALED) at 55.

[89] Docket 442.

[90] Docket 445.

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 21 of 45

reconsideration on July 31, 2024.[91]  Oral argument was held on November 18, 2024.[92]

## LEGAL STANDARD

Local Civil Rule 7.3(h)(1) provides that a court "will ordinarily deny a motion for reconsideration absent a showing of one of the following: (A) manifest error of the law or fact; (B) discovery of new material facts not previously available; or (C) intervening change in the law."  In addition, a district court has the "inherent procedural power to reconsider . . . an interlocutory order for cause seen by it to be sufficient."[93]

## DISCUSSION

First, the Court grants reconsideration regarding the 437 Order's directive to remove Sections 5.4.1.1 and 5.4.1.7 of the Disclosure Policy, vacating that portion of the order.  Second, the Court denies reconsideration with respect to the necessity standard articulated in the 437 Order insofar as the 437 Order invalidated that portion of Resolution 23-08 that purported to weigh factors other than a Designating Entity's need for governance documents when deciding on disclosure.  And third, the Court *sua sponte* reconsiders and vacates the Order for *in Camera* Review at Docket 411, and grants reconsideration with respect to the

---

[91] Docket 456.

[92] Docket 467.

[93] *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)).

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 22 of 45

Case 3:17-cv-00018-SLG     Document 468     Filed 02/13/25     Page 22 of 45

*in camera* review conducted in the 437 Order.  In the event that there remains a dispute regarding the 15 withheld documents, or if a new dispute arises, SCF may by motion seek relief from this Court to obtain a document, and the Court will establish a procedure for the judicial resolution of that dispute after each party is accorded an opportunity to be heard on the issue. The Court interprets the 352 Order as permitting a majority of the ANTHC Board to withhold documents from a Designating Entity, but also as providing a Designating Entity with the right to seek judicial review of that determination.

### 1. Disclosure Policy

ANTHC takes issue with the 437 Order's deletion of Sections 5.4.1.1 and 5.4.1.7 of the Disclosure Policy.[94]  The Court agrees and vacates the 437 Order's directive to remove Sections 5.4.1.1 and 5.4.1.7, finding that the Court manifestly erred in so holding.

The Court restates the pertinent information from the Disclosure Policy here. As a general rule, "Directors may share with Permitted Recipients of their Designating Entities all documents and information they receive as a Director, subject to the limitations and protections set out in section 5.4."[95]  Section 5.4.1 designates seven categories of information and documents as HSCI, including privileged information (Section 5.4.1.1) and other information in "extraordinary

---

[94] Docket 439-1 (SEALED) at 3-4.

[95] Docket 340-3 at 2 (Disclosure Policy).

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 23 of 45

Case 3:17-cv-00018-SLG     Document 468     Filed 02/13/25     Page 23 of 45

circumstances" (Section 5.4.1.7).[96]   Pursuant to Section 5.4.1, HSCI may be shared with Designating Entities upon a "majority vote of the ANTHC Board of Directors."[97]  In addition, privileged information subject to Section 5.4.1.1 may be shared "if ANTHC and the Designating Entity have an agreement (or agreements) that would preserve the legal protection."[98]

### A. Section 5.4.1.7

In the 437 Order, the Court directed ANTHC to delete Section 5.4.1.7, finding that it violates Section 325.[99]  In doing so, the Court relied heavily on the 352 Order's statement "prohibit[ing] the ANTHC Board from limiting or curtailing SCF's 'Section 325 rights by consensus or majority vote, even where the policies appear reasonable and consistent with data governance best practices.'"[100]  The Court in the 437 Order interpreted Section 5.4.1.7 as impermissibly allowing the ANTHC Board "to, by majority vote, limit the information that ANTHC must share with its Designating Entities, which is prohibited by the 352 Order."[101]  The Court found that Section 5.4.1.7 allows the ANTHC Board to refuse to disclose information to a Designating Entity regardless of whether that information is

---

[96] Docket 340-3 at 3-4.

[97] Docket 340-3 at 3.

[98] Docket 340-3 at 3.

[99] Docket 437 (SEALED) at 50.

[100] Docket 437 (SEALED) at 47 (quoting Docket 352 at 25).

[101] Docket 437 (SEALED) at 48.

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 24 of 45

Case 3:17-cv-00018-SLG     Document 468     Filed 02/13/25     Page 24 of 45

necessary for the Designating Entity to exercise its governance and participation rights, pointing to the fact that the necessity standard appears nowhere in the Disclosure Policy.[102]

ANTHC asserts that the deletion of Section 5.4.1.7 "takes decisions that [the 352 Order] held are vested with ANTHC's Board and gives them to SCF's Designated Director to make unilaterally."[103] This contradicts the 352 Order, ANTHC maintains, which refused to "delegate exclusive power to SCF's Designated Director to determine with finality whether information is necessary."[104] According to ANTHC, the Disclosure Policy does not allow its Board to disregard the necessity standard; instead, the disputed language merely provides that "the Board, rather than an individual Director, must make the necessity determination as to these seven categories of HSCI, [but] it must apply exactly the same necessity standard as an individual Director applies with respect to non-HSCI."[105] In support, ANTHC points to Resolution No. 23-08,[106] which states, in relevant part:

---

[102] *See* Docket 437 (SEALED) at 48 n.292 (citing Docket 316-5 (Disclosure Policy)).

