William D. Temko (*Pro Hac Vice*)
Nicholas D. Fram (*Pro Hac Vice*)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702
william.temko@mto.com
nicholas.fram@mto.com

Jahna M. Lindemuth (AK Bar No. 9711068)
CASHION GILMORE & LINDEMUTH
510 L Street, Suite 601
Anchorage, AK  99501
Telephone:   (907) 222-7938
jahna@cashiongilmore.com

*Attorneys for Plaintiff Southcentral Foundation*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOUTHCENTRAL FOUNDATION,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ALASKA NATIVE TRIBAL HEALTH CONSORTIUM,<br><br>　　　　Defendant. | Case No. 3:17cv-00018-SLG |

**SOUTHCENTRAL FOUNDATION'S MOTION FOR RECONSIDERATION**

- 1 -

Case 3:17-cv-00018-SLG   Document 469   Filed 02/20/25   Page 1 of 8
Southcentral Foundation v. ANTHC
Case No. 3:17-cv-00018-SLG

Plaintiff Southcentral Foundation ("SCF") respectfully moves for reconsideration of one aspect of the Court's February 13, 2025, Order on Motion for Reconsideration ("Reconsideration Order"), namely, its reversal of former Judge Kindred's ruling that SCF is entitled to the 15 documents and other governance information that defendant Alaska Native Tribal Health Consortium ("ANTHC") denied SCF through Resolution 23-08. The Reconsideration Order confirmed that ANTHC had used improper standards to deny information in Resolution 23-08, but ruled that "the question of whether each document should be released to SCF was not properly before the Court."[1] That is incorrect. The Court overlooked that SCF had specifically and expressly asked the Court to rule that ANTHC should be required to provide those documents and supplement other information to SCF because they were necessary for SCF to assess whether ANTHC's various investigations had adequately investigated and addressed the pervasive abuse and misconduct that led to the resignation of its former President and CEO, especially in light of the ongoing external investigation. The Court should order ANTHC to provide these documents and information denied in Resolution 23-08 to SCF immediately.

*Legal Standard*. Civil Local Rule 7.3(h) provides that reconsideration requires, *inter alia*, "manifest error of the law or fact." As the Reconsideration Order is an appealable order, SCF also moves pursuant to Federal Rule of Civil Procedure 60, which permits relief when a Court makes a "mistake arising from oversight," as occurred here.

*Argument*. The gravamen of SCF's Motion to Enforce was that ANTHC had withheld documents and information to which SCF was entitled by using improper and

---

[1] Dkt. No. 468 ("Reconsideration Order") at 41.

unlawful policies.  SCF's motion asked the Court both to hold that ANTHC's policies, and their application, violated Section 325, *and* to rule that ANTHC must provide the unlawfully withheld documents and information.  This is clear from the plain text of the motion, as well as the context in which the motion was brought.

SCF brought its Motion to Enforce because ANTHC refused to share documents and information that SCF needed to exercise its governance rights in ANTHC.  Specifically, on January 31, 2022, SCF made a request to ANTHC for basic information regarding the investigations that ANTHC had conducted into its former leadership and the remedial measures that ANTHC had taken to ensure that the governance lapses that led to the pervasive culture of abuse and misconduct were remediated.[2]  SCF asked for, *inter alia*, "the written investigation reports from the investigators; documents reflecting complaints or reports of misconduct by Mr. Teuber or other ANTHC officers or Directors; and documents reflecting ANTHC-related compensation provided to ANTHC Directors."[3]  In response, and many months later, ANTHC identified 17 documents that it made available to SCF's Designated Directors to review, but withheld all from SCF, save two.[4]

SCF's Motion sought those withheld documents.  It made three arguments: (1) that ANTHC cannot invoke vague notions of fiduciary duty to override Section 325; (2) that ANTHC's Disclosure Policy did *not* incorporate the necessity standard, and therefore was unlawful because it purported to permit ANTHC to withhold information for reasons *other*

---

[2] SCF's Motion to Enforce ("Motion"), Dkt. 358, at 6.

[3] *Id.* at 7.

[4] *Id.* at 7-8.

than it was not needed for SCF to exercise its governance rights; and (3) that "ANTHC Continues to Withhold Information to Which SCF Is Entitled Under the [Summary Judgment] Order." This third section of SCF's brief argued that "ANTHC has violated the Court's [summary judgment] Order [Dkt. 352] by withholding, based on an incorrect standard, information that is indisputably necessary for governance."[5] It expressly asked the Court to order ANTHC to share the withheld documents and information:

> Here, SCF needs the information it requested in order to ensure that the ANTHC Board has addressed all governance issues appropriately. **The Court should order ANTHC to provide SCF with all documents and information responsive to SCF's outstanding information requests**, irrespective of whether such documents and information were provided to the ANTHC Board.[6]

It concluded that the "Court should hold that ANTHC violated the Order when it withheld documents and information from SCF on these grounds, **and order ANTHC to provide such documents and information to SCF promptly**."[7]

SCF did not ask the Court to look at each of the 15 documents at issue and determine whether they were necessary for governance because, at the time, there was no dispute that they were. The ANTHC Board agreed to give certain information to SCF in Resolution 23-08 because it could not dispute that the requested information was necessary for governance, but it unlawfully held back certain related information it deemed "too harmful" to ANTHC.[8]

---

[5] *Id.* at 18.

