**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

SOUTHCENTRAL FOUNDATION,

               Plaintiff,

      v.

ALASKA NATIVE TRIBAL HEALTH
CONSORTIUM,

            Defendant.

Case No. 3:17-cv-00018-SLG

## ORDER ON MOTION FOR RECONSIDERATION

Before the Court at Docket 469 is a Motion for Reconsideration filed by Southcentral Foundation ("SCF"). The Court did not request a response from Defendant Alaska Native Tribal Health Consortium ("ANTHC").[1] For the reasons set forth below, the motion for reconsideration is DENIED without prejudice to SCF filing a motion requesting the 15 disputed documents and other governance information.

## BACKGROUND

The Court provides an abridged version of the events leading up to this motion, and notes that an extensive background section can be found in its prior

---

[1] *See* Local Civil Rule 7.3(h)(3) ("No response to a motion for reconsideration may be filed unless requested by the court.").

order.[2]   In general, this case concerns SCF's entitlement to information from ANTHC.

SCF's Designated Director requested information relating to investigations conducted into former ANTHC leadership starting in January 2022 and over the course of the rest of the year.[3]   ANTHC made 17 documents available to SCF's Designated Director, but refused to allow her to share the documents with the SCF Board.[4]   On February 2, 2023, the ANTHC Board passed Resolution 23-08, which permitted disclosure of two of the 17 requested documents to the SCF Board and authorized presentations to the SCF Board related to the investigation.[5]

On June 29, 2023, SCF filed a Motion to Enforce Judgment, asserting that "ANTHC continues to deny SCF documents and information to which it is entitled under this Court's Order and federal law," and asking the Court "to issue an order of civil contempt requiring ANTHC to comply."[6]   In its opposition to SCF's motion to enforce, ANTHC noted that SCF's failure to "request *in camera* review of[] the relevant documents . . . signals that it is not truly interested" in them.[7]   Because of this "admonish[ment]," in a footnote in its Reply in Support of its Motion to Enforce

---

[2] *See* Docket 468 at 2-22.

[3] Docket 359 (SEALED) at 33-36 (Decl. of April Kyle).

[4] Docket 359 (SEALED) at 36 (Decl. of April Kyle).

[5] Docket 359 (SEALED) at 37 (Decl. of April Kyle); Docket 359 (SEALED) at 84-85 (Resolution 23-08).

[6] Docket 359 (SEALED) at 11.

[7] Docket 372-1 (SEALED) at 24-25.

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 2 of 10

Case 3:17-cv-00018-SLG     Document 470     Filed 03/10/25     Page 2 of 10

Judgment, SCF requested "that ANTHC submit the withheld sworn statement, as well as the other 14 documents provided to SCF's Designated Director, but not SCF, to the Court for *in camera* review"[8] On January 8, 2024, the Court issued an Order for *In Camera* Review, ordering "review of the 15 documents that ANTHC withheld from SCF."[9]

On July 5, 2024, the Court issued an order granting SCF's motion to enforce and denying other related motions (the "437 Order").[10] Relevant to the instant motion, the Court conducted an *in camera* review of the 15 disputed documents, found all of them to be necessary for SCF to exercise its governance rights, and ordered ANTHC to disclose them all, along with additional presentations and supplemental information.[11]

On July 12, 2024, ANTHC moved for reconsideration of the 437 Order.[12] On February 13, 2025, the Court issued an order granting in part and denying in part the motion for reconsideration (the "468 Order").[13] In addition to its other holdings that are not relevant to the instant motion, the Court vacated the Order for *In Camera* Review at Docket 411 as well as the 437 Order's *in camera* review and

---

[8] Docket 387 (SEALED) at 28 n.75 (citation omitted).

[9] Docket 411 at 5.

[10] Docket 437 (SEALED).

[11] Docket 437 (SEALED) at 14-22, 30-46.

[12] Docket 439-1 (SEALED).

[13] Docket 468.

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 3 of 10

Case 3:17-cv-00018-SLG    Document 470    Filed 03/10/25    Page 3 of 10

its directive to ANTHC to disclose the 15 withheld documents and other governance information to SCF, finding that the question of whether the information should be released to SCF had not been properly before the Court.[14]

On February 20, 2025, SCF filed the instant motion for reconsideration, taking issue only with the 468 Order's reversal of the 437 Order's ruling entitling SCF to the 15 withheld documents and other governance information.[15]

## LEGAL STANDARD

Reconsideration requires a "showing of . . . manifest error of the law or fact; discovery of new material facts not previously available; or intervening change in the law."[16] A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."[17] Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources."[18]

## DISCUSSION

---

[14] Docket 468 at 39-44.