[103] Docket 439-1 (SEALED) at 4.

[104] Docket 439-1 (SEALED) at 3-4 & n.17 (quoting Docket 352 at 32).

[105] Docket 372-1 (SEALED) at 17; *see also* Docket 413 at 34-35 ("[The Disclosure Policy does not] change this necessity standard. [It does not] ever give the board the ability to step away from applying this standard.").

[106] *See* Docket 372-1 (SEALED) at 17 n.56.

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 25 of 45

Case 3:17-cv-00018-SLG     Document 468     Filed 02/13/25     Page 25 of 45

WHEREAS, in the case of certain "Highly Sensitive Confidential Information," the decision of what documents and information are disclosed to a Designating Entity is entrusted to the full Board; and

WHEREAS, the test the Board applies is: Whether a requested disclosure is necessary for a Director's "Designating Entity to effectively exercise its governance and participation rights in the management of ANTHC through its representative(s) on the Board" . . . . [107]

SCF responds that the 437 Order correctly deleted Section 5.4.1.7.[108] According to SCF, Section 5.4.1.7 "permit[s] the ANTHC Board to vote to withhold governance information by majority vote," which violates the 352 Order.[109] Because "Section 5.4.1.7 contains no subject matter limitations" and there is "no carve-out for information that is necessary for governance," SCF explains, it violates Section 325 and the 352 Order.[110]

The Court grants reconsideration on this issue and vacates the 437 Order's directive to delete Section 5.4.1.7, finding that the Court manifestly erred in so holding. First, the Court clarifies that to the extent the 437 Order takes the necessity determination away from the ANTHC Board, this was done in error. Second, the Court interprets Section 5.4.1.7 as giving the ANTHC Board the authority to make disclosure decisions with respect to HSCI using the necessity

_____

[107] Docket 359 (SEALED) at 83 (Resolution No. 23-08).

[108] Docket 456 at 4.

[109] Docket 456 at 4; *see also* Docket 359 (SEALED) at 24.

[110] Docket 359 (SEALED) at 25; Docket 413 at 14.

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 26 of 45

standard, and therefore concludes that the section complies with Section 325 and other applicable law.

To the extent that the 437 Order found that the 352 Order takes the necessity determination away from the ANTHC Board, this was a misinterpretation of the 352 Order. In deeming Section 5.4.1.7 to be unlawful, the 437 Order relies heavily on the following language from the 352 Order: "Nothing in Section 325 or the Ninth Circuit's opinion would lead the Court to conclude that the Board can limit or curtail a Designating Entity's Section 325 rights by consensus or majority vote, even where the policies appear reasonable and consistent with data governance best practices."[111] Based on this language, the 437 Order deleted Section 5.4.1.7, finding that it impermissibly enables the ANTHC Board to, by majority vote, limit the information that ANTHC shares with its Designating Entities.[112]

The Court here clarifies that the 352 Order did not take the necessity determination away from the ANTHC Board; the language relied upon by the 437 Order merely emphasizes that the necessity determination is to be made within the confines of Section 325. The fact that the Board cannot "limit or curtail a Designating Entity's Section 325 rights by consensus or majority vote" stands for the proposition that the ANTHC Board cannot vote to withhold information that it is otherwise required to disclose under Section 325. Moreover, the 437 Order's

---

[111] Docket 437 (SEALED) at 47-48; Docket 352 at 25.

[112] Docket 437 (SEALED) at 48, 50.

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 27 of 45

substantial reliance on this language is misplaced, as the language appears in the 352 Order's discussion about whether judicial estoppel precluded the Court from reaching the merits; in other words, the Court had not yet reached the merits at that point in the 352 Order.[113]

The 352 Order gives the ANTHC Board the authority to determine whether information is necessary for governance. In the 352 Order's discussion of the merits, the Court states in no uncertain terms that it "will not delegate exclusive power to SCF's Designated Director to determine with finality whether information is necessary as defined by Section 325 and the Ninth Circuit [because s]uch approach would contradict the intent and purpose of Section 325."[114] Moreover, a comparison between SCF's underlying proposed order and the 352 Order's conclusion underscores that it was the Court's intent in the 352 Order to deny SCF's Designated Director that power.[115]

---

[113] *See* Docket 352 at 23-25.

[114] Docket 352 at 32.