[6] *Id.* at 19 (emphasis added).

[7] *Id.* at 19-20 (emphasis added).

[8] Kyle Decl. Ex. 11 at 2-3. That ANTHC used unlawful standards is evident from the face of Resolution 23-08, which, in the paragraphs where the documents were discussed, withheld them for a hodge-podge of reasons, including because they contained "extremely personal contents" or involved allegations that were "not substantiated," or the documents

- 4 -

The 15 documents and complete reports from the internal investigators, as detailed by former Judge Kindred, contain information that strikes at the heart of ANTHC's governance crisis. In the prolonged back and forth that led to SCF's motion, ANTHC never contended that they were not governance information to which SCF was entitled.

The 352 Order did not establish an elaborate process that SCF was required to follow in order to challenge the ANTHC Board's determination to withhold information. As also suggested by the Reconsideration Order, a motion asking the Court to review ANTHC's denial of information should be sufficient.[9] Certainly there was no requirement that SCF use magic words or specifically request *in camera* review—indeed, SCF does not even know all of the information responsive to its requests that ANTHC has withheld. As the Court observes, SCF did not originally raise *in camera* review—ANTHC did so in order to further its *post hac* argument that the 15 documents were not necessary for governance. SCF merely informed the Court that it had no objection to the Court reviewing the documents *in camera* if the Court determined it needed to do so in order to rule that they should be provided to SCF.[10]

---

had not been provided to the ANTHC Board. The Board also withheld other information on the basis of attorney-client privilege in violation of Section 325.

[9] Reconsideration Order at 23.

[10] In a footnote, the Court incorrectly claims that SCF somehow abandoned this request at the oral argument before former Judge Kindred. Not so. In the passage cited by the Court at note 168 in the Reconsideration Order, SCF's counsel was responding to ANTHC's argument, raised by the Court, that the Court would need to engage in some kind of elaborate process to determine whether each document should be shared with SCF. SCF's counsel responded that "that is not this motion" because the factual record established that ANTHC had not argued that the documents were not necessary for governance, so the Court did not need to make individual determinations on each document. Rather, SCF argued that it was clearly entitled to the documents under Section 325, and that the Court should order their

To be clear: SCF sought the documents and information first requested in January 2022 that ANTHC had withheld in as unambiguous terms as it could in its original motion to enforce. It was not, as the Reconsideration Order states, a new issue raised for the first time on reply.[11] Respectfully, the Court overlooked SCF's specific request for the withheld documents and information. The Court should restore former Judge Kindred's ruling on this matter and order ANTHC to produce them and supplement any other information withheld under Resolution 23-08 without further delay—delay which only rewards ANTHC for its unlawful refusal to provide the requested information in the first instance. SCF still needs this information so that it can effectively assess whether ANTHC has adequately addressed the abuse and misconduct that led to its former President and CEO's resignation, as well as sufficiently assess the risk(s) to ANTHC from the ongoing external investigation so that this kind of conduct *never* happens again at ANTHC. The details former Judge Kindred provides about the 15 documents in the 437 Order confirm this. It is indisputable that these documents and information are necessary for SCF to effectively exercise its governance rights in ANTHC pursuant to Section 325.

---

disclosure because ANTHC used unlawful standards—not found in Section 325—to withhold them. The Court also overlooks the very next paragraph, where SCF's counsel stated, "Now if Your Honor felt that Your Honor needed to apply the necessity standard, because that was the [reason] that information was withheld, I think a good place to start would be with looking at the information that was withheld." Dkt. 413 at 56:20-23. (Counsel believes that the term "reason" should have been used in this sentence instead of a second "information," as confirmed by the context of the argument.) SCF clearly maintained its request for these documents and information at oral argument.

[11] Reconsideration Order at 42.

DATED: February 20, 2025          MUNGER, TOLLES & OLSON LLP

                                  By:  */s/ William D. Temko*
                                       WILLIAM D. TEMKO
                                       CA Bar #98858
                                       *Appearing pro hac vice*

                                  CASHION GILMORE & LINDEMUTH

                                  By:  */s/ Jahna M. Lindemuth*
                                       JAHNA M. LINDEMUTH
                                       AK Bar #9711068

                                  Attorneys for Plaintiff Southcentral
                                  Foundation

- 7 -

Case 3:17-cv-00018-SLG   Document 469   Filed 02/20/25   Page 7 of 8
Southcentral Foundation v. ANTHC
Case No. 3:17-cv-00018-SLG

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2025, I caused a true and correct copy of the foregoing to be served on the persons below through the ECF system.

| | |
|---|---|
| James Torgerson | *jim.torgerson@stoel.com* |
| Rachel Lee | *rachel.lee@stoel.com* |
| Connor Smith | *connor.smith@stoel.com* |
| Whitney Brown | *whitney.brown@stoel.com* |
| Geoffrey D. Strommer | *gstrommer@hobbsstraus.com* |

 */s/ Jahna M. Lindemuth*