[15] Docket 469.

[16] Local Civil Rule 7.3(h)(1).

[17] *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

[18] *Id.* (internal quotation marks omitted).

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 4 of 10

Case 3:17-cv-00018-SLG    Document 470    Filed 03/10/25    Page 4 of 10

In the 468 Order, the Court vacated the Order for *In Camera* Review at Docket 411 as well as the *in camera* review conducted in the 437 Order.[19] It found that:

> SCF's Motion to Enforce Judgment did not ask the Court to make individual determinations as to each of the disputed documents; instead, SCF's motion was related to its more general assertion that ANTHC had "violated the Court's Order by withholding, based on an incorrect standard, information that is indisputably necessary for governance." In fact, at oral argument on its motion and despite the footnote in its reply, SCF explicitly told the Court that it was not requesting individual determinations with respect to the withheld documents in its motion to enforce. Thus, because "[i]t is well established in this circuit that . . . appellants cannot raise a new issue for the first time in their reply briefs," the Court manifestly erred when it ordered *in camera* review based on a request first raised in a footnote in SCF's reply, particularly when that request was subsequently disavowed by that party at oral argument.[20]

SCF asserts that the 468 Order erred in vacating the 437 Order's directive to ANTHC to disclose the 15 disputed documents and other governance information to SCF, contending that the question of whether these documents should be disclosed was properly before the Court when it issued the 437 Order.[21] In support, SCF points to language in its initial motion to enforce asking the Court to "order ANTHC to provide SCF with all documents and information responsive to

---

[19] Docket 468 at 39.

[20] Docket 468 at 42-43 (footnotes omitted) (alterations in original) (first quoting Docket 359 (SEALED) at 27; then citing Docket 413 at 56; and then quoting *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996)).

[21] Docket 469.

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 5 of 10

Case 3:17-cv-00018-SLG    Document 470    Filed 03/10/25    Page 5 of 10

SCF's outstanding information requests."[22]  SCF explains that it "did not ask the Court to look at each of the 15 documents at issue and determine whether they were necessary for governance because, at the time, there was no dispute that they were."[23]  SCF further maintains that the Court erred in finding that SCF had abandoned its request for individual determinations at oral argument.  It asserts that, in response to the Court's question about making individual determinations as to necessity, "SCF's counsel responded that 'that is not this motion' because the factual record established that ANTHC had not argued that the documents were not necessary for governance, so the Court did not need to make individual determinations on each document . . . [in order to] order their disclosure."[24]  Moreover, SCF asserts, "[t]he Court . . . overlooks the very next paragraph where SCF's counsel stated, 'Now if Your Honor felt that Your Honor needed to apply the necessity standard, because that was the [reason] that information was withheld, I think a good place to start would be with looking at the information that was withheld.'"[25]

---

[22] Docket 469 at 4 (quoting Docket 358 (redacted, publicly filed version) at 23).

[23] Docket 469 at 4.

[24] Docket 469 at 5-6 n.10 (quoting Docket 413 at 56).

[25] Docket 469 at 5-6 n.10 (quoting Docket 413 at 56) (noting also that SCF substituted the word "reason" for "information" in the original quoted text, because it believes it "should have been used in this sentence instead . . . as confirmed by the context of the argument").

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 6 of 10

Case 3:17-cv-00018-SLG     Document 470     Filed 03/10/25     Page 6 of 10

The Court maintains its prior reversal of the 437 Order's ruling entitling SCF to the 15 withheld documents and other governance information, and clarifies its ruling as follows:

The Court did not manifestly err in finding that, in SCF's initial motion to enforce, SCF had asserted that ANTHC was withholding information based on an unlawful standard but had not asked the Court to make individual determinations as to necessity. SCF requested three declarations from the Court in its motion to enforce, the third being a declaration that "ANTHC has violated the Court's Order by withholding, based on an incorrect standard, information that is indisputably necessary for governance," and that "ANTHC must timely fulfill any request for documents and information that are necessary for a Designating Entity to exercise its governance rights effectively."[26] While SCF requested that the Court "order ANTHC to provide all such documents and information to SCF immediately," it did so in the context of its assertion that SCF was entitled to all "documents and information provided to the ANTHC Board" and "all pertinent documents and information related to any issue that has come before the ANTHC Board."[27] SCF's motion proposed a definition of necessity that included any information related to issues discussed by the Board, and requested the automatic disclosure of all such documents that fell within that proposed definition. The Court in the 468 Order

---

[26] Docket 359 (SEALED) at 27, 29.