[115] *Compare* Docket 316-1 at 1-2 (Proposed Order) ("ANTHC . . . violated Section 325 . . . when it denied SCF all documents and information that SCF, *through its Designated Director*, deemed necessary for SCF to exercise effectively its governance and participation rights in ANTHC. Section 325 entitles SCF to all documents and information that it, *through its Designated Director*, deems necessary to exercise these rights. Any ANTHC policy to the contrary violates Section 325 and shall be amended. No ANTHC policy may abridge SCF's right to all documents and information that SCF, *through its Designated Director*, deems necessary to exercise its governance and participation rights in ANTHC.") (emphases added), *with* Docket 352 at 32-33 ("[ANTHC] violated Section 325 . . . when it denied SCF documents and information that were necessary for SCF to effectively exercise its governance and participation rights in ANTHC. Section 325 entitles SCF to all documents and information that are necessary to exercise these rights. Any ANTHC policy to the contrary violates Section 325 and shall be amended."); *see also* Docket 372-1 (SEALED) at 16 (showing these modifications in tracked changes).

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 28 of 45

The Court further finds that, to the extent it is reasonable to do so, it should interpret the disputed sections of the Disclosure Policy to comply with Section 325. SCF was involved in negotiating the language of the Disclosure Policy,[116] and its Designated Director ultimately voted in its favor.[117] Moreover, SCF appears to have previously stipulated that the language complied with Section 325.[118]

The Court finds that Section 5.4.1.7 complies with Section 325. Pursuant to ANTHC's Disclosure Policy, SCF's Designated Director can unilaterally make the determination as to whether information is necessary for SCF to exercise its

---

[116] See Docket 372-2 (SEALED) at ¶ 7 (Decl. of Kimberley Strong in Supp. of ANTHC's Opp'n to SCF's Mot. to Enforce and Cross-Mot. to Enforce) ("After the Ninth Circuit issued its decision in this case, ANTHC spent countless hours reviewing and revising its governance documents. This ultimately resulted in the Board amending ANTHC's Bylaws and Code of Conduct, and creating a new . . . Disclosure Policy[]. As a Board member, I was aware that this work included frequent, extended negotiations with SCF's senior leadership, including its President and CEO, Ms. April Kyle.").

[117] See Docket 372-1 (SEALED) at 13.

[118] See Docket 340 at 4 (Stipulated Partial Judgment stating that "the version of [ANTHC's Bylaws, Disclosure of Records and Information Policy, and Code of Conduct] referenced in this Judgment conform to Section 325"). In previous motions, ANTHC raised this concession as a means of asserting that SCF was estopped from challenging ANTHC's policy provisions at all, and both the 352 Order and the 437 Order rejected this argument, "interpret[ing] the relief SCF seeks . . . as within the scope of the Reserved Issues." Docket 352 at 24; Docket 437 (SEALED) at 48-49. The Court here notes that this interpretation is somewhat strained, given that the Stipulated Partial Judgment states in no uncertain terms that the Disclosure Policy "conform[s] to Section 325" and that SCF merely reserved the right to make the argument that "ANTHC's *interpretation and application* of its current governance documents is not in compliance with Section 325 with regard to the Reserved Issues." Docket 340 at 4 (emphasis added). The Court does not revisit its prior interpretation because it is not a subject of the instant motion for reconsideration and a contrary finding would not alter the Court's judgment, but it pauses to note that SCF's concessions in the Stipulated Partial Judgment—while deemed insufficient for purposes of judicial estoppel—are still relevant and should be taken into account when determining whether ANTHC's Disclosure Policy is lawful.

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 29 of 45

Case 3:17-cv-00018-SLG     Document 468     Filed 02/13/25     Page 29 of 45

governance rights with respect to most of the information the Director receives.[119] Section 5.4.1 designates seven categories of HSCI for which the necessity determination shifts to the Board.[120] As ANTHC explained, "[a]lthough the Board, rather than an individual Director, must make the necessity determination as to these seven categories of HSCI, it must apply exactly the same necessity standard as an individual Director applies with respect to non-HSCI."[121] Section 5.4.1.7 merely "give[s] the Board the power—in extraordinary circumstances—to classify information as HSCI . . . . Even as to such information, however, a Board decision under Section 5.4.1.7 to classify the information as HSCI . . . does not change the 'necessity' standard."[122] While the Disclosure Policy itself does not mandate the application of the necessity standard,[123] the Board is compelled to apply it by Resolution 23-08 and by the Code of Conduct. As noted earlier, Resolution 23-08 provides that, with respect to HSCI, "the test the Board applies is: Whether a requested disclosure is necessary for a Director's 'Designating Entity to effectively

---

[119] *See* Docket 340-3 at 2 (Disclosure Policy) ("Directors may share with Permitted Recipients of their Designating Entities all documents and information they receive as a Director, subject to the limitations and protections set out in section 5.4 below.").