[27] Docket 359 (SEALED) at 27, 29.

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 7 of 10

Case 3:17-cv-00018-SLG     Document 470     Filed 03/10/25     Page 7 of 10

reasonably interpreted this request as focused on the necessity standard generally rather than focused on the 15 withheld documents specifically. The 437 Order rejected SCF's assertion that all documents and information provided to the ANTHC Board are necessary for SCF to exercise its Section 325 rights.[28] After this finding, the question of whether to disclose the withheld documents— automatically or otherwise—was no longer before the Court, and the footnote in SCF's reply—requesting for the first time that the Court look at the 15 disputed documents to make individual determinations as to their necessity—does not alter this conclusion.[29]

SCF's current contention that when it filed its motion to enforce in June 2023, there was no dispute that the 15 withheld documents were necessary for governance is at odds with the record. For the record clearly shows that there clearly was a dispute as to whether the information was necessary for governance. In Resolution 23-08, ANTHC stated that one document was considered by the ANTHC Board "for a separate purpose, unrelated to the investigation of the former Chair/President," and that disclosure of the remaining 14 documents was "not presently necessary for SCF to exercise its governance and participation rights"

---

[28] Docket 437 (SEALED) at 28-30.

[29] Docket 387 (SEALED) at 28 n.75; *see Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (quoting *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990)) ("[A]appellants cannot raise a new issue for the first time in their reply briefs.").

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 8 of 10

Case 3:17-cv-00018-SLG     Document 470     Filed 03/10/25     Page 8 of 10

for various reasons.[30]  ANTHC reiterated this in its opposition to SCF's motion to enforce, maintaining that "[t]he Board withheld only limited, unnecessary information."[31]  Because there was a disagreement as to whether the withheld information was necessary for governance, the proper procedure would have been to bring a motion for the *in camera* review  of these documents to the Court, with the Court making individual determinations as to necessity disclosure after first obtaining  each party's input on the necessity standard to apply. But SCF did not request such individual determinations as to necessity until its reply, and it subsequently disavowed this request at oral argument.[32]

The Court denies this motion for reconsideration without prejudice to SCF filing a motion seeking the disclosure of the 15 disputed documents and other governance information.  The Court notes, however, that given the detailed

---

[30] Docket 359 (SEALED) at 84.

[31] Docket 372-1 (SEALED) at 22-24

[32] In response to the Court's question—"how do you envision the Court's analysis and what information or what factors would play into this Court making individual determinations as to – necessary for governance?"—SCFs counsel responded, "[w]ell, first, that is not this motion, and that is not this case.  Because this motion is about having a policy that violates the order, because the standard in the policy prohibits withholding information in a way that's not tethered at all to the necessity standard, one. And two, information is being withheld for other reasons, different than the necessity standard." Docket 413 at 56.  It is clear from this statement that SCF was not requesting individual determinations as to necessity for each of the 15 documents; this is how the 468 Order interpreted this language, *see* Docket 468 at 42 ("[A]t oral argument . . . SCF explicitly told the Court that it was not requesting individual determinations with respect to the withheld documents . . . ."), and SCF itself does not dispute this interpretation, *see* Docket 469 at 5 n.10 (explaining that SCF's counsel responded in the way that he did because "the Court did not need to make individual determinations on each document").  The Court does not interpret the caveat given by SCF at oral argument that it was "fine if the Court wants to look at the information in camera" as a motion for in camera review.

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 9 of 10

description of the contents of each disputed document in the vacated portion of the 437 Order,[33] it is likely unnecessary for SCF to possess the underlying documents themselves at this time to effectively exercise its governance and participation rights.

**CONCLUSION**

For the reasons set forth above, the motion for reconsideration at Docket 469 is **DENIED**.

DATED this 10th day of February 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[33] *See* Docket 437 (SEALED) at 14-22, 31-40.

Case No. 3:17-cv-00018-SLG, *Southcentral Found. v. Alaska Native Tribal Health Consortium*
Order on Motion for Reconsideration
Page 10 of 10

Case 3:17-cv-00018-SLG     Document 470     Filed 03/10/25     Page 10 of 10