[120] *See* Docket 340-3 at 3 ("Unless otherwise permitted under this section (5.4.1) or by a majority vote of the ANTHC Board of Directors, the following documents and information cannot be shared with Permitted Recipients . . . .").

[121] Docket 372-1 (SEALED) at 17.

[122] Docket 372-1 (SEALED) at 35-36.

[123] The Court notes, however, that the Disclosure Policy does reference the standard when it states that "[t]he Consortium is committed to providing Designating Entities with the information they need in order to effectively exercise their governance and participation rights under Section 325." Docket 340-3 at 2.

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 30 of 45

Case 3:17-cv-00018-SLG    Document 468    Filed 02/13/25    Page 30 of 45

exercise its governance and participation rights in the management of ANTHC through its representative(s) on the Board.'"[124] Similarly, the Code of Conduct states that "Designating Entities are entitled to all documents and information they need to effectively exercise their governance and participation rights."[125]

### B. Section 5.4.1.1

The 437 Order also directed ANTHC to delete Section 5.4.1.1 of the Disclosure Policy,[126] notwithstanding the fact that SCF had not sought this relief.[127] Section 5.4.1.1 states that information subject to various privileges "may only be shared with a Designating Entity if ANTHC and the Designating Entity have an agreement (or agreements) that would preserve the legal protection."[128] The 437 Order interpreted this language as allowing ANTHC to withhold information in order to avoid waiving privilege, and deemed it incompatible with the 352 Order's declaration that SCF is entitled "to all information it needs to effectively exercise its governance and participation rights, even if that information is protected by the

---

[124] Docket 359 (SEALED) at 83 (Resolution No. 23-08) (footnote omitted) (quoting Docket 340-1 at 3 (Bylaws)).

[125] Docket 340-2 at 5 (Code of Conduct).

[126] Docket 437 (SEALED) at 50.

[127] *See* Docket 359 (SEALED) at 29; Docket 425-4 (Proposed Order).

[128] Docket 340-3 at 3 (Disclosure Policy).

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 31 of 45

attorney-client privilege and even if the common-interest doctrine would not apply to prevent waiver."[129]

The Court manifestly erred when it ordered ANTHC to delete Section 5.4.1.1. The 352 Order's statement that SCF is entitled to information even if it is "protected by the attorney-client privilege and even if the common-interest doctrine would not apply to prevent waiver" prevents ANTHC from withholding necessary governance information solely on the grounds that the information is privileged. Section 5.4.1.1, however, does not undermine this. Section 5.4.1.1, when read in the context of the entirety of Section 5.4, stands for the proposition that, in the absence of a common interest agreement with a Designating Entity, documents subject to attorney-client privilege or similar legal protections cannot be shared with the Designating Entity unless a majority of the ANTHC Board has determined that the privileged documents are necessary for the Designating Entity to effectively exercise its governance and participation rights. The 352 Order previously interpreted this section accordingly, noting that "where it is not possible to share attorney-client privileged information without waiving privilege, a majority of the ANTHC Board of Directors may nevertheless vote to share the information with the Designating Entity and waive privilege."[130] SCF's remedy, if it disagrees

_____

[129] Docket 437 (SEALED) at 50; Docket 352 at 28.

[130] Docket 352 at 13 (citing Docket 340-3 at 3 (Disclosure Policy)).

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 32 of 45

Case 3:17-cv-00018-SLG    Document 468    Filed 02/13/25    Page 32 of 45

with the Board's necessity determination, is to seek review of that determination in the courts.[131]

For the reasons set forth above, the Court vacates the 437 Order's directive to remove Sections 5.4.1.1 and 5.4.1.7 of the Disclosure Policy, finding that both sections comply with Section 325 and with the 352 Order.

## 2. Review of Necessity Determinations

Next, ANTHC takes issue with the 437 Order's articulation of a necessity standard that it describes as having "*no* limitations on SCF's right to information considered 'necessary.'"[132]  The Court denies reconsideration with respect to the necessity standard articulated in the 437 Order insofar as the 437 Order invalidated the portion of Resolution 23-08 that purported to allow ANTHC to invoke a broad assertion of privilege to limit a Designating Entity's information right.

The relevant portion of Resolution 23-08 provides:

> WHEREAS, the Board recognizes that it may not refuse to disclose privileged documents or information solely on the grounds that doing so could waive the privilege. But the Board believes that consistent with its fiduciary obligations to ANTHC it is nonetheless appropriate

---

[131] Docket 352 at 32.

[132] Docket 439-1 (SEALED) at 5 (emphasis in original) (citing Docket 437 (SEALED) at 27-28).

Relatedly, ANTHC asks for leave to address the 437 Order's statement that "[i]t is unclear to the Court what fiduciary obligations a Designated Director has that the Designating Entity would not share." Docket 439-1 (SEALED) at 6 (quoting Docket 437 (SEALED) at 26).  ANTHC asserts that this conclusion reflects a "misunderstanding of corporate law."  Docket 439-1 (SEALED) at 7.  The Court finds that this statement from the 437 Order was not ultimately necessary for its holding with respect to fiduciary duties, *see* Docket 437 (SEALED) at 26-28, and does not further address it here except to note that the 352 Order recognized that Designated Directors "owe[] certain duties to ANTHC, including a duty of confidentiality," while "Designating Entities are not subject to these same duties."  Docket 352 at 11.

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 33 of 45

Case 3:17-cv-00018-SLG     Document 468     Filed 02/13/25     Page 33 of 45

for it to consider the potential consequences of a loss of privilege and other harms that could result from disclosures . . . .[133]

The 437 Order struck down this language, finding that it allows the ANTHC Board to "consider[] factors beyond whether the documents/information were necessary for SCF to exercise its participation/governance rights," despite the fact that the 352 Order gives SCF an "absolute" right to necessary information.[134]

ANTHC contends that the Court erred in refusing to consider its proposed limitations on the "absolute" right to information necessary for governance.[135] According to ANTHC, because the Ninth Circuit's necessity test is a new standard that has not yet been applied by a court reviewing an information disclosure decision, the Court ought to have considered ANTHC's proposed approach from its Motion to Establish Process for Review.[136] In that motion, ANTHC described the fiduciary obligations that ANTHC Directors have with respect to ANTHC, reasoning that "Directors must take their fiduciary duties into account in deciding whether to disclose information to their Designating Entities."[137] ANTHC notes that even SCF has acknowledged that its right to information is not absolute.[138]

---

[133] Docket 359 (SEALED) at 84 (Resolution 23-08).

[134] Docket 437 (SEALED) at 27 (citing Docket 352 at 29).

[135] Docket 439-1 (SEALED) at 4-5.

[136] Docket 439-1 (SEALED) at 4-5 (citing Docket 417).

[137] Docket 417 at 10-11.

[138] Docket 439-1 (SEALED) at 5 n.22 ("SCF does not 'ask[] the Court to strike any part of ANTHC's Bylaws or policies on conflicts of interest,' and insist[s] that 'SCF has repeatedly affirmed in this case that its goal is *not* to do away with conflict of interest rules" (first alteration and emphasis in

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 34 of 45

Case 3:17-cv-00018-SLG     Document 468     Filed 02/13/25     Page 34 of 45

ANTHC also maintains that the Court ought to wait until there is a fully developed factual record in front of it before making any changes to the necessity standard as articulated by the Ninth Circuit and the 352 Order.[139]

SCF agrees with the 437 Order that the aforementioned provision of Resolution 23-08 violates Section 325 and the 352 Order. According to SCF, "[t]he [352] Order was clear: the only limit on information sharing is information that is not necessary for governance . . . . Any other limit . . . does not apply to Section 325 rights."[140] SCF points to other language in the resolution demonstrating how ANTHC applied these unlawful standards to withhold information:[141]

> The Board voted for authorizing Mr. Eid . . . to make a presentation to the SCF Board and answer its questions relating to the processes of his internal investigations, not including privileged information. The Board finds that the original scope of the requested disclosure could be so damaging to ANTHC that the scope of the disclosure sought by Director Kyle is refused. The Board, however, authorizes the limited disclosure of non-privileged information, which would reduce the risks to ANTHC . . . .[142]

The Court denies reconsideration on this issue and upholds the 437 Order's prohibition on that portion of Resolution 23-08 in which the ANTHC Board invoked

---

original) (quoting Docket 385 at 24-25)).

[139] *See* Docket 413 at 49-51 (explaining that ANTHC does not seek any changes to the standard from the 352 Order or the Ninth Circuit decision and noting that the standard should be "adjudicated in a fact setting" in which the Court has a full record before it).

[140] Docket 359 (SEALED) at 24.

[141] Docket 387 (SEALED) at 24.

[142] Docket 359 (SEALED) at 86.

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 35 of 45

Case 3:17-cv-00018-SLG     Document 468     Filed 02/13/25     Page 35 of 45

a broad assertion of privilege to limit SCF's information right, finding that the 437 Order's holding was not made in manifest error. Previous orders by this Court and by the Ninth Circuit forbid this type of limitation in no uncertain terms. The Ninth Circuit held that SCF's governance and participation rights "necessarily include[] an entitlement to information necessary to effectively exercise those rights."[143] The 352 Order interpreted this language to mean that "SCF has an absolute right to any information that is necessary for SCF to effectively exercise its governance and participation rights. Therefore, . . . where information is necessary to effectively exercise an RHE's governance rights, ANTHC may not withhold attorney-client privileged information from RHEs."[144] This is a very strong recitation of a Designating Entity's right to information, and one that forecloses ANTHC from invoking vague notions of "fiduciary obligations" and "potential consequences of a loss of privilege" to broadly limit it.

Despite ANTHC's assertions to the contrary,[145] this finding does not entitle SCF to information when it has an obvious conflict of interest or when it seeks the information in bad faith. Nowhere in the 437 Order does the Court mention

---

[143] *Southcentral Found. v. Alaska Native Tribal Health Consortium*, 983 F.3d 411, 420 (9th Cir. 2020).

[144] Docket 352 at 29.

[145] *See* Docket 439-1 (SEALED) at 5 (ANTHC contending that the resulting standard from the 437 Order "could mean that SCF is entitled to ANTHC's records . . . for which SCF has an obvious conflict . . . even if SCF's Director sought disclosure of 'necessary' information in bad faith with intent to harm its biggest competitor, ANTHC"). ANTHC notes that conflicts of interest are particularly common with SCF. Docket 372-1 (SEALED) at 10.

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 36 of 45

Case 3:17-cv-00018-SLG     Document 468     Filed 02/13/25     Page 36 of 45

conflicts of interest.[146]   The parties themselves do not dispute that ANTHC is entitled to withhold information from a Board member when there is a conflict of interest or improper motive.   Among the eight agreed-upon principles from the parties' Stipulated Partial Judgment are:

> 4. *Unless a Director has a Conflict of Interest*, each Director is entitled to receive or view all documents and information relating to the governance and management of ANTHC shared with any Director . . . 5. *Unless a Director has a Conflict of Interest*, each Director is entitled at any reasonable time to inspect and copy the books, records, information, and documents of ANTHC to the extent reasonably related to the performance of the Director's duties as a Director, including duties as a member of a Board Committee, but not for any other purpose or in any manner that would violate any duty to ANTHC. Accordingly, a Director has a nearly absolute right to information and documents about ANTHC, *subject to limitation only if it can be shown that the Director has an improper motive or intent in asking for the information or documents or would violate the law* by receiving the information or documents.[147]

Logically, if a Director cannot obtain a document due to a conflict of interest or an improper motive, then she cannot seek or obtain that document on behalf of her Designating Entity.  Furthermore, SCF continues to maintain that it "could not seek information for an improper purpose" and that "it is not seeking to upend the conflict of interest rules."[148]

---

[146] *See* Docket 437 (SEALED); *see also* Docket 456 at 4-5.

[147] Docket 340 at 3 (emphases added); *see also* Docket 313 at 7-8.

[148] Docket 456 at 5.

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 37 of 45

Case 3:17-cv-00018-SLG     Document 468     Filed 02/13/25     Page 37 of 45

The cases cited by ANTHC for its desired restriction on SCF's right to information are inapposite.[149]   The cases—none of which are binding on this Court—stand for the general proposition that an absolute right to information should be limited to protect against hostile motives or to prevent illegal action and, as indicated above, the 437 Order does not otherwise find.[150]   Two of the cases are further distinguishable in that the courts had limiting statutory language on which to base their conclusions.[151]

For the reasons set forth above, the Court upholds the 437 Order's invalidation of this paragraph of Resolution 23-08, while noting that this finding does not do away with conflict-of-interest rules.  The Court emphasizes that in so

---

[149] *See* Docket 417 at 16 (first citing *Havlicek v. Coast-to-Coast Analytical Servs., Inc.*, 46 Cal. Rptr. 2d 696, 702 (Cal. Ct. App. 1995); then citing *Chappel v. Applied Control Syst., Inc.*, 39 Pa. D. & C.4th 168, 179-84 (Pa. Com. Pl. 1998); and then citing *Borer v. Eyak Corp.*, 507 P.3d 49, 62-63 (Alaska 2022)); Docket 439-1 (SEALED) at 4-5 (referring the Court back to this argument).

[150] *See Havlicek*, 46 Cal. Rptr. 2d at 702 (finding that a corporation could decline an information request despite the appellant's absolute inspection rights after demonstrating that doing so was "necessary to prevent a tort against the corporation," reasoning by hypothetical that it would be absurd to interpret an absolute right as enabling a director to access information after he announced his intention "to learn trade secrets, gain access to confidential customer lists, and compete with the corporation"); *Chappel*, 39 Pa. D. & C.4th at 179-84 (collecting cases on this issue from state courts in Missouri, New York, Delaware, and Washington, the most persuasive in Alaska being a case from the Supreme Court of Washington in which the court restricted a director's right to information when the director sought it "to damage or destroy the corporation" (citing *State ex rel. Paschall v. Scott*, 247 P.2d 543, 549 (Wash. 1952)); *Borer*, 507 P.3d at 62 (declining to address whether there are limitations on a director's absolute right to information, but citing California law restricting this absolute right when there is improper motive or intent to commit a tort).

[151] *See Havlicek*, 46 Cal. Rptr. 2d at 702 (relying on statutory language providing that the court could impose "just and proper conditions" on the right of inspection (quoting Cal. Corp. Code § 1603)); *Paschall v. Scott*, 247 P.2d at 546 (noting that the director's hostile motives conflicted with the statutory right of access "for any reasonable purpose" (quoting Wash. Rev. Code § 23.36.120)).

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 38 of 45

ordering, it does not here define the precise contours of the necessity standard. That issue is not before the Court; rather, the Court agrees with both parties that further refinement of the necessity standard can best occur in the event of future court review of specific necessity determinations made by the ANTHC Board with which SCF disagrees.[152]

### 3. *In Camera* Review

Finally, ANTHC takes issue with the 437 Order's process of *in camera review*.[153] The Court vacates the Order for *In Camera* Review at Docket 411 as well as the *in camera* review conducted in the 437 Order.

The Court briefly restates the history leading up to these orders. In its opposition to SCF's motion to enforce, ANTHC remarked that SCF's failure to request *in camera* review of the relevant documents signaled that SCF was "not truly interested" in them.[154] In a footnote in its reply, SCF responded to this "admonish[ment]" by "request[ing] that ANTHC submit the withheld sworn statement, as well as the other 14 documents provided to SCF's Designated

---

[152] *See* Docket 413 at 49-51, 56.

[153] Docket 439-1 (SEALED) at 5-7.

[154] Docket 372-1 (SEALED) at 24-25.

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 39 of 45

Case 3:17-cv-00018-SLG    Document 468    Filed 02/13/25    Page 39 of 45

Director, but not SCF, to the Court for *in camera* review."[155]  ANTHC opposed this request as "untimely and procedurally improper."[156]

At Docket 411, the Court ordered "*in camera* review of the 15 documents that ANTHC withheld from SCF."[157]  The Court applied a three-factor test for which the second factor is "the document's relative importance to the underlying case."[158] The Court found that *in camera* review would be helpful "in determining whether the information contained in the requested documents is necessary for SCF to exercise its governance rights," which "strikes at the heart of SCF's pending motion and the case generally."[159]  The Court also noted that ANTHC was the one that first raised the issue of *in camera* review.[160]

ANTHC then filed a Motion to Establish Process for Review in which it took issue with the Court ordering *in camera* review because the "Ninth Circuit and district courts in this circuit have repeatedly held that issues raised for the first time in a reply brief should be treated as waived."[161]  In its response, SCF pointed out

---

[155] Docket 387 (SEALED) at 28 n.75.

[156] Docket 395 at 5.

[157] Docket 411 at 5.

[158] Docket 411 at 3-4 (citing *United States v. Zolin*, 491 U.S. 554, 572 (1989)).

[159] Docket 411 at 4-5.

[160] Docket 411 at 3.

[161] Docket 417 at 1-2 & n.2 (collecting cases).

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 40 of 45

that "the Court undoubtedly has the power to order *in camera* review *sua sponte*."[162]

In the 437 Order, the Court discussed in detail the 15 documents submitted *in camera* and directed ANTHC to disclose all 15 of them, to further supplement those disclosures as instructed by the Court, and to provide two supplemental presentations.[163] The Court also denied ANTHC's Motion to Establish Process for Review as an untimely and overlength motion for reconsideration of its previous Order for *In Camera* Review.[164] It briefly reaffirmed its rationale for ordering review, including that the "documents have been in dispute since SCF moved to enforce the 352 Order" and that "ANTHC was the party who first raised the issue of *in camera* review."[165]

The Court here *sua sponte* vacates the Order for *In Camera* Review at Docket 411 because the question of whether each document should be released to SCF was not properly before the Court. The Court's decision to order *in camera* review was based on its finding that the necessity of the specific requested

---

[162] Docket 427 (SEALED) at 10 & n.14 (first citing *Norris v. F.B.I.*, Case No. No. 89–35177, 914 F.2d 263, 1990 WL 134276, at *1 (9th Cir. 1990) (unpublished disposition); then citing *Schanen v. U.S. Dep't of Just.*, 798 F.2d 348, 349 (9th Cir. 1986); and then citing *Garcia v. Cnty. of Stanislaus*, Case No. 1:21-cv-00331-JLT-SAB, 2022 WL 4237960, at *24 (E.D. Cal. Sept. 14, 2022)).

[163] Docket 437 (SEALED) at 14-22, 30-46.

[164] Docket 437 (SEALED) at 52-53.

[165] Docket 437 (SEALED) at 53-54.

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 41 of 45

documents "strikes at the heart of SCF's pending motion."[166]   However, SCF's

Motion to Enforce Judgment did not ask the Court to make individual

determinations as to each of the disputed documents; instead, SCF's motion was

related to its more general assertion that ANTHC had "violated the Court's Order

by withholding, based on an incorrect standard, information that is indisputably

necessary for governance."[167]   In fact, at oral argument on its motion and despite

the footnote in its reply, SCF explicitly told the Court that it was not requesting

individual determinations with respect to the withheld documents in its motion to

enforce.[168]   Thus, because "[i]t is well established in this circuit that . . . appellants

cannot raise a new issue for the first time in their reply briefs,"[169] the Court

manifestly erred when it ordered *in camera* review based on a request first raised

---

[166] Docket 411 at 4-5.

[167] *See* Docket 359 (SEALED) at 27-29.  In its motion, SCF summarizes its requests to the Court in three points, and all three relate to ANTHC's policies rather than to determinations that ANTHC made with respect to specific documents.  *See* discussion *supra* pp. 15-16 (reproducing these three requests from SCF).

[168] Docket 413 at 56 ("THE COURT: … how do you envision the Court's analysis and what information or what factors would play into this Court making individual determinations as to – necessary for governance? [ATTORNEY FOR SCF]: Well, first, that is not this motion, and that is not this case. Because this motion is about having a policy that violates the order, because the standard in the policy prohibits withholding information in a way that's not tethered at all to the necessity standard, one. And two, information is being withheld for other reasons, different than the necessity standard.").

[169] *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (quoting *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990)).

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 42 of 45

Case 3:17-cv-00018-SLG     Document 468     Filed 02/13/25     Page 42 of 45

in a footnote in SCF's reply, particularly when that request was subsequently disavowed by that party at oral argument.[170]

SCF's citation to three cases in which courts *sua sponte* ordered *in camera* review[171] does not alter the Court's analysis.  In the first case, an FBI agent summarized files relaying negative incidents about the plaintiff to justify the FBI's rejection of the plaintiff's job application, and the Western District of Washington *sua sponte* conducted an *in camera* review of the underlying files.[172]  But there, the court sought to confirm the contents of the documents for their veracity, whereas here, the contents of the documents are not at issue.[173]  In the second case, the plaintiff commenced an action under the Freedom of Information Act to compel disclosure of various documents, and the Ninth Circuit *sua sponte* ordered the government to submit the documents for *in camera* review.[174]  And in the third case, the plaintiff filed a motion to compel the production of documents including one particular report, and the Eastern District of California *sua sponte* ordered the

---

[170] The fact that ANTHC was the one that first raised *in camera* review does not affect the Court's analysis, despite this fact's apparent relevance in two prior orders.  *See* Docket 411 at 3; Docket 437 (SEALED) at 53.  ANTHC had simply remarked on SCF's failure to "request *in camera* review of the relevant documents," suggesting that it signaled that SCF was "not truly interested" in them. Docket 372-1 (SEALED) at 24-25.  ANTHC did not move for *in camera* review, or otherwise bring the question before the Court in its opposition.

[171] *See* Docket 427 (SEALED) at 10 & n.14.

[172] *Norris*, 1990 WL 134276, at *1.

[173] The Court notes further that *Norris* is an unpublished Ninth Circuit disposition and the Court's reliance on it would violate Ninth Circuit Rule 36-3(c).

[174] *Schanen*, 798 F.2d at 349.

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 43 of 45

Case 3:17-cv-00018-SLG     Document 468     Filed 02/13/25     Page 43 of 45

defendant to provide the report for *in camera* review.[175]  In these last two cases, the underlying motions sought to compel the production of specific documents, and the courts' *sua sponte* orders for *in camera* review of those documents were therefore rooted in the underlying motions.  These cases are unlike the situation that was before this Court when it ordered *in camera* review, because SCF's underlying motion disputed ANTHC's general policy for releasing information, rather than seeking to compel the disclosure of specific documents.

For the same reasons that the Court vacates the Order for *In Camera* Review at Docket 411, it likewise vacates the *in camera* review conducted in the 437 Order and the resulting conclusion ordering the disclosure to SCF of the 15 documents, as well as the supplemental information and supplemental presentations that the 437 Order *sua sponte* ordered.[176]

## CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that ANTHC's Motion for Reconsideration at Docket 439-1 is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The 437 Order's invalidation of Sections 5.4.1.1 and 5.4.1.7 of the Disclosure Policy is **VACATED**.

---

[175] *Garcia*, 2022 WL 4237960, at *1, 10, 24.

[176] *See* Docket 437 (SEALED) at 14-22, 30-46.

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 44 of 45

2. Reconsideration of the 437 Order's vacation of that paragraph of Resolution 23-08 allowing the ANTHC Board "to consider the potential consequences of a loss of privilege and other harms that could result" when deciding on disclosure to Designating Entities is **DENIED**.

3. The Order for *in Camera* Review at Docket 411 is **VACATED**.  The 437 Order's *in camera* review and resulting conclusions ordering disclosure are likewise **VACATED**.

DATED this 13th day of February, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 45 of 45

Case 3:17-cv-00018-SLG     Document 468     Filed 02/13/25     Page 45 of 45